IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1) VIDEO GAMING TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-cv-00454 |
| | ) | |
| 1) CASTLE HILL STUDIOS LLC (d/b/a CASTLE HILL GAMING); | ) | |
| 2) CASTLE HILL HOLDING LLC (d/b/a CASTLE HILL GAMING); and | ) | |
| 3) IRONWORKS DEVELOPMENT, LLC (d/b/a CASTLE HILL GAMING) | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT STATUS REPORT**

**Jury Demanded:**   ☒ Yes   ☐ No

**I.    Summary of Claims:**

Plaintiff Video Gaming Technologies, Inc. ("VGT") alleges that Defendants Ironworks Development LLC, Castle Hill Holding LLC, and Castle Hill Studios LLC (collectively, "CHG") have unlawfully used VGT's trademarks and trade dress and misappropriated VGT's trade secrets relating to Class II 3-reel mechanical games, bingo-based gaming terminals.  CHG was started by former VGT employees who owed VGT duties not to disclose VGT's proprietary information to competitors or to use that information for competitors.  Nevertheless, CHG offers Class II 3-reel mechanical games with similar themes and functionality to the VGT games in a manner likely to cause consumer confusion (and indeed that has already caused consumer confusion).

These games thus infringe VGT's marks and trade dress and misappropriate VGT's trade secrets.  More specifically, CHG's offering of infringing games, including its use of VGT's marks and trade dress, constitutes (1) federal trademark infringement in violation of Section 32 of the Lanham Act, (2) unfair competition and trade dress infringement in violation of Section 43(a) of the Lanham Act, (3) unfair competition, trade dress infringement, and trademark infringement in violation of the Oklahoma Deceptive Trade Practices Act and common law.

Additionally, CHG's improper use of VGT's trade secrets and confidential business information constitutes misappropriation of trade secrets in violation of the Oklahoma Uniform Trade Secrets Act and misappropriation of confidential business information in violation of Oklahoma common law.

Plaintiff accordingly seeks declaratory and injunctive relief as well as monetary damages.

A.  Claims to be Dismissed:  none

**II.    Summary of Defenses:**

Defendants have moved to dismiss all claims for failure to state a claim upon which relief can be granted.  Defendants contend that Plaintiff's trademark claims fail because Castle Hill Studios, LLC's ("CHG") marks look nothing like Plaintiff's. Plaintiff's trade dress claims fail because Plaintiff's trade dress "themes" are omnipresent in the gaming world and unlikely to cause confusion, and Plaintiff does not allege facts to support that its trade dress "features" are (1) distinctive, and (2) not simply functional parts of its games. Finally, Plaintiff's theft of trade secrets and confidential information claims fail because they are too vague to give Defendants notice of what alleged information they are to have stolen, or what they did to misuse it.

A. Defenses to be Abandoned: None.

**III.    Motions Pending** (including Docket Number, Description and Date at Issue)**:**

Defendants' Motion to Dismiss Complaint, Dkt. 30, October 2, 2017. Described in section II above.

**IV.    Stipulations:**

    A.  Jurisdiction Admitted:  ☒ Yes   ☐ No

    B.  Venue Appropriate:  ☒ Yes   ☐ No

    C.  Facts: None.

    D.  Law: None.

**V.    Proposed Deadlines:**

    A.  Parties to be Added by:  The parties agree that the deadline for parties to be added should be 30 days after Court rules on Defendants' forthcoming motion to dismiss.

    B.  Proposed Discovery Cutoff Date (4 months of Discovery Unless Extended by the Court for Good Cause): June 22, 2018, in light of the complexity of the case.

    C. Fact Witness Lists to be Exchanged by:  November 15, 2017

    D. Proposed Date for Expert Reports by Plaintiff and Defendant: Expert discovery should proceed after fact discovery for a period of ten weeks, as follows:

      1. Opening reports due one week after close of fact discovery;

      2. Opposition reports due three weeks after opening reports served;

      3. Reply reports due two weeks after opposition reports served; and

      4. Four additional weeks to take expert depositions, although these depositions may be taken any time after an expert submits a report submitted provided, however, that each expert may be deposed only once.

**VI.     Fed. R. Civ. P. 26(f) Discovery Plan**

A.  Should any changes be made to the timing, form or requirements for disclosures under Rule 26(a)?

☐ Yes

☒ No

B.  When were or will initial disclosures under Rule 26(a)(1) be made?  October 6, 2017 Note that pursuant to Rule 26(a)(1), initial disclosures must be made within 14 days after you confer for the purpose of preparing this discovery plan.  All parties are under an affirmative duty to (i) comply with the mandatory disclosure requirements, and (ii) notify the Court of any non-disclosure so that the issue can be promptly referred to a magistrate judge for resolution.  Failure of any party to disclose information or failure of any party to bring disclosure issues to the Court's attention in a timely manner may result in sanctions, including prohibiting the use of that information at trial pursuant to Rule 37(c)(1).

C.  Should discovery be conducted in phases and/or should discovery be limited at this time to particular subject matters or issues?  ☒ Yes    ☐ No

While the parties agree on phased fact and expert discovery, the parties were unable to reach agreement on whether trade secret discovery should be stayed:

    1.  Plaintiff:       Plaintiff submits that it has identified its trade secrets with reasonable particularity in its Complaint and that it will provide additional information in response to Defendants' pending discovery requests.  Defendants therefore should not be permitted to delay responding to Plaintiff's pending discovery requests, which Defendants received before serving discovery requests on Plaintiff.

    2.  Defendants:    The Court should delay any discovery Plaintiff obtains from

>Defendants relating to the alleged misappropriation of trade secrets and confidential information until Plaintiff has described with reasonable particularity the trade secrets and confidential information at issue in its complaint.

    D.  Should any changes be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Civil Rules?

>☒ Yes (If yes, explain.)
>- The parties agree to a limit of 30 Interrogatories and 30 Requests for Admission for each side.
>
>☐ No
>
>E.  Proposed number of Fact and Expert Depositions
>
>    1.  To be allowed for the Plaintiff?
>
>        i.  Fact depositions: 25
>
>        ii. Expert depositions: One deposition per expert who submits a report.
>
>    2.  To be allowed for the Defendant?
>
>        i. Fact depositions: 25
>
>        ii. Expert depositions: One deposition per expert who submits a report.
>
>F.  Is there a need for any special discovery management order(s) by the Court?
>
>☐ Yes
>
>☒ No

    G. The parties are directed to Guidelines for Discovery of Electronically Stored Information on the public website at www.oknd.uscourts.gov for advice on the production of electronic information.

**VII.**   **Anticipated Dispositive Motions?**

    ☒ Yes (If yes, explain.)  Defendants have filed a motion to dismiss, Dkt. 30, October 2, 2017.  Explanation in Section II above.

    ☐ No

**VIII.   Do all parties consent to trial before the assigned magistrate judge?**

☐ Yes   ☒ No

If yes, please email a proposed Consent to Magistrate for Trial (AO-085) to the Clerk via the designated mailbox at CM-ECFIntake_OKND@oknd.uscourts.gov and indicate the month and year in which trial by the magistrate judge is requested.  Please do not file proposed documents as an attachment to a document. (Refer to Section XIV of the CM/ECF Administrative Guide of Policies and Procedures for further instruction regarding proposed documents.)

**IX.   Is there any matter that should be referred to the assigned magistrate judge for final disposition upon partial consent of all the parties pursuant to Local Rule 73.1?**

☐ Yes   ☒ No

If yes, please email a completed, proposed Consent to Magistrate for Trial (AO-085) to the Clerk via the designated mailbox at CM-ECFIntake_OKND@oknd.uscourts.gov and indicate the month and year in which trial by the magistrate judge is requested.  Please do not file proposed documents as an attachment to a document. (Refer to Section XIV of the CM/ECF Administrative Guide of Policies and Procedures for further instruction regarding proposed documents.)

**X.   Settlement Plan** (Check one)**:**

☒ Settlement Conference Requested After: Close of Fact Discovery
   Describe Settlement Judge Expertise Required, If Any:  The parties request a settlement conference before the Magistrate Judge at the close of fact discovery.

☐ Private Mediation Scheduled On:

☐ Other ADR (Explain):

☐ ADR Appropriate:
   ☐ Yes
   ☐ No (If no, please explain.)

Copy of the Court's ADR Booklet Provided to Clients as Required?

   Plaintiffs:    ☒ Yes   ☐ No

   Defendants:   ☐ Yes   ☐ No

6

**XI.**     **Does this case warrant special case management?**

       ☐ Yes (If yes, explain.)
       ☒ No

**XII.**     **Do the parties request that the Court hold a scheduling conference?**

       ☒ Yes     ☐ No   Plaintiff requests a scheduling conference to resolve the issue identified in VI (C) above. Defendants submit that no conference is necessary, and will instead file a motion regarding the phased trade secret discovery issue in section VI(C), allowing for full briefing on the issue, and possible referral to the magistrate (if the Court desires).

       If a conference is not requested or ordered by the Court, the Court will, after receiving this report, issue a scheduling order based on the information contained in this report.

**XIII.**    **Estimated Trial Time:**

       A. Plaintiff's Proposal: 4-6 days

       B. Defendants' Proposal: 15 days

October 6, 2017                          Respectfully submitted,

Attorneys for Plaintiff:                */s/ Gary M. Rubman*
                                           Graydon Dean Luthey, Jr., OBA No. 5568
                                           GABLE GOTWALS
                                           1100 ONEOK Plaza
                                           100 West Fifth Street
                                           Tulsa, OK 74103-4217
                                           Telephone: (918) 595-4821
                                           Facsimile: (918) 595-4990
                                           dluthey@gablelaw.com

                                           Gary M. Rubman
                                           Peter A. Swanson
                                           Michael S. Sawyer
                                           Rebecca B. Dalton
                                           COVINGTON & BURLING LLP
                                           One CityCenter
                                           850 Tenth Street, NW
                                           Washington, D.C. 20001-4956
                                           Telephone: (202) 662-6000
                                           Facsimile: (202) 778-5465

        grubman@cov.com
        pswanson@cov.com
        msawyer@cov.com
        rdalton@cov.com
          (admitted pro hac vice)

Neil K. Roman
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1221
Facsimile: (212) 841-1010
nroman@cov.com
   (admitted pro hac vice)

***Counsel for Video Gaming Technologies, Inc.***

Attorneys for Defendants:

Respectfully submitted,

**JAMES C. HODGES, P.C.**
**A Professional Corporation**


*s/ James C. Hodges*
James C. Hodges, OBA #4254
2622 East 21st Street, Suite 4
Tulsa OK 74114
(918) 779-7078
(918) 770-9779 facsimile
JHodges@HodgesLC.com

Duane H. Zobrist (admitted *pro hac vice*)
Jonathan S. Jacobs (admitted *pro hac vice*)
Zobrist Law Group, PLLC
1900 Arlington Blvd. Suite B
Charlottesville, VA 22903
434-977-9666
dzobrist@zoblaw.com
jjacobs@zoblaw.com