# Exhibit 1

| | |
|---|---|
| **To:** | Aristocrat Technologies Australia Pty Lt ETC. (atus.uspto.mail@aristocrat.com) |
| **Subject:** | U.S. TRADEMARK APPLICATION NO. 86889540 - FAST CASH - FASTCASH |
| **Sent:** | 6/27/2017 9:35:52 AM |
| **Sent As:** | ECOM114@USPTO.GOV |
| **Attachments:** | |

**UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)**
**OFFICE ACTION (OFFICIAL LETTER) ABOUT APPLICANT'S TRADEMARK APPLICATION**

**U.S. APPLICATION SERIAL NO.** 86889540

**MARK:** FAST CASH

*86889540*

**CORRESPONDENT ADDRESS:**
    Keith D. Moore
    ARISTOCRAT TECHNOLOGIES, INC.
    7230 AMIGO STREET
    LAS VEGAS NV 89119

**GENERAL TRADEMARK INFORMATION:**
http://www.uspto.gov/trademarks/index.jsp

VIEW YOUR APPLICATION FILE

**APPLICANT:** Aristocrat Technologies Australia Pty Lt ETC.

**CORRESPONDENT'S REFERENCE/DOCKET NO:**
    FASTCASH
**CORRESPONDENT E-MAIL ADDRESS:**
    atus.uspto.mail@aristocrat.com

## NOTICE: APPLICATION ABANDONED

**ISSUE/MAILING DATE: 6/27/2017**

The above-referenced application is abandoned because applicant failed to file a complete response to the final Office action dated December 9, 2016.  *See* 15 U.S.C. §1062(b); 37 C.F.R. §2.65(a); TMEP §§718.02, 718.03, 718.03(b).  That is, applicant's June 9, 2017 response was not legally sufficient for the reason specified below.

Applicant requests reconsideration of the final refusal issued on December 9, 2016. Applicant argues that the likelihood of confusion refusal should be withdrawn because the cited mark co-existed with another 'FAST CASH' registration that has not since expired, the marks are not confusingly similar, the existence of multiple registrations that share terms with the applicant's mark and registered mark, and the sophistication of customers for applicant's goods. The examining attorney is not persuaded by applicant's arguments.

The prior examining attorney's to withdraw the likelihood of confusion refusal has no bearing on the examination of this current application. Prior decisions and actions of other trademark examining attorneys in registering other marks have little evidentiary value and are not binding upon the USPTO or the Trademark Trial and Appeal Board.  TMEP §1207.01(d)(vi); *see In re Midwest Gaming & Entm't LLC* , 106 USPQ2d 1163, 1165 n.3 (TTAB 2013) (citing *In re Nett Designs, Inc.*, 236 F.3d 1339, 1342, 57 USPQ2d 1564, 1566 (Fed. Cir. 2001)).  Each case is decided on its own facts, and each mark stands on its own merits.  *See AMF Inc. v. Am. Leisure Prods., Inc.*, 474 F.2d 1403, 1406, 177 USPQ 268, 269 (C.C.P.A. 1973); *In re Binion*, 93 USPQ2d 1531, 1536 (TTAB 2009).

Applicant also argues that the differences between its mark and the registered mark are sufficient that the marks are not confusingly similar. When comparing marks, the test is not whether the marks can be distinguished in a side-by-side comparison, but rather whether the marks are sufficiently similar in terms of their overall commercial impression that confusion as to the source of the goods and/or services offered under the respective marks is likely to result. *Midwestern Pet Foods, Inc. v. Societe des Produits Nestle S.A.*, 685 F.3d 1046, 1053, 103 USPQ2d 1435, 1440 (Fed. Cir. 2012); *In re Bay State Brewing Co.*, 117 USPQ2d 1958, 1960 (TTAB 2016) (quoting *Coach Servs., Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 1368, 101 USPQ2d 1713, 1721 (Fed. Cir. 2012)); TMEP §1207.01(b).  The proper focus is on the recollection of the average purchaser, who retains a general rather than specific impression of trademarks.  *In re Bay State Brewing Co.*, 117 USPQ2d at 1960

(citing *Spoons Rests. Inc. v. Morrison Inc.*, 23 USPQ2d 1735, 1741 (TTAB 1991), *aff'd per curiam*, 972 F.2d 1353 (Fed. Cir. 1992)); *In re C.H. Hanson Co.*, 116 USPQ2d 1351, 1353 (TTAB 2015) (citing *Joel Gott Wines LLC v. Rehoboth Von Gott Inc.*, 107 USPQ2d 1424, 1430 (TTAB 2013)); TMEP §1207.01(b). Consumer confusion has been held likely for marks that do not physically sound or look alike but that convey the same idea, stimulate the same mental reaction, or may have the same overall meaning. *Proctor & Gamble Co. v. Conway*, 419 F.2d 1332, 1336, 164 USPQ 301, 304 (C.C.P.A. 1970) (holding MISTER STAIN likely to be confused with MR. CLEAN on competing cleaning products); *see In re M. Serman & Co.*, 223 USPQ 52, 53 (TTAB 1984) (holding CITY WOMAN for ladies' blouses likely to be confused with CITY GIRL for a variety of female clothing); *H. Sichel Sohne, GmbH v. John Gross & Co.*, 204 USPQ 257, 260-61 (TTAB 1979) (holding BLUE NUN for wines likely to be confused with BLUE CHAPEL for the same goods); *Ralston Purina Co. v. Old Ranchers Canning Co.*, 199 USPQ 125, 128 (TTAB 1978) (holding TUNA O' THE FARM for canned chicken likely to be confused with CHICKEN OF THE SEA for canned tuna); *Downtowner Corp. v. Uptowner Inns, Inc.*, 178 USPQ 105, 109 (TTAB 1973) (holding UPTOWNER for motor inn and restaurant services likely to be confused with DOWNTOWNER for the same services); TMEP §1207.01(b). Because the wording 'CASH' has a similar meaning to "MONEY", applicant's mark and the registered mark have the same overall meaning.

Applicant also argues that the cited mark is weak and therefore should be afforded a limited scope of protection. Applicant has submitted printed or electronic copies of third-party registrations for marks containing the wording 'FAST' to support the argument that this wording is weak, diluted, or so widely used that it should not be afforded a broad scope of protection. These registrations appear to be for goods and/or services similar to those identified in applicant's application.

The weakness or dilution of a particular mark is generally determined in the context of the number and nature of similar marks in use in the marketplace in connection with similar goods and/or services. *See Nat'l Cable Tel. Ass'n, Inc. v. Am. Cinema Editors, Inc.*, 937 F.2d 1572, 1579-80, 19 USPQ2d 1424, 1430 (Fed. Cir. 1991); *In re E. I. du Pont de Nemours & Co.*, 476 F.2d 1357, 1361, 177 USPQ 563, 567 (C.C.P.A. 1973). Evidence of widespread third-party use of similar marks with similar goods and/or services "is relevant to show that a mark is relatively weak and entitled to only a narrow scope of protection" in that industry or field. *Palm Bay Imps., Inc. v. Veuve Clicquot Ponsardin Maison Fondee en 1772*, 396 F.3d 1369, 1373-74, 73 USPQ2d 1689, 1693 (Fed. Cir. 2005); *see In re Coors Brewing Co.*, 343 F.3d 1340, 1345, 68 USPQ2d 1059, 1062-63 (Fed. Cir. 2003). Applicant's evidence does not support that the mark 'FAST CASH' or 'FAST MONEY' is weak, only the term 'FAST.'

However, evidence comprising only a small number of third-party registrations for similar marks with similar goods and/or services, as in the present case, is generally entitled to little weight in determining the strength of a mark. *See AMF Inc. v. Am. Leisure Products, Inc.*, 474 F.2d 1403, 1406, 177 USPQ 268, 269 (C.C.P.A. 1973); *Richardson-Vicks Inc. v. Franklin Mint Corp.*, 216 USPQ 989, 992 (TTAB 1982). These few registrations are "not evidence of what happens in the market place or that customers are familiar with them." *AMF Inc. v. Am. Leisure Prods., Inc.*, 474 F.2d at 1406, 177 USPQ at 269; *see Richardson-Vicks Inc. v. Franklin Mint Corp.*, 216 USPQ at 992. Thus, the few similar third-party registrations submitted by applicant are insufficient to establish that the wording 'FAST CASH' or 'FAST MONEY' is weak or diluted.

Applicant's final arguments is that its consumers are sophisticated such that they would not be confused. The examining attorney must presume that the users and consumers of applicant's goods are both casinos and the average gambler. Applicant's mark will appear on gaming machines that will be played by the casual gambler. These gamblers may confuse applicant's mark on a particular gaming device as the same on as the one of registrant's gaming machines that they may had good fortune at an earlier time. When the relevant consumer includes both professionals and the general public, the standard of care for purchasing the goods is that of the least sophisticated potential purchaser. *Primrose Ret. Cmtys., LLC v. Edward Rose Senior Living, LLC*, 122 USPQ2d 1030, 1039 (TTAB 2016) (citing *Stone Lion Capital Partners, LP v. Lion Capital LLP*, 746 F.3d. 1317, 1325, 110 USPQ2d 1157, 1163 (Fed. Cir. 2014)). For the foregoing reasons, the examining attorney's refusal is maintained.

Applicant's response is incomplete because it failed to resolve all outstanding issue(s) in the final Office action, it did not raise a new issue or provide any new or compelling evidence with regard to the outstanding issue(s), and applicant's analysis and arguments were not persuasive nor did they shed new light on the issue(s). In addition, the USPTO has not received a timely filed notice of appeal and there is no time remaining in the response period.

Applicant may respond by filing a petition to the Director to request a reversal of the decision to abandon the application. TMEP §§715.03(a)(ii)(D), 718.03(b), 1713.01-.02; *see* 37 C.F.R. §2.146(a)(3). The petition must be filed within two months of the date of issuance of this letter and may be filed online at http://www.uspto.gov/trademarks/teas/petition_forms.jsp. *See* 37 C.F.R. §§2.66(a)(1), 2.146(d); TMEP §§1705.04, 1714.01(a), (d).

/Won T. Oh/
Law Office 114
(571) 272 - 9204
won.oh@uspto.gov

| | |
|---|---|
| **To:** | Aristocrat Technologies Australia Pty Lt ETC. (atus.uspto.mail@aristocrat.com) |
| **Subject:** | U.S. TRADEMARK APPLICATION NO. 86889540 - FAST CASH - FASTCASH |
| **Sent:** | 6/27/2017 9:35:53 AM |
| **Sent As:** | ECOM114@USPTO.GOV |
| **Attachments:** | |

**UNITED STATES PATENT AND TRADEMARK OFFICE (USPTO)**

## IMPORTANT NOTICE REGARDING YOUR U.S. TRADEMARK APPLICATION

USPTO OFFICE ACTION (OFFICIAL LETTER) HAS ISSUED ON **6/27/2017** FOR U.S. APPLICATION SERIAL NO.86889540

Please follow the instructions below:

**(1) TO READ THE LETTER:** Click on this link or go to http://tsdr.uspto.gov/, enter the U.S. application serial number, and click on "Documents."

The Office action may not be immediately viewable, to allow for necessary system updates of the application, but will be available within 24 hours of this e-mail notification.

**(2) QUESTIONS:** For questions about the contents of the Office action itself, please contact the assigned trademark examining attorney. For *technical* assistance in accessing or viewing the Office action in the Trademark Status and Document Retrieval (TSDR) system, please e-mail TSDR@uspto.gov.

## WARNING

**PRIVATE COMPANY SOLICITATIONS REGARDING YOUR APPLICATION:** Private companies **not** associated with the USPTO are using information provided in trademark applications to mail or e-mail trademark-related solicitations. These companies often use names that closely resemble the USPTO and their solicitations may look like an official government document. Many solicitations require that you pay "fees."

Please carefully review all correspondence you receive regarding this application to make sure that you are responding to an official document from the USPTO rather than a private company solicitation. All official USPTO correspondence will be mailed only from the "United States Patent and Trademark Office" in Alexandria, VA; or sent by e-mail from the domain "@uspto.gov." For more information on how to handle private company solicitations, see http://www.uspto.gov/trademarks/solicitation_warnings.jsp.