# Exhibit 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

Video Gaming Technologies, Inc.

        Plaintiff,

vs.                                                             Case No. 4:17cv454-GKF-mjx

Castle Hill Studios, LLC

        Defendants.

> **This Protective Order in no way diminishes counsel's obligation to comply with LCvR 79.01 and G.O. 08-11.**

## [PROPOSED] PROTECTIVE ORDER
## [DKT # ___]

The parties have informed the Court that certain documents and information have been and may be sought, produced or exhibited by and between the parties in this proceeding (the "Proceeding") and that some of these documents relate to the parties' and non-parties' financial information, competitive information, or other types of sensitive information which the party making the production deems confidential. The Court has reviewed the terms and conditions of this Protective Order and the Motion for Protective Order (Dkt. # _____) is granted. Based on the parties' submissions, it is hereby ORDERED that:

1. **Scope**

    a.    This Order shall govern all documents, the information contained therein, and all other information produced or disclosed during the Proceeding whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any party, including any non-party, in this Proceeding (the "Supplying Party") to any other party, including any non-party, (the "Receiving Party"), when same is designated with the procedures set forth herein. This

Order is binding upon the parties to the Proceeding, including their respective corporate parents, subsidiaries and affiliates as well as their respective attorneys, agents, representatives, officers and employees and others as set forth in this Order. This Order is also binding on and applies to all non-parties who either produce or receive documents or information in connection with this Proceeding.

b.     Under this Order, any Supplying Party shall have the right to identify and designate as "Confidential" any document or other information it produces or provides, or any testimony given in this Proceeding, which testimony or discovery material is believed in good faith by that Supplying Party, and by the Supplying Party's counsel, to constitute, reflect or disclose trade secret or other confidential research, development, or commercial information contemplated under Rule 26(c) of the Federal Rules of Civil Procedure ("Designated Material").

c.     "Confidential Information" as used herein means any Designated Material that is designated pursuant to this Protective Order as "Confidential" by the Supplying Party, whether it is a document, information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory answer or information otherwise revealed.

d.     All documents and information described in Paragraph (1)(c) as Confidential Information and which a party, and the party's counsel, believes to be extremely sensitive confidential and/or proprietary information, the disclosure of which, even limited to the restrictions placed on Confidential Information in this Order, would compromise and/or jeopardize the Supplying Party's competitive business interests ("Highly Confidential Information"), may be designated as "Highly Confidential" by said party and furnished to the other parties pursuant to this Order.

2

e.    "Source Code" is defined herein as (i) code and accompanying statements for the programming of computers written in a high-level or assembly language that are readable by humans and (ii) electronic or non-electronic design documents that reveal the internal structure of a program or are executable on a computer.  Any non-public Source Code may be designated by the Supplying Party as "Highly Confidential Source Code."

f.    A party may designate as "Confidential,"  "Highly Confidential," or "Highly Confidential Source Code" information in the possession of and supplied by a non-party if the information was transmitted to the non-party under an agreement or an obligation that it would remain confidential and the information otherwise complies with Paragraph 1(c), (d), and (e).

g.    Subject to paragraph 13(c), all documents and other materials produced in this litigation shall be used only for purposes of this litigation whether or not a Supplying Party designates such documents or materials as "Confidential," "Highly Confidential," or "Highly Confidential Source Code."

**2.  Designation of Confidentiality**

Documents or information may be designated CONFIDENTIAL, HIGHLY CONFIDENTIAL, or HIGHLY CONFIDENTIAL SOURCE CODE within the meaning of this Order in the following ways:

a.    Specific documents produced by a Supplying Party shall, if appropriate, be designated as "Confidential" or "Highly Confidential" by marking the first page of the document and each subsequent page thereof containing Confidential or Highly Confidential information with the legend:   "CONFIDENTIAL," "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-SUBJECT TO

PROTECTIVE ORDER." For documents produced in native form, the party shall designate the document as Confidential or Highly Confidential in the name of the file.

b.     Each Party shall produce Highly Confidential Source Code in searchable electronic form in native form on CDs, DVDs, or on a stand-alone hard drive designated as "Highly Confidential Source Code." In order to verify that the Highly Confidential Source Code has not later been altered, the Supplying Party may benchmark the materials before they are provided, but shall not install any monitoring software on the device containing the Highly Confidential Source Code. Solely to the extent that Highly Confidential Source Code is not kept in native electronic form, images of the HIGHLY CONFIDENTIAL SOURCE CODE may be produced bearing the legend "HIGHLY CONFIDENTIAL SOURCE CODE."

b.     In the case of interrogatory answers and responses to requests for admissions, if appropriate, designation of Confidential, Highly Confidential, or Highly Confidential Source Code information shall be made by means of a statement in the answers or responses specifying that the answers or responses or specific parts thereof are designated "CONFIDENTIAL, HIGHLY CONFIDENTIAL, or HIGHLY CONFIDENTIAL SOURCE CODE." The following legend shall be placed on each page of interrogatory answers or responses to requests for admission containing Confidential Information, Highly Confidential Information, or Highly Confidential Source Code Information: "CONTAINS CONFIDENTIAL INFORMATION," "CONTAINS HIGHLY CONFIDENTIAL INFORMATION," or "CONTAINS HIGHLY CONFIDENTIAL SOURCE CODE INFORMATION."

c.     In the case of depositions and the information contained in depositions (including exhibits), designation of the portions of the transcript (including exhibits) which contain Confidential Information, Highly Confidential Information, or Highly Confidential Source Code

Information shall be made by a statement to such effect on the record in the course of the deposition by counsel for the party or witness producing such information, or by letter from such counsel within thirty (30) days of receipt of the deposition transcript or copy thereof (or written notification that the transcript is available). The entire deposition transcript (including exhibits) shall be treated as Highly Confidential Source Code under this Order until the expiration of the above-referenced thirty-day period for designation by letter, except that the deponent may review the transcript of his or her own deposition during this thirty-day period. After the expiration of the thirty (30) day period, the following legend shall be conspicuously placed on the front and back of any original deposition transcript, and on each copy thereof, which contains Confidential Information, Highly Confidential Information, or Highly Confidential Source Code Information: "CONTAINS CONFIDENTIAL INFORMATION," "CONTAINS HIGHLY CONFIDENTIAL INFORMATION," or "CONTAINS HIGHLY CONFIDENTIAL SOURCE CODE INFORMATION." If portions of a video recorded deposition are designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL SOURCE CODE," the videocassette or other videotape container shall be labeled with the same legend provided for in paragraph 2(a).

      d. To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, databases, or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes) ("Computerized Material") is produced by any party in such form, the Supplying Party may designate such matter as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL SOURCE CODE" by cover letter referring generally to such matter or by affixing to such media a label with the legend provided for in paragraph 2(a) above. Whenever any party to whom

5

Computerized Material designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL SOURCE CODE" is produced reduces such material to hard-copy form, such party shall mark such hard-copy form with the legend provided for in paragraph 2(a) above.

   e.  To the extent that any party or counsel for any party creates, develops or otherwise establishes on any digital or analog machine-readable device, recording media, computer, disc, network, tape, file, database or program information designated CONFIDENTIAL, HIGHLY CONFIDENTIAL, and/or HIGHLY CONFIDENTIAL SOURCE CODE, that party and/or its counsel must take all necessary steps to ensure that access to such media is properly restricted to those persons who, by the terms of this Order, may have access to Confidential Information, Highly Confidential Information, and/or Highly Confidential Source Information and will affix to any media containing such information a label with the legend provided for in paragraph 2(a) above.

   f.  The filing of any documents and materials with the Court containing or reflecting the contents of Confidential Information, Highly Confidential Information, or Highly Confidential Source Code Information shall be governed by LCvR 79.1 and Northern District General Order 08-11.  If the LCvR 79.1 motion is granted, and to the extent not inconsistent with rule 79.1 and G.O. 08-11, such documents and materials shall be labeled  CONFIDENTIAL INFORMATION, HIGHLY CONFIDENTIAL INFORMATION, or HIGHLY CONFIDENTIAL SOURCE CODE INFORMATION - SUBJECT TO COURT ORDER" and shall also bear the legend "FILED UNDER SEAL" on the cover page of the document.  Only those portions of such documents and materials containing or reflecting Confidential Information, Highly Confidential Information, or Highly Confidential Source Code Information

shall be considered Confidential, Highly Confidential, or Highly Confidential Source Code and may be disclosed only in accordance with this Order. Each party shall use its best efforts to minimize filings that necessitate the filing of documents and materials designated Confidential, Highly Confidential, or Highly Confidential Source Code under seal. No party or other person may have access to any sealed document from the files of the Court without an order of the Court. This provision does not relieve the filing party of serving the document on other parties in accordance with ordinary procedures established by the civil and local rules or Court order. Regardless of any provision in this Order to the contrary, a party does not have to file a document under seal if the Confidential Information, Highly Confidential Information, or Highly Confidential Source Code Information contained or reflected in the document was so designated solely by that party.

g. Documents filed under seal may be unsealed at the Court's discretion.

3. **Use of Confidential Information, Highly Confidential Information, or Highly Confidential Source Code Information**

Subject to paragraph 13(c), Confidential Information, Highly Confidential Information, or Highly Confidential Source Code Information shall not be used by any person, other than the Supplying Party, for any purpose other than conducting this Proceeding, Video Gaming Technologies, Inc. v. Castle Hill Studios, *et al.*, which case is pending in the United States District Court for the Northern District of Oklahoma, and in no event shall such information be used for any business, competitive, personal, private, public or other purpose.

4. **Disclosure of Confidential Information**

a.      The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control access to, and distribution of information designated "CONFIDENTIAL" pursuant to this Order.

b.      Subject to paragraph 7 below, a Receiving Party may provide access to information designated "CONFIDENTIAL" pursuant to this Order only to the following persons:

       i.      Outside counsel of record and up to 3 in-house counsel for the parties, as well as members and employees of their firms including but not limited to their paralegals, investigative, secretarial and clerical personnel who are employed by and engaged in assisting such counsel in this Proceeding.

      ii.      Outside photocopying, data processing or graphic production services, translation services, jury research consultants, mock jurors, trial presentation consultants, and other litigation support vendors whose regular business is to provide such litigation support services, employed by the parties or their counsel to assist in this Proceeding and who are under a duty of confidentiality.

     iii.      Any outside expert or consultant (or any employee of such outside expert or consultant) who is retained, or sought to be retained, by counsel for a party in this Proceeding, for purposes of consulting, and/or testifying in this Proceeding, and to whom counsel in good faith has deemed disclosure of such "CONFIDENTIAL" material is reasonably necessary in order to assist in the preparation or the conduct of this Proceeding. This paragraph shall not relieve, change or otherwise affect any

8

obligations or limitations imposed on any person by contract or law regarding the disclosure or use of trade secrets or other confidential or proprietary information.

iv.    One (and no more than one) director, officer, employee or other representative of the Receiving Party or its corporate parent whose review of the specific Confidential Information is reasonably necessary to assist in the prosecution or defense of this Proceeding.  However, a party that originally designated information as "CONFIDENTIAL" may reveal such information to any of its own directors, officers, employees or other representatives.

v.     During a deposition, any person (a) who was involved in the preparation of the document or other tangible medium containing the Confidential Information and/or who is shown on the face of "CONFIDENTIAL" material to have authored or received the "CONFIDENTIAL" material sought to be disclosed to that person, but only as to the specific material the person authored or received, or (b) any current employee, officer or director of the Supplying Party.

vi.    This Court or any other Court exercising jurisdiction with respect to this litigation, Court personnel, jurors, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this litigation; and

vii.    Any other person to whom the Supplying Party agrees in writing or on the record in advance of the disclosure, provided that the party seeking to make the disclosure must first submit a request, in writing or on the record, to the Supplying Party explaining why the disclosure is necessary.  If the Supplying Party does not agree to allow the disclosure, the party seeking to make the disclosure may file a motion with the Court for approval to make the disclosure.

## 5.  Disclosure of Highly Confidential Information

a.    The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control access to, and distribution of information designated "HIGHLY CONFIDENTIAL" pursuant to this Order.

b.    Subject to paragraph 7 below, a Receiving Party may provide access to information designated "HIGHLY CONFIDENTIAL" pursuant to this Order only to the following persons:

i.    Outside counsel of record for the parties as well as their paralegals, investigative, secretarial and clerical personnel who are employed by and engaged in assisting such counsel in this litigation.

ii.    Outside photocopying, data processing or graphic production services, translation services, jury research consultants, mock jurors, trial presentation consultants, and other litigation support vendors whose regular business is to provide such litigation support services, employed

by the parties or their counsel to assist in this Proceeding and who are under a duty of confidentiality..

ii.     Any outside expert or consultant (or any employee of such outside expert or consultant) who is retained by counsel for a party in this Proceeding, for purposes of consulting, and/or testifying in this Proceeding, and to whom counsel in good faith has deemed disclosure of such "HIGHLY CONFIDENTIAL" material is reasonably necessary in order to assist in the preparation or the conduct of this Proceeding.  This paragraph shall not relieve, change or otherwise affect any obligations or limitations imposed on any person by contract or law regarding the disclosure or use of trade secrets or other confidential or proprietary information.

iv.     During a deposition, (a) any person who is shown on the face of "HIGHLY CONFIDENTIAL" material to have authored or received the "HIGHLY CONFIDENTIAL" material sought to be disclosed to that person, but only as to the specific material the person authored or received, or (b) any current employee, officer or director of the Supplying Party.

v.      This Court or any other Court exercising jurisdiction with respect to this litigation, Court personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial, or appeal in this litigation; and

11

vi.    Any other person to whom the Supplying Party agrees in writing or on the record in advance of the disclosure, provided that the party seeking to make the disclosure must first submit a request, in writing or on the record, to the Supplying Party explaining why the disclosure is necessary. If the Supplying Party does not agree to allow the disclosure, the party seeking to make the disclosure may file a motion with the Court for approval to make the disclosure.

6. **Disclosure and Storage of Highly Confidential Source Code Information**

a.    The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control access to, and distribution of information designated "HIGHLY CONFIDENTIAL SOURCE CODE" pursuant to this Order.

b.    Subject to paragraph 7 below, a Receiving Party may provide access to information designated "HIGHLY CONFIDENTIAL SOURCE CODE" pursuant to this Order only to the following persons:

i.    Outside counsel of record for the parties as well as their paralegals, investigative, secretarial and clerical personnel who are employed by and engaged in assisting such counsel in this litigation.

ii.    Outside photocopying, data processing or graphic production services, translation services, jury research consultants, mock jurors, trial presentation consultants, and other litigation support vendors whose regular business is to provide such litigation support services, employed

by the parties or their counsel to assist in this Proceeding and who are under a duty of confidentiality.

iii.    Any outside expert or consultant (or any employee of such outside expert or consultant) who is retained by counsel for a party in this Proceeding, for purposes of consulting, and/or testifying in this Proceeding, and to whom counsel in good faith has deemed disclosure of such "HIGHLY CONFIDENTIAL" material is reasonably necessary in order to assist in the preparation or the conduct of this Proceeding.  This paragraph shall not relieve, change or otherwise affect any obligations or limitations imposed on any person by contract or law regarding the disclosure or use of trade secrets or other confidential or proprietary information.

iv.    During a deposition, any current employee, officer or director of the Supplying Party.

v.    This Court or any other Court exercising jurisdiction with respect to this litigation, Court personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial, or appeal in this litigation; and

vi.    Any other person to whom the Supplying Party agrees in writing or on the record in advance of the disclosure, provided that the party seeking to make the disclosure must first submit a request, in writing or on the record, to the Supplying Party explaining why the disclosure is

necessary.  If the Supplying Party does not agree to allow the disclosure, the party seeking to make the disclosure may file a motion with the Court for approval to make the disclosure.

c.     A   Receiving   Party   shall   handle   information   designated   "HIGHLY CONFIDENTIAL SOURCE CODE" pursuant to this Order in the following manner:

i.     Outside counsel for the Receiving Party may not relinquish or transfer possession or control of any copy of a Supplying Party's Highly Confidential Source Code except to an expert or consultant (including staff, stenographer, and/or clerical employees) who has been retained by the Receiving Party to assist in the prosecution, defense, or settlement of this action.

ii.     Any Highly Confidential Source Code produced shall be maintained and kept at a secure location at the law offices of Receiving Party's outside counsel (unless otherwise agreed to by the parties) on a stand-alone computer ("Source Code Computer"), not connected to a network or Internet, and that is protected by a confidential password.  Such Highly Confidential Source Code will be reviewed only on a Source Code Computer.  Outside counsel for the Receiving Party (or such other person as agreed to by the parties) shall maintain the Source Code Computer in a locked and secured location.

iii.     Outside counsel shall maintain a record of those individuals accessing Highly Confidential Source Code.  The Receiving Party shall maintain a

14

log of all persons who view the Source Code on the Source Code Computer ("Source Code Computer Log"). The Source Code Computer Log shall contain the following information: (i) the identity of each person granted access to the Source Code Computer; and (ii) each date when such access was granted.

iv.    A Receiving Party shall be entitled to make printouts in paper form of as many lines of Highly Confidential Source Code as it deems reasonably necessary for use as an exhibit at deposition, to prepare an expert report, for use as an exhibit to a filing with the Court, or for use as an exhibit at trial. Any printouts made from the Highly Confidential Source Code shall include the "HIGHLY CONFIDENTIAL SOURCE CODE" label on each page that includes Source Code. Bates numbers shall be assigned to each page. The Supplying Party will provide the Receiving Party with a range of Bates numbers to be used for marking Source Code printouts. The Receiving Party is permitted to make such copies as are necessary for reasonable consultation between counsel and/or qualified consultants or experts, for use as an exhibit at deposition, to prepare an expert report, for use as an exhibit to a filing with the Court, or for use as an exhibit at trial. The Receiving Party shall take all reasonable steps necessary to restrict the dissemination of such copies.

v.    The Receiving Party's outside counsel shall maintain possession of the printed pages of Source Code at their offices and must keep these pages securely stored in a locked container or office and must keep these pages

15

securely stored in a locked container or office. Access to the printed pages of Source Code shall at all times be limited to the persons specified in paragraph 6(b). To the extent approved experts and non-party consultants are permitted to possess printed pages of Source Code, such pages must be securely stored in a locked container or office.

vi.    No print-out copy of the Highly Confidential Source Code shall be transported off the premises of the law offices of the Receiving Party's outside counsel, except as necessary for questioning a witness at a deposition or other court proceeding, or in the course of working with experts.

vii.   A Supplying Party's Highly Confidential Source Code may only be transported within the direct control of a person authorized to view Highly Confidential Source Code (as set out in paragraph 6(b)), except for shipments on encrypted physical electronic media (*e.g.*, CD-ROM, magnetic tape, or diskette) via Federal Express or other similar courier service directly from one person authorized to view Highly Confidential Source Code to another person authorized to view Highly Confidential Source Code (or to an authorized third-party source code vendor, if agreed to by the parties).

viii.  The Receiving Party shall not make electronic copies of materials designated as "Highly Confidential Source Code," nor otherwise transmit electronic copies of such material, except as provided in paragraph 6(c)(vii). Notwithstanding the foregoing, the Receiving Party

16

shall be permitted to excerpt up to 10 consecutive lines of Highly Confidential Source Code for inclusion in electronically stored work product or expert reports, provided that those documents are kept securely and designated as containing Highly Confidential Source Code information.

**7.    <u>Notification of Protective Order</u>**

Confidential Information, Highly Confidential Information, and Highly Confidential Source Code Information shall not be disclosed to a person described in paragraphs 4(b)(ii), 4(b)(iii), 4(b)(iv), 4(b)(vii), 5(b)(ii), 5(b)(iii), 5(b)(vi), 6(b)(ii), 6(b)(iii) or 6(b)(vi) unless and until such person has executed an Agreement of Confidentiality in substantially the form attached hereto as Exhibit A, and said executed Agreement of Confidentiality has been served on counsel for the Supplying Party. This prohibition includes either direct or indirect disclosure, including but not limited to, any disclosure by counsel or experts. In addition, prior to disclosing a Supplying Party's Confidential or Highly Confidential or Highly Confidential Source Code Information to any person under paragraphs 4(b)(iii), 4(b)(iv), 4(b)(vii), 5(b)(iii), 5(b)(vi), 6(b)(iii) or 6(b)(v), the Receiving Party shall provide written notice to the Supplying Party that includes: (i) the name of the person, (ii) the present employer and title of the person, and (iii) a signed Undertaking in the form of Exhibit A attached hereto. For individuals allowed access under paragraphs 4(b)(iii), 5(b)(iii), or 6(b)(iii), the Receiving Party shall also provide an up-to-date curriculum vitae. Within seven (7) calendar days of receiving this information, the Supplying Party may object in writing to the disclosure. In the absence of any objection at the end of the seven (7) day period, the individual shall be deemed approved under this Protective

Order to receive the Supplying Party's Confidential, Highly Confidential or Highly Confidential Source Code Information.  If an objection is made, the parties shall meet and confer within four (4) calendar days after the objection and attempt in good faith to resolve the dispute informally. If the dispute is not resolved, the party objecting to the disclosure will have four (4) calendar days from the date of the meet and confer to seek relief from the Court.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn.  If relief is sought, the Supplying Party's Confidential or Highly Confidential or Highly Confidential Source Code Information shall not be disclosed to the Person until the objection is resolved by the Court.  The originals of an executed Agreement of Confidentiality shall be maintained by counsel for the party who obtained it until the final resolution of this litigation.  At any deposition and absent the agreement of the parties, prior to the disclosure of any Confidential Information, Highly Confidential Information, and/or Highly Confidential Source Code Information, the deponent shall be provided a copy of the form attached hereto as Exhibit B and shall be asked to affirmatively state on the record that he or she has received the form and consents to the restrictions contained within the Stipulated Protective Order, a copy of which shall be provided to the deponent.

**8.**     **<u>Use of Confidential, Highly Confidential, or Highly Confidential Source Code Information at Trial</u>**

The rules and procedures governing the use of Confidential, Highly Confidential Information, and Highly Confidential Source Code Information at trial shall be determined by the Court at the final pretrial conference.

**9.**     **<u>Objections to Designations</u>**

A party may, at any time, make a good faith challenge to the propriety of a Confidential, Highly Confidential, or Highly Confidential Source Code Information designation.  In the event a party objects to the designation of any material under this Order, the objecting party shall consult with the designating party to attempt to resolve their differences.  If the parties are unable to reach an accord as to the proper designation of the material, after giving notice to the designating party, the objecting party may apply to the Court for a ruling that the material shall not be so designated.  If such a motion is made, the designating party has the burden of establishing that the designation is proper.  If no such motion is made, the material will retain its designation.  Any documents or other materials that have been designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL SOURCE CODE" shall be treated as Confidential, Highly Confidential, or Highly Confidential Source Code until such time as the Court rules that such materials should not be treated as Confidential, Highly Confidential, or Highly Confidential Source Code.

**10.**    **Preservation of Rights and Privileges**

Nothing contained in this Order shall affect the right, if any, of any party or witness to make any other type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents or questions at a deposition.  Nor shall this Order be construed as a waiver by any party of any legally cognizable privilege to withhold any Confidential Information, Highly Confidential Information, or Highly Confidential Source Code Information other than on the basis that it has been designated Confidential, Highly Confidential, or Highly Confidential Source Code, or of any right which any party may have to assert such privilege at any stage of this litigation.

11.    **Return or Destruction of Materials**

Within sixty business days after the final resolution of this litigation, all Confidential Information, Highly Confidential Information, and Highly Confidential Source Code Information shall be returned to counsel for the party or non-party that produced it or shall be destroyed.  As to those materials that contain or reflect Confidential Information, Highly Confidential Information, or Highly Confidential Source Code Information, but that constitute or reflect counsel's work product, counsel of record for the parties, or non-parties, shall be entitled to retain such work product in their files in accordance with the provisions of this Order, so long as it is clearly marked to reflect that it contains information subject to this Order.  Such materials may not be used in connection with any other proceeding or action.  Counsel shall be entitled to retain pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and the trial record (including exhibits) even if such materials contain Confidential Information, Highly Confidential Information, or Highly Confidential Source Code Information, so long as such materials are clearly marked to reflect that they contain information subject to this Order and may not be used in connection with any other proceeding or action.

12.    **Inadvertent or Unintentional Disclosure**

A Supplying Party that inadvertently fails to designate discovery material as "Confidential," "Highly Confidential," or "Highly Confidential Source Code" or mis-designates discovery material as "Confidential," "Highly Confidential," or "Highly Confidential Source Code" pursuant to this Order at the time of its production shall be entitled to make a correction to its designation within a reasonable time of the discovery of the non- or mis-designation.  Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each

item of discovery material, appropriately designated.  Those individuals who received the discovery material prior to notice of non- or mis-designation by the Supplying Party shall within five (5) days of receipt of the substitute copies, take reasonable steps to destroy or return to the law firm representing the Supplying Party all copies of such mis-designated documents.  The obligation to treat such material pursuant to the corrected designation shall be prospective only, and those individuals who reviewed the mis-designated discovery material prior to notice of the mis-designation by the Supplying Party shall abide by the provisions of this Order with respect to all future use and disclosure of any information contained in the mis-designated materials.

13.    **Other Provisions**

a.    The restrictions set forth in this Order shall not apply to documents or information designated Confidential, Highly Confidential, or Highly Confidential Source Code that are publicly available or that are obtained independently and under rightful means by the Receiving Party, unless they became so due to a violation of this Order.

b.    A party's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged or (c) admissible in evidence at trial.

c.    Any party or person in possession of Confidential Information, Highly Confidential Information, or Highly Confidential Source Code Information who receives a subpoena (or other process) from any person (including natural persons, corporations, partnerships, firms, governmental agencies, departments or bodies, boards or associations) who is not a party to this Order, which subpoena seeks production or other disclosure of such Confidential Information, Highly Confidential Information, or Highly Confidential Source Code Information shall immediately give written notice by electronic mail to counsel for the other

party or person who produced the materials designated as Confidential, Highly Confidential, or Highly Confidential Source Code. The written notice shall identify the materials sought and enclose a copy of the subpoena or other process, unless ordered otherwise by a court of competent jurisdiction. Nothing herein shall be construed to obligate the person subject to service or other process to make a motion or undertake other legal process, or to appear before any court or administrative body in opposition to a motion or other legal process seeking production of any Confidential, Highly Confidential, or Highly Confidential Source Code materials, provided such person invokes, to the extent reasonably possible, the highest level of confidentiality available under applicable law, rule, regulation, court order, or other compulsory process, at the time of disclosure of such Confidential materials.

d.    This Order shall apply to non-parties who provide discovery, by deposition, production of documents or otherwise, in this litigation, if said non-party requests, in writing, the protection of this Order as to said non-party's Confidential Information, Highly Confidential Information, or Highly Confidential Source Code Information and complies with the provisions of this Order.

e.    Upon the final resolution of this litigation (including conclusion of any appeal), this Order shall remain in effect and continue to be binding, unless expressly modified, superseded, or terminated by consent of all parties or by Order of the Court. This Court expressly retains jurisdiction over this action for enforcement of the provisions of this Order following the final resolution of this litigation.

f.    This Order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modifications of this Order, subject to the approval of the Court.

g.     The Court may amend, modify or dissolve this Protective Order at any time.

IT IS SO ORDERED this _____ day of _____, 2017.

**EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA


,

                      Plaintiff,

vs.                                          Case No.

,

                      Defendant.

## CERTIFICATION

1.     My name is _____.

I live at _____.

I am employed as (state position) _____

by (state name and address of employer) _____.

2.     I have read the Confidentiality Order that has been entered in this case, and a copy of it has been given to me.  I understand the provisions of this Order, and agree to comply with and to be bound by its provisions.

3.     I consent to the exercise of personal jurisdiction by this Court in connection with this Declaration and my obligations under the Protective Order.

4.     I declare under penalty of perjury that the foregoing is true and correct.


Executed this _____ day of _____, 20____

                                      by_____
                                         (signature).

**EXHIBIT B**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

,

                Plaintiff,

vs.                                Case No.

,

                Defendant.

### NOTICE TO DEPOSITION WITNESSES

You are being shown one or more documents which have been designated as "Confidential" pursuant to an Order of this Court. Except for providing testimony at this deposition, you may not disclose these documents or their contents to any person other than the attorney who represents you at this deposition. Further, neither these documents nor their contents may be used by you for any purpose except that you may use them for your testimony in connection with this litigation. In any event, you are prohibited from using them for any business, competitive, personal, private, public, or other non-litigation purpose. The improper disclosure or use of these documents or their contents may result in the imposition of sanctions upon you by the Court. If you wish a complete copy of the Court Order, a copy will be provided to you upon request.