## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1) VIDEO GAMING TECHNOLOGIES, INC., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-cv-00454-GKF-mjx |
| | ) | |
| 1) CASTLE HILL STUDIOS LLC | ) | |
| (d/b/a CASTLE HILL GAMING); | ) | |
| 2) CASTLE HILL HOLDING LLC | ) | |
| (d/b/a CASTLE HILL GAMING); and | ) | |
| 3) IRONWORKS DEVELOPMENT, LLC | ) | |
| (d/b/a CASTLE HILL GAMING) | ) | |
| | ) | |
| Defendants. | ) | |

## DECLARATION OF MICHAEL S. SAWYER

1.      I am an attorney with the law firm of Covington & Burling LLP, counsel for Plaintiff Video Gaming Technologies, Inc. ("VGT").  I was admitted *pro hac vice* in this case on August 9, 2017.

2.      Attached as **Exhibit A** is a true and correct copy of an e-mail thread between VGT's counsel and Defendants' counsel with emails dated between October 27 and November 8, 2017.

3.      Attached as **Exhibit B** is a true and correct copy of an e-mail from VGT's counsel to Defendants' counsel dated October 26, 2017.

4.      Attached as **Exhibit C** is a true and correct copy of an e-mail thread between VGT's counsel and Defendants' counsel with emails dated between September 22 and November 3, 2017.

5.      Attached as **Exhibit D** is a true and correct copy of Defendants' Rule 26(A)(1) Initial Disclosures.

6.      Attached as **Exhibit E** is a true and correct copy of a proposed draft protective order that is substantively identical to a version sent to Defendants on October 26, 2017; this draft has been redlined against the Court's default protective order.  It has also been modified to reflect that Defendants have not agreed to this version.

7.      I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 14, 2017 in Washington, District of Columbia.

_/s/ Michael S. Sawyer_
Michael S. Sawyer

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 14, 2017, I filed the foregoing Declaration of Michael

Sawyer via ECF, which caused a true and correct copy of the foregoing Opposition to be

delivered to the following counsel for Defendants:

Robert C. Gill
Thomas S. Schaufelberger
Matthew J. Antonelli
SAUL EWING ARNSTEIN & LEHR, LLP
1919 Pennsylvania Avenue, NW, Suite 550
Washington, D.C. 20006
(202) 295-6605
(202) 295-6705 (facsimile)
robert.gill@saul.com
tschauf@saul.com
matt.antonelli@saul.com

Sherry H. Flax
SAUL EWING ARNSTEIN & LEHR, LLP
500 E. Pratt Street, Suite 900
Baltimore, Maryland 21202
(410) 332-8764
(410) 332-8785 (facsimile)
sherry.flax@saul.com

James C. Hodges, OBA 4254
JAMES C. HODGES, PC
2622 East 21st Street, Suite 4
Tulsa, OK 74114
Telephone: (918) 779-7078
JHodges@HodgesLC.Com

Duane H. Zobrist
Jonathan S. Jacobs
ZOBRIST LAW GROUP PLLC
1900 Arlington Blvd. Suite B
Charlottesville, VA 22903
Telephone: (434) 658-6400
dzobrist@zoblaw.com
jjacobs@zoblaw.com

*Attorneys for Defendants*

        */s/ Michael Sawyer*

# EXHIBIT A

| From: | Rubman, Gary |
|---|---|
| To: | Gill, Robert C.; Flax, Sherry H.; jhodges@hodgeslc.com |
| Cc: | Roman, Neil; Swanson, Peter; dluthey@gablelaw.com; Sawyer, Michael |
| Subject: | RE: Discovery settlement proposal |
| Date: | Wednesday, November 08, 2017 12:23:04 PM |

Bob,

This response is disappointing, particularly given your earlier email in which you offered to meet and confer today or tomorrow. In reaching the agreement to cancel the scheduling conference, we relied on several commitments from you and your colleagues, all of which you have failed to honor. In addition to the clearly contrary positions you are now taking with respect to the trade secret discovery, you have not honored your commitment to make best efforts to agree to a protective order and ESI stipulation by November 8th. Indeed, you have not even provided comments on either document. Please provide redlines of both the protective order and ESI stipulation by the end of the day today.

With respect to the meet and confer, we are available to do it on Monday. Please provide the times you are available that day.

Best regards,

- Gary


**Gary Rubman**

**Covington & Burling LLP**
**One CityCenter, 850 Tenth Street, NW**
**Washington, DC 20001-4956**
**T +1 202 662 5465 | grubman@cov.com**
**www.cov.com**

---

**From:** Gill, Robert C. [mailto:Robert.Gill@saul.com]
**Sent:** Wednesday, November 08, 2017 1:08 PM
**To:** Rubman, Gary <grubman@cov.com>; Flax, Sherry H. <Sherry.Flax@saul.com>; jhodges@hodgeslc.com
**Cc:** Roman, Neil <nroman@cov.com>; Swanson, Peter <pswanson@cov.com>; dluthey@gablelaw.com; Sawyer, Michael <msawyer@cov.com>
**Subject:** RE: Discovery settlement proposal

Gary:

I don't understand the delay comment, since the deadline for discovery responses is still several weeks out on November 22.  Regardless, we are having an extremely difficult time getting something scheduled before Monday, given the time parameters.  We also have an upcoming meeting with the Zobrist group that should help us better understand what they have been able to accomplish with their document searches, and the universe of available documents, that should better prepare us for the discussion.

We suggest that we meet on Monday to address discovery, and at the same time discuss the draft protective order, and your proposed ESI protocol.

Please let us know if you are available to meet on Monday, and some good times to do so.


Bob


**From:** Rubman, Gary [mailto:grubman@cov.com]
**Sent:** Wednesday, November 08, 2017 8:40 AM
**To:** Gill, Robert C.; Flax, Sherry H.; jhodges@hodgeslc.com
**Cc:** Roman, Neil; Swanson, Peter; dluthey@gablelaw.com; Sawyer, Michael
**Subject:** RE: Discovery settlement proposal

Bob,

Please confirm your availability for a meet and confer this afternoon.  Needless to say, we are concerned about the delay in resolving this issue.  We hope that at least one member of your team will be available to meet and confer this afternoon.

Best regards,

- Gary


**Gary Rubman**

**Covington & Burling LLP**
**One CityCenter, 850 Tenth Street, NW**
**Washington, DC 20001-4956**
**T +1 202 662 5465 | grubman@cov.com**
**www.cov.com**


-----Original Message-----
From: Gill, Robert C. [mailto:Robert.Gill@saul.com]

Sent: Tuesday, November 07, 2017 5:06 PM
To: Rubman, Gary <grubman@cov.com>
Subject: Re: Discovery settlement proposal

Trying to coordinate with folks on my end on this and will circle back to you when I can get a handle on their commitments.

Sent from my iPhone

On Nov 7, 2017, at 3:29 PM, Rubman, Gary <grubman@cov.com<mailto:grubman@cov.com>> wrote:

Bob,

Thank you for the response.  We are available to meet and confer tomorrow afternoon between noon and 1:30 or after 4:00.  Can you please let us know the time that works best for you and whether you would like to host the meeting or come to our office?

Best regards,

- Gary


Gary Rubman

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5465 | grubman@cov.com<mailto:grubman@cov.com>
www.cov.com<http://www.cov.com>

<image001.jpg>




From: Gill, Robert C. [mailto:Robert.Gill@saul.com]
Sent: Tuesday, November 07, 2017 3:08 PM
To: Rubman, Gary <grubman@cov.com<mailto:grubman@cov.com>>; Flax, Sherry H. <Sherry.Flax@saul.com<mailto:Sherry.Flax@saul.com>>; Roman, Neil <nroman@cov.com<mailto:nroman@cov.com>>
Cc: Swanson, Peter <pswanson@cov.com<mailto:pswanson@cov.com>>; dluthey@gablelaw.com<mailto:dluthey@gablelaw.com>; jhodges@hodgeslc.com<mailto:jhodges@hodgeslc.com>
Subject: RE: Discovery settlement proposal

Gary:

Not at all.  We are not making trade secret discovery dependent on obtaining ruling on the motion to dismiss.  But at the same time VGT's trade secret claims are very general and non-specific.  We have a right to know the reasonable basis for VGT's claims as part of the discovery process.  That information is necessary for us, and the court, to determine the scope of proper discovery for this claim.

If you would like to discuss this is more detail let us know some good times tomorrow (Wednesday) afternoon or Thursday toward the end of the day.

Regards,
Bob

From: Rubman, Gary [mailto:grubman@cov.com]
Sent: Monday, November 06, 2017 5:36 PM
To: Gill, Robert C.; Flax, Sherry H.; Roman, Neil
Cc: Swanson, Peter; dluthey@gablelaw.com<mailto:dluthey@gablelaw.com>; jhodges@hodgeslc.com<mailto:jhodges@hodgeslc.com>
Subject: RE: Discovery settlement proposal

Bob,

The position you are taking is directly contrary to your previous representation to the Court in the motion to strike the scheduling conference.  Unless you revisit your position on this issue, we intend to raise this issue with the Court.  Pursuant to local rule 37.1, please provide your availability tomorrow or Wednesday morning for a meet and confer.

- Gary

Gary Rubman

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5465 | grubman@cov.com<mailto:grubman@cov.com>
www.cov.com<http://www.cov.com>

From: Gill, Robert C. [mailto:Robert.Gill@saul.com]
Sent: Monday, November 06, 2017 2:29 PM
To: Rubman, Gary <grubman@cov.com<mailto:grubman@cov.com>>; Flax, Sherry H.
<Sherry.Flax@saul.com<mailto:Sherry.Flax@saul.com>>; Roman, Neil
<nroman@cov.com<mailto:nroman@cov.com>>
Cc: Swanson, Peter <pswanson@cov.com<mailto:pswanson@cov.com>>;
dluthey@gablelaw.com<mailto:dluthey@gablelaw.com>;
jhodges@hodgeslc.com<mailto:jhodges@hodgeslc.com>
Subject: Discovery settlement proposal

Gary:

In your email you assert that "VGT already has identified trade secrets that Castle Hill has
misappropriated." We disagree with this assertion. In paragraphs 41-43 of the Complaint VGT
defines its claimed trade secrets. However, it only does so in vague and general terms. The trade
secrets are defined to include "the math underlying the games", the "specifics of the manner in
which the bingo game is played" and the "source code used to operate the games." What VGT has
identified are only general ideas or concepts. VGT has not made any effort to describe or define the
claimed trade secrets with any reasonable particularity. As a consequence, it is impossible to tell
from Plaintiff's vague generalizations how those matters for which trade secret protection is claimed
differ from matters of general knowledge in this industry.

We understand that VGT may have been reluctant to provide detail in its complaint, since it is a
publicly available document. However, Castle Hill is not obligated to give VGT, who is a competitor,
and one who clearly wishes to limit or block Castle Hill's presence in the marketplace, limitless
discovery into its Castle Hill's confidential business information, including its source code. The same
is true for any regulatory or testing lab submissions. Even VGT admits in its proposed protective
order that source code is highly confidential information.

We have asked in our discovery requests for VGT to describe each trade secret claimed in this
action. Once we have this information Castle Hill will be in a position to determine the scope of
discovery that it is appropriate for this claim.

Bob

From: Rubman, Gary
Sent: Thursday, November 02, 2017 2:58 PM
To: Flax, Sherry H. <Sherry.Flax@saul.com<mailto:Sherry.Flax@saul.com>>; Gill, Robert C.
<Robert.Gill@saul.com<mailto:Robert.Gill@saul.com>>; Roman, Neil

<nroman@cov.com<mailto:nroman@cov.com>>
Cc: Swanson, Peter <pswanson@cov.com<mailto:pswanson@cov.com>>;
dluthey@gablelaw.com<mailto:dluthey@gablelaw.com>;
jhodges@hodgeslc.com<mailto:jhodges@hodgeslc.com>
Subject: RE: Discovery settlement proposal

Sherry,

In light of our agreement, as well as Castle Hill's own statements in its initial disclosures, it is
surprising that you now appear to be taking the position that the regulatory and testing lab
submissions may not be "relevant absent VGT's specification of the trade secrets copied." Putting
aside that VGT already has identified trade secrets that Castle Hill misappropriated, your email
suggests that Castle Hill may not intend to live up to its end of our agreement and may seek to
further delay production of these highly relevant materials.

In contrast to Castle Hill, VGT has never sought to delay production of relevant information about its
games, including regulatory submissions, assuming a protective order with appropriate protections
is in place. That is why we have been pushing for several weeks to finalize a protective order.
Indeed, it has now been a week since you were copied on an email relating to the protective order,
but we have not yet received a response (despite your agreement last Friday to make best efforts to
agree to a protective order by November 8). Please promptly provide your comments, if any,
regarding the draft protective order.

We intend to produce regulatory and testing lab submissions for VGT games on November 22nd, as
long as you confirm that Castle Hill will produce on that day its regulatory and testing lab
submissions (including submissions to the Eclipse testing lab and/or Nick Farley) and source code.
Consistent with our discovery requests, Castle Hill should be producing all versions of the
submissions and source code for each of the accused games, as well as for Castle Hill's bingo servers
and EGMs/clients. Recognizing that this may be voluminous, we are willing to agree to a rolling
production of these materials as long as Castle Hill produces on November 22nd the submissions
(including the source code) for the first version of each of the games, bingo servers and
EGMs/clients. If Castle Hill does not agree with this approach, we intend to raise this issue with the
Court. Please let us know your position. We are available to meet and confer tomorrow or Monday.

Best regards,

- Gary


Gary Rubman

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5465 | grubman@cov.com<mailto:grubman@cov.com>

www.cov.com<http://www.cov.com>

<image007.jpg>

From: Flax, Sherry H. [mailto:Sherry.Flax@saul.com]
Sent: Tuesday, October 31, 2017 1:17 PM
To: Rubman, Gary <grubman@cov.com<mailto:grubman@cov.com>>; Gill, Robert C.
<Robert.Gill@saul.com<mailto:Robert.Gill@saul.com>>; Roman, Neil
<nroman@cov.com<mailto:nroman@cov.com>>
Cc: Swanson, Peter <pswanson@cov.com<mailto:pswanson@cov.com>>;
dluthey@gablelaw.com<mailto:dluthey@gablelaw.com>;
jhodges@hodgeslc.com<mailto:jhodges@hodgeslc.com>
Subject: Discovery settlement proposal

Gary – As we have repeatedly stated, Bob Gill is involved in a jury trial this week.  I cannot commit to a date for a meet and confer in the event we are unable to reach an agreement until he is available.

We agreed last Friday to withdraw our request to produce regulatory submissions and source code after disposition of the pending Motion to Dismiss. We did not and do not agree that that these materials are relevant absent VGT's specification of the trade secrets copied.  Castle Hill will produce the requested materials on Nov. 22 if VGT will agree to produce its regulatory submissions and source code for the games allegedly infringed or copied by Castle Hill on the same date.

Best regards,

Sherry

From: Rubman, Gary [mailto:grubman@cov.com]
Sent: Monday, October 30, 2017 1:59 PM
To: Flax, Sherry H.; Gill, Robert C.; Roman, Neil
Cc: Swanson, Peter; dluthey@gablelaw.com<mailto:dluthey@gablelaw.com>;
jhodges@hodgeslc.com<mailto:jhodges@hodgeslc.com>
Subject: RE: Discovery settlement proposal

Sherry,

We are disappointed to see your response.  When we reached the agreement on Friday, we were operating in good faith and assumed you would take the necessary steps to confirm that your client

will be producing the requested materials by November 22nd.  As we pointed out, these materials are plainly relevant (indeed, Castle Hill acknowledged that in its initial disclosures) and should be maintained by your client.  Based on your agreement to drop your timing-based objections to trade secret discovery, we expected you would have been able to provide the requested confirmation by today.  Your email below does not provide a reasonable explanation as to why Castle Hill cannot meet the November 22nd deadline.

As a further gesture of goodwill on our part, we will agree to extend the deadline for discovery responses until this Thursday.  If you are not able to confirm by then that you will be producing the requested materials by November 22nd, please provide times on Friday when you are available for a meet and confer.

I have added Dean and Jim to this email chain.

Best regards,

- Gary


Gary Rubman

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5465 | grubman@cov.com<mailto:grubman@cov.com>
www.cov.com<http://www.cov.com>


<image006.jpg>




From: Flax, Sherry H. [mailto:Sherry.Flax@saul.com]
Sent: Monday, October 30, 2017 1:39 PM
To: Rubman, Gary <grubman@cov.com<mailto:grubman@cov.com>>; Gill, Robert C.
<Robert.Gill@saul.com<mailto:Robert.Gill@saul.com>>; Roman, Neil
<nroman@cov.com<mailto:nroman@cov.com>>
Cc: Swanson, Peter <pswanson@cov.com<mailto:pswanson@cov.com>>
Subject: Discovery settlement proposal

Gary –Bob is tied up in a jury trial this week.  For the same reasons that Castle Hill sought a brief extension for the exchange of discovery responses, we cannot agree today to produce regulatory submissions and source code on November 22.  We require a reasonable opportunity to gather, review, and analyze all information in the context of VGT's claims and Castle Hill's defenses.  Because the case has been pending for only a couple of months, we trust that you will see fit to cooperate

with a brief extension until November 22 to serve discovery responses, without conditions that require us to make decisions about issues that we have not been able to consider.   The fact discovery deadline in June 2018 easily accommodates this extension with no prejudice.  It would be unfortunate to involve the court in a dispute such as this, particularly in light of the new amendments that emphasize cooperation among the parties in discovery.

Please let me know at your earliest convenience if we have an agreement to exchange discovery responses on November 22. Thank you.

Best regards,

Sherry

<image008.png><http://www.saul.com/>

Sherry H. Flax

500 E. Pratt Street
Suite 900 | Baltimore, MD 21202-3133

Tel: 410.332.8784 | Fax: 410.332.8785

Sherry.Flax@saul.com<mailto:Sherry.Flax@saul.com> | www.saul.com<http://www.saul.com>

* Please note that our Firm name and my email address have changed.

From: Rubman, Gary [mailto:grubman@cov.com]
Sent: Friday, October 27, 2017 5:53 PM
To: Gill, Robert C.; Roman, Neil; Flax, Sherry H.
Cc: Swanson, Peter
Subject: RE: Discovery settlement proposal

Thanks, Bob.  Please ensure that the motion makes it clear that the parties have reached an agreement with respect to the one issue that had been in dispute relating to the scheduling conference (i.e., Castle Hill will be dropping its timing-based objections to the trade secret discovery).

Have a nice weekend.

- Gary


Gary Rubman

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5465 | grubman@cov.com<mailto:grubman@cov.com>
www.cov.com<http://www.cov.com>

<image006.jpg>


From: Gill, Robert C. [mailto:Robert.Gill@saul.com]
Sent: Friday, October 27, 2017 5:32 PM
To: Rubman, Gary <grubman@cov.com<mailto:grubman@cov.com>>; Roman, Neil
<nroman@cov.com<mailto:nroman@cov.com>>; Flax, Sherry H.
<Sherry.Flax@saul.com<mailto:Sherry.Flax@saul.com>>
Cc: Swanson, Peter <pswanson@cov.com<mailto:pswanson@cov.com>>
Subject: RE: Discovery settlement proposal

Gary:

We are in agreement as to continuing the conference Monday.

As for the discovery deadline, we will consult with the client and get back to you Monday on this issue.

We will file a motion to cancel the hearing, and indicate your consent.  Furthermore, if the hearing is held Monday only local counsel will attend.

Bob


From: Rubman, Gary [mailto:grubman@cov.com]
Sent: Friday, October 27, 2017 4:40 PM
To: Gill, Robert C.; Roman, Neil; Flax, Sherry H.
Cc: Swanson, Peter
Subject: RE: Discovery settlement proposal

Bob,

Based on your response below, we are willing to request that the Court cancel Monday's scheduling conference.  At this point, however, we are not able to agree to postponement of Monday's discovery deadline.  There should be no reason why your client cannot agree to production of its regulatory/testing lab submissions (and the source code contained in those submissions) by November 22nd.  We assume Castle Hill maintains such submissions in the ordinary course of its business.  We also note that in Castle Hill's Initial Disclosures (see attached), which were served three weeks ago, Castle Hill acknowledged that the source code (as well as other information, including the math) used for its games is relevant to this case.  Accordingly, it is not clear to us what basis Castle Hill could have at this point to further delay production of this important information.

Please confirm by 3:00 pm ET on Monday that Castle Hill will produce the requested regulatory/testing lab submissions (including the source code) by November 22nd.  If you can provide that confirmation, we will agree to postponement of Monday's deadline for all discovery responses to November 22nd.

Best regards,

- Gary


Gary Rubman

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5465 | grubman@cov.com<mailto:grubman@cov.com>
www.cov.com<http://www.cov.com>

<image006.jpg>



From: Gill, Robert C. [mailto:Robert.Gill@saul.com]
Sent: Friday, October 27, 2017 3:50 PM
To: Roman, Neil <nroman@cov.com<mailto:nroman@cov.com>>; Flax, Sherry H. <Sherry.Flax@saul.com<mailto:Sherry.Flax@saul.com>>
Cc: Swanson, Peter <pswanson@cov.com<mailto:pswanson@cov.com>>; Rubman, Gary <grubman@cov.com<mailto:grubman@cov.com>>
Subject: RE: Discovery settlement proposal

Neil:

Thank you.  It was good talking with you as well.

We agree with your points 1 and 2.  On point 3, we can agree to exchanging discovery responses by November 22.  On the specific points of regulatory and testing lab submissions and source code for the games I need to have to have client input and consent.  Is this enough to go forward and obtain a continuance of the hearing Monday?

Bob


From: Roman, Neil [mailto:nroman@cov.com]
Sent: Friday, October 27, 2017 3:26 PM
To: Gill, Robert C.; Flax, Sherry H.
Cc: Swanson, Peter; Rubman, Gary
Subject: RE: Discovery settlement proposal

One clarification -- with respect to the source code to be produced, that is to include the source code for both the EGMs and the bingo server.

From: Roman, Neil
Sent: Friday, October 27, 2017 3:23 PM
To: 'Gill, Robert C.' <Robert.Gill@saul.com<mailto:Robert.Gill@saul.com>>; Flax, Sherry H. <Sherry.Flax@saul.com<mailto:Sherry.Flax@saul.com>>
Cc: Swanson, Peter <pswanson@cov.com<mailto:pswanson@cov.com>>; Rubman, Gary <grubman@cov.com<mailto:grubman@cov.com>>
Subject: Discovery settlement proposal

Bob and Sherry,

It was good talking with you this afternoon.

We have discussed your proposal with the client and are prepared to agree to a postponement of Monday's discovery deadline and hearing if we can agree on the following:

1.  Castle Hill will immediately drop its timing-based objections to providing trade secret discovery.

2.  The parties will make best efforts to agree to a protective order and ESI stipulation by November 8.

3.  The parties will exchange written discovery responses and initial document productions by November 22, with Castle Hill's production to include its regulatory and testing lab submissions and source code for all games at issue.

Please let us know Castle Hill's position.

Thanks,
Neil

Neil Roman

Covington & Burling LLP
The New York Times Building, 620 Eighth Avenue New York, NY 10018-1405 T +1 212 841 1221 | nroman@cov.com<mailto:nroman@cov.com>
www.cov.com<http://www.cov.com>

"Saul Ewing Arnstein & Lehr LLP (saul.com<http://saul.com>)" has made the following annotations:
+~~~~~~~~~~~~~~~~~~~~~~~~~~~+
This e-mail may contain privileged, confidential, copyrighted, or other legally protected information. If you are not the intended recipient (even if the e-mail address is yours), you may not use, copy, or retransmit it. If you have received this by mistake please notify us by return e-mail, then delete.
+~~~~~~~~~~~~~~~~~~~~~~~~~~~+

# EXHIBIT B

| | |
|---|---|
| **From:** | Jonathan Jacobs |
| **To:** | Sawyer, Michael; Rubman, Gary; jhodges@hodgeslc.com; Duane Zobrist |
| **Cc:** | dluthey@gablelaw.com; Roman, Neil; Swanson, Peter; Flax, Sherry H.; rgill@saul.com; Schaufelberger, Thomas S. |
| **Subject:** | RE: Video Gaming Technologies, Inc. v Castle Hill Studios LLC, Case No. 17-cv-454-GKF-mjx |
| **Date:** | Thursday, October 26, 2017 10:55:59 AM |

Dear Neil, et al.,

Any day now attorneys from Saul Ewing will be substituting into this case, and we will be out.  Saul Ewing has asked me to request two things:

1. An agreement to delay all discovery responses (from both sides) until the Court rules on the pending motion to dismiss.
2. Your position on a motion to postpone Monday's hearing.

The Saul Ewing attorneys are copied here, and I'll let them take it from here.

Best regards,

Jonny

# EXHIBIT C

| From: | Sawyer, Michael |
|---|---|
| To: | Flax, Sherry H. |
| Cc: | Swanson, Peter; Roman, Neil; Rubman, Gary; jhodges@hodgeslc.com; Jonathan Jacobs; Duane Zobrist; dluthey@gablelaw.com; rgill@saul.com; Schaufelberger, Thomas S. |
| Subject: | RE: Video Gaming Technologies, Inc. v Castle Hill Studios LLC, Case No. 17-cv-454-GKF-mjx |
| Date: | Friday, November 03, 2017 3:27:00 PM |
| Attachments: | VGT-CHG Joint ESI Stipulation.DOCX |

Sherry,

Please find attached a proposed ESI stipulation, which we hope is acceptable to Castle Hill.  If Castle Hill would like to make any revisions to this ESI stipulation, please provide those revisions in a redline by November 7.  Please also provide your availability to meet and confer about any proposed revisions on November 8, so that we can meet the deadline to agree on an ESI stipulation by November 8.

We are also awaiting Castle Hill's proposed revisions to the protective order, which we sent to you on October 26.  Please also provide any redlines to that proposed protective order by November 7, 2017, so that we can discuss them by November 8.

Best,
Mike

---

**From:** Sawyer, Michael
**Sent:** Thursday, October 26, 2017 9:52 PM
**To:** 'Jonathan Jacobs' <jjacobs@zoblaw.com>
**Cc:** Swanson, Peter <pswanson@cov.com>; Roman, Neil <nroman@cov.com>; Rubman, Gary <grubman@cov.com>; jhodges@hodgeslc.com; Duane Zobrist <dzobrist@zoblaw.com>; dluthey@gablelaw.com; Flax, Sherry H. <Sherry.Flax@saul.com>; rgill@saul.com; Schaufelberger, Thomas S. <tschauf@saul.com>
**Subject:** RE: Video Gaming Technologies, Inc. v Castle Hill Studios LLC, Case No. 17-cv-454-GKF-mjx

Jonny,

Thanks for speaking as well.  I called you earlier today, but because I was unable to reach you by phone, I am writing to keep the discussion moving.  I am also copying the new attorneys that you said would be appearing on behalf of Defendants.

With respect to Highly Confidential Source Code, we appear to be on the same page, with the understanding that the source code can also be shown to current employees of the supplying party during a depo, as explained in the attached draft protective order.

With respect to Highly Confidential materials, we are generally on the same page, but we propose deferring any discussion of showing financial information to party representatives until the parties engage in mediation or settlement discussions.  This is also reflected in the attached draft protective order.

With respect to Confidential information, we remain uncomfortable with CHG showing that information to 5 non-lawyer party representatives of CHG, particularly given that the allegations in this case include misappropriation of confidential business information.  We are not aware of any reason why CHG would need 5 non-lawyer representatives to review VGT's confidential information. Please let us know why CHG needs so many of its employees to review this information, and also let us know how many total employees CHG has.

Finally, please provide your availability for a call tomorrow to discuss finalizing the protective order. Because the protective order is a gating event to most trade secret discovery, and because we have been trying to reach agreement on the protective order for several weeks, we plan to raise this issue with Judge Frizzell at the Scheduling Conference on Monday.

Best,
Mike

**From:** Jonathan Jacobs [mailto:jjacobs@zoblaw.com]
**Sent:** Tuesday, October 24, 2017 4:14 PM
**To:** Sawyer, Michael <msawyer@cov.com>
**Subject:** RE: Video Gaming Technologies, Inc. v Castle Hill Studios LLC, Case No. 17-cv-454-GKF-mjx

Thanks for talking Mike.  Does this look right?  Obviously the actual language will be much more specific.

1. Highly Confidential Source Code: can be seen by people necessary to litigation (judge, jury, copy vendors, lawyers) and experts that are pre-approved by other side. Cannot be seen by any party.
   a. Must be stored on a computer that is disabled from network connection and USB ports – so no chance someone can hack.
2. Highly Confidential: can be seen by same people as highly confidential.  In addition, each party can designate one person to see highly confidential financial information of other side – other side has to pre-approve the one person.
3. Confidential: can be seen by same people as highly confidential source code, and each party can designate 5 people to see. No pre-approval of these 5 required.

-Jonny

**From:** Sawyer, Michael [mailto:msawyer@cov.com]
**Sent:** Tuesday, October 24, 2017 1:42 PM
**To:** Jonathan Jacobs <jjacobs@zoblaw.com>
**Subject:** RE: Video Gaming Technologies, Inc. v Castle Hill Studios LLC, Case No. 17-cv-454-GKF-mjx

We can use the following dial-in: 1-866-798-7071; access code 16625257# for our 3pm call.

**From:** Jonathan Jacobs [mailto:jjacobs@zoblaw.com]

**Sent:** Monday, October 23, 2017 11:58 AM
**To:** Sawyer, Michael <msawyer@cov.com>; Rubman, Gary <grubman@cov.com>;
jhodges@hodgeslc.com; Duane Zobrist <dzobrist@zoblaw.com>
**Cc:** dluthey@gablelaw.com; Roman, Neil <nroman@cov.com>; Swanson, Peter
<pswanson@cov.com>
**Subject:** RE: Video Gaming Technologies, Inc. v Castle Hill Studios LLC, Case No. 17-cv-454-GKF-mjx

Hi Mike,

Let's talk at 3:00 p.m. tomorrow.  Could I trouble you to send me a calendar invitation with dial-in info?

I didn't see a need for any of the changes you made to the draft I sent earlier.  However, I would like to hear your reasons for each change and see whether we can come to an agreement.

Thanks, and talk tomorrow,

Jonny

---

**From:** Sawyer, Michael [mailto:msawyer@cov.com]
**Sent:** Monday, October 23, 2017 10:55 AM
**To:** Jonathan Jacobs <jjacobs@zoblaw.com>; Rubman, Gary <grubman@cov.com>;
jhodges@hodgeslc.com; Duane Zobrist <dzobrist@zoblaw.com>
**Cc:** dluthey@gablelaw.com; Roman, Neil <nroman@cov.com>; Swanson, Peter
<pswanson@cov.com>
**Subject:** RE: Video Gaming Technologies, Inc. v Castle Hill Studios LLC, Case No. 17-cv-454-GKF-mjx

Thanks, Jonny.  Would you be able to send a proposed red line to the draft we sent last week so that the call will be productive?

I am available to speak from 1–2 pm and 3–6 pm Eastern tomorrow.  Please let me know what time works best for you.

Best,
Mike

**From:** Jonathan Jacobs [mailto:jjacobs@zoblaw.com]
**Sent:** Friday, October 20, 2017 4:00 PM
**To:** Sawyer, Michael <msawyer@cov.com>; Rubman, Gary <grubman@cov.com>;
jhodges@hodgeslc.com; Duane Zobrist <dzobrist@zoblaw.com>
**Cc:** dluthey@gablelaw.com; Roman, Neil <nroman@cov.com>; Swanson, Peter
<pswanson@cov.com>
**Subject:** RE: Video Gaming Technologies, Inc. v Castle Hill Studios LLC, Case No. 17-cv-454-GKF-mjx

Thanks, Mike.  How about we talk Tuesday afternoon.  Are you available?

-Jonny

---

**From:** Sawyer, Michael [mailto:msawyer@cov.com]
**Sent:** Wednesday, October 18, 2017 2:34 PM
**To:** Jonathan Jacobs <jjacobs@zoblaw.com>; Rubman, Gary <grubman@cov.com>; jhodges@hodgeslc.com; Duane Zobrist <dzobrist@zoblaw.com>
**Cc:** dluthey@gablelaw.com; Roman, Neil <nroman@cov.com>; Swanson, Peter <pswanson@cov.com>
**Subject:** RE: Video Gaming Technologies, Inc. v Castle Hill Studios LLC, Case No. 17-cv-454-GKF-mjx

Jonny,

Please find attached our proposed changes to your draft with changes in redline to account for, inter alia, the exchange of source code.  Please provide your availability for a call to discuss this week, so that we can get a motion on file next week.

Best,
Mike

---

**From:** Jonathan Jacobs [mailto:jjacobs@zoblaw.com]
**Sent:** Friday, October 13, 2017 4:48 PM
**To:** Rubman, Gary <grubman@cov.com>; jhodges@hodgeslc.com; Duane Zobrist <dzobrist@zoblaw.com>
**Cc:** dluthey@gablelaw.com; Roman, Neil <nroman@cov.com>; Swanson, Peter <pswanson@cov.com>; Sawyer, Michael <msawyer@cov.com>
**Subject:** RE: Video Gaming Technologies, Inc. v Castle Hill Studios LLC, Case No. 17-cv-454-GKF-mjx

Hi Gary,

Draft protective order attached.   Our local counsel tells me that the Court prefers its form protective order, and also expects explanations for the changes made to the form.  Because it doesn't look like you used the Court's form as a baseline, I've started anew, with just a few edits to the form agreement, which you can see in redline.

Please let me know if you have any recommended changes to this.  I'm also happy to schedule a call to the extent that may be helpful in resolving any disagreement.

Have a great weekend.

-Jonny

---

**From:** Rubman, Gary [mailto:grubman@cov.com]
**Sent:** Thursday, October 12, 2017 6:26 PM
**To:** Jonathan Jacobs <jjacobs@zoblaw.com>; jhodges@hodgeslc.com; Duane Zobrist

<dzobrist@zoblaw.com>
**Cc:** dluthey@gablelaw.com; Roman, Neil <nroman@cov.com>; Swanson, Peter
<pswanson@cov.com>; Sawyer, Michael <msawyer@cov.com>
**Subject:** RE: Video Gaming Technologies, Inc. v Castle Hill Studios LLC, Case No. 17-cv-454-GKF-mjx

Jonathan,

Please let us know when you will be sending your edits to the draft protective order.

Thanks.

- Gary


**Gary Rubman**

**Covington & Burling LLP**
**One CityCenter, 850 Tenth Street, NW**
**Washington, DC 20001-4956**
**T +1 202 662 5465 | grubman@cov.com**
**www.cov.com**

---

**From:** Jonathan Jacobs [mailto:jjacobs@zoblaw.com]
**Sent:** Monday, October 09, 2017 2:30 PM
**To:** Rubman, Gary <grubman@cov.com>; jhodges@hodgeslc.com; Duane Zobrist
<dzobrist@zoblaw.com>
**Cc:** dluthey@gablelaw.com; Roman, Neil <nroman@cov.com>; Swanson, Peter
<pswanson@cov.com>; Sawyer, Michael <msawyer@cov.com>
**Subject:** RE: Video Gaming Technologies, Inc. v Castle Hill Studios LLC, Case No. 17-cv-454-GKF-mjx

Thanks, Gary.  Give me a couple of days to check with my client, and I'll send you edits.

Thanks,

Jonny

---

**From:** Rubman, Gary [mailto:grubman@cov.com]
**Sent:** Friday, October 6, 2017 8:50 PM
**To:** jhodges@hodgeslc.com; Duane Zobrist <dzobrist@zoblaw.com>; Jonathan Jacobs
<jjacobs@zoblaw.com>
**Cc:** dluthey@gablelaw.com; Roman, Neil <nroman@cov.com>; Swanson, Peter
<pswanson@cov.com>; Sawyer, Michael <msawyer@cov.com>
**Subject:** RE: Video Gaming Technologies, Inc. v Castle Hill Studios LLC, Case No. 17-cv-454-GKF-mjx

Counsel,

It has now been two weeks since we sent the proposed protective order, but we have not yet received a response.  Please promptly provide your comments, if any, about the draft.

Best regards,

- Gary


**Gary Rubman**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5465 | grubman@cov.com
www.cov.com

---

**From:** Sawyer, Michael
**Sent:** Friday, September 22, 2017 3:15 PM
**To:** Duane Zobrist <dzobrist@zoblaw.com>; Jonathan Jacobs <jjacobs@zoblaw.com>
**Cc:** dluthey@gablelaw.com; Roman, Neil <nroman@cov.com>; Rubman, Gary <grubman@cov.com>; Swanson, Peter <pswanson@cov.com>
**Subject:** Video Gaming Technologies, Inc. v Castle Hill Studios LLC, Case No. 17-cv-454-GKF-mjx

Counsel,

Please find attached a proposed protective order for the above-captioned matter.  We would appreciate your prompt consideration of this proposed order.

Best,
Mike

**Michael Sawyer**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5257 | msawyer@cov.com
www.cov.com

# EXHIBIT D

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

VIDEO GAMING TECHNOLOGIES, INC.,

      Plaintiff,

   vs.

1) CASTLE HILL STUDIOS LLC                   CASE NO. 17-CV-00454-GKF-MJX
(d/b/a CASTLE HILL GAMING);
2) CASTLE HILL HOLDING LLC
(d/b/a CASTLE HILL GAMING); and
3) IRONWORKS DEVELOPMENT, LLC
(d/b/a CASTLE HILL GAMING)

      Defendants.

## Defendants' Rule 26(A)(1) Initial Disclosures

Defendants hereby make the following required disclosures. These disclosures are made based upon information currently known and reasonably available to Defendants at this time. Defendants' disclosures represent a good faith effort to identify individuals they now reasonably believe may have discoverable information. However, Defendants reserve the right to supplement these disclosures as discovery and investigation proceed in this action.

**1.     The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment:**

The following individuals are likely to have discoverable information. By making this disclosure, Defendants do not waive any objection to the relevance of testimony of any of the following persons or any other appropriate objections, including, among others, the attorney-client privilege or work product doctrine:

| Name | Address and Phone Number | Discoverable Information |
|---|---|---|
| Kelly Davis | 23530 FDR Blvd. California, MD 20619 (434) 981-4109 | Kelly Davis has information relating to the development of Castle Hill games, including the absence of misappropriation of VGT trade secrets. |
| David Marsh | 55 Lynnwood Dr. Charlottesville, VA 22901 (434) 975-4555 (804) 397-5000 | Mr. Marsh has information related to the art and themes chosen for Castle Hill games. |
| Karl Roelofs | 2015 Heather Glen Rd. Charlottesville, VA 22911 (434) 964-2487 | Mr. Roelofs has information related to the artwork and themes on Castle Hill games. |
| Zachary Danz | 1815 Jefferson Park Ave. Apt 17 Charlottesville, VA 22903 | Mr. Danz has information relating to the development of Castle Hill games. |
| Jody White | 2908 Lake Point Dr. Apt 2A Midlothian, VA 23112 (434) 989-7136 | Ms. White has information relating to the development of Castle Hill games. |
| Brandon Grimes | 323 Eastbrook Dr, Charlottesville, VA 22901 | Mr. Grimes has information relating to the development of Castle Hill games. |
| Bobby Reid | 1505 Grove Road, Charlottesville, VA 22901 | Mr. Reid has information relating to the development of Castle Hill games. |
| Sunkist Graphics | 401 East Sunset Road Henderson Nevada 89011 (702) 566-9008 | Sunkist Graphics has information relating to the development of artwork on Castle Hill games. |
| Peyton Tochterman | P.O. Box 21, Charlottesville, VA 22902 (434) 760-2315 | Mr. Tochterman has information relating to the development of Castle Hill games. |
| John Amos | 306 Sabal Park Place, #202, Longwood, FL 32779 (407) 463-3549 | Mr. Amos has information related to developing the artwork on Castle Hill games. |
| Stephen Milligan | 47 Sunset Ave, Wilton, ME 04294 | Mr. Milligan has information related to developing the artwork for Castle Hill games. |
| Hampton Madsen | PO Box 1504, Lewisburg, WV 24901 | Ms. Madsen has information relating to the development of Castle Hill games. |
| Dan Goldberg | 6550 Hungrytown Hollow Rd, Covesville, VA 22931 (434) 906-6262 | Mr. Goldberg has information relating to the development of Castle Hill games, including the absence of misappropriation of VGT trade secrets. |
| L & M Creations | 7135 South Bermuda Road Las Vegas, Nevada 89119 (702) 736-6218 | L&M Creations has information relating to developing the art used on Castle Hill games. |

| Name | Address and Phone Number | Discoverable Information |
|---|---|---|
| Josh Larson | May be contacted through counsel for Castle Hill Studios | Mr. Larson has information relating to the development of Castle Hill games, including the absence of misappropriation of VGT trade secrets. |
| Robert Gilkerson | May be contacted through counsel for Castle Hill Studios | Mr. Gilkerson has information relating to the development of Castle Hill games, including the absence of misappropriation of VGT trade secrets. |
| Seth Morgan | May be contacted through counsel for Castle Hill Studios | Mr. Morgan has information relating to the development of Castle Hill games, including the absence of misappropriation of VGT trade secrets. |
| Andrew Scheiner | May be contacted through counsel for Castle Hill Studios | Mr. Scheiner has information relating to the development of Castle Hill games, including the absence of misappropriation of VGT trade secrets. |
| Bryan Cody | May be contacted through counsel for Castle Hill Studios | Mr. Cody has information relating to the development of Castle Hill games, including the absence of misappropriation of VGT trade secrets. |
| Brandon Booker | May be contacted through counsel for Castle Hill Studios | Mr. Booker has information relating to the development of Castle Hill games, including the absence of misappropriation of VGT trade secrets. |
| George Weilacher | May be contacted through counsel for Castle Hill Studios | Mr. Weilacher has information relating to the development of Castle Hill games, including the absence of misappropriation of VGT trade secrets. |
| Rich Sisson | May be contacted through counsel for Castle Hill Studios | Mr. Sisson has information relating to the development of Castle Hill games, including the absence of misappropriation of VGT trade secrets. |
| Aaron Milligan | May be contacted through counsel for Castle Hill Studios | Mr. Milligan has information relating to the development of Castle Hill games, including the absence of misappropriation of VGT trade secrets. |
| Zach Trover | May be contacted through counsel for Castle Hill Studios | Mr. Trover has information relating to the development of Castle Hill games, including the absence of misappropriation of VGT trade secrets. |

| Name | Address and Phone Number | Discoverable Information |
|------|--------------------------|--------------------------|
| Dan Fulton | May be contacted through counsel for Castle Hill Studios | Mr. Fulton has information relating to the development of Castle Hill games, including the absence of misappropriation of VGT trade secrets. |
| Noah Healey | May be contacted through counsel for Castle Hill Studios | Mr. Healey has information relating to the development of Castle Hill games, including the absence of misappropriation of VGT trade secrets. |
| Terri Gomez | May be contacted through counsel for Castle Hill Studios | Ms. Gomez has information relating to the development of Castle Hill games, including the absence of misappropriation of VGT trade secrets. |
| Christina Stribling | May be contacted through counsel for Castle Hill Studios | Ms. Stribling has information relating to the development of Castle Hill games, including the absence of misappropriation of VGT trade secrets. |
| Dwayne Graham | 1640 Airport Road Suite 105 Kennesaw, GA 30144 (866) 290-1946 | Mr. Graham has information about the game cabinets for Castle Hill games. |
| Robbie Smith | 1640 Airport Road Suite 105 Kennesaw, GA 30144 (866) 290-1946 | Mr. Smith has information about the game cabinets for Castle Hill games. |
| Kristine Sparks | 1445 Whipple Ave SW, Canton, OH 44710 (330) 477-3407 | Ms. Sparks has information about the bells used in Castle Hill games. |
| Sound Rangers | PO Box 22042 Seattle, WA 98122 (206) 352-8818. | Sound Rangers has information about the sounds used in Castle Hill games. |
| Pond 5 | 251 Park Ave S, 7th Floor New York, NY 10010 (855) 410-6789 | Pond 5 has information about the sounds used in Castle Hill games. |
| Paul Suggs | May be contacted through counsel for Castle Hill Studios | Mr. Suggs has information relating to the development of Castle Hill games, including the absence of misappropriation of VGT trade secrets. |
| Nick Farley | 3237 Satellite Boulevard Suite 120 Duluth, GA 30096 (770) 277-8783 | Mr. Farley has information relating to the development of Castle Hill games. |

**2.      A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment:**

Defendants do not waive any objection to the relevance of any disclosed document or any other objection, including but not limited to, those based on the attorney-client privilege, work product doctrine, or confidentiality.  Defendants reserve the right to further identify other documents, including but not limited to all documents listed or identified by other parties or disclosed by further discovery.

The following list describes categories of documents within the custody or control of Defendants that may be relevant to the allegations in this case:

1. USPTO registration certificates, stored at Castle Hill's offices.

2. Documents relating to the development of artwork for Castle Hill games, located at Castle Hill's offices.

3. Documents relating to the development of Castle Hill's trademarks and game titles, located at Castle Hill's offices.

4. Documents relating to the cabinets, sounds, and other design features at issue in the complaint, located at Castle Hill's offices.

5. Research regarding bingo patterns and images, located at Castle Hill's offices.

6. Computer programming files, including the source code used for Castle Hill games, located at Castle Hill's offices.

7. Documents concerning the math used for Castle Hill's games, located at Castle Hill's offices.

8. Agreements between Castle Hill and vendors, stored at Castle Hill's offices.

9. Documents related to advertising Castle Hill's games, stored at Castle Hill's offices.

10. Documents relating to certain applications for USPTO registrations by Plaintiff, its parent

company, and competitors of Plaintiff, with counsel for Castle Hill.

**3.      A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under RCFC 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered:**

Defendants have not sought damages.

Respectfully submitted,

**JAMES C. HODGES, P.C.**
**A Professional Corporation**

*s/ James C. Hodges*
James C. Hodges, OBA #4254
2622 East 21st Street, Suite 4
Tulsa OK 74114
(918) 779-7078
(918) 770-9779 facsimile
JHodges@HodgesLC.com

Duane H. Zobrist (admitted *pro hac vice*)
Jonathan S. Jacobs (admitted *pro hac vice*)
Zobrist Law Group, PLLC
1900 Arlington Blvd. Suite B
Charlottesville, VA 22903
434-977-9666
dzobrist@zoblaw.com
jjacobs@zoblaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 6th day of October, 2017, I served the above-referenced documents via electronic mail on the following:

Graydon Dean Luthey, Jr.
Neil K. Roman
Gary M. Rubman
Peter Swanson
Michael Sawyer
Rebecca B. Dalton

<u>*s/ Jonathan S. Jacobs*_____</u>
JONATHAN S. JACOBS

# EXHIBIT E

**Formatted:** Different first page header

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

Video Gaming Technologies, Inc.

**Formatted Table**

Plaintiff,

vs.                                    Case No. 4:17cv454-GKF-mix

Castle Hill Studios, LLC

DefendantDefendants.

> **This Protective Order in no way diminishes counsel's obligation to comply with LCvR 79.01 and G.O. 08-11.**

STIPULATED[PROPOSED] PROTECTIVE ORDER
[DKT # ____]

The parties have informed the Court that certain documents and information have been and may be sought, produced or exhibited by and between the parties in this proceeding (the "Proceeding") and that some of these documents relate to the parties' and non-parties' financial information, competitive information, or other types of sensitive information which the party making the production deems confidential. It has been agreed by the parties to the Proceeding, through their respective counsel, that to expedite the flow of discovery material and to preserve the confidentiality of certain documents and information, a protective order should be entered by the Court. The Court has reviewed the terms and conditions of this Protective Order and the Motion for Protective Order (Dkt. # ____) is granted. Based on the parties' submissions, it is hereby ORDERED that:

1. **Scope**

**Formatted:** Footer

a.    This Order shall govern all documents, the information contained therein, and all other information produced or disclosed during the Proceeding whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any party, including any non-party, in this Proceeding (the "Supplying Party") to any other party, including any non-party, (the "Receiving Party"), when same is designated with the procedures set forth herein.  This Order is binding upon the parties to the Proceeding, including their respective corporate parents, subsidiaries and affiliates as well as their respective attorneys, agents, representatives, officers and employees and others as set forth in this Order.  This Order is also binding on and applies to all non-parties who either produce or receive documents or information in connection with this Proceeding.

b.    Under this Order, any Supplying Party shall have the right to identify and designate as "Confidential" any document or other information it produces or provides, or any testimony given in this Proceeding, which testimony or discovery material is believed in good faith by that Supplying Party, and by the Supplying Party's counsel, to constitute, reflect or disclose trade secret or other confidential research, development, or commercial information contemplated under Rule 26(c) of the Federal Rules of Civil Procedure ("Designated Material").

c.    "Confidential Information" as used herein means any Designated Material that is designated pursuant to this Protective Order as "Confidential" by the Supplying Party, whether it is a document, information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory answer or information otherwise revealed.

2

d.     All documents and information described in Paragraph (1)(c) as Confidential Information and which a party, and the party's counsel, believes to be extremely sensitive confidential and/or proprietary information, the disclosure of which, even limited to the restrictions placed on Confidential Information in this Order, would compromise and/or jeopardize the Supplying Party's competitive business interests ("Highly Confidential Information"), may be designated as "Highly Confidential" by said party and furnished to the other parties pursuant to this Order.

e.    "Source Code" is defined herein as (i) code and accompanying statements for the programming of computers written in a high-level or assembly language that are readable by humans and (ii) electronic or non-electronic design documents that reveal the internal structure of a program or are executable on a computer.  Any non-public Source Code may be designated by the Supplying Party as "Highly Confidential Source Code."

f.     A party may designate as "Confidential," "Highly Confidential," or "Highly Confidential Source Code" information in the possession of and supplied by a non-party if the information was transmitted to the non-party under an agreement or an obligation that it would remain confidential and the information otherwise complies with Paragraph 1(c), (d), and (e).

g.    Subject to paragraph 13(c), all documents and other materials produced in this litigation shall be used only for purposes of this litigation whether or not a Supplying Party designates such documents or materials as "Confidential," "Highly Confidential," or "Highly Confidential Source Code."

**2.  <u>Designation of Confidentiality</u>**

Formatted: Header

Documents or information may be designated CONFIDENTIAL, HIGHLY CONFIDENTIAL, or HIGHLY CONFIDENTIAL SOURCE CODE within the meaning of this Order in the following ways:

a.   Specific documents produced by a Supplying Party shall, if appropriate, be designated as "Confidential" or "Highly Confidential" by marking the first page of the document and each subsequent page thereof containing Confidential or Highly Confidential information with the legend: "CONFIDENTIAL," "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER." For documents produced in native form, the party shall designate the document as Confidential or Highly Confidential in the name of the file.

b.   Each Party shall produce Highly Confidential Source Code in searchable form in native form on CDs, DVDs, or on a stand-alone hard drive designated as "Highly Confidential Source Code." In order to verify that the Highly Confidential Source Code has not later been altered, the Supplying Party may benchmark the materials before they are provided, but shall not install any monitoring software on the device containing the Highly Confidential Source Code. Solely to the extent that Highly Confidential Source Code is not kept in native electronic form, images of the HIGHLY CONFIDENTIAL SOURCE CODE may be produced bearing the legend "HIGHLY CONFIDENTIAL SOURCE CODE."

b.   In the case of interrogatory answers and responses to requests for admissions, if appropriate, designation of Confidential, Highly Confidential, or Highly Confidential Source Code information shall be made by means of a statement in the answers or responses specifying that the answers or responses or specific parts thereof are designated "CONFIDENTIAL,

4

HIGHLY CONFIDENTIAL, or HIGHLY CONFIDENTIAL SOURCE CODE."  The following legend shall be placed on each page of interrogatory answers or responses to requests for admission containing Confidential Information, Highly Confidential Information, or Highly Confidential Source Code Information: "CONTAINS CONFIDENTIAL INFORMATION."  "CONTAINS HIGHLY CONFIDENTIAL INFORMATION."  or "CONTAINS HIGHLY CONFIDENTIAL SOURCE CODE INFORMATION."

      c.   In the case of depositions and the information contained in depositions (including exhibits), designation of the portions of the transcript (including exhibits) which contain Confidential Information, Highly Confidential Information, or Highly Confidential Source Code Information shall be made by a statement to such effect on the record in the course of the deposition by counsel for the party or witness producing such information, or by letter from such counsel within thirty (30) days of receipt of the deposition transcript or copy thereof (or written notification that the transcript is available).  The entire deposition transcript (including exhibits) shall be treated as Highly Confidential Source Code under this Order until the expiration of the above-referenced thirty-day period for designation by letter, except that the deponent may review the transcript of his or her own deposition during this thirty-day period.  After the expiration of the thirty (30) day period, the following legend shall be conspicuously placed on the front and back of any original deposition transcript, and on each copy thereof, which contains Confidential Information, Highly Confidential Information, or Highly Confidential Source Code Information: "CONTAINS CONFIDENTIAL INFORMATION."  "CONTAINS HIGHLY CONFIDENTIAL INFORMATION."  or "CONTAINS HIGHLY CONFIDENTIAL SOURCE CODE INFORMATION."  If portions of a video recorded deposition are designated as

5

"CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL

SOURCE CODE," the videocassette or other videotape container shall be labeled with the same

legend provided for in paragraph 2(a).

        d.    To the extent that matter stored or recorded in the form of electronic or magnetic

media (including information, files, databases, or programs stored on any digital or analog

machine-readable device, computers, discs, networks or tapes) ("Computerized Material") is

produced by any party in such form, the Supplying Party may designate such matter as

"CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL

SOURCE CODE" by cover letter referring generally to such matter or by affixing to such media

a label with the legend provided for in paragraph 2(a) above.  Whenever any party to whom

Computerized Material designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or

"HIGHLY CONFIDENTIAL SOURCE CODE" is produced reduces such material to hard-copy

form, such party shall mark such hard-copy form with the legend provided for in paragraph 2(a)

above.

        e.    To the extent that any party or counsel for any party creates, develops or otherwise

establishes on any digital or analog machine-readable device, recording media, computer, disc,

network, tape, file, database or program information designated CONFIDENTIAL, HIGHLY

CONFIDENTIAL, and/or HIGHLY CONFIDENTIAL SOURCE CODE, that party and/or its

counsel must take all necessary steps to ensure that access to such media is properly restricted to

those persons who, by the terms of this Order, may have access to Confidential Information,

Highly Confidential Information, and/or Highly Confidential Source Information and will affix

6

Formatted: Header

to any media containing such information a label with the legend provided for in paragraph 2(a) above.

      f.    The filing of any documents and materials with the Court containing or reflecting the contents of Confidential Information, Highly Confidential Information, or Highly Confidential Source Code Information shall be governed by LCvR 79.1 and Northern District General Order 08-11. ~~NO SEALED FILINGS SHALL BE MADE PRIOR TO: (1) THE FILING OF A MOTION PURSUANT TO LCvR 79.1, AND (2) AN ORDER GRANTING SUCH MOTION. The LCvR 79.1 motion shall be filed at least two full business days prior to the date on which the proposed sealed filing is to be made.~~ If the LCvR 79.1 motion is granted, and to the extent not inconsistent with rule 79.1 and G.O. 08-11, such documents and materials shall be labeled "~~A~~CONFIDENTIAL INFORMATION~~(~~, HIGHLY CONFIDENTIAL INFORMATION, or HIGHLY CONFIDENTIAL SOURCE CODE INFORMATION~~)~~ - SUBJECT TO COURT ORDER"~~-~~ and shall also bear the legend "FILED UNDER SEAL" on the cover page of the document. Only those portions of such documents and materials containing or reflecting Confidential Information, Highly Confidential Information, or Highly Confidential Source Code Information shall be considered Confidential, Highly Confidential, or Highly Confidential Source Code and may be disclosed only in accordance with this Order. Each party shall use its best efforts to minimize filings that necessitate the filing of documents and materials designated Confidential, Highly Confidential, or Highly Confidential Source Code under seal. No party or other person may have access to any sealed document from the files of the Court without an order of the Court. This provision does not relieve the filing party of serving the document on other parties in accordance with ordinary procedures established by the civil and

local rules or Court order. Regardless of any provision in this Order to the contrary, a party does not have to file a document under seal if the Confidential Information, Highly Confidential Information, or Highly Confidential Source Code Information contained or reflected in the document was so designated solely by that party.

g.    Documents filed under seal may be unsealed at the Court's discretion.

3.   **Use of Confidential Information, Highly Confidential Information, or Highly Confidential Source Code Information**

Subject to ~~Paragraph 12~~paragraph 13(c), Confidential Information, Highly Confidential Information, or Highly Confidential Source Code Information shall not be used by any person, other than the Supplying Party, for any purpose other than conducting this Proceeding, ~~[CASE CAPTION]~~Video Gaming Technologies, Inc. v. Castle Hill Studios, et al., which case is pending in the United States District Court for the Northern District of Oklahoma, and in no event shall such information be used for any business, competitive, personal, private, public or other purpose.

4.   **Disclosure of Confidential Information**

a.    The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control access to, and distribution of information designated "CONFIDENTIAL" pursuant to this Order.

b.    Subject to ~~Paragraph 6~~paragraph 7 below, a Receiving Party may provide access to information designated "CONFIDENTIAL" pursuant to this Order ~~shall be limited~~only to the following persons:

8

i.     ~~The parties, including outside~~Outside counsel of record and up to 3 in-house counsel for the parties, as well as members and employees of their firms including but not limited to their paralegals, investigative, secretarial and clerical personnel who are employed by and engaged in assisting such counsel in this Proceeding.

ii.    Outside photocopying, data processing or graphic production services, translation services, jury research consultants, mock jurors, trial presentation consultants, and other litigation support vendors whose regular business is to provide such litigation support services, employed by the parties or their counsel to assist in this Proceeding and who are under a duty of confidentiality.

iii.   Any outside expert or consultant (or any employee of such outside expert or consultant) who is retained, or sought to be retained, by counsel for a party in this Proceeding, for purposes of consulting, and/or testifying in this Proceeding, and to whom counsel in good faith has deemed disclosure of such "CONFIDENTIAL" material is reasonably necessary in order to assist in the preparation or the conduct of this Proceeding. This paragraph shall not relieve, change or otherwise affect any obligations or limitations imposed on any person by contract or law regarding the disclosure or use of trade secrets or other confidential or proprietary information.

iv.    ~~Five~~One (and no more than ~~five) directors, officers, employees~~one)

9

**Formatted:** Header

Formatted: Header

director, officer, employee or other ~~representatives~~representative of ~~a party~~the Receiving Party or its corporate parent whose review of the specific Confidential Information is reasonably necessary to assist in the prosecution or defense of this Proceeding.  However, a party that originally designated information as "CONFIDENTIAL" may reveal such information to any of its own directors, officers, employees or other representatives.

v.    ~~Any fact witness, at the witness' deposition in this Proceeding, but only if counsel who discloses "CONFIDENTIAL" information to the witness determines, in good faith, that such disclosure is reasonably necessary and appropriate to assist in the conduct of this Proceeding.~~

vi.    ~~Any~~v. During a deposition, any person (a) who was involved in the preparation of the document or other tangible medium containing the Confidential Information and/or who is shown on the face of "CONFIDENTIAL" material to have authored or received the "CONFIDENTIAL" material sought to be disclosed to that person, ~~or (b) who is specifically referenced by name and substantively discussed in the "CONFIDENTIAL" material,~~ but only as to the specific material the person authored or received, or ~~in which such person is referenced and discussed~~(b) any current employee, officer or director of the Supplying Party.

10

Formatted: Header

vii.vi. This Court or any other Court exercising jurisdiction with respect to this litigation, Court personnel, jurors, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this litigation; and

viii.vii. Any other person to whom the Supplying Party agrees in writing or on the record in advance of the disclosure, provided that the party seeking to make the disclosure must first submit a request, in writing or on the record, to the Supplying Party explaining why the disclosure is necessary. If the Supplying Party does not agree to allow the disclosure, the party seeking to make the disclosure may file a motion with the Court for approval to make the disclosure.

**5.  Disclosure of Highly Confidential Information**

a.   The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control access to, and distribution of information designated "HIGHLY CONFIDENTIAL" pursuant to this Order.

b.   Subject to paragraph 6̶7 below, a Receiving Party may provide access to information designated "HIGHLY CONFIDENTIAL" pursuant to this Order shall be limitedonly to the following persons:

i.   Outside counsel of record for the parties as well as their paralegals, investigative, secretarial and clerical personnel who are employed by and engaged in assisting such counsel in this litigation.

11

Formatted: Header

ii.     Outside photocopying, data processing or graphic production services, translation services, jury research consultants, mock jurors, trial presentation consultants, and other litigation support vendors whose regular business is to provide such litigation support services, employed by the parties or their counsel to assist in this Proceeding and who are under a duty of confidentiality..

ii.     Any outside expert or consultant (or any employee of such outside expert or consultant) who is retained by counsel for a party in this Proceeding, for purposes of consulting, and/or testifying in this Proceeding, and to whom counsel in good faith has deemed disclosure of such "HIGHLY CONFIDENTIAL" material is reasonably necessary in order to assist in the preparation or the conduct of this Proceeding.  This paragraph shall not relieve, change or otherwise affect any obligations or limitations imposed on any person by contract or law regarding the disclosure or use of trade secrets or other confidential or proprietary information.

iv.     During a deposition, (a) any person who is shown on the face of "HIGHLY CONFIDENTIAL" material to have authored or received the "HIGHLY CONFIDENTIAL" material sought to be disclosed to that person, but only as to the specific material the person authored or received, or (b) any current employee, officer or director of the Supplying Party.

12

Formatted: Header

     v.      This Court or any other Court exercising jurisdiction with respect to this litigation, Court personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial, or appeal in this litigation; and

     vi.    i.     Outside counselAny other person to whom the Supplying Party agrees in writing or on the record in advance of the disclosure, provided that the party seeking to make the disclosure must first submit a request, in writing or on the record, to the Supplying Party explaining why the disclosure is necessary.  If the Supplying Party does not agree to allow the disclosure, the party seeking to make the disclosure may file a motion with the Court for approval to make the disclosure.

**6.   Disclosure and Storage of Highly Confidential Source Code Information**

    a.     The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control access to, and distribution of information designated "HIGHLY CONFIDENTIAL SOURCE CODE" pursuant to this Order.

    b.     Subject to paragraph 7 below, a Receiving Party may provide access to information designated "HIGHLY CONFIDENTIAL SOURCE CODE" pursuant to this Order only to the following persons:

     i.     Outside counsel of record for the parties as well as their paralegals, investigative, secretarial and clerical personnel who are employed by and engaged in assisting such counsel in this litigation.

13

Formatted: Header

ii.     ~~Two (and no more than two) in house counsel of a party or its corporate parent designated as having responsibility for making decisions dealing directly with the resolution of this Proceeding.~~

~~iii~~iii.    Outside photocopying, data processing or graphic production services, translation services, jury research consultants, mock jurors, trial presentation consultants, and other litigation support vendors whose regular business is to provide such litigation support services, employed by the parties or their counsel to assist in this ~~litigation~~Proceeding and who are under a duty of confidentiality.

~~iv~~iii.    Any outside expert or consultant (or any employee of such outside expert or consultant) who is retained by counsel for a party in this Proceeding, for purposes of consulting, and/or testifying in this Proceeding, and to whom counsel in good faith has deemed disclosure of such "HIGHLY CONFIDENTIAL" material is reasonably necessary in order to assist in the preparation or the conduct of this Proceeding. This paragraph shall not relieve, change or otherwise affect any obligations or limitations imposed on any person by contract or law regarding the disclosure or use of trade secrets or other confidential or proprietary information.

v.     ~~Any person who is shown on the face of "HIGHLY CONFIDENTIAL" material to have authored or received the "HIGHLY CONFIDENTIAL" material sought to be disclosed to that person, but only as to the specific material the person authored or received.~~

14

iv.    During a deposition, any current employee, officer or director of the Supplying Party.

~~vi.    Two (and no more than two) directors, officers, employees or other representatives of a party or its corporate parent designated as having responsibility for making business decisions dealing directly with the resolution of this Proceeding. However, a party that designated information as "HIGHLY CONFIDENTIAL" may reveal such information to any of its own directors, officers, employees or other representatives.~~

~~vii.    Any fact witness, at the witness' deposition in this Proceeding, but only if counsel who discloses "HIGHLY CONFIDENTIAL" information to the witness determines, in good faith, that such disclosure is reasonably necessary and appropriate to assist in the conduct of this Proceeding.~~

viii.    This Court or any other Court exercising jurisdiction with respect to this litigation, Court personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial, or appeal in this litigation; and

ix.vi.    Any other person to whom the Supplying Party agrees in writing or on the record in advance of the disclosure, provided that the party seeking to make the disclosure must first submit a request, in writing or on the record, to the Supplying Party explaining why the disclosure is

15

necessary.  If the Supplying Party does not agree to allow the disclosure, the party seeking to make the disclosure may file a motion with the Court for approval to make the disclosure.

c.    A Receiving Party shall handle information designated "HIGHLY CONFIDENTIAL SOURCE CODE" pursuant to this Order in the following manner:

    i.    Outside counsel for the Receiving Party may not relinquish or transfer possession or control of any copy of a Supplying Party's Highly Confidential Source Code except to an expert or consultant (including staff, stenographer, and/or clerical employees) who has been retained by the Receiving Party to assist in the prosecution, defense, or settlement of this action.

    ii.    Any Highly Confidential Source Code produced shall be maintained and kept at a secure location at the law offices of Receiving Party's outside counsel (unless otherwise agreed to by the parties) on a stand-alone computer ("Source Code Computer"), not connected to a network or Internet, and that is protected by a confidential password.  Such Highly Confidential Source Code will be reviewed only on a Source Code Computer.  Outside counsel for the Receiving Party (or such other person as agreed to by the parties) shall maintain the Source Code Computer in a locked and secured location.

    iii.    Outside counsel shall maintain a record of those individuals accessing Highly Confidential Source Code.  The Receiving Party shall maintain a

16

Formatted: Header

log of all persons who view the Source Code on the Source Code Computer ("Source Code Computer Log"). The Source Code Computer Log shall contain the following information: (i) the identity of each person granted access to the Source Code Computer; and (ii) each date when such access was granted.

iv.     A Receiving Party shall be entitled to make printouts in paper form of as many lines of Highly Confidential Source Code as it deems reasonably necessary for use as an exhibit at deposition, to prepare an expert report, for use as an exhibit to a filing with the Court, or for use as an exhibit at trial. Any printouts made from the Highly Confidential Source Code shall include the "HIGHLY CONFIDENTIAL SOURCE CODE" label on each page that includes Source Code. Bates numbers shall be assigned to each page. The Supplying Party will provide the Receiving Party with a range of Bates numbers to be used for marking Source Code printouts. The Receiving Party is permitted to make such copies as are necessary for reasonable consultation between counsel and/or qualified consultants or experts, for use as an exhibit at deposition, to prepare an expert report, for use as an exhibit to a filing with the Court, or for use as an exhibit at trial. The Receiving Party shall take all reasonable steps necessary to restrict the dissemination of such copies.

v.     The Receiving Party's outside counsel shall maintain possession of the printed pages of Source Code at their offices and must keep these pages

17

securely stored in a locked container or office and must keep these pages securely stored in a locked container or office.  Access to the printed pages of Source Code shall at all times be limited to the persons specified in paragraph 6(b).  To the extent approved experts and non-party consultants are permitted to possess printed pages of Source Code, such pages must be securely stored in a locked container or office.

vi.     No print-out copy of the Highly Confidential Source Code shall be transported off the premises of the law offices of the Receiving Party's outside counsel, except as necessary for questioning a witness at a deposition or other court proceeding, or in the course of working with experts.

vii.    6.     ~~Notification of Protective Order~~

A Supplying Party's Highly Confidential Source Code may only be transported within the direct control of a person authorized to view Highly Confidential Source Code (as set out in paragraph 6(b)), except for shipments on encrypted physical electronic media (*e.g.*, CD-ROM, magnetic tape, or diskette) via Federal Express or other similar courier service directly from one person authorized to view Highly Confidential Source Code to another person authorized to view Highly Confidential Source Code (or to an authorized third-party source code vendor, if agreed to by the parties).

18

viii.    The Receiving Party shall not make electronic copies of materials designated as "Highly Confidential Source Code," nor otherwise transmit electronic copies of such material, except as provided in paragraph 6(e)(vii).  Notwithstanding the foregoing, the Receiving Party shall be permitted to excerpt up to 10 consecutive lines of Highly Confidential Source Code for inclusion in electronically stored work product or expert reports, provided that those documents are kept securely and designated as containing Highly Confidential Source Code information.

7.    **Notification of Protective Order**

Confidential Information and, Highly Confidential Information, and Highly Confidential Source Code Information shall not be disclosed to a person described in paragraphs 4(b)(iii), 4(b)(iv), 4(b)(vii), 4(b)(viii), 5iii), 4(b)(iv), 54(b)(vii), or 5(b)(ii), 5(b)(iii), 5(b)(ixvi), 6(b)(ii), 6(b)(iii) or 6(b)(vi) unless and until such person has executed an Agreement of Confidentiality in substantially the form attached hereto as Exhibit A, and said executed Agreement of Confidentiality has been served on counsel for the Supplying Party.  This prohibition includes either direct or indirect disclosure, including but not limited to, any disclosure by counsel or experts. . In addition, prior to disclosing a Supplying Party's Confidential or Highly Confidential or Highly Confidential Source Code Information to any person under paragraphs 4(b)(iii), 4(b)(iv), 4(b)(vii), 5(b)(iii), 5(b)(vi), 6(b)(iii) or 6(b)(v), the Receiving Party shall provide written notice to the Supplying Party that includes: (i) the name of the person, (ii) the present employer and title of the person, and (iii) a signed Undertaking in the form of Exhibit A attached

19

Formatted: Header

hereto. For individuals allowed access under paragraphs 4(b)(iii), 5(b)(iii), or 6(b)(iii), the Receiving Party shall also provide an up-to-date curriculum vitae. Within seven (7) calendar days of receiving this information, the Supplying Party may object in writing to the disclosure. In the absence of any objection at the end of the seven (7) day period, the individual shall be deemed approved under this Protective Order to receive the Supplying Party's Confidential, Highly Confidential or Highly Confidential Source Code Information. If an objection is made, the parties shall meet and confer within four (4) calendar days after the objection and attempt in good faith to resolve the dispute informally. If the dispute is not resolved, the party objecting to the disclosure will have four (4) calendar days from the date of the meet and confer to seek relief from the Court. If relief is not sought from the Court within that time, the objection shall be deemed withdrawn. If relief is sought, the Supplying Party's Confidential or Highly Confidential or Highly Confidential Source Code Information shall not be disclosed to the Person until the objection is resolved by the Court. The originals of an executed Agreement of Confidentiality shall be maintained by counsel for the party who obtained it until the final resolution of this litigation and shall not be subject to discovery except upon motion on notice and a showing of good cause. This prohibition includes either direct or indirect disclosure, including but not limited to, any disclosure by counsel or experts. At any deposition and absent the agreement of the parties, prior to the disclosure of any Confidential Information, Highly Confidential Information, and/or Highly Confidential Source Code Information, the deponent shall be provided a copy of the form attached hereto as Exhibit B and shall be asked to affirmatively state on the record that he or she has received the form and consents to the

20

restrictions contained within the Stipulated Protective Order, a copy of which shall be provided

to the deponent.

Formatted: Header

Formatted: Font: Times New Roman

**7.8.**   **Use of Confidential, Highly Confidential, or Highly Confidential Source Code Information at Trial**

The rules and procedures governing the use of Confidential, Highly Confidential Information, and Highly Confidential Source Code Information at trial shall be determined by the Court at the final pretrial conference.

**8.9.**   **Objections to Designations**

A party may, at any time, make a good faith challenge to the propriety of a Confidential, Highly Confidential, or Highly Confidential Source Code Information designation. In the event a party objects to the designation of any material under this Order, the objecting party shall consult with the designating party to attempt to resolve their differences. If the parties are unable to reach an accord as to the proper designation of the material, after giving notice to the designating party, the objecting party may apply to the Court for a ruling that the material shall not be so designated. If such a motion is made, the designating party has the burden of establishing that the designation is proper. If no such motion is made, the material will retain its designation. Any documents or other materials that have been designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL SOURCE CODE" shall be treated as Confidential, Highly Confidential, or Highly Confidential Source Code until such time as the Court rules that such materials should not be treated as Confidential, Highly Confidential, or Highly Confidential Source Code.

**9.10.**   **Preservation of Rights and Privileges**

21

Nothing contained in this Order shall affect the right, if any, of any party or witness to make any other type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents or questions at a deposition. Nor shall this Order be construed as a waiver by any party of any legally cognizable privilege to withhold any Confidential Information, Highly Confidential Information, or Highly Confidential Source Code Information other than on the basis that it has been designated Confidential, Highly Confidential, or Highly Confidential Source Code, or of any right which any party may have to assert such privilege at any stage of this litigation.

**1011. Return or Destruction of Materials**

Within sixty business days after the final resolution of this litigation, all Confidential Information or, Highly Confidential Information, and Highly Confidential Source Code Information shall be returned to counsel for the party or non-party that produced it or shall be destroyed. As to those materials that contain or reflect Confidential Information, Highly Confidential Information, or Highly Confidential Source Code Information, but that constitute or reflect counsel's work product, counsel of record for the parties, or non-parties, shall be entitled to retain such work product in their files in accordance with the provisions of this Order, so long as it is clearly marked to reflect that it contains information subject to this Order. Such materials may not be used in connection with any other proceeding or action. Counsel shall be entitled to retain pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and the trial record (including exhibits) even if such materials contain Confidential Information, Highly Confidential Information, or Highly Confidential Source Code Information,

22

so long as such materials are clearly marked to reflect that they contain information subject to this Order and may not be used in connection with any other proceeding or action.

**11 12.    Inadvertent or Unintentional Disclosure**

A Supplying Party that inadvertently fails to designate discovery material as "Confidential" or," "Highly Confidential," or "Highly Confidential Source Code" or mis-designates discovery material as "Confidential"," "Highly Confidential," or "Highly Confidential Source Code" pursuant to this Order at the time of its production shall be entitled to make a correction to its designation within a reasonable time of the discovery of the non- or mis-designation. Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item of discovery material, appropriately designated. Those individuals who received the discovery material prior to notice of non- or mis-designation by the Supplying Party shall within five (5) days of receipt of the substitute copies, take reasonable steps to destroy or return to the law firm representing the Supplying Party all copies of such mis-designated documents. The obligation to treat such material pursuant to the corrected designation shall be prospective only, and those individuals who reviewed the mis-designated discovery material prior to notice of the mis-designation by the Supplying Party shall abide by the provisions of this Order with respect to all future use and disclosure of any information contained in the mis-designated materials.

**12 13.    Other Provisions**

a.    The restrictions set forth in this Order shall not apply to documents or information designated Confidential, Highly Confidential, or Highly Confidential Source Code that are

23

Formatted: Header

Formatted: Header

publicly available or that are obtained independently and under rightful means by the Receiving Party, unless they became so due to a violation of this Order.

b.    A party's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not (a) confidential, (b) privileged or (c) admissible in evidence at trial.

c.    Any party or person in possession of Confidential Information, Highly Confidential Information, or Highly Confidential Source Code Information who receives a subpoena (or other process) from any person (including natural persons, corporations, partnerships, firms, governmental agencies, departments or bodies, boards or associations) who is not a party to this Order, which subpoena seeks production or other disclosure of such Confidential Information, Highly Confidential Information, or Highly Confidential Source Code Information shall immediately give written notice by electronic mail to counsel for the other party or person who produced the materials designated as Confidential, Highly Confidential, or Highly Confidential Source Code.  The written notice shall identify the materials sought and enclose a copy of the subpoena or other process, unless ordered otherwise by a court of competent jurisdiction.  Nothing herein shall be construed to obligate the person subject to service or other process to make a motion or undertake other legal process, or to appear before any court or administrative body in opposition to a motion or other legal process seeking production of any Confidential, Highly Confidential, or Highly Confidential Source Code materials, provided such person invokes, to the extent reasonably possible, the highest level of confidentiality available under applicable law, rule, regulation, court order, or other compulsory process, at the time of disclosure of such Confidential materials.

24

Formatted: Header

d.    This Order shall apply to non-parties who provide discovery, by deposition, production of documents or otherwise, in this litigation, if said non-party requests, in writing, the protection of this Order as to said non-party's Confidential Information, Highly Confidential Information, or Highly Confidential Source Code Information and complies with the provisions of this Order.

e.    Upon the final resolution of this litigation (including conclusion of any appeal), this Order shall remain in effect and continue to be binding, unless expressly modified, superseded, or terminated by consent of all parties or by Order of the Court.  This Court expressly retains jurisdiction over this action for enforcement of the provisions of this Order following the final resolution of this litigation.

f.    This Order shall not prevent a party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modifications of this Order, subject to the approval of the Court.

g.    The Court may amend, modify or dissolve this Protective Order at any time.

IT IS SO ORDERED this ____ day of _____, 2017.

25

**Formatted:** Header

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

Formatted: Header

Formatted Table

,

                    Plaintiff,

vs.                                        Case No.

,

                    Defendant.

**CERTIFICATION**

1.      My name is _____ .

I live at _____ .

I am employed as (state position) _____

by (state name and address of employer) _____ .

2.      I have read the Confidentiality Order that has been entered in this case, and a copy of it has been given to me.  I understand the provisions of this Order, and agree to comply with and to be bound by its provisions.

3~~3~~.      I consent to the exercise of personal jurisdiction by this Court in connection with this Declaration and my obligations under the Protective Order.

4.      I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____, ~~200~~20____

                              by_____
                                    (signature).

Formatted: Header

**EXHIBIT B**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

Formatted: Header

,

               Plaintiff,

Formatted Table

vs.                          Case No.

,

               Defendant.

**NOTICE TO DEPOSITION WITNESSES**

You are being shown one or more documents which have been designated as "Confidential" pursuant to an Order of this Court. Except for providing testimony at this deposition, you may not disclose these documents or their contents to any person other than the attorney who represents you at this deposition. Further, neither these documents nor their contents may be used by you for any purpose except that you may use them for your testimony in connection with this litigation. In any event, you are prohibited from using them for any business, competitive, personal, private, public, or other non-litigation purpose. The improper disclosure or use of these documents or their contents may result in the imposition of sanctions upon you by the Court. If you wish a complete copy of the Court Order, a copy will be provided to you upon request.