IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) VIDEO GAMING TECHNOLOGIES, INC.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>1) CASTLE HILL STUDIOS LLC<br>　　(d/b/a CASTLE HILL GAMING);<br>2) CASTLE HILL HOLDING LLC<br>　　(d/b/a CASTLE HILL GAMING); and<br>3) IRONWORKS DEVELOPMENT, LLC<br>　　(d/b/a CASTLE HILL GAMING)<br><br>　　　　Defendants. | Case No. 4:17-cv-00454-GKF-jfj |

**JOINT SUBMISSION REGARDING ENTRY OF A PROTECTIVE ORDER**

　　Plaintiff Video Gaming Technologies, Inc. ("VGT") and Defendants Castle Hill Studios LLC, Castle Hill Holding LLC, and Ironworks Development, LLC (collectively, "CHG") bring this motion for the Court to enter a protective order governing the exchange of discovery materials. The parties have reached agreement on all terms of the protective order but one: the number and type of non-lawyer representatives that can have access to another party's Confidential Information. The parties therefore request that the Court resolve that sole remaining dispute and enter the proposed protective order.

**I.　　AREAS OF AGREEMENT**

　　The parties have reached agreement on all areas of the proposed protective order (Ex. A) except for Paragraph 4.b.iv. The agreed-upon changes to the Court's default order are indicated in tracked changes in Exhibit B. These changes modify the Court's default protective order in three primary respects:

1. Highly Confidential Source Code: The proposed protective order contains a new category of designated material to account for the unique protections necessary for source code.

2. Sealed Filings: The proposed protective order contains a modified approach for handling sealed filings. This approach is based on a process for handling sealed filings approved in another trade secret case before Chief Judge Frizzell. *See* Stipulated Protective Order, Dkt. No. 30, *Skycam, Inc., v. Bennett*, No. 09-cv-294-GKF-FHM (N.D. Okla. Sept. 1, 2009) (Frizzell, J.) (attached as Exhibit C). The parties believe that this approach will streamline the process for handling sealed filings, while preserving the public's right to access court proceedings.

3. Changes to Who May See Protected Material: Given the unique nature of the case, the proposed protective order limits the types and number of people who may have access to protected material.

Because the draft protective order reasonably modifies this Court's default protective order to account for the unique nature of this case, the parties jointly request entry of the proposed protective order attached as Exhibit A to this motion, after resolving the dispute set forth regarding Paragraph 4.b.iv.

## II.     VGT'S POSITION REGARDING PARAGRAPH 4.B.IV

The parties disagree as to the number of non-lawyer individuals who should be allowed access to Confidential Information. VGT is proposing that three non-lawyers be allowed access and, to the extent a party later believes additional individuals need access, the parties must then meet and confer on whether to allow access to up to two additional non-lawyers (for a total of five). In contrast, Castle Hill insists that five non-lawyers have immediate access.

This is a lawsuit between competitors and, in such circumstances, courts have long recognized the risk of inadvertent disclosure: "it is very difficult for the human mind to compartmentalize and selectively suppress information once learned, no matter how well-intentioned the effort may be to do so." *FTC v. Exxon Corp.*, 636 F.2d 1336, 1350 (D.C. Cir. 1980) (denying even in-house counsel access to a competitor's confidential information). Because

even well-intentioned party representatives may inadvertently use confidential information for purposes outside of litigation between competitors, *U.S. Steel Corp. v. United States*, 730 F.2d 1465 (Fed. Cir. 1984), it is common for courts, including in this district, to limit the number of competitor representatives that will be granted access to confidential information under a protective order to a small number. *See, e.g.*, *A Major Difference, Inc. v. Wellspring Products, LLC*, 243 F.R.D. 415, 419 (D. Colo. 2006) (granting one company representative access to confidential information); Stipulated Protective Order, Dkt. No. 30, *Skycam, Inc., v. Bennett*, No. 09-cv-294-GKF-FHM (N.D. Okla. Sept. 1, 2009) (Frizzell, J.) (granting two company representatives access to confidential information in a trade secret suit between competitors) (attached as Exhibit C).

Here, despite repeated requests, CHG has refused to state how many employees it has or why it believes it needs to allow five of its employees to have access to VGT's confidential information. Ex. D, at 7 (G. Rubman email to R. Gill), 9 (G. Rubman email to R. Gill). To the contrary, CHG has acknowledged that its position is based only on the possibility that it "*may* need various different persons to assist us in our defense of these claims." *Id.*, at 6 (R. Gill email to G. Rubman) (emphasis added). CHG even proposed "defer[ring] finalizing the terms of the protective order" until later in discovery, thereby recognizing that there is no present need for five CHG employees to have access to VGT's confidential information. *Id.*

VGT has repeatedly sought compromise on this issue. For example, as a compromise on other issues that were in dispute, VGT already has agreed to allow Mr. Jacobs, who CHG described as "basically serv[ing] as outside in-house counsel," Tr. of Dec. 6, 2017 Mot. Hearing, 40:19–21, to have access to all of VGT's confidential information, including information designated as Highly Confidential. In addition, although VGT originally believed only one non-lawyer should

be allowed access to Confidential Information, it has increased that number to three non-lawyers and has agreed to meet and confer with CHG in good faith should CHG deem it necessary to disclose VGT's confidential information to up to two additional non-lawyers.[1]  Notwithstanding VGT's efforts to compromise, and notwithstanding CHG's recognition that the issue is premature, CHG has not budged and continues to insist on five non-lawyers being allowed access.

Given CHG's inability to explain (and its refusal to answer questions on the topic) why five employees need access at this time, VGT submits that its position is consistent with the provision in the default protective order limiting company representatives to persons "whose review of the specific Confidential Information is reasonably necessary to assist in the prosecution or defense of this Proceeding." Ex. A ¶ 4.b.iv.  VGT respectfully submits that, given the nature of this litigation and the approach courts routinely take in limiting access to confidential information, the Court should adopt VGT's compromise approach and defer resolution of this dispute unless and until CHG believes it has a need to share confidential information with five employees.

## III. CHG'S POSITION REGARDING PARAGRAPH 4.B.IV

After the hearing in this matter on December 6, 2017 the parties met at the Courthouse in an attempt to narrow the scope of their disagreement over an acceptable protective order.  The parties continued their communications after the hearing, and have been able to narrow, but not resolve entirely, the scope of their disagreement.

The parties' progress in their negotiations was the direct result of Defendants' agreement to not request any departure from the Court's form protective order (the "Form Order") which

---

[1] When VGT proposed expanding the number of non-lawyer representatives to three during negotiations, it also requested that these representatives not be former employees of the Supplying Party, a limitation that would have applied to both parties.  In a further effort to reach compromise, VGT has withdrawn this request.

4

prescribes who may access Highly Confidential Information. To facilitate an agreement, the Defendants dropped their request that the parties themselves – as opposed to just counsel -- have the ability to access Highly Confidential Information. As a result there is no longer any dispute over who may access Highly Confidential Information.

The parties' continue to disagree over the protective order as it relates to Confidential Information. The Form Order provides that the parties may access Confidential Information. (Form Order, § 4(b)(i)). If further states that "five (but no more than five) directors, officers, employees or other representatives of a party or its corporate parent whose review of the specific Confidential Information is reasonably necessary to assist in the prosecution or defense of this Proceeding" may have access to Confidential Information. (Form Order, § 4(b)(iv)).

Given the nature of the claims in this action, a significant portion of the discovery in this case will be designated as Highly Confidential Information or Confidential Information. The effect of such designations would mean that only Confidential Information could be accessed by individuals at Castle Hill, as this is the only information that defense counsel may share with its clients and their employees in order to obtain their input and assistance in the defense of this action.

Plaintiff wishes to modify the Form Order in a significant way. *First*, Plaintiff wishes to restrict access to Confidential Information only to three directors, officers, employees or other representatives of a party, rather than five as provided for in the Form Order. *Second*, Plaintiff also sought to prohibit access to Confidential Information by any person who is a former employee of the supplying party. Since Castle Hill has employees who previously worked for Plaintiff, Plaintiff sought to bar those persons from accessing Confidential Information. Plaintiff appears to now have abandoned that position.

As to the first issue, and as Defendants have explained to counsel for Plaintiff, Defendants are not in a position to agree to limit on the number of people who have access to Confidential Information to be less than five. One reason for this position is that Defendants do not know the specifics of VGT's trade secrets claim, and thus who may be needed to assist in the defense of that claim. Defendants may need various persons to assist in the defense of these claims, or to help respond to specific factual allegations about aspects of them. Defendants have no way of knowing the scope of this undertaking without knowing the specifics of VGT's claims.

Defendants offered to defer finalizing the terms of a protective order until Plaintiff has disclosed the specifics of its trade secrets claims, but Plaintiff was not willing to do so. In any event, any protective order would be an order of the Court with the force and effect of such an order.

## IV. CONCLUSION

For the foregoing reasons, the parties request that the Court resolve the dispute regarding Paragraph 4.B.IV of the proposed protective order, and enter the protective order so that discovery may proceed.

December 20, 2017                                    Respectfully submitted,

| | |
|---|---|
| */s/ Gary M. Rubman* | */s/ Robert C. Gill* |
| Graydon Dean Luthey, Jr., OBA No. 5568 | Robert C. Gill |
| GABLE GOTWALS | Thomas S. Schaufelberger |
| 1100 ONEOK Plaza | Matthew J. Antonelli |
| 100 West Fifth Street | SAUL EWING ARNSTEIN & LEHR, LLP |
| Tulsa, OK 74103-4217 | 1919 Pennsylvania Avenue, NW, Suite 550 |
| Telephone: (918) 595-4821 | Washington, D.C. 20006 |
| Facsimile: (918) 595-4990 | (202) 295-6605 |
| dluthey@gablelaw.com | (202) 295-6705 (facsimile) |
| | robert.gill@saul.com |
| Gary M. Rubman | tschauf@saul.com |
| Peter A. Swanson | matt.antonelli@saul.com |
| Michael S. Sawyer | |
| Rebecca B. Dalton | Sherry H. Flax |
| COVINGTON & BURLING LLP | SAUL EWING ARNSTEIN & LEHR, LLP |
| One CityCenter | 500 E. Pratt Street, Suite 900 |
| 850 Tenth Street, NW | Baltimore, Maryland 21202 |
| Washington, D.C. 20001-4956 | (410) 332-8764 |
| Telephone: (202) 662-6000 | (410) 332-8785 (facsimile) |
| Facsimile: (202) 778-5465 | sherry.flax@saul.com |
| grubman@cov.com | |
| pswanson@cov.com | James C. Hodges, OBA 4254 |
| msawyer@cov.com | JAMES C. HODGES, PC |
| rdalton@cov.com | 2622 East 21st Street, Suite 4 |
|   (admitted pro hac vice) | Tulsa, OK 74114 |
| | Telephone: (918) 779-7078 |
| Neil K. Roman | JHodges@HodgesLC.Com |
| COVINGTON & BURLING LLP | |
| The New York Times Building | Duane H. Zobrist |
| 620 Eighth Avenue | Jonathan S. Jacobs |
| New York, NY 10018-1405 | ZOBRIST LAW GROUP PLLC |
| Telephone: (212) 841-1221 | 1900 Arlington Blvd. Suite B |
| Facsimile: (212) 841-1010 | Charlottesville, VA 22903 |
| nroman@cov.com | Telephone: (434) 658-6400 |
|   (admitted pro hac vice) | dzobrist@zoblaw.com |
| | jjacobs@zoblaw.com |
| ***Counsel for Plaintiff Video Gaming Technologies, Inc.*** | ***Counsel for Defendants Castle Hill Studios, LLC, et al.*** |

## **CERTIFICATE OF SERVICE**

    I hereby certify that on December 20, 2017, I filed the foregoing Joint Submission Regarding Entry Of A Protective Order via ECF, which caused a true and correct copy of the foregoing to be delivered to the following counsel for Defendants:

Robert C. Gill
Thomas S. Schaufelberger
Matthew J. Antonelli
SAUL EWING ARNSTEIN & LEHR, LLP
1919 Pennsylvania Avenue, NW, Suite 550
Washington, D.C. 20006
(202) 295-6605
(202) 295-6705 (facsimile)
robert.gill@saul.com
tschauf@saul.com
matt.antonelli@saul.com

Sherry H. Flax
SAUL EWING ARNSTEIN & LEHR, LLP
500 E. Pratt Street, Suite 900
Baltimore, Maryland 21202
(410) 332-8764
(410) 332-8785 (facsimile)
sherry.flax@saul.com

James C. Hodges, OBA 4254
JAMES C. HODGES, PC
2622 East 21st Street, Suite 4
Tulsa, OK 74114
Telephone: (918) 779-7078
JHodges@HodgesLC.Com

Duane H. Zobrist
Jonathan S. Jacobs
ZOBRIST LAW GROUP PLLC
1900 Arlington Blvd. Suite B
Charlottesville, VA 22903
Telephone: (434) 658-6400
dzobrist@zoblaw.com
jjacobs@zoblaw.com

*Attorneys for Defendants*

                            */s/ Gary M. Rubman*