## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SKYCAM, INC., a Delaware Corporation, ) ) ) ) | |
| Plaintiff, ) ) | **Case No. 09-CV-294-GKF-FHM** **Docket No. 29** |
| v. ) ) | **DEMAND FOR JURY TRIAL** |
| PATRICK J. BENNETT, an individual, and ACTIONCAM, LLC, an Oklahoma Limited Liability Company, ) ) ) ) ) | |
| Defendants. ) ) ) ) | This Protective Order in no way diminishes counsel's obligation to comply with LCvR 79.1 and G.O. 08-11. |

### STIPULATED PROTECTIVE ORDER

This Protective Order (the "Protective Order") is entered pursuant to Fed. R. Civ. P. 26(c) and the stipulation of the parties pursuant to Fed. R. Civ. P. 29 to safeguard any confidential information and/or proprietary trade secret that may be disclosed in the course of this action. The parties agree and stipulate that preparation for trial may require the discovery, production and use of documents, information and other materials that may contain information deemed confidential information, proprietary or trade secrets inappropriate for public disclosure.

Furthermore, the parties desire to be protected against potential unreasonable annoyance, hardship or prejudice that may result from unauthorized disclosure of documents, information or other materials deemed confidential information, proprietary,

or trade secrets inappropriate for public disclosure by any party.  The ends of justice will be served by the entry of an order setting forth procedures and rules governing the discovery, use and disclosure of documents, information and other materials which are deemed confidential information, proprietary or trade secrets inappropriate for public disclosure or for limited disclosure due to the competitive positions of the parties.

The parties, therefore, have stipulated to produce such materials upon the following terms and conditions:

1.      *Purpose of Protective Order*.  This Protective Order shall be applicable to and govern all depositions, documents, information or things produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial, matters in evidence and other information previously or hereafter disclosed which the disclosing party designates as Confidential Information or Restricted Information.  As used herein the following definitions shall apply:

a.  "Confidential Information" means any document, information, or testimony that contains commercial information or financial information and/or proprietary information that are not Restricted Information and that is designated as "Confidential" by the party producing it in any formal or informal discovery and stamped clearly thereon as "CONFIDENTIAL";

Case 4:09-cv-00294-GKF-FHM   Document 30 Filed in USDC ND/OK on 09/01/09   Page 3 of 22
Case 4:17-cv-00454-GKF-JFJ      Document 53-3 Filed in USDC ND/OK on 12/20/17    Page 3
of 22

b.      "Restricted Information" means any document, information, or testimony that contains commercial or financial information, trade secret information and/or confidential research information, including any formula, pattern, compilation, program, device, method, technique or process not readily ascertainable by proper means from disclosure or use and is the subject to reasonable efforts to maintain its secrecy, and that is designated as "Restricted Information" by the party producing it in any formal or informal discovery and stamped clearly thereon as "RESTRICTED – ATTORNEY EYES ONLY" (hereinafter "RESTRICTED");

c.      "Disclosing Party" shall refer to the parties to this action and to third parties who give testimony, produce documents or otherwise provide information during the course of this matter.

d.      "Designated Information" shall refer to Confidential Information and/or Restricted Information, collectively, which has been appropriately designated as such by the disclosing party.

2.      *Designation by Disclosing Party.*   The designation of Confidential Information or Restricted Information shall be made with respect to the requested materials, information or documents by marking the word "CONFIDENTIAL" or "RESTRICTED" on them before they are produced. Any party hereto may designate such portion of any documents produced by a disclosing party, including answers to interrogatories, subpoenaed documents, and/or deposition testimony, regardless of who provided the information, which contains or discloses information to be held in confidence pursuant to this Order. In designating information as "CONFIDENTIAL" or

3

"RESTRICTED," a disclosing party shall make such a designation only as to materials which that party in good faith believes constitutes such material or matter used by it in, or pertaining to, its business, which matter is not generally known and which the party would normally not reveal to competitors or third parties or would cause third parties to maintain in confidence. The terms "CONFIDENTIAL" and "RESTRICTED" shall be used by the parties to this litigation solely for the purpose of conducting this litigation, but not for any other purpose whatsoever.

3. *Persons Authorized to Receive Confidential Information.* In the absence of written permission from the disclosing party or disclosing third party, or an order of the Court, information designated as "CONFIDENTIAL" shall be used solely for the purposes of litigation between the parties hereto, and may be disclosed only to the following persons:

a. The attorneys working on this action on behalf of any party, including in-house attorneys, paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel;

b. Any person not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 3(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work. Such experts and consultants, whether retained or sought to be retained, shall not be current employees of a party or employed by a party within six (6) months prior to the disclosure of materials designated as "CONFIDENTIAL";

       c.      Not more than two identified employees of a party who are required by such party to work directly on this litigation, with disclosure only to the extent necessary to perform such work, or such other employees of a party as may be agreed in writing between the parties;

       d.      As to any particular document designated pursuant to this Protective Order, any persons identified therein as the author(s), addressee(s), or designated recipient(s) of that document;

       e.      Any person whose testimony is taken or may be taken in this action, except that such person may only see and retain copies of the Confidential Information during his testimony, in preparation therefore, or in discussions with persons described in subparagraphs (a) through (c) above regarding possible testimony, and may not thereafter retain any Confidential Information; and

       f      The Court and its professional staff and independent court reporters retained to report depositions or proceedings in this case.

    4.    *Limitations on Designation of Restricted Information*.  Any documents which a disclosing party believes contains Restricted Information and should not be disclosed to a director, officer or employee (other than designated in-house counsel) of any other party may be designated by the disclosing party at the time of disclosure of such information as "RESTRICTED" documents. The parties contemplate that "RESTRICTED" documents shall include research and development data; technical information, including engineering & scientific data; trade secret information; computer source codes and/or custom software programs; economic, financial, pricing, and

5

marketing data and information that could be used for competitive advantage; and future business plans. A disclosing party shall use the "RESTRICTED" designation for documents and information whose disclosure the disclosing party believes, in good faith, could cause harm to the disclosing party's business.

5.    *Persons Authorized to Receive Restricted Information*.  In the absence of written permission from the disclosing party or disclosing third party, or an order of the Court, information designated as "RESTRICTED" shall be used solely for the purposes of litigation between the parties hereto, and may not be disclosed to any employee of a party (except as set forth below) and may be disclosed only to the following persons:

a.    The attorneys working on this action on behalf of any party, including in-house attorneys, paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel;

b.    Any person not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 5(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work. Such experts and consultants, whether retained or sought to be retained, shall not be current employees of a party or employed by a party within six (6) months prior to the disclosure of materials designated as "RESTRICTED";

As to any particular document designated pursuant to this Protective Order, any persons identified therein as the author(s), addressee(s), or designated recipient(s) of that document whose testimony is taken or may be taken in this action, except that such person may only see and retain copies of the Restricted Information during his testimony,

in preparation therefore, or in discussions with persons described in subparagraphs (a) through (c) above regarding possible testimony, and may not thereafter retain any Restricted Information; and

e.     The Court and its professional staff and independent court reporters retained to report depositions or proceedings in this case.

6.     *Condition Precedent to Disclosure; Acknowledgement*.   The persons described in paragraphs 3(a), (b), (c) (d) and (e) shall have access to "CONFIDENTIAL" documents, and the persons described in paragraphs 5(a), (b), (c) and (d) shall have access to the "RESTRICTED" documents only after they have been made aware of the provisions of this Order and have manifested their assent to be bound thereby by signing a copy of the attached "Acknowledgment."   Counsel disclosing "RESTRICTED" documents shall retain a copy of each executed Acknowledgment and shall produce same to opposing counsel upon execution by said consultants or expert witnesses.

7.     *Prior Notice of Disclosure of Restricted Information*.  The party wishing to make a disclosure to an outside consultant or expert witness pursuant to subsection 5(b) above shall identify that person in writing to all other parties and shall provide a copy of that person's resume describing all relevant employment, so that it is received by all other parties at least ten days prior to the disclosure of any "RESTRICTED" documents to that person.  A party (such party is defined as the "Objecting Party" for purposes of this section) has ten days from the date of receipt of identification of a consultant or expert witness to send written notice of its objection to disclosure and the grounds for such objection to the party intending to disclose "RESTRICTED" documents.  If no objection

7

is made within ten days, then the disclosure may be made. Upon the making of such an objection, the parties shall initially attempt to informally resolve such objection. If the parties are unable to do so, the Objecting Party then shall have ten days from sending the notice of its objection in which to challenge, by filing the appropriate motion with the Court, the disclosure of the "RESTRICTED" documents to the outside consultant or expert witness. If the Objecting Party does not file the appropriate motion with the Court within that time, or within any additional time within which to move as may be granted by the Court or agreed to by stipulation of the parties, the Objecting Party waives its right to challenge the disclosure of "RESTRICTED" documents to the identified outside consultant or expert, and the "RESTRICTED" documents may then be disclosed to the identified outside consultant or expert witness. An identified outside consultant or expert witness shall not be provided any "RESTRICTED" documents while a timely-filed objection or motion challenging such consultant or expert is pending. The persons receiving "CONFIDENTIAL" or "RESTRICTED" documents are enjoined from disclosing it to any other person, except in conformance with this Protective Order. No Restricted Information shall be disclosed to any person who refuses to sign an Acknowledgement. In the event any person who has signed an Acknowledgement refuses to comply therewith, or to knowledge of counsel, fails to adhere to the terms thereof, counsel shall make no further disclosure to such person, and shall immediately notify counsel for the producing party. The disclosure to the producing party of the identity of persons to whom Restricted Information has been disseminated and a copy of the

Case 4:09-cv-00294-GKF-FHM   Document 30 Filed in USDC ND/OK on 09/01/09   Page 9 of 22
Case 4:17-cv-00454-GKF-JFJ       Document 53-3 Filed in USDC ND/OK on 12/20/17     Page 9
of 22

Acknowledgement for such person shall not constitute a waiver of any privilege which may be available to the receiving party.

8.      *Obligations of Third Party Recipient's of Designated Information.* The recipient of any "CONFIDENTIAL" or "RESTRICTED" documents that are provided under this Protective Order shall maintain such information in a secure and safe area and shall exercise a reasonable standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information. "CONFIDENTIAL" or "RESTRICTED" documents shall not be copied, reproduced, summarized or abstracted, except to the extent that such copying, reproduction, summarization or abstraction is reasonably necessary for the conduct of this lawsuit. All such copies, reproductions, summarizations and abstractions shall be subject to the terms of the Protective Order as it applies to the original designated document, and labeled in the same manner as the designated material on which they are based. Prior to review of any Designated Information, each individual who receives any Designated Information hereby agrees to subject himself/herself to the jurisdiction of this court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Protective Order.

9.      *Procedure for Designation of Information.*   Disclosing parties shall designate "CONFIDENTIAL" or "RESTRICTED" documents as follows:

a.      In the case of documents, interrogatory answers, responses to requests to admit, and the information contained therein, designation shall be made by placing the following legend on every page of any such document prior to production:

Case 4:09-cv-00294-GKF-FHM   Document 30 Filed in USDC ND/OK on 09/01/09   Page 10 of 22
Case 4:17-cv-00454-GKF-JFJ    Document 53-3 Filed in USDC ND/OK on 12/20/17    Page 10
of 22

"CONFIDENTIAL" or "RESTRICTED."  In the event that a party inadvertently fails to stamp or otherwise designate a document or other information as "CONFIDENTIAL" or "RESTRICTED" at the time of its production, that party shall promptly furnish written notice to the receiving party that the document or information shall be designated as "CONFIDENTIAL" or "RESTRICTED".

b.      In the case of depositions, designation of the portion of the transcript (including exhibits) which contains "CONFIDENTIAL" or "RESTRICTED" documents shall be made by a statement to such effect on the record in the course of the deposition or, upon review of such transcript, by counsel for the party to whose "CONFIDENTIAL" or "RESTRICTED" documents the deponent has had access, said counsel shall designate within fourteen (14) days after counsel's receipt of the transcript. Counsel shall list on a separate piece of paper the numbers of the pages of the transcript containing "CONFIDENTIAL" or "RESTRICTED" documents, inserting the list at the end of the transcript, and mailing copies of the list to counsel for all parties so that it may be affixed to the face of the transcript and each copy thereof.  Pending such designation by counsel, the entire deposition transcript, including exhibits, shall be deemed "RESTRICTED".  If no designation is made within fourteen (14) days after receipt of the transcript, the transcript shall be considered not to contain any "CONFIDENTIAL" or "RESTRICTED" documents.

c.      Transcripts of depositions will not be filed with the Court unless it is necessary to do so for purposes of trial, motions for summary judgment, or other matters.  If a deposition transcript is filed and if it contains "CONFIDENTIAL" or

"RESTRICTED" documents, the transcript shall bear the appropriate legend on the caption page and shall be filed under seal.

d.      Any "CONFIDENTIAL" or "RESTRICTED" documents produced in a non-paper media (e.g., videotape, audiotape, computer disk, etc.) may be designated as such by labeling the outside of such non-paper media as "CONFIDENTIAL" or "RESTRICTED."   In the event a receiving party generates any "hard copy," transcription, or printout from any such designated non-paper media, such party must stamp each page "CONFIDENTIAL" or "RESTRICTED," and the hard copy, transcription or printout shall be treated as it is designated.

10.     *Attorney's Limitation on Use of Restricted Information*.   Each party's respective attorneys described in ¶ 5 (a) above shall maintain all Restricted Information in the strictest confidence, including from disclosure to their respective client(s) which are parties hereto.  It is understood that counsel for a party may give advice and opinions to his or her client based on his or her evaluation of information designated as "RESTRICTED" produced by the opposing party provided that such rendering of advice and opinions shall not reveal the content of such information except by prior written agreement with opposing counsel.  The attorneys of record for the parties and other persons receiving information governed by this Protective Order shall exercise reasonable care to insure that the information and documents governed by this Protective Order are (i) used only for the purposes specified herein, and (ii) disclosed only to authorized persons.

11.     *Procedure to Challenge Designated Information prior to Court Relief.*  A party shall not be obligated to challenge the propriety of a "CONFIDENTIAL" or "RESTRICTED" designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto during the pendency of this litigation.  In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party shall provide to the producing party written notice of its disagreement with the designation and state the basis for its disagreement and reasonably identify the particular documents that it believes are improperly designated as "CONFIDENTIAL" or "RESTRICTED". The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, either party may request appropriate relief from the Court for a ruling on the appropriateness of the designation, but in any event, such relief from the Court shall not be requested before ten (10) days after the other party is served with said written notice of a proposed challenge thereto.  The burden of proving that information has been properly designated as "CONFIDENTIAL" or "RESTRICTED," is on the party making such designation, including the presumption against confidentiality set forth in LCvR 79.1.  Until the Court enters an order affecting the designation of the document, testimony or information, it shall be treated as "CONFIDENTIAL" or "RESTRICTED" in accordance with this Protective Order.

12.     *Procedure to Seal Designated Information.*  If a party wishes to file any Designated Information with the Court as part of a pleading, that party shall comply with the General Order In Re The Use of Confidential Information In Civil Cases, GO 08-11, dated May 20, 2008, which General Order governs the way in which confidential

documents are to be redacted in public filings and to be simultaneously filed under seal in

unredacted form with the Court.  If a pleading or motion to be filed with the Court

attaches document(s) that includes "CONFIDENTIAL" or "RESTRICTED" matter, the

filing party shall file an unsealed pleading or motion with non-confidential exhibits and

redacted confidential exhibits.   In conjunction with the unsealed pleading or motion, the

filing party shall file a supplemental pleading or motion that contains the unredacted

exhibits containing "CONFIDENTIAL" or "RESTRICTED" matter subject to this

Protective Order.  The caption of any pleading or motion to be sealed shall be marked in

all caps "SEALED" underneath the case number.  The supplemental pleading or motion

that contains the unredacted exhibits containing "CONFIDENTIAL" or "RESTRICTED"

matter shall be sealed by counsel prior to its submission in an envelope or other container

labeled in substantially the following form:

CONFIDENTIAL or RESTRICTED
PROTECTIVE ORDER, Case No. 09-CV-294-GKF-FHM

> In accordance with that Order, this envelope
> shall be held in confidence under seal and
> shall not be opened except by subsequent
> order of the Court.

The Clerk of the court is directed to maintain under seal all documents and all transcripts

of deposition testimony filed under seal with this Court in this litigation.  A complete

unredacted set of documents filed under seal shall be provided by the filing party to

opposing counsel.

     13.  *Use of Designated Information*.  In the event that any "CONFIDENTIAL"

or "RESTRICTED" document is used in any court proceeding in connection with this

13

litigation, it shall not lose its "CONFIDENTIAL" or "RESTRICTED" status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use. Subject to the applicable rules of evidence, the Designated Information may be offered in evidence at trial. No later than ten (10) days prior to the pretrial conference in this case, any party may move the Court for an order that evidence be received in camera or under other conditions to prevent unnecessary disclosure. The particular Designated Information, or portions thereof, for which protection is sought shall be specified in the motion. The Court will determine in its pretrial order whether the proffered evidence should continue to be treated as Designated Information and, if so, what protection, if any, may be afforded to such information at the trial.

14.     *Events Terminating Designation*.   Notwithstanding the designation, as provided above, of any testimony, evidence or other matter as "CONFIDENTIAL" or "RESTRICTED," said documents, testimony, evidence and other materials shall not, in fact, be deemed DESIGNATED INFORMATION and shall not be subject to this Order, if the recipient party provides a satisfactory showing to the disclosing party, and the disclosing party agrees in writing, that the substance thereof:

a.      Is, at the time of disclosure by the designating party, public knowledge by publication or otherwise;

b.      Has become, at any time, and through no act or failure to act on the part of the recipient party and without breach of any obligation of confidence, public knowledge;

   c.  Is, at the time of disclosure by the disclosing party, already in the possession of the recipient party, and that recipient party acquired it neither directly nor indirectly from the disclosing party; or

   d.  Has been made available to the recipient party by a third person who obtained it by legal means and without any obligation of confidence to the disclosing party; or

   e.  By order of this Court

  15. *Inadvertent Disclosure of Designated Information.* If a "CONFIDENTIAL" or "RESTRICTED" document is disclosed to any person other than in the manner authorized by this Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the designating party and, without prejudice to any other rights and remedies of the parties, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

  16. *Proper Disclosure to Author/Recipient of Designated Information.* Nothing in this Protective Order shall preclude any party to the lawsuit or their attorneys (a) from showing a document designated as "CONFIDENTIAL" or "RESTRICTED" to an individual who either prepared the document prior to the filing of this action, or is identified on the face of the document as an addressee or copy addressee, or (b) from disclosing or using in any manner or for any purpose, any information or documents from the party's own files which the party itself has designated as "CONFIDENTIAL" or "RESTRICTED."

17.    *Procedure Upon Third Party Request to Receive Designated Information.*

In the event any receiving party having possession, custody or control of any "CONFIDENTIAL" or "RESTRICTED" document receives a subpoena or other process or order to produce such information in another, unrelated legal, quasi-judicial, administrative, governmental, or other proceeding, from a non-party to this action, such receiving party shall, within two business days, or five business days prior to the date set for production, whichever is shorter, notify counsel for the producing party or third party of the subpoena or other process or order, furnish counsel for the producing party or third party with a copy of said subpoena or other process or order, and cooperate with respect to all reasonable procedures sought to be pursued by the producing party or third party whose interests may be affected. The producing party or third party asserting the "CONFIDENTIAL" or "RESTRICTED" treatment shall have the burden of defending against such subpoena, process or order. The receiving party receiving the subpoena or other process or order shall be entitled to comply with it except to the extent the producing party or third party asserting the "CONFIDENTIAL" or "RESTRICTED" treatment is successful in obtaining an order modifying or quashing the subpoena or other process or order.

18.    *Disposition of Designated Information upon Termination of Litigation.* Within sixty (60) days of the final termination of litigation between the parties, all copies of "CONFIDENTIAL" and "RESTRICTED" documents and all notes, summaries or other documents containing the "CONFIDENTIAL" and/or "RESTRICTED" information shall be returned to the party which produced it or shall be destroyed.

16

Counsel for each party shall be entitled to retain all pleadings, motion papers, legal memoranda, correspondence and work product as required under this Protective Order.  If counsel elects to destroy the documents, counsel shall provide to the disclosing party's counsel a written certification reflecting such disposition.

19.    *Privilege Log/Redaction of Documents Produced*.    Counsel for a party producing documents may redact material deemed exempt from discovery because of the attorney-client privilege or work product immunity afforded by Federal Rules of Civil Procedure Rule 26(b), and may thus produce documents for inspection either in a redacted or unredacted form.  However, any document from which material is redacted must identify in the redacted area that a redaction has occurred.  The reason for any such redacting must be stated either on the document itself or on a privilege log which accompanies the produced documents.  The redacting party shall bear the burden of proof with respect to the propriety of the redaction.

20.    *Sequestration During Oral Testimony Regarding Designated Information*. Whenever matter designated as "CONFIDENTIAL" or "RESTRICTED" is to be discussed in a deposition, hearing or other proceeding, any party claiming such confidentiality may have excluded from the deposition, hearing or proceeding any person who is not entitled under this Protective Order to receive information designated as "CONFIDENTIAL" or "RESTRICTED".

21.    *Limitations Survivability*.    Except as specifically provided herein, the terms and conditions, and limitations of this Protective Order shall survive the termination of this action.

22.     *Relief from Provisions of Order; Prevailing Party Fees & Costs*.  This Protective Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained in this Protective Order.  Provided, however, any party seeking relief under the provisions of this order shall comply with the procedures set forth herein prior to commencement of any motion or application for relief.  In the event either party seeks relief from the Court of a designation of Confidential or Restricted for any Designated Information, the prevailing party may, within the discretion of the Court, be entitled to its costs and expenses, including a reasonable attorney fee, incurred by the challenge to the respective designation.

23.     *Non Waiver of Rights*.  This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, overbreadth, burdensomeness or other grounds for not producing material called for, and access to such material shall be only as otherwise provided by the discovery rules and other applicable law.  However, any inadvertent publication of Designated Information by the producing party in the public court records outside of the guidelines herein set forth shall not be a waiver of the confidential and/or restricted nature of that information placed of public and/or court record if a Motion is subsequently granted sealing the document and removing it from the public court record.  Nothing in this Protective Order shall be construed in any way to control the use, dissemination, publication or disposition by the producing party of the Designated Information other than a waiver of the designation thereof.

24.     *Inadvertent Disclosure*; *Claw-back*.  The parties agree that the inadvertent production of any document that would be protected from disclosure pursuant to the attorney-client privilege, the work-product doctrine or any other relevant privilege shall not constitute a waiver of the applicable privilege.  If any such document is inadvertently produced, the recipient of the document agrees that, upon request from the disclosing party, it will promptly return all copies of the document in its possession, delete any versions of the document on any database it maintains, and make no use of the information contained in the document.  Returning the document is without prejudice to such party's applying to the Court for an order compelling production of such document on grounds other than waiver of privilege.

25.     *Third Party Prohibitions*.   Any expert or consultant who executes an Acknowledgement and is given access to designated documents or information, whether "retained" or "sought to be retained" shall not consult with or take employment from a party for a period of one year after the dismissal of this lawsuit is final.

26.     *Modification of Order by Written Stipulation*.  This Protective Order may be modified, and any matter related to it may be resolved, by written stipulation of the parties without further Order of the Court.

IT IS SO ORDERED.

DATED this 1st day of September, 2009.

*Frank H. McCarthy*

**FRANK H. McCARTHY**
**UNITED STATES MAGISTRATE JUDGE**

Consent Protective Order (4)

SUBMITTED AND APPROVED BY:


*s/ John A. Kenney*_____
John A. Kenney, OBA #4976
Charles L. McLawhorn, III, OBA#19523
McAFEE & TAFT a Professional Corporation
Tenth Floor, Two Leadership Square
211 North Robinson Avenue
Oklahoma City, Oklahoma  73102
Telephone:  405-235-9621
Facsimile:  405-235-0439
Email:  john.kenney@mcafeetaft.com
chad.mclawhorn@mcafeetaft.com
**Attorneys for Plaintiff**
**Skycam, Inc.**

*s/ William R. Grimm*_____
(Signed by Filing Attorney with permission of William R. Grimm)
William R. Grimm, OBA #3628
Cori D. Powell, OBA #21328
Barrow & Grimm, P.C.
110 W. 7th Street, Suite 900
Tulsa, Oklahoma  74119-1044
Telephone:  918-584-1600
Facsimile:  918-585-2444
Email:  grimm@barrowgrimm.com
cpowell@barrowgrimm.com
**Attorneys for Defendants**
**Patrick J. Bennett and Actioncam, LLC**

Consent Protective Order (4)

**EXHIBIT "1"**
**ACKNOWLEDGMENT**

I, _____, affirm as follows:

1.    My address is _____ _____.

2.    My present employer is _____, and the address of my present employment is _____.

3.    I have read the attached Protective Order ("Order"), which was entered on the _____ day of _____, 2009, by the Honorable Frank H. McCarthy, United States Magistrate Judge.

4.    I agree to be bound by the Order's terms with respect to any documents, materials, or information marked "CONFIDENTIAL" OR "RESTRICTED" that are furnished to me as set forth in the Order.

5.    I also agree not to disclose to anyone any documents, material, or information marked "CONFIDENTIAL" OR "RESTRICTED" other than as set forth in the Order.

6.    I also agree not to make any copies of any documents, material, or information marked "CONFIDENTIAL" OR "RESTRICTED" furnished to me except in accordance with the Order.

7.    I hereby agree that any documents, materials, or information marked "CONFIDENTIAL" OR "RESTRICTED" furnished to me will be used by me only for the purposes of this litigation and for no other purpose, and will not be used by me in any business affairs of my employer or of my own or be imparted by me to any other person.

8.    I will return on demand all materials designated as "CONFIDENTIAL" OR "RESTRICTED", which come into my possession, and any documents or things that I may prepare relating thereto, to authorized counsel for the party by whom I am employed or retained.

9.    I agree to submit to the jurisdiction of this Court for the purposes of enforcement of the Order against me in this action.

10.    I declare under penalty of perjury that the foregoing is true and correct.

Consent Protective Order (4)

Case 4:09-cv-00294-GKF-FHM   Document 30 Filed in USDC ND/OK on 09/01/09   Page 22 of 22
Case 4:17-cv-00454-GKF-JFJ   Document 53-3 Filed in USDC ND/OK on 12/20/17    Page 22
of 22

Executed this _____ day of _____, __.

\_

_____

Signature

_____

Print Name

_____

Print Address

_____

City, State, Zip Code

Consent Protective Order (4)