|         |                                                                                                                                              |
|---------|----------------------------------------------------------------------------------------------------------------------------------------------|
| From:   | Rubman, Gary                                                                                                                                 |
| To:     | Gill, Robert C.; Sawyer, Michael                                                                                                             |
| Cc:     | Flax, Sherry H.; Schaufelberger, Thomas S.; jhodges@hodgeslc.com; Swanson, Peter; Roman, Neil; dluthey@gablelaw.com |
| Subject:| RE: Draft Protective Order                                                                                                                   |
| Date:   | Wednesday, December 20, 2017 4:59:49 PM                                                                                                      |

Bob,

We will send it to you when it is ready. In the meantime, Castle Hill should be able to start drafting its section, as you are well aware of our positions.

- Gary

---

**From:** Gill, Robert C. [mailto:Robert.Gill@saul.com]
**Sent:** Wednesday, December 20, 2017 4:54 PM
**To:** Sawyer, Michael <msawyer@cov.com>; Rubman, Gary <grubman@cov.com>
**Cc:** Flax, Sherry H. <Sherry.Flax@saul.com>; Schaufelberger, Thomas S. <tschauf@saul.com>; jhodges@hodgeslc.com; Swanson, Peter <pswanson@cov.com>; Roman, Neil <nroman@cov.com>; dluthey@gablelaw.com
**Subject:** RE: Draft Protective Order

There is nothing in section II setting forth VGT's position for Castle Hill to respond to. Please forward the text.

---

**From:** Sawyer, Michael [mailto:msawyer@cov.com]
**Sent:** Wednesday, December 20, 2017 4:46 PM
**To:** Rubman, Gary; Gill, Robert C.
**Cc:** Flax, Sherry H.; Schaufelberger, Thomas S.; jhodges@hodgeslc.com; Swanson, Peter; Roman, Neil; dluthey@gablelaw.com
**Subject:** RE: Draft Protective Order

Bob,

Please find attached a shell for the Joint Submission, and provide Castle Hill's section of the shell.

Best,
Mike

---

**From:** Rubman, Gary
**Sent:** Wednesday, December 20, 2017 3:31 PM
**To:** Gill, Robert C. <Robert.Gill@saul.com>
**Cc:** Flax, Sherry H. <Sherry.Flax@saul.com>; Schaufelberger, Thomas S. <tschauf@saul.com>; jhodges@hodgeslc.com; Swanson, Peter <pswanson@cov.com>; Roman, Neil <nroman@cov.com>; dluthey@gablelaw.com; Sawyer, Michael <msawyer@cov.com>

**Subject:** RE: Draft Protective Order

Bob,

We have been negotiating this in good faith and thought we had an agreement. Accordingly, it is very disappointing to see that you are now making a change at the last second to a provision that had been in the last several drafts we circulated and that you previously agreed to. Given this change, it is clear that the parties have not reached agreement. Accordingly, we will be circulating later this afternoon a draft joint submission that explains our position on the number of employees who should be allowed access and whether former employees should be allowed access. We will include a section in the joint submission where Castle Hill can insert its positions.

If you reconsider your position in the meantime, please let us know.

- Gary

**Gary Rubman**

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5465 | grubman@cov.com
www.cov.com

**COVINGTON**

---

**From:** Gill, Robert C. [mailto:Robert.Gill@saul.com]
**Sent:** Wednesday, December 20, 2017 3:22 PM
**To:** Rubman, Gary <grubman@cov.com>
**Cc:** Flax, Sherry H. <Sherry.Flax@saul.com>; Schaufelberger, Thomas S. <tschauf@saul.com>; jhodges@hodgeslc.com; Swanson, Peter <pswanson@cov.com>; Roman, Neil <nroman@cov.com>; dluthey@gablelaw.com; Sawyer, Michael <msawyer@cov.com>
**Subject:** RE: Draft Protective Order

Gary:

We agree to your motion, and to the order in the form attached hereto.

Bob

---

**From:** Rubman, Gary [mailto:grubman@cov.com]
**Sent:** Wednesday, December 20, 2017 2:45 PM
**To:** Gill, Robert C.
**Cc:** Flax, Sherry H.; Schaufelberger, Thomas S.; jhodges@hodgeslc.com; Swanson, Peter; Roman, Neil;

dluthey@gablelaw.com; Sawyer, Michael
**Subject:** RE: Draft Protective Order

Bob -- The draft joint motion is attached.  If this looks okay to you, we can go ahead and file.

---

**From:** Gill, Robert C. [mailto:Robert.Gill@saul.com]
**Sent:** Wednesday, December 20, 2017 2:14 PM
**To:** Rubman, Gary <grubman@cov.com>
**Cc:** Flax, Sherry H. <Sherry.Flax@saul.com>; Schaufelberger, Thomas S. <tschauf@saul.com>; jhodges@hodgeslc.com; Swanson, Peter <pswanson@cov.com>; Roman, Neil <nroman@cov.com>; dluthey@gablelaw.com; Sawyer, Michael <msawyer@cov.com>
**Subject:** RE: Draft Protective Order

Thank you, Gary.  We look forward to receiving your draft motion.

Bob

---

**From:** Rubman, Gary [mailto:grubman@cov.com]
**Sent:** Wednesday, December 20, 2017 1:57 PM
**To:** Gill, Robert C.
**Cc:** Flax, Sherry H.; Schaufelberger, Thomas S.; jhodges@hodgeslc.com; Swanson, Peter; Roman, Neil; dluthey@gablelaw.com; Sawyer, Michael
**Subject:** RE: Draft Protective Order

Bob,

We received your last email indicating that Castle Hill will not agree to the compromise offer set forth below.  Given that we had reached agreement on all other issues and given our desire to move this case forward without burdening the court with another dispute at this time, we are willing to go along with your approach of five people.  Accordingly, we attach a revised version in which we changed the number of individuals allowed access from three to five.  All of the other provisions remained the same.

As we now have agreement on all issues, we will be circulating a joint motion shortly for your review.

Best regards,

- Gary

### Gary Rubman

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW

Washington, DC 20001-4956
T +1 202 662 5465 | grubman@cov.com
www.cov.com

**COVINGTON**

---

**From:** Rubman, Gary
**Sent:** Wednesday, December 20, 2017 9:16 AM
**To:** Gill, Robert C. <Robert.Gill@saul.com>
**Cc:** Flax, Sherry H. <Sherry.Flax@saul.com>; Schaufelberger, Thomas S. <tschauf@saul.com>; jhodges@hodgeslc.com; Swanson, Peter <pswanson@cov.com>; Roman, Neil <nroman@cov.com>; dluthey@gablelaw.com; Sawyer, Michael <msawyer@cov.com>
**Subject:** RE: Draft Protective Order

Bob,

Thanks for the email. Recognizing the concerns of both sides and in an effort to reach a compromise on this remaining issue, we would propose that the parties agree to limit access to three individuals at this point but also agree that, in the event a party later sees a need to disclose to up to two additional employees, the parties agree to meet and confer in good faith and, if necessary, jointly raise the issue with the court at that time. In hopes that this will be acceptable, we have prepared a revised version of the protective order, which is attached. We have accepted all other edits and have shown in track changes the edits we made to reflect this compromise proposal.

If this is acceptable to Castle Hill, we will make arrangements to file a clean version with the court today.

Best regards,

- Gary


**Gary Rubman**

**Covington & Burling LLP**
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5465 | grubman@cov.com
www.cov.com

**COVINGTON**


-----Original Message-----
From: Gill, Robert C. [mailto:Robert.Gill@saul.com]

Sent: Wednesday, December 20, 2017 8:06 AM
To: Rubman, Gary <grubman@cov.com>
Cc: Flax, Sherry H. <Sherry.Flax@saul.com>; Schaufelberger, Thomas S. <tschauf@saul.com>; jhodges@hodgeslc.com; Swanson, Peter <pswanson@cov.com>; Roman, Neil <nroman@cov.com>; dluthey@gablelaw.com; Sawyer, Michael <msawyer@cov.com>
Subject: Re: Draft Protective Order

Gary, you are correct that our only remaining dispute is over the number of people permitted to access confidential information.
Bob

Sent from my iPhone

On Dec 19, 2017, at 9:34 PM, Rubman, Gary <grubman@cov.com<mailto:grubman@cov.com>> wrote:

Bob,

Based on your email below, is the only remaining disputed issue the number of individuals allowed access to Confidential Information?  In other words, does Castle Hill agree with all of the other provisions as set forth in the draft Protective Order I circulated this morning?

Thanks.

- Gary


Gary Rubman

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5465 | grubman@cov.com<mailto:grubman@cov.com>
www.cov.com<http://www.cov.com>

[cid:image001.jpg@01D37911.26AAA980]



From: Gill, Robert C. [mailto:Robert.Gill@saul.com]
Sent: Tuesday, December 19, 2017 7:53 PM
To: Rubman, Gary <grubman@cov.com<mailto:grubman@cov.com>>; Flax, Sherry H. <Sherry.Flax@saul.com<mailto:Sherry.Flax@saul.com>>; Schaufelberger, Thomas S. <tschauf@saul.com<mailto:tschauf@saul.com>>;

jhodges@hodgeslc.com<mailto:jhodges@hodgeslc.com>
Cc: Swanson, Peter <pswanson@cov.com<mailto:pswanson@cov.com>>; Roman, Neil <nroman@cov.com<mailto:nroman@cov.com>>; dluthey@gablelaw.com<mailto:dluthey@gablelaw.com>; Sawyer, Michael <msawyer@cov.com<mailto:msawyer@cov.com>>
Subject: RE: Draft Protective Order

Gary:

As you know, the parties will not have access to Highly Confidential Information under the Protective Order. Given the nature of the claims, and our experience with party designations, I suspect that quite a bit in this case will be designated as Highly Confidential Information. That effectively leaves only Confidential Information which may be accessed by Castle Hill. This would be the only information that we may share with them in order to obtain their input and assistance in the defense of this action.

While we appreciate your agreement to increase the number of employees who may access Confidential Information to three, we are simply not in a position to agree at this stage of the case to limit the number of people who have access to Confidential Information to less than five. Part of the reason for this is that we are unsure of the specifics of VGT's trade secrets claim and who may need to help us put on a defense to that claim. We may need various different persons to assist us in our defense of these claims, or to help us respond to factual allegations about misappropriation. We have no way of knowing the scope of this undertaking until we know the specifics of VGT's claims. If you wish to defer finalizing the terms of the protective order until VGT has disclosed the specifics of its trade secrets claims, we are willing to agree to do so. In any event, however, we note that the Protective Order will be an Order of the Court with the force and effect of such an Order. I am sure neither side would contemplate violating the provisions of such an Order. Given this, and the fact that it is only your clients that know the scope of the allegations at issue, it makes no sense to arbitrarily limit the number of persons who can access Confidential Information to three. Let's stick with the number –5—which appears in the Court's standard order.

While we understand your point that suits between competitors may present obstacles to maintaining confidential information, this is true in every trade secret case. Castle Hill obviously did not elect to be sued, but it clearly has a right to be able to meaningfully prepare its defense of this action.

Bob


From: Rubman, Gary [mailto:grubman@cov.com]
Sent: Tuesday, December 19, 2017 8:55 AM
To: Gill, Robert C.; Flax, Sherry H.; Schaufelberger, Thomas S.;
jhodges@hodgeslc.com<mailto:jhodges@hodgeslc.com>
Cc: Swanson, Peter; Roman, Neil; dluthey@gablelaw.com<mailto:dluthey@gablelaw.com>; Sawyer, Michael

Subject: RE: Draft Protective Order

Bob,

We are confused by your response.  We are not proposing that "Castle Hill be more limited in its ability to access Confidential Information than VGT," as you claim.  Rather, we have proposed a symmetric rule on the number of non-lawyer company representatives that can access an opposing party's Confidential information.  Moreover, we are more than happy for the exclusion on former employees having access to confidential information to go both ways.  In other words, no former VGT employees would be allowed access to VGT confidential information and no former Castle Hill employees would be allowed access to Castle Hill confidential information.  In a further effort to reach compromise, we are willing to increase the number of employees allowed access to the confidential information from two to three.  To help us better understand Castle Hill's positions, we have asked on multiple occasions how many people Castle Hill currently employs and for you explain why you believe five employees need access.  You have not yet responded on either issue.  Can you please provide responses to those questions?

Also, as we have explained to you previously, suits between competitors merit additional restrictions on the dissemination of an opposing party's confidential information, due to the possibility of inadvertent disclosure.  E.g., FTC v. Exxon Corp., 636 F.2d 1336, 1350 (D.C. Cir. 1980) (a) ("[I]t is very difficult for the human mind to compartmentalize and selectively suppress information once learned, no matter how well-intentioned the effort may be to do so."); A Major Difference, Inc. v. Wellspring Products, LLC, 243 F.R.D. 415, 419 (D. Colo. 2006) (approving a protective order in a suit between competitors granting one company representative access to confidential information); Stipulated Protective Order, Dkt. No. 30, Skycam, Inc., v. Bennett, No. 09-cv-294-GKF-FHM (N.D. Okla. Sept. 1, 2009) (Frizzell, J.) (approving a protective order granting two company representatives access to confidential information in a trade secret suit between competitors).

We have inserted our proposed compromise in the attached draft protective order.  We have also modified the provision for handling sealed filings, per your request from the hearing.  We have modeled the proposal for sealing filings after a similar provision approved by Chief Judge Frizzell in Skycam.  We've modified it slightly to account for submitting sealed filings electronically, rather than in paper form.

Additionally, please let me know of any additional concerns with the attached draft protective order by no later than this evening.  As you know, Judge Jayne set a deadline of tomorrow "for submitting either a joint protective order that you agree on or filing any necessary motions to resolve disputes."  If we are not able to resolve the disputes and enter a joint protective order, we believe that the parties should provide a joint submission setting out any remaining areas of disagreement, primarily to simplify the briefing process for Judge Jayne.  Please let us know if Castle Hill is agreeable to such an approach to briefing any remaining protective order disagreements.

Best regards,

- Gary

Gary Rubman

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5465 | grubman@cov.com<mailto:grubman@cov.com>
www.cov.com<http://www.cov.com>

<image005.jpg>


From: Gill, Robert C. [mailto:Robert.Gill@saul.com]
Sent: Monday, December 18, 2017 5:51 PM
To: Rubman, Gary <grubman@cov.com<mailto:grubman@cov.com>>; Flax, Sherry H. <Sherry.Flax@saul.com<mailto:Sherry.Flax@saul.com>>; Schaufelberger, Thomas S. <tschauf@saul.com<mailto:tschauf@saul.com>>; jhodges@hodgeslc.com<mailto:jhodges@hodgeslc.com>
Cc: Swanson, Peter <pswanson@cov.com<mailto:pswanson@cov.com>>; Roman, Neil <nroman@cov.com<mailto:nroman@cov.com>>; dluthey@gablelaw.com<mailto:dluthey@gablelaw.com>; Sawyer, Michael <msawyer@cov.com<mailto:msawyer@cov.com>>
Subject: Draft Protective Order

Gary:

We have considered the issue of access to Confidential Information, and your request that Castle Hill be more limited in its ability to access Confidential Information than VGT under the terms of any protective order entered in this case.  Although you raised the issue from the perspective of Castle Hill's access to VGT's information, obviously the provision would apply to both parties, and all terms of the order should in our view apply to both parties equally.  We absolutely do not agree that your client has any legitimate reason to limit Castle Hill's access to information necessary to defend itself against VGT's claims.  We do not think that VGT has satisfied its burden of showing that the Court's form protective order should be modified, particularly in a unilateral fashion that operates only to prejudice Castle Hill.  We also respectfully decline your invitation to explain why we need access to Confidential Information to defend ourselves in this proceeding, or to discuss with or disclose to you our strategy for defending against these claims.

I believe that we do have an agreement on the issue of access to Highly Confidential information, based on Castle Hill's agreement to change its position and to accept the language in the Court's form protective order.  We ask that you do the same on the issue of access to Confidential Information.

Bob

From: Rubman, Gary
Sent: Tuesday, December 12, 2017 9:41 PM
To: Gill, Robert C. <Robert.Gill@saul.com<mailto:Robert.Gill@saul.com>>; Flax, Sherry H. <Sherry.Flax@saul.com<mailto:Sherry.Flax@saul.com>>; Schaufelberger, Thomas S. <tschauf@saul.com<mailto:tschauf@saul.com>>; jhodges@hodgeslc.com<mailto:jhodges@hodgeslc.com>
Cc: Swanson, Peter <pswanson@cov.com<mailto:pswanson@cov.com>>; Roman, Neil <nroman@cov.com<mailto:nroman@cov.com>>; dluthey@gablelaw.com<mailto:dluthey@gablelaw.com>; Sawyer, Michael <msawyer@cov.com<mailto:msawyer@cov.com>>
Subject: RE: Draft Protective Order

Bob,

I am writing to follow-up on the emails below. Based on the discussion at the hearing last week, we understand that Castle Hill is willing to accept all of our proposed edits to the protective order with the exception of the two issues discussed below relating to the people who are allowed access to Confidential and Highly Confidential information.

It appears that we now have agreement on the issue of access to Highly Confidential information and we will include this in the next version of the protective order that is circulated.

With respect to access to Confidential information, particularly in light of the nature of the allegations in this case, we continue to believe it is unnecessary to allow five Castle Hill employees to access VGT's Confidential Information. As I am sure you understand, our client has legitimate concerns about permitting such access. In a previous email, we asked you to indicate how many people Castle Hill currently employs and to explain why you believe five employees need access, but you have not yet responded to those questions. As that information will help us better evaluate your position, we would appreciate it if you could provide the requested information. Moreover, one approach that may allow us to reach a compromise on this issue would be if Castle Hill would agree that no former VGT employees would be included among the Castle Hill employees who are allowed access to VGT's Confidential Information. Can you please let us know if such an approach would be acceptable to Castle Hill?

Best regards,

- Gary


From: Rubman, Gary
Sent: Tuesday, December 12, 2017 11:01 AM
To: 'Gill, Robert C.' <Robert.Gill@saul.com<mailto:Robert.Gill@saul.com>>; Flax, Sherry H.

<Sherry.Flax@saul.com<mailto:Sherry.Flax@saul.com>>; Schaufelberger, Thomas S. <tschauf@saul.com<mailto:tschauf@saul.com>>; jhodges@hodgeslc.com<mailto:jhodges@hodgeslc.com>
Cc: Swanson, Peter <pswanson@cov.com<mailto:pswanson@cov.com>>; Roman, Neil <nroman@cov.com<mailto:nroman@cov.com>>; dluthey@gablelaw.com<mailto:dluthey@gablelaw.com>; Sawyer, Michael <msawyer@cov.com<mailto:msawyer@cov.com>>
Subject: RE: Draft Protective Order

Bob,

Thank you for the email. We are conferring with our client and will be circling back to you with our response either later today or tomorrow morning.

- Gary


Gary Rubman

Covington & Burling LLP
One CityCenter, 850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5465 | grubman@cov.com<mailto:grubman@cov.com>
www.cov.com<http://www.cov.com>

[cid:image006.jpg@01D37911.269796B0]



From: Gill, Robert C. [mailto:Robert.Gill@saul.com]
Sent: Friday, December 08, 2017 6:29 PM
To: Rubman, Gary <grubman@cov.com<mailto:grubman@cov.com>>; Flax, Sherry H. <Sherry.Flax@saul.com<mailto:Sherry.Flax@saul.com>>; Schaufelberger, Thomas S. <tschauf@saul.com<mailto:tschauf@saul.com>>; jhodges@hodgeslc.com<mailto:jhodges@hodgeslc.com>
Cc: Swanson, Peter <pswanson@cov.com<mailto:pswanson@cov.com>>; Roman, Neil <nroman@cov.com<mailto:nroman@cov.com>>; dluthey@gablelaw.com<mailto:dluthey@gablelaw.com>; Sawyer, Michael <msawyer@cov.com<mailto:msawyer@cov.com>>
Subject: Draft Protective Order


Gary,

We have considered your proposal to resolve the parties' dispute over access to confidential information under any protective order in this case by limiting access at Castle Hill to those persons who are deemed acceptable to plaintiff. We see no reason to deviate from the court's form order in this regard. The form order does not provide any such veto ability over access, and we are unwilling to grant that authority to our opponent in litigation. The form order provides for access to the parties, and we think that is not only appropriate, but necessary.

As for access to Highly Confidential information, we will agree that no party should have access, only outside counsel and attorneys and staff at their firms. We are willing to agree to outside counsel of record, with the understanding that any attorney, paralegal, secretary or other employee or independent contractor from the outside counsel firm can view highly confidential information.

If you agree, please send me a draft that incorporates these edits for my review. If there is a point in here that is unacceptable to you, please send me your proposed draft anyway so we can narrow the dispute for the court to resolve.

Thank you.

Bob


"Saul Ewing Arnstein & Lehr LLP (saul.com<http://saul.com>)" has made the following annotations:
+~~~~~~~~~~~~~~~~~~~~~~~~~+

This e-mail may contain privileged, confidential, copyrighted, or other legally protected information. If you are not the intended recipient (even if the e-mail address is yours), you may not use, copy, or retransmit it. If you have received this by mistake please notify us by return e-mail, then delete.
+~~~~~~~~~~~~~~~~~~~~~~~~~+