# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| VIDEO GAMING TECHNOLOGIES, INC. | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| CASTLE HILL STUDIOS LLC d/b/a | * | |
| CASTLE HILL GAMING, | * | |
| | * | Case No. 17-CV-454-GKF-JFJ |
| and | * | |
| | * | |
| CASTLE HILL HOLDINGS LLC d/b/a | * | |
| CASTLE HILL GAMING, | * | |
| | * | |
| and | * | |
| | * | |
| IRONWORKS DEVELOPMENT LLC d/b/a | * | |
| CASTLE HILL GAMING, | * | |
| | * | |
| Defendants. | * | |

## ANSWER

Defendants, Castle Hill Studios LLC d/b/a Castle Hill Gaming, Castle Hill Holding LLC d/b/a Castle Hill Gaming, and Ironworks Development, LLC d/b/a Castle Hill Gaming (hereinafter collectively "Castle Hill" or "Defendants"), by and through their undersigned counsel, file this Answer to the Complaint of Plaintiff, Video Gaming Technologies, Inc. (hereinafter "VGT" or "Plaintiff"), and deny each and every allegation in Plaintiff's Complaint unless specifically admitted herein, and in further support thereof aver as follows:

## NATURE OF THE ACTION

1.    Paragraph 1 is a preliminary statement constituting legal conclusions to which no response is required. To the extent a response is required, the averments set forth in Paragraph 1

are denied. Responding further, it is specifically denied that Plaintiff is entitled to any of the relief requested in its Complaint.

2. Castle Hill admits only that it distributes Class II bingo-based games and that some of its founders and employees were formerly employed by Plaintiff. Castle Hill is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in Paragraph 2 of Plaintiff's Complaint and denies same.

3. Castle Hill denies the averments set forth in Paragraph 3.

4. Paragraph 4 of Plaintiff's Complaint constitute conclusions of law to which no response is required. To the extent a response is required, the averments are denied.

## THE PARTIES

5. Castle Hill is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 5 and denies same.

6. Admitted.

7. Admitted with the exception that Castle Hill Holding's correct address is 1807 Seminole Trail, Suite 204, Charlottesville, VA.

8. Admitted.

## JURISDICTION AND VENUE

9. Paragraph 9 contains legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

10. Paragraph 10 contains legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

11. Paragraph 11 contains legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

## **FACTS**

12. Castle Hill is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 12 and denies same.

13. Castle Hill is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 13 and denies same.

14. Castle Hill is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 14 and denies same.

15. Castle Hill is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 15 and denies same.

16. Castle Hill is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 16 and denies same.

17. Paragraph 17 contains legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

18. Castle Hill is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 18 and denies same.

19. Paragraph 19 and its subparts contain legal conclusions and refer to documents, the contents of which speak for themselves, and therefore no response is required. To the extent a response is required, Castle Hill is without knowledge or information sufficient to form a belief as to the truth of the number of Plaintiff's federal trademark registrations and applications and whether or how Plaintiff allegedly uses such trademarks in connection with the VGT 3-Reel Mechanical Games, and denies same.

20. Paragraph 20 contains legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

21. Paragraph 21 contains legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

22. Paragraph 22 contains legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

23. Paragraph 23 contains legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

24. Paragraph 24 contains legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

25. Paragraph 25 contains legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

26. Paragraph 26 contains legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

27. Paragraph 27 contains legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

28. Paragraph 28 contains legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

29. Paragraph 29 contains legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

30. Paragraph 30 contains legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

31. Paragraph 31 contains legal conclusions to which no response is required. To the extent a response is required, the averments concerning Plaintiff's alleged trade dress are denied.

Castle Hill is without knowledge or information sufficient to form a belief as to whether Plaintiff's games have a theme, and denies same.

32. Castle Hill is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 32 and denies same.

33. Castle Hill is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 33 and denies same.

34. Castle Hill is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 34 and denies same.

35. Castle Hill is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 35 and denies same.

36. Paragraph 36 contains legal conclusions to which no response is required. To the extent a response is required, the averments concerning Plaintiff's alleged trademarks and trade dress are denied. Castle Hill is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in Paragraph 36 and denies same.

37. Castle Hill is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 37 and denies same.

38. Castle Hill is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 38 and denies same.

39. Castle Hill is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 39 and denies same.

40. Paragraph 40 contains legal conclusions to which no response is required. To the extent a response is required, the averments set forth in Paragraph 40 are denied.

41. Paragraph 41 contains legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

42. Castle Hill is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 42 and denies same.

43. Castle Hill is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 43 and denies same.

44. Castle Hill is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 44 and denies same.

45. Paragraph 45 contains legal conclusions to which no response is required. To the extent a response is required, the averments concerning the economic value of Plaintiff's alleged trade secrets are denied. Castle Hill is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in Paragraph 45 and denies same.

46. Castle Hill is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 46 and denies same.

47. The averments set forth in Paragraph 47 of Plaintiff's Complaint refer to a document, the contents of which speak for itself, and therefore no response is required. To the extent a response is required, Castle Hill is without knowledge or information sufficient to form a belief as to the truth of the averments and denies same.

48. Paragraph 48 contains legal conclusions to which no response is required. To the extent a response is required, the averments set forth in Paragraph 48 are denied.

49. Denied as stated. It is admitted only that Castle Hill is a developer of casino games. Castle Hill is without knowledge or information sufficient to form a belief as to the truth of the remaining averments and denies same.

50. Castle Hill admits that some of its founders were formerly employed by VGT and that some of its current employees were formerly employed by VGT.

51. Admitted, except to the extent that the attached Exhibit 2 is a document for which speaks for itself and for which no response is required.

52. Paragraph 52 refers to a document, the contents of which speak for itself, and therefore no response is required. To the extent a response is required, the averments set forth in Paragraph 52 are denied.

53. Paragraph 53 refers to a document, the contents of which speak for itself, and therefore no response is required. To the extent a response is required, the averments set forth in Paragraph 53 are denied.

54. Paragraph 54 refers to a document, the contents of which speak for itself, and therefore no response is required. To the extent a response is required, the averments set forth in Paragraph 54 are denied.

55. Paragraph 55 refers to a document, the contents of which speak for itself, and therefore no response is required. To the extent a response is required, the averments set forth in Paragraph 55 are denied.

56. Paragraph 56 refers to a document, the contents of which speak for itself, and therefore no response is required. To the extent a response is required, the averments set forth in Paragraph 56 are denied.

57. Paragraph 57 refers to a document, the contents of which speak for itself, and therefore no response is required. To the extent a response is required, the averments set forth in Paragraph 57 are denied.

58. Paragraph 58 refers to a document, the contents of which speak for itself, and therefore no response is required. To the extent a response is required, the averments set forth in Paragraph 58 are denied.

59. Denied as stated. Castle Hill admits that other Castle Hill employees were formerly employed by VGT but denies that these employees "left VGT to work for CHG."

60. Paragraph 60 contains legal conclusions to which no response is required. To the extent a response is required, the averments set forth in Paragraph 60 are denied.

61. Admitted in part; denied in part. Castle Hill admits that it began referring to four games on its website located at www.castlehillgaming.com in or around March 2015. The remaining averments set forth in Paragraph 61 are denied.

62. Admitted in part; denied in part. Castle Hill admits that it used commercially available gaming cabinets known as "Atlas" and that these cabinets are distinguishable from Plaintiff's gaming cabinets. The remaining averments set forth in Paragraph 62 are denied.

63. Denied as stated. Castle Hill admits that its early games were classified as Class III and that these games are distinguishable from Plaintiff's games. The remaining averments set forth in Paragraph 63 are denied.

64. Castle Hill is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 64 and denies same.

65. Admitted in part; denied in part. Castle Hill admits that it began offering Class II games between March 2015 and June 2016. The remaining averments set forth in Paragraph 65 are denied.

24254127.1 01/17/2018

66. Admitted in part; denied in part. Castle Hill admits that it has launched at least twenty-four Class II bingo-based games since March 2015 but denies that they use the same cabinet as the VGR 3-Reel Mechanical Games.

67. Denied.

68. Admitted in part; denied in part. Castle Hill admits that it has developed a game called "Welcome to Nugget Mountain." To the extent that the averments contained in Paragraph 68 relate to an attached exhibit, the document speaks for itself and no response is required. The remaining averments set forth in Paragraph 68 are denied.

69. Admitted in part; denied in part. Castle Hill admits that it has developed a game called "New Money." To the extent that the averments contained in Paragraph 69 relate to an attached exhibit, the document speaks for itself and no response is required. The remaining averments set forth in Paragraph 69 are denied.

70. Admitted in part; denied in part. Castle Hill admits that it has developed a game called "Arctic Cash." To the extent that the averments contained in Paragraph 70 relate to an attached exhibit, the document speaks for itself and no response is required. The remaining averments set forth in Paragraph 70 are denied.

71. Admitted in part; denied in part. Castle Hill admits that it has developed a game called "Arctic Ice." To the extent that the averments contained in Paragraph 71 relate to an attached exhibit, the document speaks for itself and no response is required. The remaining averments set forth in Paragraph 71 are denied.

72. Paragraph 72 contains legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

-9-
24254127.1 01/17/2018

73. Admitted in part; denied in part. Castle Hill's Class II games are produced in both the Atlas gaming cabinet and the Retro gaming cabinet. The remaining averments set forth in Paragraph 73 are denied.

74. Paragraph 74 contains legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

75. Paragraph 75 contains conclusions of law to which no response is required. To the extent a response is required, the averments are denied.

76. Paragraph 76 contains legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

77. Paragraph 77 contains legal conclusions to which no response is required. To the extent a response is required, Castle Hill denies that the award sounds of Defendants' games is "nearly identical" to Plaintiff's award sounds. Castle Hill is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in Paragraph 77 and denies same.

78. Paragraph 78 contains legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

79. Paragraph 79 contains legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

80. Admitted in part; denied in part. It is admitted only that some of Castle Hill's games incorporate bonus features, including an instant free pay feature. The remaining averments set forth in Paragraph 80 contain legal conclusions to which no response is required. To the extent a response is required, the remaining averments are denied.

81. Paragraph 81 contains legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

82. Paragraph 82 contain legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

83. Paragraph 83 constitute conclusions of law to which no response is required. To the extent a response is required, the averments are denied.

84. Paragraph 84 contains legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

85. Castle Hill is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 85 and denies same.

86. Castle Hill is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 86 and denies same.

87. Denied.

88. Paragraph 88 contains legal conclusions to which no response is required. To the extent a response is required, Castle Hill admits that it continues to develop and distribute its products and that it has registered the mark AMAZING CHERRY, Reg. No. 5341197, but expressly denies that its products are infringing. The remaining averments refer to a document, the contents of which speak for itself and require no response.

89. Paragraph 89 contains legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

90. Castle Hill categorically denies that it has copied VGT's Marks and Trade Dress. Castle Hill is without knowledge or information sufficient to form as belief as to whether instances of actual confusion have occurred and denies same.

91. Paragraph 91 refers to a document, the contents of which speak for itself and no response is required. To the extent a response is required, the averments are denied.

92. Paragraph 92 refers to a document, the contents of which speak for itself and no response is required. To the extent a response is required, the averments are denied.

93. Paragraph 93 contains legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

94. Castle Hill admits that some of its officials and employees were formerly employed by VGT but denies that they "left VGT to work for CHG."

95. Paragraph 95 contains legal conclusions of law to which no response is required. To the extent a response is required, the averments and implications regarding the existence of Plaintiff's alleged trade secrets are denied. Castle Hill is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in Paragraph 95 and denies same.

96. Paragraph 96 contains legal conclusions of law to which no response is required. To the extent a response is required, the averments and implications regarding the existence of Plaintiff's alleged trade secrets are denied. Castle Hill is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in Paragraph 96 and denies same.

97. Castle Hill is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 97 and deny same.

98. Paragraph 98 contains legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

99. Paragraph 99 contains legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

100. Paragraph 100 contains legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

## COUNT I
### Federal Trademark Infringement in Violation of Section 32 of the Lanham Act

101. Paragraphs 1 through 100 are incorporated by reference as if fully set forth herein.

102. Paragraph 102 contain legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

103. Paragraph 103 contain legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

104. Paragraph 104 contain legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

105. Paragraph 105 contain legal conclusions to which no response is required. To the extent a response is required, the averments are denied

## COUNT II
### Unfair Competition and Trade Dress Infringement for Product Packaging in Violation of Section 43(a) of the Lanham Act

106. Paragraphs 1 through 105 are incorporated by reference as if fully set forth herein.

107. Paragraph 107 contain legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

108. Paragraph 108 contain legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

109. Paragraph 109 contain legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

110. Paragraph 110 contain legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

### COUNT III
### Unfair Competition, Trade Dress Infringement, and Trademark Infringement in Violation of the Oklahoma Deceptive Practices Act

111. Paragraphs 1 through 110 are incorporated by reference as if fully set forth herein.

112. Paragraph 112 contains legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

113. Paragraph 113 contains legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

114. Paragraph 114 contains legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

115. Paragraph 115 contains legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

### COUNT IV
### Unfair Competition, Trade Dress Infringement, and Trademark Infringement under Common Law

116. Paragraphs 1 through 115 are incorporated by reference as if fully set forth herein.

117. Paragraph 117 contains legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

118. Paragraph 118 contains legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

119. Paragraph 119 contains legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

120. Paragraph 120 contains legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

### COUNT V
### Misappropriation of Trade Secrets in Violation of the Oklahoma Uniform Trade Secrets Act

121. Paragraphs 1 through 120 are incorporated by reference as if fully set forth herein.

122. Paragraph 122 contains legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

123. Paragraph 123 contains legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

124. Paragraph 124 contains legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

125. Paragraph 125 contains legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

126. Paragraph 126 contains legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

127. Paragraph 127 contains legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

128. Paragraph 128 contains legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

129. Paragraph 129 contains legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

130. Paragraph 130 contains legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

## COUNT VI
## Misappropriation of Confidential Business Information in Violation of Common Law

131. Paragraphs 1 through 130 are incorporated by reference as if fully set forth herein. Paragraph 131 contains legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

132. Paragraph 132 contains legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

133. Paragraph 133 contains legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

134. Paragraph 134 contains legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

135. Paragraph 135 contains legal conclusions to which no response is required. To the extent a response is required, the averments are denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred by the applicable statutes of limitation.

3. Plaintiff's claims are barred or reduced by the doctrines of estoppel, laches, unclean hands, consent, acquiescence, and/or waiver.

4. Plaintiff's claims are barred or reduced because Defendants have the exclusive right to use their registered marks in commerce in connection with the goods and services for which the marks are registered. These trademark registrations provide *prima facie* evidence of

the validity of Defendants' registered marks, Defendants' ownership of the marks, and Defendants' exclusive right to use their registered marks in commerce in connection with the goods and services for which the marks are registered. 15 U.S.C. § 1057(b).

5. Plaintiff's claims are barred or reduced because Defendants' conduct was privileged, proper, justified, or performed in the exercise of an absolute right.

6. Plaintiff fails to state a claim upon which relief can be granted because it does not have a protectable interest in its asserted trade dress. Plaintiff's alleged trade dress is not entitled to protection because it is not distinctive and because Plaintiff has not established that its alleged trade dress has secondary meaning.

7. Plaintiff fails to state a claim upon which relief can be granted because it does not have a protectable interest in its asserted trade dress. Plaintiff's alleged trade dress is not entitled to protection because it is functional.

8. Plaintiff fails to state a claim upon which relief can be granted because it has not made allegations sufficient to prove that Defendants' products are likely to cause consumer confusion.

9. Plaintiff's claims are barred or reduced because Plaintiff failed to give actual or constructive notice of its registrations. Plaintiff failed to display the requisite markings or symbols, and Defendants did not have actual notice of Plaintiff's registrations. Accordingly, no profits and no damages can be recovered. 15 U.S.C. § 1111.

10. Plaintiff's claims are barred or reduced by the doctrine of preemption.

11. Plaintiff fails to state a claim upon which relief can be granted because Defendants' games were independently developed.

12. Plaintiff's claims are barred or reduced because Plaintiff's alleged trade secrets and/or confidential information is part of the public domain.

13. Plaintiff's claims are barred or reduced based on the doctrine of reverse engineering.

14. Plaintiff's claims are barred or reduced because Plaintiff failed to take reasonable measures to keep its alleged trade secrets and/or confidential information secret and/or confidential.

15. Plaintiff's claims are barred or reduced by Plaintiff's own bad faith pursuant to the Oklahoma Deceptive Trade Practices Act.

16. Plaintiff's claims are barred or reduced by Plaintiff's own bad faith pursuant to the Oklahoma Uniform Trade Secrets Act.

17. Plaintiff's claims are barred or reduced because Plaintiff has not suffered any damages or harm from Defendants' actions as alleged in the Complaint.

18. Plaintiff's claims are barred or reduced by Plaintiff's failure to mitigate its alleged damages.

19. Defendants expressly reserve the right to supplement their Affirmative Defenses up to and including at the time of trial.

WHEREFORE Defendants, Castle Hill Studios LLC d/b/a Castle Hill Gaming, Castle Hill Holding LLC d/b/a Castle Hill Gaming, and Ironworks Development, LLC d/b/a Castle Hill Gaming respectfully request that the claims against them be dismissed, with prejudice; that the Court award Defendants their reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117, the Oklahoma Deceptive Trade Practices Act, the Oklahoma Uniform Trade Secrets Act, and other applicable laws; and that the Court award such other relief that the Court may deem just

24254127.1 01/17/2018

and proper.

## DEMAND FOR JURY TRIAL

Defendants demand a trial by jury on all counts so triable.

Dated:   January 17, 2018                           Respectfully submitted,

                 /s/ *James C. Hodges*
James C. Hodges, OBA #4254
JAMES C. HODGES, P.C.
2622 East 21st Street, Suite 4
Tulsa, OK 74114
(918) 779-7078
(918) 770-9779 facsimile
jhodges@hodgeslc.com

Robert C. Gill (admitted *pro hac vice*)
Thomas S. Schaufelberger (admitted *pro hac vice*)
Matthew J. Antonelli (admitted *pro hac vice*)
SAUL EWING ARNSTEIN & LEHR LLP
1919 Pennsylvania Avenue, NW, Suite 550
Washington, D.C. 20006
(202) 295-6605
(202) 295-6705 facsimile
robert.gill@saul.com
tschauf@saul.com
matt.antonelli@saul.com

Sherry H. Flax (admitted *pro hac vice*)
SAUL EWING ARNSTEIN & LEHR LLP
500 E. Pratt Street, Suite 900
Baltimore, MD 21202
(410) 332-8764
(410) 332-8785 facsimile
sherry.flax@saul.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that on this 17th day of January 2018, a true and correct copy of the **Answer** was served via the ECF System on:

Graydon Dean Luthey, Jr., OBA #5568
GABLE GOTWALS
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, OK 74103-4217
(918) 595-4821
(918) 595-4990 facsimile
dluthey@gablelaw.com


Neil K. Roman (admitted *pro hac vice*)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
(212) 841-1221
(212) 841-1010 facsimile
nroman@cov.com

Gary M. Rubman (admitted *pro hac vice*)
Peter A. Swanson (admitted *pro hac vice*)
Michael S. Sawyer (admitted *pro hac vice*)
Rebecca B. Dalton (admitted *pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, D.C. 20001-4956
(202) 662-6000
(202) 778-5465 facsimile
grubman@cov.com
pswanson@cov.com
msawyer@cov.com
rdalton@cov.com


            */s/ James C. Hodges*
                James C. Hodges