**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| VIDEO GAMING TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CASTLE HILL STUDIOS LLC, *et al.* <br><br> Defendants. | <br><br><br><br><br><br> CASE NO. 17-CV-00454-GKF-JFJ |

**DEFENDANTS' MOTION TO EXTEND SCHEDULING ORDER DEADLINES**

Defendants Castle Hill Studios, LLC, Castle Hill Holding, LLC and Ironworks Development, LLC (collectively, "CHG") move for a ninety (90) day extension of all deadlines set forth in the Court's Scheduling Order (Doc. 57). While the parties have diligently worked toward the current April 13, 2018 fact discovery deadline, the anticipated discovery which remains cannot reasonably be completed by the current cutoff date. Respectfully, CHG requests that the Court extend all deadlines in the current Scheduling Order.

1. Plaintiff, Video Gaming Technologies, Inc. ("VGT") filed its Complaint on August 4, 2017. *See* Doc. 1.

2. The parties began their discovery efforts shortly thereafter, even before CHG filed its responsive pleading. Castle Hill Studios, LLC served its First Set of Interrogatories and First Set of Request for Production of Documents and Things on September 25, 2017. Likewise, VGT served CHG with its First Set of Interrogatories and First Set of Request for Production of Documents and Things on September 25, 2017.

3. Pursuant to agreement amongst counsel, both parties exchanged initial discovery responses on November 22, 2017.

1

4. Since that time, VGT has served its Second, Third, Fourth, and Fifth Sets of Requests for Production of Documents, its First Set of Requests for Admissions, its Second and Third Sets of Interrogatories, and a Notice of Inspection, to which CHG has and continues to respond. CHG has served its Second Set of Interrogatories and Second Set for Requests for Production of Documents.

5. The parties have and continue to produce, collectively, thousands of pages of written documents, including thousands of emails produced by CHG. To date, CHG alone has produced more than 70,000 pages of Bates stamped documents.

6. Further, both VGT and CHG have served supplemental Objections and Responses to each other's discovery requests, and have indicated to one another that they intend to continue supplementing their responses and continue producing documents on a rolling basis.

7. The parties have, collectively, served seventeen (17) notices of deposition, but only two (2) depositions having taken place thus far, and numerous other depositions are currently being scheduled. Neither party's corporate representative has been deposed.

8. Moreover, the parties are currently engaged in several discovery disputes regarding alleged deficiencies in each parties' discovery responses. The parties are attempting to resolve these disputes in good faith through written correspondence and the meet and confer process without requesting Court intervention. However, the back-and-forth demands for supplementation of discovery requests and explanations of each parties' positions (much like it would through a formal process with the Court) has taken considerable time. The parties plan to meet and confer during the week of March 5, 2018 and anticipate supplementing their discovery responses based on any agreements reached during this meeting. Further discovery requests and

deposition notices are likely to be propounded when the discovery information is received from the opposing party.

9. On October 6, 2017, the parties submitted a Joint Status Report to the Court in which they jointly requested a proposed discovery cutoff of June 22, 2018.

10. On January 4, 2018, the Court entered the current Scheduling Order, which set a fact discovery cutoff date of April 13, 2018.

11. At this point, although the parties have exchanged significant written discovery and have noticed over a dozen depositions, it is anticipated that supplemental written discovery and numerous depositions will still take place. Indeed, by way of example, on February 16, 2018, per the Scheduling Order, the Parties each served their Preliminary Witness and Exhibit Lists, in which they collectively listed over eighty (80) potential witnesses for trial. So far, only 17 total depositions have been scheduled, and the parties have agreed to 25 depositions per side. With the possibility of many depositions left to come and the production of documents incomplete, the current deadlines are unworkable.

12. Discovery in this case is further complicated by the locations of the parties and the witnesses. VGT's corporate headquarters are in Nashville, Tennessee, and CHG's headquarters are in Charlottesville, Virginia. Meanwhile, the casinos at issue in this case are located in Oklahoma. Lead trial counsel for both parties is located in Washington, D.C.

13. Depositions have thus far been conducted in Charlottesville and Richmond, Virginia; however, in addition to more depositions to be conducted in Virginia, the parties anticipate needing to travel to Pennsylvania, Michigan, South Carolina, Oklahoma, Georgia, and Tennessee to complete the necessary depositions of important fact witnesses.

14. This is a complex case in which VGT alleges that CHG has infringed and/or misappropriated its trademarks, trade dress, trade secrets, and confidential business information. VGT has identified almost twenty (20) of its own games and more than twenty (20) of CHG's games as relevant to this dispute. While certain of VGT's allegations impact multiple games, many of its allegations are game-specific and thus require discovery regarding the specific features of each individual game. This process requires considerable time.

15. Moreover, the parties anticipate retaining multiple experts to address the various issues in this case. These experts will include, among other things, technical experts who must analyze the source code for each of the games at issue for both parties, and financial damages experts. At this time, neither party has completed production of financial information.

16. Given the complexity of the issues and the number of experts it is anticipated that each party will utilize, the current expert witness discovery period does not provide sufficient time to complete the drafting and exchange of multiple reports, opposition reports, and rebuttal reports, and to schedule and conduct expert depositions.

17. Accordingly, CHG respectfully requests that the Court extend the current discovery deadlines by ninety (90) days to allow the parties to continue their efforts to conduct discovery.

18. CHG further requests that the Court extend the expert discovery schedule to allow for additional time to serve initial expert disclosures and reports, opposition reports, and reply reports, and additional time to complete expert depositions.

19. This is the first request by either party to extend the deadlines set forth in the Scheduling Order.

20. Prior to filing this motion, on February 13, 2018 and March 2, 2018 counsel for CHG contacted counsel for VGT to seek VGT's consent to the relief requested in this Motion. VGT responded on March 5, 2018 that it did not oppose a request to extend deadlines by thirty (30) days, but would not consent to a ninety (90) day extension. After receiving CHG's request for consent to an extension, VGT served its Third Set of Interrogatories and Fifth Requests for Production. VGT stated that its consent to a thirty-day extension, but not to a ninety-day extension, was in part due to a concern about the existing trial date.

21. However, in light of the voluminous documents that have been and continue to be produced in this case, the fact that the parties have identified eighty (80) potential trial witnesses, and the many issues related to each of the more than twenty (20) CHG games that VGT has alleged in this matter, many of which will require detailed expert testimony, CHG believes that a three-day trial of this matter is unrealistic, and anticipates that trial will likely take several weeks to complete.

22. Accordingly, Defendants request that the Court modify the original Scheduling Order and issue new deadlines as follows:

| Date | Deadline |
|---|---|
| 7-12-2018 | Fact Discovery Cutoff |
| 8-3-2018 | Plaintiff/Defendants' Opening Expert Identification & Reports Under FRCP 26(a)(2) (Not Filed of Record) |
| 9-7-2018 | Plaintiff/Defendants' Opposition Expert Reports Under FRCP 26(a)(2) (Not Filed of Record) |
| 9-28-2018 | Plaintiff/Defendants' Reply Expert Reports Under FRCP 26(a)(2) (Not Filed of Record) |
| 10-31-2018 | Expert Discovery Cutoff (Interrogatories and Rule 34 requests must be made 30 days in advance of this date) |
| X | Settlement Conference Requested After 10-31-2018 |

| | |
|---|---|
| 11-14-2018 | Dispositive Motions and Daubert Motions |
| 11-14-2018 | Motions in Limine (Attorney meeting to resolve issues required before filing) |
| 1-28-2019 | Deposition/Videotaped/Interrogatory Designations (File pleading with deponent name, page and line designations) |
| 2-4-2019 | Counter-Designations (File pleading with deponent name, page and line designations) |
| 2-11-2019 | Transcripts Annotated with Objections & Briefs on Unusual Objections Filed (Attorney Meeting to resolve objections required before filing) |
| 2-___-2019 | Hearing on Dispositive Motions at _____ a.m./p.m. |
| 2-28-2019 | Pretrial Disclosure Under Federal Rule Civil Procedure 26(a)(3) |
| 3-7-2019 | Agreed Proposed Pretrial Order – Including Final Witness & Exhibit List with Objections |
| 3-___-2019 | Pretrial Conference at _____ a.m./p.m. |
| 3-___-2019 | Requested Jury Instructions, Requested Voir Dire & Trial Briefs |
| 3-___-2019 | TRIAL DATE: [X] JURY at _____ a.m./p.m. |

WHEREFORE, Defendants respectfully request that the Court extend the deadlines set forth in its initial Scheduling Order as set forth herein.

| | |
|---|---|
| Dated: March 5, 2018 | Respectfully submitted, |

*/s/ Robert C. Gill*
Robert C. Gill (admitted *pro hac vice*)
Thomas S. Schaufelberger (admitted *pro hac vice*)
Henry A. Platt (admitted *pro hac vice*)
Matthew J. Antonelli (admitted *pro hac vice*)
SAUL EWING ARNSTEIN & LEHR, LLP
1919 Pennsylvania Avenue, NW, Suite 550
Washington, D.C. 20006
(202) 295-6605
(202) 295-6705 (facsimile)
robert.gill@saul.com
tschauf@saul.com
henry.platt@saul.com
matt.antonelli@saul.com

Sherry H. Flax (admitted *pro hac vice*)
SAUL EWING ARNSTEIN & LEHR, LLP
500 E. Pratt Street, Suite 900
Baltimore, Maryland 21202
(410) 332-8764
(410) 332-8785 (facsimile)
sherry.flax@saul.com

Jeremy B. Darling (admitted *pro hac vice*)
SAUL EWING ARNSTEIN & LEHR, LLP
One PPG Place, Suite 3010
Pittsburgh, Pennsylvania 15222
(412) 209-2508
(412) 209-2592 (facsimile)
jeremy.darling@saul.com

James C. Hodges, OBA #4254
JAMES C. HODGES, P.C.
2622 East 21st Street, Suite 4
Tulsa, Oklahoma 74114
(918) 779-7078
(918) 770-9779 (facsimile)
JHodges@HodgesLC.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of March, 2018, I electronically transmitted the attached **DEFENDANTS' MOTION TO EXTEND SCHEDULING ORDER DEADLINES** documents to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Graydon Dean Luthey, Jr., OBA 5568
GABLE GOTWALS
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, OK 74103-4217
(918) 595-4821
(918) 595-4990 facsimile
dluthey@gablelaw.com
*Counsel for Video Gaming Technologies*

Gary M. Rubman
Peter Swanson
Michael Sawyer
Rebecca B. Dalton
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, D.C. 20001-4956
(202) 662-6000
(202) 778-5465 facsimile
grubman@cov.com
pswanson@cov.com
msawyer@cov.com
rdalton@cov.com
*Counsel for Video Gaming Technologies*

Neil K. Roman
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
(212) 841-1221
 (212) 841-1010 facsimile
nroman@cov.com
*Counsel for Video Gaming Technologies*

*/s/ Robert C. Gill*
Robert C. Gill