## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1) VIDEO GAMING TECHNOLOGIES, INC., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-cv-00454-GKF-jfj |
| | ) | |
| 1) CASTLE HILL STUDIOS LLC | ) | **REDACTED** |
| (d/b/a CASTLE HILL GAMING); | ) | |
| 2) CASTLE HILL HOLDING LLC | ) | |
| (d/b/a CASTLE HILL GAMING); and | ) | |
| 3) IRONWORKS DEVELOPMENT, LLC | ) | |
| (d/b/a CASTLE HILL GAMING) | ) | |
| | ) | |
| Defendants. | ) | |

## <u>PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT</u>

Pursuant to Federal Rules of Civil Procedure 15(a) and 16(b)(4) and Local Rule 7.2(l),

Plaintiff Video Gaming Technologies, Inc. ("VGT") moves the Court for leave to file a First

Amended Complaint.

VGT brought this action after Defendants—who employee numerous former employees

of VGT—began offering bingo-based gaming machines with a highly similar look, feel, and

gameplay as VGT's machines, which are widely popular across Oklahoma.  VGT's complaint

asserts claims for trademark and trade dress infringement under federal and state law, and for

misappropriation of trade secrets and confidential information under Oklahoma law.

After the deadline for amending the pleadings passed, Defendants provided discovery

revealing that Defendants have used and disclosed to a third party a highly valuable trade secret

of VGT's.  The trade secret concerns ███████████████████████████████████

███████████████████████████████████████████████.  Importantly, VGT's

proprietary algorithm 

After ████████████████████████████████████████, former VGT employees who now work for Defendants copied ████████████████████████ and submitted it to the testing lab.  Although this submission ███████████████████████████████ was covered by VGT's discovery requests served at the outset of this case—Defendants did not disclose it to VGT until March 2018, after the deadline for amending pleadings had passed.  Upon discovering this, VGT immediately notified Defendants, and VGT has requested that Defendants cease all use of this algorithm.  While Defendants claim they ███████████████████████████████, they have declined to promise that they will not use or disclose the algorithm.

Because Defendants' use and disclosure of the algorithm occurred outside the state of Oklahoma—and thus might not be covered by VGT's pending claim for misappropriation under Oklahoma law—VGT seeks to add claims for trade secret misappropriation under federal and Virginia law.  VGT has acted diligently on this issue, and there is no prejudice to Defendants.  Indeed, Defendants' counsel even agrees that these issues should "be adjudicated in the normal course of this action together with the other claims."  Ex. A, R. Gill email to M. Sawyer (May 9, 2018).[1]  Despite this admission, Defendants' counsel has indicated it would oppose this motion for leave to amend.

---

[1] All Exhibits are attached to the Declaration of Michael S. Sawyer in support of Plaintiff's Motion for Leave to File Amended Complaint ("Sawyer Decl.").

For the reasons discussed herein, VGT respectfully requests that the Court grant VGT leave to file the First Amended Complaint.[2]

I.    STATEMENT OF FACTS

    A.    **VGT Promptly Sought Trade Secret Discovery, Including Source Code and Testing Lab Submissions.**

On August 4, 2017, VGT filed the present action against Defendants asserting, *inter alia*, a claim for trade secret misappropriation under the Oklahoma Uniform Trade Secrets Act.  Dkt. No. 2 at 25-26.

VGT promptly requested that Defendants produce "[a]ll versions of source code ever deployed on or tested with," the accused games, as well as any "regulatory or compliance submissions" to a "third-party testing organization" regarding the accused games.  *See* Ex. B, VGT RFP Nos. 1, 6.[3]  But Defendants delayed producing their code and regulatory submissions for over three months by refusing to negotiate a protective order that would permit the exchange of confidential information, including source code.[4]

Shortly after the Court entered the Protective Order (Dkt. No. 55), VGT identified its trade secrets and produced highly confidential documents, including source code, so that trade secret discovery could proceed.  VGT's trade secret identification enumerated, *inter alia*, trade secrets in ████████████████████████████, with citations to confidential VGT documents that describe this algorithm.  *E.g.*, Ex. C, VGT's First Supplemental Response to

---

[2] The proposed First Amended Complaint is attached as Appendix 1, and a version showing the differences from the original, operative complaint (Dkt. No. 2) is attached as Appendix 2.

[3] These requests were served one business day after the parties' Rule 26(f) conference.

[4] Defendants' refusal to negotiate a protective order forced VGT to file an opposed motion to enter a protective order on November 14, 2017.  Dkt. No. 47.  After a hearing before Magistrate Judge Jayne, the Court entered a Protective Order governing the exchange of confidential information on December 22, 2017.  Dkt. No. 55.

Interrogatory No. 4 ███████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████

███████████████ .

Defendants produced certain source code and regulatory submissions in January 2018.

And Defendants represented that their January productions contained ████████████

██████████████████████████████████████████████████ Ex.

D, Defendants' Second Supplemental Response to Interrogatory No. 11.  But it turns out that

Defendants' production was incomplete.

> **B.     Defendants Failed To Disclose Source Code And Testing Lab Submissions Until After The Deadline For Amending The Complaint Had Passed.**

On January 4, 2017, the Court entered the initial Scheduling Order setting a February 2,

2018 deadline for amendment to the pleadings.  Dkt. No. 57.

Six weeks after that deadline passed, Defendants produced a document indicating that

they had submitted a different set of source code to a testing lab ████████ .  Ex. E,

CHG0089317, 320.  This document (████████████████████) further indicates that the

new code includes an algorithm ████████████████████████████████

███████████████████████████████ .  *Compare id.*, *with* Ex. F,

VGT0001813, 1820, 1831; *see also* Ex. G, M. Sawyer Letter to R. Gill (Apr. 11, 2018).

> **C.     Defendants Misappropriated VGT's Algorithm After** ██████████████████████
> ██████████████████████ .

Additional discovery revealed that Defendants copied ██████████████████

███████████████████████████████████████████

██████████████████████████████████████████████ .  *See*

Ex. H, CHG0089197. ████████████████████████████████████

███████████████████████ But, as one witness admitted, ███████████

██████████████████████████████████████████ Ex. I,

Scheiner Dep. Tr. 250:5–7. ████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████

████████ *Id.* at 233:20–235:11; Ex. J, Roireau Rough Dep. Tr. 289:16–290:6.

Defendants do not dispute the remarkable similarity between the two algorithms.[5] *See*

Ex. K, M. Antonelli Letter to M. Sawyer (Apr. 3, 2018); Ex. L, R. Gill Letter to M. Sawyer (Apr.

9, 2018); Ex. M, R. Gill Letter to M. Sawyer (Apr. 14, 2018).  And the employees who

███████████████████████████████████████████████████████

██████████████████████████.[6]

Although Defendants contend that VGT's algorithm is not a trade secret, Defendants

have been unable to point to any evidence that the algorithm is publicly known.  *Compare* Ex.

M, R. Gill Letter to M. Sawyer (Apr. 14, 2018), *with* Ex. N, M. Sawyer Letter to R. Gill (Apr.

---

[5] 

[6] Defendants initially asserted that they "independently developed" the algorithm, but they have backtracked from this (implausible) claim.  *Compare* Ex. L, R. Gill Letter to M. Sawyer (Apr. 9, 2018), *with* Ex. M, R. Gill Letter to M. Sawyer (Apr. 14, 2018).

25, 2018).  And, despite claiming that the algorithm is not a VGT trade secret, Defendants have

stated that ████████████████████████████████████████████████████

██████████.

### D.   VGT Promptly Requested That Defendants Cease All Use Of VGT's Algorithm.

Just one week after Defendants' disclosure of this algorithm, VGT requested that

Defendants produce all versions of source code and communications that had been submitted to

the █████████████.  Ex. O, M. Sawyer Letter to M. Antonelli (Mar. 22, 2018).  Defendants

did not produce any such code or communications until April 13, 2018.  Sawyer Decl. ¶17.  The

April 13 production revealed that Defendants had made ████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████.  Ex. P, CHG095379–

95390.

VGT also requested that Defendants cease all use of the algorithm and withdraw the

algorithm from any third-party testing companies.  *See* Ex. Q, M. Sawyer Letter to M. Antonelli

(Apr. 5, 2018).  At first, Defendants stated that they did not "intend to deploy" the algorithm, yet

they continued ████████████████████████████.  *See* Ex. L, R. Gill

Letter to M. Sawyer (Apr. 9, 2018); Ex. M, R. Gill Letter to M. Sawyer (Apr. 14, 2018); Ex. I,

Scheiner Dep. Tr. 236:5–12.  On May 15, however, an officer of Defendants testified that ████

████████████████████████████████████████████████████

█████████████  Ex. J, Roireau Rough Dep. Tr. 284:9–285:9.  VGT has requested

communications with the testing lab about ██████████████████████████████

but Defendants have yet to agree to provide those materials.  Defendants have also not agreed

that they will never again use or disclose the algorithm, or even to forgo further use pending the resolution of this litigation.

> **E.    The Nature Of Defendants' Belatedly Disclosed Misappropriation Requires Amending The Complaint.**

VGT's claim for trade secret misappropriation under Oklahoma law may not encompass Defendants' misappropriation of VGT's ████████████ algorithm, because Defendants claim that they ██████████████████████████████████. However, discovery thus far has indicated that Defendants' use, disclosure or storage of that algorithm has occurred in and across numerous other jurisdictions, including Virginia, ████████████ ███████. Ex. I, Scheiner Dep. Tr. 215:7–217:19.

Accordingly, VGT seeks to add a claim for trade secret misappropriation under the recently enacted federal trade secret statute, the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836 *et seq.* Defendants' conduct gives rise to a claim under the DTSA because the algorithm relates to products used in interstate commerce (VGT's bingo-based games), and Defendants began using the algorithm in ████████████ after the effective date of the DTSA. Ex. I, Scheiner Dep. Tr. 209:24–210:8. VGT also seeks to add a claim for trade secret misappropriation under Virginia law, as Defendants' principal place of business and primary development location is Virginia.

VGT informed Defendants on May 9 that it would be seeking leave to amend its complaint to assert claims for trade secret misappropriation under federal and Virginia law. Defendants declined to give their position until May 18, when counsel for Defendants stated they would oppose the motion, Ex. A, R. Gill Email to P. Swanson (May 18, 2018), contrary to counsel's previous assertion that the issue should "be adjudicated in the normal course of this action together with the other claims." Ex. A, R. Gill email to M. Sawyer (May 9, 2018).

## II.    ARGUMENT

In the Tenth Circuit, a party seeking leave to amend after the scheduling order deadline "must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n,* 771 F.3d 1230, 1240 (10th Cir. 2014).

### A.    CHG's Belated Disclosure Of Its ███████████████████ Provides Good Cause To Amend The Schedule Under Rule 16.

A scheduling order may be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16's good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014); *see also Bales v. Green*, No. 16-CV-106-GKF-JFJ, 2018 WL 840762, at *1 (N.D. Okla. Feb. 13, 2018) ("Good cause may be satisfied through the discovery of new information.").

VGT has good cause to amend because Defendants did not disclose the existence of their copied ████████████████ until March 15, 2018, more than a month after the deadline for amending the complaint had passed.  Courts in this district have previously found good cause where "the proposed amendment was based on evidence gathered during discovery and after the deadline in the scheduling order to file a motion to amend had expired." *Rodgers v. Beechcraft Corp.*, No. 15-CV-0129-CVE-PJC, 2016 WL 3951155, at *3 (N.D. Okla. July 20, 2016).

VGT discovered this new information through diligent efforts.  VGT could not have known about these particular acts of misappropriation until Defendants' disclosure of the documents evidencing the misappropriation in March 2018.  And VGT notified Defendants of this issue within one week of the production of these documents.  Since that time, the parties

have exchanged several communications on the issue, and VGT has taken discovery, including multiple depositions, to confirm the basis for its claims.

This Court has previously granted motions for leave to amend in similar situations. For example, in *Bales*, the Court granted a motion for leave to amend the pleadings filed "within one hundred (100) days of" an underlying change in the law "and over four months prior to the scheduled trial." 2016 WL 3951155, at *2. Because VGT has filed its motion for leave to amend even more quickly and with more than eight months before the scheduled trial date, VGT's motion for leave to amend should be granted. *See Smart Kids, L.L.C. v. King*, No. 15-CV-21-GKF-PJC, 2015 WL 13425119, at *1 (N.D. Okla. Oct. 1, 2015) (granting motion for leave to amend based upon new information obtained during discovery because there was no prejudice to the moving party).

**B.    Amendment Is In The Interests Of Justice**

Under Rule 15(a), the Court "should freely give leave" to amend pleadings "when justice so requires." "The liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits." *Calderon v. Kan. Dep't of Soc. and Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999). The Tenth Circuit has held that "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (internal quotation omitted). "The district court has wide discretion to recognize a motion for leave to amend in the interest of a just, fair or early resolution of litigation." *Id.*

None of the grounds for refusing leave to amend apply here.

VGT has timely brought this motion after diligent discovery efforts to uncover the scope of Defendants' misappropriation. VGT requested Defendants' source code as soon as it was able to after the Rule 26(f) conference. But Defendants refused to provide the pertinent source code for nearly six months. VGT had to bring a motion for entry of a protective order and to compel the production of source code in November 2017, which ultimately resulted in Defendants producing their initial set of source code in January. VGT continued to press for document production, which revealed on March 15 that, contrary to Defendants' claims, it had not produced all its source code. After several letters, Defendants finally produced additional source code on April 13. After deposing Defendants' witnesses between April 19 and May 15 about the development of that code, VGT brought this motion. *See Caves v. Beechcraft Corp.*, No. 15-CV-0125-CVE-PJC, 2015 WL 8491022, at *3 (N.D. Okla. Dec. 10, 2015) (explaining that it is "reasonable for plaintiff's counsel to seek additional information from defense counsel before filing a motion to amend").

Defendants will not be unduly prejudiced by the amendment. "Typically, courts will find prejudice only when an amendment unfairly affects non-movants in terms of preparing their response to the amendment." *Bylin*, 568 F.3d at 1229 (internal quotations omitted). In this context, prejudice "[m]ost often [] occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006). VGT's proposed amended claims arise out of the same subject matter that was set forth in the original complaint: the misappropriation of trade secrets related to bingo-based games by former VGT employees now working for Defendants. Indeed, counsel for Defendants has even suggested this issue should

"be adjudicated in the normal course of this action together with the other claims." Ex. A, R. Gill email to M. Sawyer (May 9, 2018).

Nor can Defendants claim they have not had an opportunity to take discovery on the issue. VGT identified its ███████████ as trade secrets in interrogatory responses in December 2017, before Defendants had produced any source code. *See* Ex. C, VGT's First Supplemental Response to Interrogatory No. 4 (Dec. 27, 2017). And Defendants have been on notice of VGT's claim for misappropriation of the algorithm since March 2018. Defendants can also continue to take discovery until July 13, 2018, the fact discovery cutoff. And Defendants cannot claim prejudice from lack of discovery time when the primary reason for any delay is Defendants' unilateral decision to withhold ████████ their source code and testing lab submissions for nearly six months of the discovery period.

Finally, none of the other reasons for refusing leave to amend apply here. This is VGT's first proposed amendment. And VGT's trade secret claim is not futile, given Defendants' copying of an algorithm that VGT has identified as a key trade secret before Defendants produced any confidential documents or source code.

## III.    CONCLUSION

For the foregoing reasons, VGT respectfully requests that this Court grant leave to file its Amended Complaint against Defendants.

Dated: May 21, 2018

*/s/ Gary M. Rubman*
Graydon Dean Luthey, Jr., OBA No. 5568
GABLE GOTWALS
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, OK 74103-4217
Telephone: (918) 595-4821
Facsimile: (918) 595-4990
dluthey@gablelaw.com

Gary M. Rubman
Peter A. Swanson
Michael S. Sawyer
Rebecca B. Dalton
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, D.C.  20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 778-5465
grubman@cov.com
pswanson@cov.com
msawyer@cov.com
rdalton@cov.com
  (admitted pro hac vice)

Neil K. Roman
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1221
Facsimile: (212) 841-1010
nroman@cov.com
  (admitted pro hac vice)

**Counsel for Video Gaming Technologies, Inc.**

12

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 21, 2018, I filed the foregoing Plaintiff's Motion for Leave

to File Amended Complaint via ECF, which caused a true and correct copy of the foregoing

Motion to be delivered to the following counsel for Defendants:

Robert C. Gill
Thomas S. Schaufelberger
Matthew J. Antonelli
SAUL EWING ARNSTEIN & LEHR, LLP
1919 Pennsylvania Avenue, NW, Suite 550
Washington, D.C. 20006
(202) 295-6605
(202) 295-6705 (facsimile)
robert.gill@saul.com
tschauf@saul.com
matt.antonelli@saul.com

Sherry H. Flax
SAUL EWING ARNSTEIN & LEHR, LLP
500 E. Pratt Street, Suite 900
Baltimore, Maryland 21202
(410) 332-8764
(410) 332-8785 (facsimile)
sherry.flax@saul.com

James C. Hodges, OBA 4254
JAMES C. HODGES, PC
2622 East 21st Street, Suite 4
Tulsa, OK 74114
Telephone: (918) 779-7078
JHodges@HodgesLC.Com

Duane H. Zobrist
Jonathan S. Jacobs
ZOBRIST LAW GROUP PLLC
1900 Arlington Blvd. Suite B
Charlottesville, VA 22903
Telephone: (434) 658-6400
dzobrist@zoblaw.com
jjacobs@zoblaw.com

*Attorneys for Defendants*

/s/ Gary Rubman