# EXHIBIT B

| From: | Dalton, Rebecca |
|---|---|
| To: | "Antonelli, Matthew"; Sawyer, Michael; Rubman, Gary; Swanson, Peter; Roman, Neil; "dluthey@gablelaw.com"; Fu, Yale |
| Cc: | Gill, Robert C.; "jhodges@hodgeslc.com"; "Duane Zobrist"; "Jonathan Jacobs"; Schaufelberger, Thomas S.; Darling, Jeremy B.; Flax, Sherry H.; Platt, Henry A. |
| Subject: | RE: VGT v. Castle Hill - Castle Hill Discovery Responses |
| Date: | Thursday, June 07, 2018 12:58:00 PM |
| Attachments: | image004.png |

Counsel,

We write regarding CHG's refusal to respond to VGT's Interrogatory No. 21 on the basis that it is overly broad, unduly burdensome, and contains multiple subparts and regarding CHG's need to supplement several other of its interrogatories.

First, with regard to Interrogatory No. 21, we note that this interrogatory merely requests "all facts" relating to a certain subject and then identifies examples of what facts VGT expects to be included in CHG's response. The format of this interrogatory thus does not differ in any meaningful way from several of CHG's own interrogatories (e.g., CHG Interrogatory Nos. 1-2, 4-6, and 11), and this format does not in fact create multiple subparts as CHG claims. In contrast, many of CHG's interrogatories (e.g., CHG Interrogatory Nos. 7-10, 12-18, 20, and 22) do contain multiple subparts, and yet VGT has not used this as an excuse not to respond to these interrogatories (and does not plan to do so for those interrogatories to which VGT has not yet responded). Indeed, if one considers the inclusion of examples to create subparts, of the 22 interrogatories that CHG has served to date, only two (CHG Interrogatory Nos. 19 and 21) arguably do not contain multiple subparts.

As for CHG's claims that Interrogatory No. 21 is overly broad and unduly burdensome, CHG's Interrogatory Nos. 1-5 requested "all facts" supporting VGT's trademark infringement, trade dress infringement, unfair competition, trade secrets, and misappropriation of confidential business information claims, respectively. It is hard to imagine interrogatories broader than these, and yet again VGT did not use this as an excuse not to respond to these interrogatories.

CHG's objection to Interrogatory No. 21 is thus an improper attempt to avoid answering this interrogatory. Given that VGT has responded to CHG's interrogatories in spite of any breadth or subpart issues, we expect CHG to do the same, especially when the interrogatory in question does not in fact contain multiple subparts and when VGT has several remaining interrogatories. Moreover, given the testimony from CHG witnesses, it should not be a burden for CHG to respond to this interrogatory, which is directed squarely at arguments that CHG appears to intend to raise as defenses to VGT's claims. If CHG seeks to rely on these third-party games to argue that VGT's games are functional and/or not distinctive, then VGT is entitled to any information CHG has relating to where these games are located, whether the games are currently in use, etc. Notably, CHG does not seem to dispute that this information is relevant, which makes its refusal to provide *any* information in response to this interrogatory even more improper.

Second, with regard to CHG's other interrogatory responses, we note that CHG's responses to Interrogatory Nos. 1 and 7 explicitly indicated that it would supplement these responses to provide relevant Bates numbers once documents were produced, but CHG has not yet done so. Similarly, for

Interrogatory Nos. 2, 11, 12, and 15 CHG said it would produce documents from which additional information could be derived or ascertained, but CHG has not supplemented these responses to identify the documents with specificity, as required by Rule 33(d).

Accordingly, please confirm by the end of the day tomorrow that CHG will provide a complete response to Interrogatory No. 21 by June 15 and that CHG will supplement its responses to Interrogatory Nos. 1, 2, 7, 11, 12, and 15 to identify the relevant documents by June 29.  To the extent you refuse to do so, please provide your availability for a meet and confer.

Best,
Rebecca


**Rebecca Dalton**

**Covington & Burling LLP**
**One CityCenter, 850 Tenth Street, NW**
**Washington, DC 20001-4956**
**T +1 202 662 5189 | rdalton@cov.com**
**www.cov.com**

# COVINGTON

This message is from a law firm and may contain information that is confidential or legally privileged. If you are not the intended recipient, please immediately advise the sender by reply e-mail that this message has been inadvertently transmitted to you and delete this e-mail from your system. Thank you for your cooperation.

**From:** Antonelli, Matthew <matt.antonelli@saul.com>
**Sent:** Tuesday, May 29, 2018 9:04 PM
**To:** Sawyer, Michael <msawyer@cov.com>; Rubman, Gary <grubman@cov.com>; Dalton, Rebecca <RDalton@cov.com>; Swanson, Peter <pswanson@cov.com>; Roman, Neil <nroman@cov.com>; 'dluthey@gablelaw.com' <dluthey@gablelaw.com>; Fu, Yale <yfu@cov.com>
**Cc:** Gill, Robert C. <Robert.Gill@saul.com>; 'jhodges@hodgeslc.com' <jhodges@hodgeslc.com>; 'Duane Zobrist' <dzobrist@zoblaw.com>; 'Jonathan Jacobs' <jjacobs@zoblaw.com>; Schaufelberger, Thomas S. <tschauf@saul.com>; Darling, Jeremy B. <Jeremy.Darling@saul.com>; Flax, Sherry H. <Sherry.Flax@saul.com>; Platt, Henry A. <Henry.Platt@saul.com>
**Subject:** VGT v. Castle Hill - Castle Hill Discovery Responses


Good Evening –

Attached please find Castle Hill's Objections and Responses to VGT's 4th Interrogatories and 7th Requests for Production.

Best,
Matt

**Matthew J. Antonelli**



1919 Pennsylvania Avenue, N.W. Suite 550 | Washington, DC 20006-3434

Tel: 202.295.6608 | Fax: 202.295.6714

matt.antonelli@saul.com | www.saul.com

"Saul Ewing Arnstein & Lehr LLP (saul.com)" has made the following annotations:
+~~~~~~~~~~~~~~~~~~~~~~~+
This e-mail may contain privileged, confidential, copyrighted, or other legally protected information. If you are not the intended recipient (even if the e-mail address is yours), you may not use, copy, or retransmit it. If you have received this by mistake please notify us by return e-mail, then delete.
+~~~~~~~~~~~~~~~~~~~~~~~+