**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| VIDEO GAMING TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CASTLE HILL STUDIOS LLC, *et al.* <br><br> Defendants. | CASE NO. 17-CV-00454-GKF-JFJ |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S**
**MOTION TO COMPEL DISCOVERY**

Defendants Castle Hill Studios, LLC, Castle Hill Holdings, LLC, and Ironworks Development, LLC (collectively, "Defendants" or "Castle Hill"), submit this opposition to Plaintiff Video Gaming Technologies, Inc.'s ("VGT") Motion to Compel Discovery.

**I.   INTRODUCTION**

Despite VGT's representations, Castle Hill has complied with all discovery obligations throughout the course of this case and worked diligently to resolve all discovery disputes without the need for Court intervention.  To date, Castle Hill has timely responded to all seven sets of VGT's interrogatories, comprising thirty interrogatories total; all nine sets of VGT's requests for production of documents, comprising eighty-six requests for production total; and both sets of VGT's requests for admission, comprising sixteen requests for admission total.  Castle Hill has also served numerous amended and/or supplemental discovery responses during the course of discovery, and in fact Castle Hill served two supplemental sets of interrogatory responses on Sunday evening within 24 hours *before* VGT filed its Motion to Compel Discovery ("Plaintiff's Motion").

Castle Hill has collected, reviewed, and produced 136,652 pages of documents over the course of discovery (along with reviewing thousands of pages of non-responsive material); made five separate productions of highly confidential source code; and also made a supplemental production of four detailed financial spreadsheets on July 31, 2018 in advance of the Castle Hill 30(b)(6) depositions, as requested by VGT.

Finally, while exchanging this written discovery and document production, the parties have collectively taken **twenty-nine** Rule 30(b)(1) depositions during the course of discovery in this case in multiple cities across the country, and the parties are currently taking an additional half-dozen 30(b)(6) depositions during this final week of discovery. In short, Castle Hill's discovery efforts have been consistent, ongoing, and substantial.

Now, on the eve of the discovery deadline, VGT claims Defendants "failed to honor a commitment to supplement discovery responses by July 20 and have reneged on their agreement to produce documents such as financial spreadsheets…" (*See* Plaintiff's Motion, p. 1). Although Castle Hill met and conferred with counsel for VGT repeatedly over the course of discovery and recently met with counsel for VGT on July 6, 2018 for several hours to work through the parties' *mutual* alleged discovery deficiencies, there was no such promise or agreement of a date certain for supplementation or production. And while Plaintiff apparently interprets the Federal Rules to require that a party continually supplement its interrogatory responses with every new item of information that it learns throughout the course of discovery, even if such information is already known to its opponent, this is simply incorrect. Plaintiff's Motion and continued insistence on supplementation is nothing more than an effort to distract Castle Hill during the final week of discovery and depositions, and unfortunately this unnecessarily has burdened the Court.

In any event, Castle Hill has served numerous supplemental discovery responses since the July 6 meet and confer and in particular over the past several days notwithstanding the busy deposition travel schedule,[1] and Castle Hill will continue to supplement their discovery responses, which will render Plaintiff's Motion moot by the time of argument. Plaintiff's Motion to Compel Discovery should be denied.

## II.   ARGUMENT

### A.   STANDARD OF REVIEW

"Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit…" *See* Fed. R. Civ. P. 26(b)(1).  A party which has supplemented an interrogatory or request for production must supplement a response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing" or as otherwise ordered by the court. *See* Fed. R. Civ. P. 26(e)(1).

---

[1] The meet and confer took place on Friday, July 6.  During the week of July 9, the parties took five 30(b)(1) depositions and a sixth combined 30(b)(1) deposition and 30(b)(6) deposition in two cities.  Castle Hill prepared for a seventh 30(b)(1) deposition that was cancelled midweek.  On July 16, the parties and counsel met in Oklahoma to discuss settlement.  Since then, Castle Hill has served (1) Objections and Responses to VGT's Ninth Set of Requests for Production of Documents; (2) Objections and Responses to VGT's Seventh Set of Interrogatories; (3) Supplemental Objections and Responses to VGT's Fourth Set of Interrogatories; (4) Third Objections and Responses to VGT's First Set of Interrogatories; (5) Fourth Supplemental Objections and Responses to VGT's First Set of Interrogatories; (6) Supplemental Responses to VGT's Third Set of Interrogatories; (7) Second Amended Responses to VGT's First Set of Requests for Admission; (8) Supplemental Responses to VGT's Sixth Set of Interrogatories; and (9) Castle Hill made four separate document productions, including collecting and producing documents produced in response to a third party subpoena.

## II. ALL OF VGT'S OUTSTANDING DISCOVERY REQUESTS ARE OR WILL BE MOOT

### A. Supplemental Interrogatory Responses

**Interrogatory No. 22:**

At the outset, Castle Hill has no legal obligation to supplement the discovery responses at issue. Although Plaintiff interprets the Rules as requiring constant supplementation to discovery responses with every new deposition or disclosure in the case, this is simply not true. Rule 26(e)(1), governing supplemental discovery responses, only requires that a party supplement when it "learns that in some material respect the disclosure or response is incomplete or incorrect, *and* if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *See* Fed. R. Civ. P. 26(e)(1) (emphasis added). A party has no obligation to supplement discovery responses where information is already been made known to other parties. *See Lexington Ins.Co. v. Newbern Fabricating Inc.*, 2016 WL 6652792 at *1 (N.D. Okla. June 16, 2016) (holding no duty to supplement interrogatory with information known by opposing party).

Plaintiff seeks a narrative response from Castle Hill in response to Interrogatory No. 22 regarding Castle Hill's defense to Plaintiff's trade secret claims. Castle Hill has no obligation to provide such a narrative response regarding what Castle Hill has learned during the course of discovery, as Plaintiff has also been made aware of such information reviewing the same documents, source code, and deposition testimony. *See Lexington Ins. Co.*, 2016 WL 6652792 at *1. Castle Hill provided its understanding of its defenses at the time it wrote its original response; it does not have an obligation to continually update its Interrogatory responses in the form of a living manuscript after each deposition or document produced in the case.

4

Moreover, the protective order in this case, which Plaintiff has used to designate what it considers to be its trade secret material as Highly Confidential, prohibits defense counsel from sharing such material with the Defendants in this action. Such material may only be shared with counsel of record and experts. When defense counsel raised this issue with counsel for Plaintiff, counsel acknowledged the limitations imposed by the protective order, and suggested that defense counsel provide legal defenses to the trade secret claims and obtain other information from an expert witness. For that reason counsel for plaintiff clearly knew that Defendants' representatives – who are not permitted to even know what VGT claims to be trade secrets – would not be in a position to discuss the substance of Plaintiff's trade secrets at any deposition.

Regardless, Castle Hill planned to supplement its response to Interrogatory No. 22 in an effort to avoid burdening the Court, and Defendants anticipate serving their supplemental response in advance of the hearing on Plaintiff's Motion, and for this additional reason render this issue moot.

**Interrogatory No. 23:**

This request is moot.[2] Although Castle Hill had already produced thousands of pages of financial data, VGT requested that Castle Hill supplement with more detailed information and identify those documents in Interrogatory No. 23. And although on July 30, 2018, counsel for VGT specifically requested that the updated financial documents "be produced by the close of business tomorrow at the latest", *i.e.* on July 31, 2018, Plaintiff nonetheless filed its Motion that same afternoon on July 30, 2018. (*See* Decl. of Robert C. Gill, Ex. A).

---

[2] All remaining issues raised in Plaintiff's Motion are moot. Although Plaintiff promised that "[i]n the event [any disputes] are resolved while this motion is pending, VGT will promptly notify the Court of any portions of the motion that have become moot," (Plaintiff's Motion, pp. 1-2), VGT has failed to so notify the Court. Accordingly, Castle Hill will brief the Court on its supplemental productions and discovery responses over the course of the past week which have rendered these issues moot.

5

On July 31, 2018, Castle Hill served a document production of detailed financial spreadsheets, meeting VGT's July 31 "deadline." On the same date, Castle Hill also served its Supplemental Response to Plaintiff's Sixth Set of Interrogatories, in which Defendants supplemented Interrogatory No. 23 to identify the financial documents served earlier that day pursuant to Rule 33(d). Accordingly, this request is moot.

**Interrogatory No. 15:**

This request is also moot. VGT requested that Castle Hill supplement an interrogatory response regarding the corporate relationship between the three Defendants. First, Castle Hill's CEO, Arthur Watson, has *already* testified about this subject at his deposition. Under Rule 26(e)(1), no supplementation is necessary given the existing testimony on this subject. Second, corporate documents were produced in advance of Mr. Watson's deposition, and at least one of these documents was used as an exhibit in Mr. Watson's deposition – so it is unclear why it is necessary for Plaintiff to move to compel Castle Hill to supplement its response to identify these same documents, when VGT has already located them in Defendants' production. Regardless, on July 31, 2018, Castle Hill served its Supplemental Response to Plaintiff's Third Set of Interrogatories, in which Castle Hill supplemented its response to Interrogatory No. 15. In that response, Castle Hill identified the corporate documents it had produced by bates number, and incorporated Mr. Watson's testimony on this subject by reference. Accordingly, this request is moot.

**B.     Documents Responsive to RFPs 39, 40, 41, and 43**

These document requests are all moot. Each of these requests relate to the production of Castle Hill's financial information. As discussed, Castle Hill made a production of underlying financial data, and in addition created financial spreadsheets which it produced on July 31, 2018,

6

Plaintiff's own manufactured deadline for use in the 30(b)(6) depositions of Castle Hill. This issue is moot.

### III. CONCLUSION

For the foregoing reasons, Castle Hill respectfully requests that the Court deny Plaintiff's Motion to Compel Discovery.

Dated:  August 1, 2018                                    Respectfully submitted,

/s/ *Robert C. Gill*
James C. Hodges, OBA #4254
JAMES C. HODGES, P.C.
2622 East 21st Street, Suite 4
Tulsa, Oklahoma 74114
(918) 779-7078
(918) 770-9779 (facsimile)
JHodges@HodgesLC.com

Robert C. Gill (admitted *pro hac vice*)
Thomas S. Schaufelberger (admitted *pro hac vice*)
Matthew J. Antonelli (admitted *pro hac vice*)
Jeremy B. Darling (admitted *pro hac vice*)
SAUL EWING ARNSTEIN & LEHR, LLP
1919 Pennsylvania Avenue, NW, Suite 550
Washington, D.C. 20006
(202) 295-6605
(202) 295-6705 (facsimile)
robert.gill@saul.com
tschauf@saul.com
matt.antonelli@saul.com
jeremy.darling@saul.com

Sherry H. Flax (admitted *pro hac vice*)
SAUL EWING ARNSTEIN & LEHR, LLP
500 E. Pratt Street, Suite 900
Baltimore, Maryland 21202
(410) 332-8764
(410) 332-8785 (facsimile)
sherry.flax@saul.com

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of August, 2018, a copy of the foregoing **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY** was served via the Court's ECF filing system on the following:

Graydon Dean Luthey, Jr.
GABLE GOTWALS
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, OK 74103-4217
(918) 595-4821
(918) 595-4990 (facsimile)
dluthey@gablelaw.com
*Counsel for Plaintiff*

Neil K. Roman
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
(212) 841-1221
(212) 841-1010 (facsimile)
nroman@cov.com
*Counsel for Plaintiff*

Gary M. Rubman
Peter Swanson
Michael Sawyer
Rebecca B. Dalton
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
(202) 662-6000
(202) 778-5465 (facsimile)
grubman@cov.com
pswanson@cov.com
msawyer@cov.com
rdalton@cov.com
*Counsel for Plaintiff*

                                              */s/ Robert C. Gill*
                                              Robert C. Gill

24735924.2 08/01/2018