## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| VIDEO GAMING TECHNOLOGIES, INC. | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| CASTLE HILL STUDIOS LLC d/b/a | * | |
| CASTLE HILL GAMING, | * | |
| | * | Case No. 17-CV-454-GKF-JFJ |
| and | * | |
| | * | |
| CASTLE HILL HOLDINGS LLC d/b/a | * | |
| CASTLE HILL GAMING, | * | |
| | * | |
| and | * | |
| | * | |
| IRONWORKS DEVELOPMENT LLC d/b/a | * | |
| CASTLE HILL GAMING, | * | |
| | * | |
| Defendants. | * | |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendants, Castle Hill Studios LLC d/b/a Castle Hill Gaming, Castle Hill Holding LLC d/b/a Castle Hill Gaming, and Ironworks Development, LLC d/b/a Castle Hill Gaming (collectively "Castle Hill" or "Defendants"), by and through their undersigned counsel, file this Answer to the First Amended Complaint ("Complaint") of Plaintiff, Video Gaming Technologies, Inc. (hereinafter "VGT" or "Plaintiff"), and deny each and every allegation in the Complaint unless specifically admitted herein, and in further support thereof aver as follows:

## NATURE OF THE ACTION

1.      Paragraph 1 is a preliminary statement constituting legal conclusions to which no response is required.  To the extent a response is required, the averments set forth in Paragraph 1

are denied.  Responding further, it is specifically denied that Plaintiff is entitled to any of the relief requested in its Complaint.

2.      Castle Hill admits that it distributes Class II bingo-based games, and that it is a competitor of Plaintiff in certain markets.  Castle Hill admits that some of its founders and employees were formerly employed by Plaintiff.  All remaining allegations are denied.

3.      Castle Hill denies the averments set forth in Paragraph 3.

4.      Paragraph 4 of Plaintiff's Complaint constitutes conclusions of law to which no response is required.  To the extent a response is required, the averments are denied.

## THE PARTIES

5.      Upon information and belief, admitted.

6.      Admitted.

7.      Admitted.

8.      Admitted.

## JURISDICTION AND VENUE

9.      Paragraph 9 contains legal conclusions to which no response is required.  To the extent a response is required, Castle Hill admits the existence of subject matter jurisdiction on the federal question claims. As to the state law claims, Plaintiff has failed to properly allege citizenship of the parties and has failed to allege facts supporting the existence of diversity of citizenship between the parties.

10.     Paragraph 10 contains legal conclusions to which no response is required.  To the extent a response is required, the averments are denied.  Plaintiff has improperly alleged personal jurisdiction over all Defendants in a conclusory fashion, and has failed to allege specific facts supporting the exercise of personal jurisdiction over all Defendants.

11.     Paragraph 11 contains legal conclusions to which no response is required.  To the extent a response is required, Castle Hill does not assert that venue is improper in this Court.

## FACTS

12.     Upon information and belief, admit that VGT is a developer, manufacturer, and distributor of Class II bingo-based player terminals in North America. Castle Hill is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in Paragraph 12 and denies same.

13.     Castle Hill is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 13 and denies same.

14.     Castle Hill is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 14 and denies same.

15.     Castle Hill is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 15 and denies same.

16.     Castle Hill is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 16 and denies same.

17.     Paragraph 17 contains legal conclusions to which no response is required.  To the extent a response is required, the averments are admitted.

18.     Upon information and belief, admitted.

19.     Paragraph 19 and its subparts contain legal conclusions and refer to documents, the contents of which speak for themselves, and therefore no response is required.  To the extent a response is required, Castle Hill is without knowledge or information sufficient to form a belief as to the truth of the number of Plaintiff's federal trademark registrations and applications, and

whether or how Plaintiff allegedly uses such trademarks in connection with the VGT 3-Reel Mechanical Games, and denies same.

20.     Paragraph 20 contains legal conclusions to which no response is required.  To the extent a response is required, the averments are admitted.

21.     Paragraph 21 contains legal conclusions to which no response is required.  To the extent a response is required, the averments are denied.

22.     Paragraph 22 contains legal conclusions to which no response is required.  To the extent a response is required, the averments are denied.

23.     Paragraph 23 contains legal conclusions to which no response is required.  To the extent a response is required, the averments are denied.  Castle Hill specifically denies that the game cabinet is nonfunctional, and that it is indicative of the source of a game.

24.     Paragraph 24 contains legal conclusions to which no response is required.  To the extent a response is required, the averments are denied.

25.     Paragraph 25 contains legal conclusions to which no response is required.  To the extent a response is required, the averments are denied.

26.     Paragraph 26 contains legal conclusions to which no response is required.  To the extent a response is required, the averments are denied.

27.     Paragraph 27 contains legal conclusions to which no response is required.  To the extent a response is required, the averments are denied.

28.     Paragraph 28 contains legal conclusions to which no response is required.  To the extent a response is required, the averments are denied.

29.     Paragraph 29 contains legal conclusions to which no response is required.  To the extent a response is required, the averments are denied.

30.    Paragraph 30 contains legal conclusions to which no response is required.  To the extent a response is required, the averments are denied.

31.    Paragraph 31 contains legal conclusions to which no response is required.  To the extent a response is required, the averments concerning Plaintiff's alleged trade dress are denied.

32.    Castle Hill admits only that Plaintiff has produced a number of different games using the Mr. Money Bags character, and that the character has a different appearance in each of those different games.  All remaining allegations are denied.

33.    Castle Hill admits only that Plaintiff has created a number of different games using the Mr. Money Bags character, and that the character has a different appearance in each of those different games, including in the games referenced in paragraph 33 of the Complaint.  All remaining allegations are denied.

34.    Castle Hill admits only that Plaintiff has used different themes in connection with its 3 reel mechanical games, but is without knowledge or information sufficient to form a belief as to the truth of the remaining averments in Paragraph 34 and denies same.

35.    Castle Hill is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 35 and denies same.

36.    Paragraph 36 contains legal conclusions to which no response is required.  To the extent a response is required, the averments concerning Plaintiff's alleged trademarks and trade dress are denied.  Castle Hill is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in Paragraph 36 and denies same.

37.    Castle Hill is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 37 and denies same.

38.     Castle Hill is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 38 and denies same.

39.     Castle Hill is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 39 and denies same.

40.     Paragraph 40 contains legal conclusions to which no response is required.  To the extent a response is required, the averments set forth in Paragraph 40 are denied.

41.     Paragraph 41 contains legal conclusions to which no response is required.  To the extent a response is required, the averments are denied.

42.     Castle Hill is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 42 and denies same.

43.     Castle Hill is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 43 and denies same.

44.     Castle Hill is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 44 and denies same.

45.     Paragraph 45 contains legal conclusions to which no response is required.  To the extent a response is required, the averments concerning the economic value of Plaintiff's alleged trade secrets are denied.  Castle Hill is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in Paragraph 45 and denies same.

46.     Castle Hill is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 46 and denies same.

47.     The averments set forth in Paragraph 47 of Plaintiff's Complaint refer to documents, the contents of which speak for themselves, and therefore no response is required. To the extent a response is required, Castle Hill admits only that certain of Plaintiff's employee

agreements contain the language referenced in paragraph 47 of the Complaint.  Defendants deny that said language is enforceable in accordance with its terms.

48.     Paragraph 48 contains a legal conclusion to which no response is required.  To the extent a response is required, the averments set forth in Paragraph 48 are denied.

49.     Denied as stated.  It is admitted only that Castle Hill is a developer of casino games and that it competes with Plaintiff in addition to other competitors in certain markets.  Any remaining allegations are denied.

50.     Castle Hill admits only that certain of its founders were formerly employed by VGT, and that it employs some former VGT employees.

51.     Admitted, except to the extent that the attached Exhibit 2 is a document which speaks for itself and for which no response is required.

52.     Paragraph 52 refers to a document, the contents of which speak for itself, and therefore no response is required.  To the extent a response is required, Castle Hill states that Mr. Arthur Watson replaced Mr. Taylor as CEO.  All remaining allegations are denied.

53.     Paragraph 53 refers to a document, the contents of which speak for itself, and therefore no response is required.  To the extent a response is required, Castle Hill states that Mr. Roireau continues to work at Castle Hill.  All remaining allegations are denied.

54.     Paragraph 54 refers to a document, the contents of which speak for itself, and therefore no response is required.  Because the document should be considered as a whole, all remaining allegations are denied.

55.     Paragraph 55 refers to a document, the contents of which speak for itself, and therefore no response is required.  Because the document should be considered as a whole, all remaining allegations are denied.

56.     Paragraph 56 refers to a document, the contents of which speak for itself, and therefore no response is required.  Because the document should be considered as a whole, all remaining allegations are denied.

57.     Paragraph 57 refers to a document, the contents of which speak for itself, and therefore no response is required.  Because the document should be considered as a whole, all remaining allegations are denied.

58.     Paragraph 58 refers to a document, the contents of which speak for itself, and therefore no response is required.  To the extent a response is required, the averments set forth in Paragraph 58 are denied.

59.     Denied as stated. Castle Hill admits that certain Castle Hill employees were formerly employed by VGT, but denies that these employees, except for one employee, "left VGT to work for CHG."

60.     Paragraph 60 contains legal conclusions to which no response is required.  To the extent a response is required, the averments set forth in Paragraph 60 are denied.

61.     Admitted in part; denied in part.  Castle Hill admits that it began referring to four games on its website located at www.castlehillgaming.com in or around March 2015.  The remaining averments set forth in Paragraph 61 are denied.

62.     Admitted in part; denied in part.  Castle Hill admits that it used commercially available gaming cabinets known as "Atlas" for its referenced games, and that these cabinets allow Castle Hill's games to be distinguished from Plaintiff's games.  All remaining averments set forth in Paragraph 62 are denied.

63.     Denied as stated.  Castle Hill admits that its early games were classified as Class III and that this fact operated to further distinguish the referenced Castle Hill games from Plaintiff's games.  All remaining averments set forth in Paragraph 63 are denied.

64.     Castle Hill is without knowledge or information sufficient to form a belief as to the basis for Plaintiff's referenced understanding, and denies the allegations in Paragraph 64.

65.     Admitted in part; denied in part. Castle Hill admits that it began offering Class II games between March 2015 and June 2016.  The remaining averments set forth in Paragraph 65 are denied.

66.     Admitted in part; denied in part.  Castle Hill admits that it has launched at least twenty-four Class II bingo-based games since March 2015.  Castle Hill admits that certain of its Class II games  use the same or similar cabinet as some, but not all, of the VGT 3-Reel Mechanical Games, but states further that the retro cabinets are not unique or proprietary to Plaintiff, they are used by a number of other competitors in the field, and they are common in the industry.

67.     Denied.

68.     Admitted in part; denied in part.  Castle Hill admits that it has developed a game called "Welcome to Nugget Mountain."  To the extent that the averments contained in Paragraph 68 relate to an attached exhibit, the document speaks for itself and no response is required. The remaining averments set forth in Paragraph 68 are denied.

69.     Admitted in part; denied in part.  Castle Hill admits that it has developed a game called "New Money."  To the extent that the averments contained in Paragraph 69 relate to an attached exhibit, the document speaks for itself and no response is required. The remaining averments set forth in Paragraph 69 are denied.

70.      Admitted in part; denied in part. Castle Hill admits that it has developed a game called "Arctic Cash."  To the extent that the averments contained in Paragraph 70 relate to an attached exhibit, the document speaks for itself and no response is required. The remaining averments set forth in Paragraph 70 are denied.

71.      Admitted in part; denied in part.  Castle Hill admits that it has developed a game called "Arctic Ice."  To the extent that the averments contained in Paragraph 71 relate to an attached exhibit, the document speaks for itself and no response is required. The remaining averments set forth in Paragraph 71 are denied.

72.      Paragraph 72 contains legal conclusions to which no response is required.  To the extent a response is required, the averments are denied.

73.      Admitted in part; denied in part.  Castle Hill's Class II games are produced in both the Atlas gaming cabinet and the Retro gaming cabinet.  The remaining averments set forth in Paragraph 73 are denied.  Responding further, Castle Hill states that the retro cabinets are not unique or proprietary to Plaintiff, they are used by a number of other competitors in the field, and they are common in the industry.  Castle Hill further specifically denies that VGT uses a single type of cabinet for its 3-Reel Mechanical Games.

74.      Denied.

75.      Denied.

76.      Paragraph 76 contains legal conclusions to which no response is required.  To the extent a response is required, the averments are denied.

77.      Paragraph 77 contains legal conclusions to which no response is required.  To the extent a response is required, Castle Hill denies that the award sound of Defendants' games is

"nearly identical" to Plaintiff's award sounds.  The remaining averments set forth in Paragraph 77 are denied.

78.    Paragraph 78 contains legal conclusions to which no response is required.  To the extent a response is required, the averments are denied.

79.    Paragraph 79 contains legal conclusions to which no response is required.  To the extent a response is required, the averments are denied.

80.    Admitted in part; denied in part.  It is admitted only that some of Castle Hill's games incorporate bonus features, including an instant free pay feature.  The remaining averments set forth in Paragraph 80 contain legal conclusions to which no response is required. To the extent a response is required, the remaining averments are denied.

81.    Paragraph 81 contains legal conclusions to which no response is required.  To the extent a response is required, the averments are denied.

82.    Denied.

83.    Denied.

84.    Paragraph 84 contains legal conclusions to which no response is required.  To the extent a response is required, the averments are denied.

85.    Castle Hill is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 85 and denies same.

86.    Castle Hill is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in Paragraph 86 and denies same.

87.    Denied.

88.    Paragraph 88 contains legal conclusions to which no response is required.  To the extent a response is required, Castle Hill admits that it continues to develop and distribute its

products and that it has registered the mark AMAZING CHERRY, Reg. No. 5341197, but expressly denies that its products are infringing, and all remaining allegations.  The remaining averments refer to a document, the contents of which speak for itself and require no response.

89.    Paragraph 89 contains legal conclusions to which no response is required.  To the extent a response is required, the averments are denied.  Responding further, Castle Hill states that the cherry name and symbol are not proprietary to Plaintiff, and are commonplace in connection with gambling.

90.    Castle Hill categorically denies that it has copied VGT's Marks and Trade Dress. Castle Hill denies the existence  of actual confusion.

91.    Paragraph 91 refers to a document, the contents of which speak for itself and no response is required.  To the extent a response is required, the averments are denied.

92.    Paragraph 92 refers to a document, the contents of which speak for itself and no response is required.  To the extent a response is required, the averments are denied.

93.    Paragraph 93 contains legal conclusions to which no response is required.  To the extent a response is required, the averments are denied.

94.    Castle Hill admits only that some of its officials and employees were formerly employed by VGT, but denies that they "left VGT to work for CHG." Paragraph 95 contains legal conclusions of law to which no response is required.  To the extent a response is required, the averments and implications regarding the existence of Plaintiff's alleged trade secrets are denied.  Castle Hill is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in Paragraph 95  and denies same.

95.    Paragraph 96 contains legal conclusions of law to which no response is required. To the extent a response is required, the averments and implications regarding the existence of

Plaintiff's alleged trade secrets are denied.  Castle Hill is without knowledge or information sufficient to form a belief as to the truth of the remaining averments set forth in Paragraph 96 and denies same.

96.      Castle Hill is without knowledge or information sufficient to form a belief as to the truth of the factual assertions set forth in Paragraph 97 and denies same.  Castle Hill denies the legal conclusion that VGT's agreements are enforceable in accordance with their terms.

97.      Paragraph 98 contains legal conclusions to which no response is required.  To the extent a response is required, the averments are denied.

98.      Denied.

99.      Denied.

100.      Denied.

101.      Denied.

102.      Denied.

## COUNT I
### Federal Trademark Infringement in Violation
### of Section 32 of the Lanham Act

103.      Paragraphs 1 through 102 are incorporated by reference as if fully set forth herein.

104.      Paragraph 104 contain legal conclusions to which no response is required.  To the extent a response is required, the averments are denied.

105.      Paragraph 105 contain legal conclusions to which no response is required.  To the extent a response is required, the averments are denied.

106.      Paragraph 106 contain legal conclusions to which no response is required.  To the extent a response is required, the averments are denied.

107.    Paragraph 107 contain legal conclusions to which no response is required.  To the extent a response is required, the averments are denied

## COUNT II
**Unfair Competition and Trade Dress Infringement for
Product Packaging in Violation of Section 43(a) of the Lanham Act**

108.    Paragraphs 1 through 107 are incorporated by reference as if fully set forth herein.

109.    Paragraph 109 contain legal conclusions to which no response is required.  To the extent a response is required, the averments are denied.

110.    Paragraph 110 contain legal conclusions to which no response is required.  To the extent a response is required, the averments are denied.

111.    Paragraph 111 contain legal conclusions to which no response is required.  To the extent a response is required, the averments are denied.

112.    Paragraph 112 contain legal conclusions to which no response is required.  To the extent a response is required, the averments are denied.

## COUNT III
**Unfair Competition, Trade Dress Infringement, and Trademark
Infringement in Violation of the Oklahoma Deceptive Practices Act**

113.    Paragraphs 1 through 112 are incorporated by reference as if fully set forth herein.

114.    Paragraph 114 contains legal conclusions to which no response is required.  To the extent a response is required, the averments are denied.

115.    Paragraph 115 contains legal conclusions to which no response is required.  To the extent a response is required, the averments are denied.

116.    Paragraph 116 contains legal conclusions to which no response is required.  To the extent a response is required, the averments are denied.

-14-

117.    Paragraph 117 contains legal conclusions to which no response is required.  To the extent a response is required, the averments are denied.

## COUNT IV
### Unfair Competition, Trade Dress Infringement, and Trademark Infringement under Common Law

118.    Paragraphs 1 through 117 are incorporated by reference as if fully set forth herein.

119.    Paragraph 119 contains legal conclusions to which no response is required.  To the extent a response is required, the averments are denied.

120.    Paragraph 120 contains legal conclusions to which no response is required.  To the extent a response is required, the averments are denied.

121.    Paragraph 121 contains legal conclusions to which no response is required.  To the extent a response is required, the averments are denied.

122.    Paragraph 122 contains legal conclusions to which no response is required.  To the extent a response is required, the averments are denied.

## COUNT V
### Misappropriation of Trade Secrets in Violation of the Oklahoma Uniform Trade Secrets Act

123.    Paragraphs 1 through 122 are incorporated by reference as if fully set forth herein.

124.    Paragraph 124 contains legal conclusions to which no response is required.  To the extent a response is required, the averments are denied.

125.    Paragraph 125 contains legal conclusions to which no response is required.  To the extent a response is required, the averments are denied.

126.    Paragraph 126 contains legal conclusions to which no response is required.  To the extent a response is required, the averments are denied.

127.     Paragraph 127 contains legal conclusions to which no response is required.  To the extent a response is required, the averments are denied.

128.     Paragraph 128 contains legal conclusions to which no response is required.  To the extent a response is required, the averments are denied.

129.     Paragraph 129 contains legal conclusions to which no response is required.  To the extent a response is required, the averments are denied.

130.     Paragraph 130 contains legal conclusions to which no response is required.  To the extent a response is required, the averments are denied.

131.     Paragraph 131 contains legal conclusions to which no response is required.  To the extent a response is required, the averments are denied.

132.     Paragraph 132 contains legal conclusions to which no response is required.  To the extent a response is required, the averments are denied.

<u>**COUNT VI**</u>
**Misappropriation of Confidential Business
Information in Violation of Common Law**

133.     Paragraphs 1 through 132 are incorporated by reference as if fully set forth herein. Paragraph 133 contains legal conclusions to which no response is required.  To the extent a response is required, the averments are denied.

134.     Paragraph 134 contains legal conclusions to which no response is required.  To the extent a response is required, the averments are denied.

135.     Paragraph 135 contains legal conclusions to which no response is required.  To the extent a response is required, the averments are denied.

136.     Paragraph 136 contains legal conclusions to which no response is required.  To the extent a response is required, the averments are denied.

137.    Paragraph 137 contains legal conclusions to which no response is required.  To the extent a response is required, the averments are denied.

## COUNT VII
### Misappropriation of Trade Secrets in Violation of
### The Defend Trade Secrets Act

138.    Paragraphs 1 through 137 are incorporated by reference as if fully set forth herein.

139.    Denied.

140.    Denied.

141.    Denied.

142.    Denied.

143.    Denied.

144.    Denied.

145.    Denied.

146.    Denied.

147.    Denied.

## COUNT VIII
### Misappropriation of Trade Secrets in Violation of
### The Virginia Uniform Trade Secrets Act

148.    Paragraphs 1 through 147 are incorporated by reference as if fully set forth herein.

149.    Denied.

150.    Denied.

151.    Denied.

152.    Denied.

153.    Denied.

154.    Denied.

155.    Denied.

156.    Denied.

157.    Denied.

158.    All allegations not specifically admitted herein are denied.

## **AFFIRMATIVE DEFENSES**

1.      Plaintiff fails to state a claim upon which relief can be granted because its registered marks are not sufficiently similar to Defendants' registered marks to be likely to be confused as to source by consumers.

2.      Plaintiff's claims are barred or reduced by the doctrines of estoppel, laches, unclean hands, consent, acquiescence, and/or waiver.

3.      Plaintiff fails to state a claim for which relief may be granted as to the games known as Mr. Money Bags and Lucky Ducky.  VGT did not create the name Lucky Ducky, nor did it create the artwork for the Mr. Money Bags or the Lucky Ducky games.  Upon information and belief, Plaintiff does not have exclusive rights to these names and art, and as such its registrations are believed to be invalid.

4.      Plaintiff's claims are barred or reduced because Defendants have the exclusive right to use their registered marks in commerce in connection with the goods and services for which the marks are registered.  These trademark registrations provide *prima facie* evidence of the validity of Defendants' registered marks, Defendants' ownership of the marks, and Defendants' exclusive right to use their registered marks in commerce in connection with the goods and services for which the marks are registered.  15 U.S.C. § 1057(b).

5.      Plaintiff's claims are barred or reduced because Defendants' conduct was privileged, proper, justified, or performed in the exercise of an absolute right.

6.     Plaintiff fails to state a claim upon which relief can be granted because it does not have a protectable interest in its asserted trade dress.  Plaintiff's alleged trade dress is not entitled to protection because it is not distinctive and because Plaintiff has not established that its alleged trade dress has secondary meaning.

7.     Plaintiff fails to state a claim upon which relief can be granted because it does not have a protectable interest in its asserted trade dress.  Plaintiff's alleged trade dress is not entitled to protection because it is functional.

8.     Plaintiff fails to state a claim upon which relief can be granted because it has not made allegations sufficient to prove that Defendants' products are likely to cause consumer confusion.

9.     Plaintiff's claims are barred or reduced because Plaintiff failed to give actual or constructive notice of its registrations.  Plaintiff failed to display the requisite markings or symbols, and Defendants did not have actual notice of Plaintiff's registrations. Accordingly, no profits and no damages can be recovered.  15 U.S.C. § 1111.

10.    Plaintiff's claims are barred or reduced by the doctrine of preemption.

11.    Plaintiff fails to state a claim upon which relief can be granted because Defendants' games were independently developed.

12.    Plaintiff's claims are barred or reduced because Plaintiff's alleged trade secrets and/or confidential information is part of the public domain.

13.    Plaintiff's claims are barred or reduced based on the doctrine of reverse engineering.

14.    Plaintiff's claims are barred or reduced because Plaintiff failed to take reasonable measures to keep its alleged trade secrets and/or confidential information secret and/or confidential.

15.    Plaintiff's claims are barred or reduced by Plaintiff's own bad faith in connection with its various trade secret claims.

16.    Plaintiff's claims are barred or reduced because Plaintiff has not suffered any damages or harm from Defendants' actions as alleged in the Complaint.

17.    Plaintiff's claims are barred or reduced by Plaintiff's unclean hands.

18.    Plaintiff's claims are barred or reduced by the defense of illegality.  Many of Plaintiff's games do not comply with the minimum technical requirements for Class II games. Upon information and belief, many of those non-compliant games are not eligible for grandfathered status (non-compliant but legal) because they were manufactured after November 10, 2008, and possibly for other reasons as well.

19.    Plaintiff's claims are barred or reduced by Plaintiff's failure to mitigate its alleged damages.

20.    Defendants expressly reserve the right to supplement their Affirmative Defenses up to and including at the time of trial.

WHEREFORE Defendants, Castle Hill Studios LLC d/b/a Castle Hill Gaming, Castle Hill Holding LLC d/b/a Castle Hill Gaming, and Ironworks Development, LLC d/b/a Castle Hill Gaming respectfully request that the claims against them be dismissed, with prejudice; that the Court award Defendants their reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1117, the Oklahoma Deceptive Trade Practices Act, the Oklahoma Uniform Trade Secrets Act, and other applicable laws; and that the Court award such other relief that the Court may deem just

and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Defendants demand a trial by jury on all counts so triable.

Dated:   August 1, 2018                              Respectfully submitted,

*/s/ Robert C. Gill*
James C. Hodges, OBA #4254
JAMES C. HODGES, P.C.
2622 East 21st Street, Suite 4
Tulsa, OK 74114
(918) 779-7078
(918) 770-9779 facsimile
jhodges@hodgeslc.com

Robert C. Gill (admitted *pro hac vice*)
Thomas S. Schaufelberger (admitted *pro hac vice*)
Matthew J. Antonelli (admitted *pro hac vice*)
SAUL EWING ARNSTEIN & LEHR LLP
1919 Pennsylvania Avenue, NW, Suite 550
Washington, D.C. 20006
(202) 295-6605
(202) 295-6705 facsimile
robert.gill@saul.com
tschauf@saul.com
matt.antonelli@saul.com

Sherry H. Flax (admitted *pro hac vice*)
SAUL EWING ARNSTEIN & LEHR LLP
500 E. Pratt Street, Suite 900
Baltimore, MD 21202
(410) 332-8764
(410) 332-8785 facsimile
sherry.flax@saul.com

*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 1st day of August 2018, a true and correct copy of the **ANSWER**

**TO FIRST AMENDED COMPLAINT** was served via the ECF System on:

Graydon Dean Luthey, Jr., OBA #5568
GABLE GOTWALS
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, OK 74103-4217
(918) 595-4821
(918) 595-4990 facsimile
dluthey@gablelaw.com


Neil K. Roman (admitted *pro hac vice*)
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
(212) 841-1221
(212) 841-1010 facsimile
nroman@cov.com

Gary M. Rubman (admitted *pro hac vice*)
Peter A. Swanson (admitted *pro hac vice*)
Michael S. Sawyer (admitted *pro hac vice*)
Rebecca B. Dalton (admitted *pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, D.C. 20001-4956
(202) 662-6000
(202) 778-5465 facsimile
grubman@cov.com
pswanson@cov.com
msawyer@cov.com
rdalton@cov.com


*/s/ Robert C. Gill*
Robert C. Gill