**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| VIDEO GAMING TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CASTLE HILL STUDIOS LLC, *et al.* <br><br> Defendants. | CASE NO. 17-CV-00454-GKF-JFJ <br><br> **REDACTED – PUBLIC VERSION** |

**DEFENDANTS' MOTION TO COMPEL DISCOVERY**

Defendants Castle Hill Studios, LLC, Castle Hill Holdings, LLC, and Ironworks Development, LLC (collectively, "Defendants" or "Castle Hill"), bring this motion to compel Plaintiff Video Gaming Technologies, Inc. ("VGT") to: (1) produce a witness to testify regarding VGT's efforts to maintain compliance with National Indian Gaming Commission regulations pursuant to Federal Rule of Civil Procedure 30(b)(6); and (2) produce un-redacted copies of its agreements with tribes regarding the placement of VGT games in casinos, which Castle Hill requested on February 6, 2018, and which VGT agreed to produce.

Castle Hill has made good faith efforts to meet and confer with VGT regarding these issues but, unfortunately, VGT's conduct has necessitated the filing of this motion. Given the August 3, 2018 deadline for fact discovery and the upcoming expert witness discovery period, VGT's failure to provide the requested discovery has prejudiced Castle Hill's preparation of its defense.

**I.    BACKGROUND**

VGT and Castle Hill are competitors in the Class II gaming market. Both companies develop, manufacture, and distribute bingo-based electronic gaming machines. The Indian

Gaming Regulation Act ("IGRA"), 25 U.S.C. § 2701, *et seq.*, establishes the jurisdictional framework governing gaming on Native American lands. Pursuant to IGRA, the National Indian Gaming Commission ("NIGC") is tasked with regulating and supporting tribal gaming. The NIGC has promulgated certain standards and regulations with which Class II game manufacturers must comply in order to legally place Class II electronic gaming machines on Native American land. Gaming companies such as VGT and Castle Hill enter into agreements directly with Native American tribes which govern the placement of games on tribal land. Those agreements include such things as the number of machines being placed, the types of game, the game title, and the financial arrangement between the tribe and the game manufacturer.

In this litigation, VGT has accused Castle Hill of trademark infringement, trade dress infringement, and misappropriation of VGT trade secrets and confidential business information. VGT seeks both equitable relief and money damages. On August 1, 2018, Castle Hill filed its Answer to First Amended Complaint (ECF No. 112). Included in Castle Hill's Affirmative Defenses is the following:

> 17. Plaintiff's claims are barred or reduced by Plaintiff's unclean hands.
>
> 18. Plaintiff's claims are barred or reduced by the defense of illegality. Many of Plaintiff's games do not comply with the minimum technical requirements for Class II games. Upon information and belief, many of those non-compliant games are not eligible for grandfathered status (non-compliant but legal) because they were manufactured after November 10, 2008, and possibly for other reasons as well.

Through this motion, Castle Hill seeks discovery regarding VGT's efforts to comply with the minimum technical requirements promulgated by the NIGC. Castle Hill also seeks information regarding VGT's agreements with tribal authorities regarding the placement of VGT games on Native American land, and the terms and conditions relating to the agreements between VGT

and its various tribal customers. Both categories of information are clearly relevant – indeed, VGT requested Castle Hill's agreements with tribes, and Castle Hill has made a full production of the same – and must be provided.

## II.   ARGUMENT

Pursuant to Rule 26(b)(1), "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Further, under Rule 30(b)(6), a party may take the deposition of an entity. The entity being deposed must designate and prepare a witness to "testify about information known or reasonably available to the organization." Here, VGT is refusing to provide Rule 30(b)(6) testimony and un-redacted responsive documents regarding issues that are relevant and proportional to the needs of the case. VGT's failure to provide such information, despite Castle Hill's repeated efforts and requests, has prejudiced Castle Hill's ability to prepare its defense in this matter. VGT should be ordered to immediately provide the discovery that Castle Hill seeks.

### A.   VGT Should be Compelled to Produce a Witness to Testify Regarding VGT's Compliance With NIGC Regulations

Class II gaming systems are required to comply with NIGC standards and regulations in order to legally operate. *See* 25 CFR § 547, *et seq.* The rule regarding minimum technical standards for Class II gaming systems was originally promulgated in 2008. The rules also included a "grandfathering" provision that permitted gaming systems manufactured before November 10, 2008 to remain in use at tribal casinos if certain requirements were met.

Accordingly, in order to include any lost revenue in its calculation of alleged damages in this matter, VGT will need to demonstrate that its games were legally operating under applicable NIGC regulations. Alternatively, and as set forth above, one of Castle Hill's defenses in this

3

matter is that many of VGT's game in casinos are *not* compliant with the applicable NIGC regulations, nor are they properly operating under the "grandfather" provision of the regulations.

On June 18, 2018, Castle Hill served VGT with a notice of deposition pursuant to Rule 30(b)(6). Castle Hill included the following topic in that notice, for which VGT was to designate a witness to testify on its behalf:

> 7. Plaintiff's efforts to maintain compliance with licensing, regulatory, or other legal requirements for the VGT Games in casinos, including: a) efforts to comply with the NIGC's minimum technical standards, 25 CFR § 547, et seq.; b) efforts to seek "grandfathered" status for any VGT Game or product with respect to the NIGC's minimum technical standards, 25 CFR § 547, et seq.; c) the number of VGT Games in casinos which: i) are "grandfathered" games; and ii) are fully compliant with the NIGC minimum technical standards, 25 CFR § 547, et seq.; d) the date of manufacture for all VGT Games on casino floors in Oklahoma.

Through this deposition topic, Castle Hill seeks important information that is directly relevant to VGT's claim for damages. Indeed, to the extent VGT argues that its revenues have been impacted by Castle Hill's allegedly infringing game titles, VGT would not be entitled to recover revenue from games that do not comply with applicable regulations. The information sought is also relevant to at least Castle Hill's unclean hands and illegality affirmative defenses. Indeed, documents produced by VGT during discovery support Castle Hill's request for further information on this topic. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Castle Hill is plainly entitled to question a VGT designee regarding VGT's efforts to comply with NIGC regulations.

4

On July 11, 2018, VGT served objections and responses to Castle Hill's Rule 30(b)(6) notice. With respect to Topic 7, VGT stated as follows:

> VGT incorporates the General Objections stated above as if set forth fully herein and in particular objects to this topic as irrelevant, overbroad, and unduly burdensome, and to the extent that it seeks legal conclusions and Privileged Information. CHG has already deposed VGT's Vice President of Gaming Compliance, Richard Williamson, and CHG has already asked Mr. Williamson questions relating to this topic.

In other words, VGT attempted to limit Castle Hill's inquiry regarding its NIGC compliance to the prior testimony of Mr. Williamson, whose deposition was taken as a fact witness under Rule 30(b)(1). VGT did not designate Mr. Williamson as a corporate designee as to any topics in advance of his deposition; instead, it attempts to limit Castle Hill's scope of inquiry after-the-fact. While the parties have agreed to designate prior fact testimony of other witnesses as Rule 30(b)(6) testimony as to certain topics, the parties have not so agreed with respect to Topic 7.

Despite Castle Hill repeatedly engaging with VGT regarding designating a witness for Topic 7, VGT has continued to fail to do so. VGT has taken the position that the information Castle Hill seeks is "not relevant" and has demanded that Castle Hill present VGT with "authority supporting its position." On July 29, 2018, after several email exchanges regarding this topic, counsel for Castle Hill wrote to counsel for VGT and stated that Castle Hill was not required to provide VGT with "precedent" for its request to obtain relevant discovery. *See* Ex. B, H. Platt email to M. Sawyer (July 29, 2018). Castle Hill also offered a proposal to VGT to provide certain specific information in the form of a declaration in lieu of Rule 30(b)(6) testimony on Topic 7. *Id.* VGT declined and Castle Hill's proposal and continues to refuse to produce a witness, instead taking the position that Castle Hill is forced to accept the prior testimony of Mr. Williamson.

5

On July 31, 2018, Castle Hill again wrote to VGT to confirm that "you are refusing to provide a witness to testify on this issue on behalf of VGT." Ex. B., H. Platt email to M. Sawyer (July 31, 2018). VGT has not responded to Castle Hill any further with respect to offering a witness for Topic 7. A party is not required to accept another party's unilateral and after-the-fact attempt to designate the testimony of a fact witness as responsive to a Rule 30(b)(6) topic. Castle Hill is seeking relevant information that is important to VGT's claims and in this matter and Castle Hill's defenses thereto. VGT has no defensible basis for its refusal to produce a witness as to Topic 7, nor has it moved for a protective order with respect to that topic. VGT's failure to produce a witness to provide testimony on this plainly relevant and important aspect of the case is highly prejudicial to Castle Hill. VGT should be ordered to designate and produce a witness as to Topic 7 immediately.

### B. VGT Should be Compelled to Produce Complete, Un-redacted Versions of its Agreements With its Tribal Customers

On February 6, 2018, Castle Hill served VGT with its Second Request for Production of Documents and Things. Included in Castle Hill's requests was the following request:

**DOCUMENT REQUEST NO. 77:**

Copies of all contracts or agreements for the sale or lease of VGT electronic gaming machines that are the subject of this litigation from January 1, 2013, to present with any casino or other third party.

On March 9, 2018, VGT served objections and responses to Castle Hill's second request for production. With respect to Castle Hill's request that VGT produce its agreements with its tribal customers, VGT answered as follows:

**OBJECTIONS AND RESPONSE TO REQUEST NO. 77:**

VGT incorporates the General Objections stated above as if set forth fully herein and in particular objects to this Document Request as overly broad and unduly burdensome, including to the extent that it seeks "all contracts or agreements."

6

> VGT further objects to this Request to the extent Defendants seek documents from VGT that are not commensurate with Defendants' own document production.
>
> Subject to and without waiving the preceding general and specific objections, VGT is available to meet and confer regarding a mutual agreement governing the parties' production of customer agreements.

On May 26, 2018, following several meet and confer meetings, emails, and calls between the parties on various issues, Castle Hill emailed VGT to inquire about VGT's production of its sale and lease agreements with its customers. Ex. C, J. Darling email to VGT's Counsel (May 26, 2018). VGT failed to produce the agreements upon receipt of this message, despite the fact that Castle Hill had produced all of its agreements with tribal customers more than a month prior, on April 4, 2018. Castle Hill produced its agreements pursuant to "Highly Confidential" designation under the parties' protective order (ECF No. 55), but it produced the documents in their complete, un-redacted form.

On June 8, 2018, Bob Gill, counsel for Castle Hill, met and conferred with Michael Sawyer, counsel for VGT, following a deposition in Chicago. During that conversation, Mr. Sawyer represented that VGT would be including the tribal agreements with its customers in its next document production. On June 11, 2018, Castle Hill memorialized this agreement via email to VGT. *See* Ex. C, J. Darling email to M. Sawyer (June 11, 2018). Mr. Sawyer responded that same day and indicated that while the documents would not be included in VGT's next production, VGT was assembling the documents and would "begin producing those agreements shortly[.]" Ex. C, M. Sawyer email to J. Darling (June 11, 2018).

More than a month passed after VGT's counsel represented that it would produce the requested agreements and VGT continued to fail to do so. On July 26, 2018, counsel for Castle Hill again emailed counsel for VGT and again inquired as to why VGT had not produced the

requested agreements. Ex. B, H. Platt email to M. Sawyer (July 26, 2018). Mr. Sawyer responded the following day and stated that VGT would produce the agreements.

On July 27, 2018, VGT made two productions of documents to Castle Hill, totaling more than 8,400 pages of documents. Notably, this production was made on a Friday afternoon the week before the close of discovery on August 3, 2018, when the parties had agreed to move forward with depositions of Rule 30(b)(6) designees on August 1st, 2nd, and 3rd, in Charlottesville and Nashville.

Upon review of the 8,400 pages of documents VGT produced, Castle Hill discovered that while VGT had – finally – produced the customer agreements Castle Hill requested in February and VGT agreed to produce in early June, VGT had significantly redacted portions of those agreements, without any notice to Castle Hill. Indeed, from March 9th when VGT served its initial response to Castle Hill RFP No. 77, until it produced the documents on July 27th, VGT did not *ever* take the position that agreements contained information that would need to be redacted. VGT has offered no explanation for what information it redacted, nor has it explained how any confidentiality concerns it may have are not fully addressed by the parties' protective order, which allows the designation of documents as "Confidential" or "Highly Confidential." Instead, VGT simply included redacted versions of documents which Castle Hill has specifically sought *for months* in the middle of an 8,400 page document dump on the eve of the parties' corporate designee depositions, without any notice or explanation.

The agreements between VGT and its tribal customers contain important information that is clearly relevant to this dispute, including but not limited to the number and title of the games being leased pursuant to the agreement, and the financial arrangement between VGT and the tribe pursuant to which VGT generates revenue from the leased games placed in the casino.

VGT has inexplicably redacted such information from the copies of the tribal agreements it produced.

VGT has no basis for its redaction of plainly relevant information from its production of tribal agreements. To the extent VGT had any concerns regarding certain information contained in those agreements, it was VGT's obligation to raise such issues with Castle Hill at some point between receiving the document request on February 6th and producing the documents on July 27th. VGT never did so. VGT's decision to wait until the eleventh hour to produce the documents and then to only do so on a redacted basis is troubling. The Court should compel VGT to promptly produce complete, un-redacted versions of the agreements.[1]

### III. CONCLUSION

For the foregoing reasons, Castle Hill respectfully requests that the Court order VGT to produce the requested documents to Castle Hill and to designate a witness to provide Rule 30(b)(6) testimony as set forth above.

---

[1] Notably, the redacted versions of the agreements VGT produced were designated "Highly Confidential." This motion does not challenge that designation but seeks production of un-redacted documents.

Dated: August 3, 2018

Respectfully submitted,

*/s/ Robert C. Gill*
Robert C. Gill (admitted *pro hac vice*)
Thomas S. Schaufelberger (admitted *pro hac vice*)
Matthew J. Antonelli (admitted *pro hac vice*)
Jeremy B. Darling (admitted *pro hac vice*)
SAUL EWING ARNSTEIN & LEHR, LLP
1919 Pennsylvania Avenue, NW, Suite 550
Washington, D.C. 20006
(202) 295-6605
(202) 295-6705 (facsimile)
robert.gill@saul.com
tschauf@saul.com
matt.antonelli@saul.com
jeremy.darling@saul.com

Sherry H. Flax (admitted *pro hac vice*)
SAUL EWING ARNSTEIN & LEHR, LLP
500 E. Pratt Street, Suite 900
Baltimore, Maryland 21202
(410) 332-8764
(410) 332-8785 (facsimile)
sherry.flax@saul.com

James C. Hodges, OBA #4254
JAMES C. HODGES, P.C.
2622 East 21st Street, Suite 4
Tulsa, Oklahoma 74114
(918) 779-7078
(918) 770-9779 (facsimile)
JHodges@HodgesLC.com

*Counsel for Defendants*

10

# CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of August, 2018, a copy of the foregoing **DEFENDANTS' MOTION TO COMPEL DISCOVERY – REDACTED – PUBLIC VERSION** was served via the Court's ECF system on the following:

| | |
|---|---|
| Graydon Dean Luthey, Jr.<br>GABLE GOTWALS<br>1100 ONEOK Plaza<br>100 West Fifth Street<br>Tulsa, OK 74103-4217<br>(918) 595-4821<br>(918) 595-4990 (facsimile)<br>dluthey@gablelaw.com<br>*Counsel for Plaintiff*<br><br>Neil K. Roman<br>COVINGTON & BURLING LLP<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018-1405<br>(212) 841-1221<br>(212) 841-1010 (facsimile)<br>nroman@cov.com<br>*Counsel for Plaintiff* | Gary M. Rubman<br>Peter Swanson<br>Michael Sawyer<br>Rebecca B. Dalton<br>COVINGTON & BURLING LLP<br>One City Center<br>850 Tenth Street, NW<br>Washington, DC 20001-4956<br>(202) 662-6000<br>(202) 778-5465 (facsimile)<br>grubman@cov.com<br>pswanson@cov.com<br>msawyer@cov.com<br>rdalton@cov.com<br>*Counsel for Plaintiff* |

*/s/ Robert C. Gill*
Robert C. Gill