# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) VIDEO GAMING TECHNOLOGIES, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:17-cv-00454-GKF-jfj |
| 1) CASTLE HILL STUDIOS LLC (d/b/a CASTLE HILL GAMING); <br> 2) CASTLE HILL HOLDING LLC (d/b/a CASTLE HILL GAMING); and <br> 3) IRONWORKS DEVELOPMENT, LLC (d/b/a CASTLE HILL GAMING) | ) |
| Defendants. | ) |

## PLAINTIFF'S MOTION TO SEAL OPPOSITION TO DEFENDANTS' MOTION TO COMPEL DISCOVERY

Pursuant to Local Rule 79.1, General Order In Re The Use of Confidential Information In Civil Cases ("GO 08-11"), and paragraph 2(f) of the Stipulated Protective Order (Dkt. 55), Plaintiff Video Gaming Technologies, Inc. ("VGT"), hereby requests that the Court enter an order to seal Plaintiff's unredacted Opposition to Defendants' Motion to Compel Discovery (the "Opposition") and Exhibits D, E, F, G, J, K, and M to the Declaration of Peter A. Swanson in Support of the Opposition (Dkt. 122). In support of this motion, Plaintiff states the following:

1. Portions of the Opposition contain information designated by Defendants as Highly Confidential Information pursuant to paragraphs 2(a) and 2(c) of the Stipulated Protective Order (Dkt. 55).

2. Exhibit D to the Opposition consists of excerpts from the deposition testimony of Richard Williamson, dated June 14, 2018. This testimony was designated as Highly Confidential on the record because it covered sensitive and proprietary trade secret, research, development, and

commercial information, which, pursuant to paragraph 2(c) of the Stipulated Protective Order (Dkt. 55), should be treated as Highly Confidential Information.

3. Exhibit E to the Opposition consists of excerpts from the deposition testimony of William Harvie, dated June 15, 2018. This testimony was designated as Highly Confidential on the record because it covered sensitive and proprietary trade secret, research, development, and commercial information, which, pursuant to paragraph 2(c) of the Stipulated Protective Order (Dkt. 55), should be treated as Highly Confidential Information.

4. Exhibit F to the Opposition consists of excerpts from the deposition testimony of Jay Sevigny, dated July 12, 2018. This testimony was designated as Highly Confidential on the record because it covered sensitive and proprietary trade secret, research, development, and commercial information, which, pursuant to paragraph 2(c) of the Stipulated Protective Order (Dkt. 55), should be treated as Highly Confidential Information.

5. Exhibit G to the Opposition consists of excerpts from the deposition testimony of Jon Yarbrough, dated July 11, 2018. This testimony was designated as Highly Confidential on the record because it covered sensitive and proprietary trade secret, research, development, and commercial information, which, pursuant to paragraph 2(c) of the Stipulated Protective Order (Dkt. 55), should be treated as Highly Confidential Information.

6. Exhibit J to the Opposition consists of a letter sent by VGT to a compliance testing lab that is designated as Highly Confidential pursuant to paragraph 2(a) of the Stipulated Protective Order (Dkt. 55).

7. Exhibit K to the Opposition consists of an internal VGT document that is designated as Highly Confidential pursuant to paragraph 2(a) of the Stipulated Protective Order (Dkt. 55).

8.      Exhibit M to the Opposition consists of an internal Castle Hill Gaming document that is designated as Highly Confidential pursuant to paragraph 2(a) of the Stipulated Protective Order (Dkt. 55).

9.      In accordance with Local Rule 79.1, GO 08-11, and the Stipulated Protective Order, Plaintiff has filed both a public, redacted Opposition and public versions of Exhibits D, E, F, G, J, K, and M (Dkt. 123), as well as a sealed, unredacted Opposition and sealed versions of Exhibits D, E, F, G, J, K, and M (Dkt. 122).

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order granting sealing the Opposition and Exhibits D, E, F, G, J, K, and M to the Declaration of Peter A. Swanson in Support of the Opposition (Dkt. 122).

August 17, 2018

Respectfully submitted,

*/s/ Gary Rubman*
Graydon Dean Luthey, Jr., OBA No. 5568
GABLE GOTWALS
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, OK 74103-4217
Telephone: (918) 595-4821
Facsimile: (918) 595-4990
dluthey@gablelaw.com

Gary M. Rubman
Peter A. Swanson
Michael S. Sawyer
Rebecca B. Dalton
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, D.C. 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 778-5465
grubman@cov.com
pswanson@cov.com
msawyer@cov.com

rdalton@cov.com
  (admitted pro hac vice)

Neil K. Roman
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1221
Facsimile: (212) 841-1010
nroman@cov.com
  (admitted pro hac vice)

*Counsel for Video Gaming Technologies, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 17, 2018, I filed the foregoing via CM/ECF, which caused the foregoing to be served on the following counsel for Defendants:

Robert C. Gill
Thomas S. Schaufelberger
Matthew J. Antonelli
Henry A. Platt
SAUL EWING ARNSTEIN & LEHR, LLP
1919 Pennsylvania Avenue, NW, Suite 550
Washington, D.C. 20006
(202) 295-6605
(202) 295-6705 (facsimile)
robert.gill@saul.com
tschauf@saul.com
matt.antonelli@saul.com
henry.platt@saul.com

Sherry H. Flax
SAUL EWING ARNSTEIN & LEHR, LLP
500 E. Pratt Street, Suite 900
Baltimore, Maryland 21202
(410) 332-8764
(410) 332-8785 (facsimile)
sherry.flax@saul.com

James C. Hodges, OBA 4254
JAMES C. HODGES, PC
2622 East 21st Street, Suite 4
Tulsa, OK 74114
Telephone: (918) 779-7078
JHodges@HodgesLC.Com

Duane H. Zobrist
Jonathan S. Jacobs
ZOBRIST LAW GROUP PLLC
1900 Arlington Blvd. Suite B
Charlottesville, VA 22903
Telephone: (434) 658-6400
dzobrist@zoblaw.com
jjacobs@zoblaw.com

*Attorneys for Defendants*

                                                                              */s/ Gary Rubman*