**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| VIDEO GAMING TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CASTLE HILL STUDIOS LLC, *et al.* <br><br> Defendants. | CASE NO. 17-CV-00454-GKF-JFJ |

**UNOPPOSED MOTION TO MODIFY MOTIONS DEADLINES**

Defendants, Castle Hill Studios LLC, Castle Hill Holdings LLC, and Ironworks Development LLC (collectively, "CHG" or "Defendants"), move this Court to modify certain deadlines set forth in the Court's Amended Scheduling Order (Doc. 101). Plaintiff, Video Gaming Technologies, Inc. ("VGT"), does not oppose the relief sought in this motion.

The relief requested herein will not affect any other scheduling order deadlines, including but not limited to, the January 15, 2019 hearing on dispositive motions.

The parties have exchanged expert witness reports and have worked together to schedule expert depositions. The parties have collectively disclosed seven expert witnesses to give expert testimony in this case. Based on the expert deposition schedule, the short time period between the close of expert discovery and the deadline for filing dispositive motions, *Daubert* motions, and motions in limine, and given the substantial number of claims, the significant written and document discovery and deposition testimony given in this case, additional time is needed to prepare and file motions. Defendants respectfully request that the Court extend the deadlines for dispositive motions, *Daubert* motions, and motions in limine as set forth below, and state the following in support thereof:

1

1. In the course of discovery in this case the parties have produced, collectively, several hundred thousand pages of documents, they each made several productions of computer source code, and have exchanged numerous written discovery requests.

2. The parties have, collectively, taken more than thirty fact depositions. These depositions have taken place throughout the country, including in Charlottesville, Virginia; Chicago, Illinois; Lancaster, Pennsylvania; Nashville, Tennessee; Tulsa, Oklahoma; and Atlanta, Georgia. Lead counsel for both parties are located in Washington, D.C.

3. On January 4, 2018, the Court entered its initial Scheduling Order (Doc. 57).

4. On March 5, 2018, CHG filed a Motion to Extend Scheduling Order Deadlines requesting an extension of all deadlines set forth in the initial Scheduling Order (Doc. 63). VGT supported an extension of the pretrial deadlines, though a shorter extension than CHG requested (Doc. 65).

5. On March 12, 2018, the Court entered its Amended Scheduling Order extending by ninety days the deadlines for fact discovery, opening expert identification and reports, and opposition and reply to expert reports, among other deadlines (Doc. 70).

6. On July 12, 2018, the parties filed a Joint Motion to Extend Discovery Order Deadlines to extend fact and expert discovery (Doc. 100).

7. The Court granted the requested extension of discovery deadlines on July 12, 2018 (Doc. 101). The extension of fact discovery allowed the parties to complete their exchange of written discovery and documents, and to complete fact depositions.

8. Pursuant to the Court's July 12, 2018 scheduling order, expert discovery closes on September 28, 2018, and the deadline for filing dispositive motions, *Daubert* motions, and motions in limine is one week later, on October 5, 2018.

9. The parties are currently working to complete expert discovery. The parties have worked together to schedule the depositions of seven expert witnesses, to be completed by September 28, 2018. The parties have also scheduled the follow-up 30(b)(6) deposition ordered by Magistrate Judge Jayne (Doc. 131) for October 2, 2018.

10. This is a complex case in which VGT alleges that CHG has infringed and/or misappropriated multiple trademarks, trade dress, trade secrets, and confidential business information. The allegations concern dozens of VGT and CHG game titles. Given the complexity of VGT's claims, the significant volume of discovery the parties have exchanged, as well as the significant deposition testimony in the case, the current schedule, which provides only one week between the close of expert discovery and the filing of dispositive motions, does not provide sufficient time for the parties to draft and file motions.

11. Further, the deadline for filing motions in limine and *Daubert* motions is the same as that for filing dispositive motions. The current deadline of October 5, 2018 does not provide the parties sufficient time following the completion of expert depositions to draft and file any necessary *Daubert* motions, or to meet and confer regarding motions in limine as required under the Court's scheduling order.

12. Consequently, Defendants respectfully request that the Court extend the current deadlines for filing dispositive motions, *Daubert* motions, and motions in limine. The dispositive motions are anticipated to be lengthy and complex, and multiple motions in limine and *Daubert* motions are expected. Consequently, additional time beyond that provided for in the rules also is necessary for responding to such motions. The subject of the appropriate page limits for dispositive motions is a contested issue, and will be the subject of a separate motion.

13. Defendants request that the Court modify the Amended Scheduling Order and issue new deadlines as follows, with all other existing deadlines remaining as is:

| | |
|---|---|
| 10/12/18 | DISPOSITIVE MOTIONS AND DAUBERT MOTIONS |
| 10/12/18 | MOTIONS IN LIMINE |
| 11/16/18 | OPPOSITIONS TO ANY MOTION FILED ON 10/12/18 |
| 12/14/18 | REPLIES IN SUPPORT OF MOTIONS FILED ON 10/12/18 |

14. Moving the foregoing deadlines will not impact the other scheduling order deadlines, and will give the court approximately one month between the conclusion of briefing and the hearing on dispositive motions scheduled for January 15, 2019.

WHEREFORE, Defendants respectfully request that the Court extend the deadlines and grant the parties leave to file dispositive motions on the dates set forth herein.

Dated:  September 19, 2018                Respectfully submitted,

*/s/ Robert C. Gill*
Robert C. Gill (admitted *pro hac vice*)
Thomas S. Schaufelberger (admitted *pro hac vice*)
Matthew J. Antonelli (admitted *pro hac vice*)
Jeremy B. Darling (admitted *pro hac vice*)
SAUL EWING ARNSTEIN & LEHR, LLP
1919 Pennsylvania Avenue, NW, Suite 550
Washington, D.C. 20006
(202) 295-6605
(202) 295-6705 (facsimile)
robert.gill@saul.com
tschauf@saul.com
matt.antonelli@saul.com
jeremy.darling@saul.com

Sherry H. Flax (admitted *pro hac vice*)
SAUL EWING ARNSTEIN & LEHR, LLP
500 E. Pratt Street, Suite 900
Baltimore, Maryland 21202
(410) 332-8764
(410) 332-8785 (facsimile)
sherry.flax@saul.com

James C. Hodges, OBA #4254
JAMES C. HODGES, P.C.
2622 East 21st Street, Suite 4
Tulsa, Oklahoma 74114
(918) 779-7078
(918) 770-9779 (facsimile)
JHodges@HodgesLC.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of September, 2018, I caused a copy of the foregoing **UNOPPOSED MOTION TO MODIFY MOTIONS DEADLINE** to be served on the following counsel for Plaintiff via email:

Graydon Dean Luthey, Jr., OBA 5568
GABLE GOTWALS
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, OK 74103-4217
(918) 595-4821
(918) 595-4990 facsimile
dluthey@gablelaw.com
*Counsel for Video Gaming Technologies*

Gary M. Rubman
Peter Swanson
Michael Sawyer
Rebecca B. Dalton
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, D.C. 20001-4956
(202) 662-6000
(202) 778-5465 facsimile
grubman@cov.com
pswanson@cov.com
msawyer@cov.com
rdalton@cov.com
*Counsel for Video Gaming Technologies*

Neil K. Roman
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
(212) 841-1221
 (212) 841-1010 facsimile
nroman@cov.com
*Counsel for Video Gaming Technologies*

                                      */s/ Robert C. Gill*
                                      Robert C. Gill