**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

VIDEO GAMING TECHNOLOGIES, INC.,

    Plaintiff,

vs.

CASTLE HILL STUDIOS LLC, *et al.*

    Defendants.

CASE NO. 17-CV-00454-GKF-JFJ

**MOTION FOR LEAVE TO FILE BRIEFS IN EXCESS OF TWENTY-FIVE PAGES AND FOR EXPEDITED CONSIDERATION OF THIS MOTION**

Defendants, Castle Hill Studios LLC, Castle Hill Holdings LLC, and Ironworks Development LLC (collectively, "CHG" or "Defendants"), request leave of Court for the parties to file briefs in support of, and in opposition to, dispositive motions which are in excess of the presumptive limit of twenty-five pages set forth in this Court's Local Civil Rule 7.2(c). Defendants also respectfully request expedited consideration of this motion, given the deadlines applicable to the motions which are the subject of this filing.

Defendants have separately filed a motion to modify the deadlines for filing dispositive motions, *Daubert* motions, and motions in limine (the "Deadlines Motion"). The Deadlines Motion is unopposed. The instant motion is opposed as set forth below.

As Defendants explained in their Deadlines Motion, given the substantial number of claims in this case, the significant document discovery, the significant written discovery, and the number of depositions in this case, additional time is needed to prepare and file motions. Because the dispositive motions are anticipated to be lengthy and complex, twenty-five pages is not sufficient for briefing the dispositive motions in this case.

1

1. The First Amended Complaint contains 157 paragraphs of allegations, and is 65 pages long with exhibits. It asserts eight separate claims.

2. The asserted claims are for: **1**) Trademark Infringement under the Lanham Act; **2**) Unfair Competition and Trade Dress Infringement under the Lanham Act; **3**) Unfair Competition, Trade Dress Infringement, and Trademark Infringement under the Oklahoma Deceptive Practices Act; **4**) Unfair Competition, Trade Dress Infringement, and Trademark Infringement under Common Law; **5**) Misappropriation of Trade Secrets under the Oklahoma Uniform Trade Secrets Act; **6**) Misappropriation of Confidential Business Information in Violation of Common Law; **7**) Misappropriation of Trade Secrets under the Defend Trade Secrets Act; **8**) Misappropriation of Trade Secrets under the Virginia Uniform Trade Secrets Act.

3. Defendants expect that their statement of material facts in support of their dispositive motion will alone exceed the presumptive 25 page limit for briefs.

4. In paragraph 19 of its First Amended Complaint VGT identified the federal trademarks which it deems relevant to this action, which consist of twenty separate trademarks which are listed individually in paragraph 19(a) through 19(t). Likelihood of confusion is the gravamen for a trademark infringement action. *King of the Mountain Sports, Inc. v. Chrysler Corp.*, 185 F.3d 1084, 1089 (10th Cir. 1999). The Tenth Circuit considers six "nonexhaustive factors" to determine the likelihood of confusion between two marks: "(1) the degree of similarity between the marks; (2) the intent of the alleged infringer in adopting its mark; (3) evidence of actual confusion; (4) similarity of products and manner of marketing; (5) the degree of care likely to be exercised by purchasers; and (6) the strength or weakness of the marks." *Sally Beauty Co., Inc. v. Beautyco, Inc.*, 304 F.3d 964, 972 (10th Cir. 2002). This analysis must therefore be performed for each of the marks at issue.

5. Beginning in paragraph 22 of the First Amended Complaint and continuing through paragraph 40, VGT describes the various trade dress features on which it bases its claims. Plaintiff's trade dress claim requires an analysis of the distinctiveness of its trade dress, whether it is functional, and the same likelihood of confusion analysis which applies to trademark claims. *Gen. Motors Corp. v. Urban Gorilla, LLC*, 500 F.3d 1222, 1227 (10th Cir. 2007).

6. Beginning in paragraph 41 of the First Amended Complaint and continuing through paragraph 48, VGT describes the various trade secrets on which it bases its claims in this case. In paragraphs 49 through 102 of the First Amended Complaint VGT sets forth its allegations of infringement of its trademarks and trade dress.

7. Finally, even excluding the two damages experts, there are five other expert witnesses who have been identified by the parties. Just one of Plaintiff's experts, Stacy Friedman, has submitted an opening and a rebuttal expert report that consist of a total of 119 pages and 284 paragraphs.

9. Based on the above, Defendants reasonably expect to need up to 100 pages to brief the relevant facts and law on their dispositive motion. Defendants therefore propose a page limit of 100 pages for opening briefs, 100 pages for opposition briefs, and 50 pages for reply briefs for both Plaintiff and the Defendants.

10. Plaintiff does not agree to Defendants' proposal for dispositive motion page limits. Plaintiff instead proposed a page limit of 50 pages for opening briefs, 50 pages for opposition briefs, and 25 pages for reply briefs. However, Plaintiff does want as many pages for briefing as the Court awards to Defendants.

11. Defendants cannot address the necessary issues in the page limits proposed by Plaintiff. And, of course, it is in Plaintiff's interests to limit the Defendants' ability to adequately support Defendants' summary judgment motion as to the First Amended Complaint. However, Defendants will not use more pages than necessary to brief the necessary issues for their motion.

WHEREFORE, Defendants respectfully request that the Court grant them leave to file dispositive motions in excess of the twenty-five page limit set forth in this Court's Local Civil Rule 7.2(c), and that the parties be given 100 pages for opening briefs, 100 pages for opposition briefs, and 50 pages for reply briefs, for Plaintiff and the Defendants.

Dated: September 19, 2018          Respectfully submitted,


*/s/ Robert C. Gill*
Robert C. Gill (admitted *pro hac vice*)
Thomas S. Schaufelberger (admitted *pro hac vice*)
Matthew J. Antonelli (admitted *pro hac vice*)
Jeremy B. Darling (admitted *pro hac vice*)
SAUL EWING ARNSTEIN & LEHR, LLP
1919 Pennsylvania Avenue, NW, Suite 550
Washington, D.C. 20006
(202) 295-6605
(202) 295-6705 (facsimile)
robert.gill@saul.com
tschauf@saul.com
matt.antonelli@saul.com
jeremy.darling@saul.com

Sherry H. Flax (admitted *pro hac vice*)
SAUL EWING ARNSTEIN & LEHR, LLP
500 E. Pratt Street, Suite 900
Baltimore, Maryland 21202
(410) 332-8764
(410) 332-8785 (facsimile)
sherry.flax@saul.com

James C. Hodges, OBA #4254
JAMES C. HODGES, P.C.

2622 East 21st Street, Suite 4
Tulsa, Oklahoma 74114
(918) 779-7078
(918) 770-9779 (facsimile)
JHodges@HodgesLC.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

    I hereby certify that on this 19th day of September, 2018, I caused a copy of the foregoing **MOTION FOR LEAVE TO FILE BRIEFS IN EXCESS OF TWENTY-FIVE PAGES AND FOR EXPEDITED CONSIDERATION OF THIS MOTION** to be served on the following counsel for Plaintiff via email:

Graydon Dean Luthey, Jr., OBA 5568
GABLE GOTWALS
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, OK 74103-4217
(918) 595-4821
(918) 595-4990 facsimile
dluthey@gablelaw.com
*Counsel for Video Gaming Technologies*

Gary M. Rubman
Peter Swanson
Michael Sawyer
Rebecca B. Dalton
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, D.C. 20001-4956
(202) 662-6000
(202) 778-5465 facsimile
grubman@cov.com
pswanson@cov.com
msawyer@cov.com
rdalton@cov.com
*Counsel for Video Gaming Technologies*

Neil K. Roman
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
(212) 841-1221
 (212) 841-1010 facsimile
nroman@cov.com
*Counsel for Video Gaming Technologies*

                                          */s/ Robert C. Gill*
                                          Robert C. Gill