**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| VIDEO GAMING TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CASTLE HILL STUDIOS LLC, *et al.* <br><br> Defendants. | CASE NO. 17-CV-00454-GKF-JFJ |

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF MOTION FOR LEAVE TO FILE BRIEFS IN EXCESS OF TWENTY-FIVE PAGES**

Defendants, Castle Hill Studios LLC, Castle Hill Holdings LLC, and Ironworks Development LLC (collectively, "Castle Hill" or "Defendants"), submit this reply to Plaintiff Video Gaming Technologies, Inc. ("VGT")'s response to Castle Hill's Motion for Leave to File Briefs in Excess of Twenty-Five Pages ("Castle Hill's Motion"). *See* Doc. 133. VGT's response asserts a number of arguments which lack merit. *See* Doc. 137. As set forth in Castle Hill's Motion, given the number of claims and issues in the case, Castle Hill's Motion should be granted.

VGT asserts that the increased page limits would present difficulties to VGT and the Court, given the modified schedule. *See* Doc. 136. One of the purposes behind modifying the briefing schedule was to accommodate longer briefs. *See* Doc. 132, ¶ 12.

VGT further argues that Defendants have not identified all of the arguments they intend to raise on summary judgment. VGT has likewise not provided Castle Hill a roadmap of its motion strategy. Nor has VGT explained why a 50-page limitation is reasonable under the circumstances. Similarly, VGT did not respond to Castle Hill's point that VGT has an obvious

1

disincentive to facilitate Castle Hill's ability to seek summary judgment on the First Amended Complaint.

Finally, VGT attempts to persuade the Court that it has "made clear in discovery responses and expert reports that it is not claiming trademark infringement with respect to the vast majority of these registrations" and summary judgment briefing can therefore be limited. *See* Doc. 137, n.2.  While Castle Hill deems this an admission, VGT's trademark claims and VGT's positions on these claims have hardly been a model of clarity.

As the Court is aware, VGT filed an Amended Complaint on July 18, 2018, in which VGT included twenty registered trademarks.  *See* Doc. 103, ¶ 19.  VGT then served its Sixth Supplemental Objections and Responses to Castle Hill's First Set of Interrogatories on August 3, 2018, the final day of fact discovery.  In these responses VGT did not amend its 86 page response to Interrogatory No. 1, which inquired about the basis for VGT's trademark infringement claims.  Nor did VGT then identify any trademark claims which it intended to abandon.  *See* Excerpt from Plaintiff's Sixth Supplemental Objections and Responses to Castle Hill's First Set of Interrogatories, pp. 6-92, attached hereto as **Exhibit A**.  Finally, while VGT's survey expert, Dr. Yoram (Jerry) Wind, only surveyed a single VGT game, with the results of that survey he claims to have the ability to extrapolate the results of that survey to an untold number of VGT games.  Likewise, although VGT's damages expert, Melissa Bennis, only includes five VGT trademarks in her damages analysis, Castle Hill cannot speculate on VGT's intentions at trial to still seek damages or injunctive relief as to the other trademarks.  If VGT wishes to drop any of its trademark claims, VGT owes it to Castle Hill and the Court to promptly and clearly confirm that in writing and identify for the Court those claims which it intends to abandon.

The claims and issues as currently pending require significant briefing and analysis. The fact that VGT's response to the interrogatory inquiring about the basis for its trademark claims is 86 pages long illustrates the reasonableness of Castle Hill's request for relief from the page limits. Castle Hill's motion should be granted.

Dated:  September 24, 2018                     Respectfully submitted,


                                          /s/ *Robert C. Gill*
                                          Robert C. Gill (admitted *pro hac vice*)
Henry A. Platt (admitted *pro hac vice*)
Thomas S. Schaufelberger (admitted *pro hac vice*)
Matthew J. Antonelli (admitted *pro hac vice*)
Jeremy B. Darling (admitted *pro hac vice*)
SAUL EWING ARNSTEIN & LEHR, LLP
1919 Pennsylvania Avenue, NW, Suite 550
Washington, D.C. 20006
(202) 295-6605
(202) 295-6705 (facsimile)
robert.gill@saul.com
henry.platt@saul.com
tschauf@saul.com
matt.antonelli@saul.com
jeremy.darling@saul.com

Sherry H. Flax (admitted *pro hac vice*)
SAUL EWING ARNSTEIN & LEHR, LLP
500 E. Pratt Street, Suite 900
Baltimore, Maryland 21202
(410) 332-8764
(410) 332-8785 (facsimile)
sherry.flax@saul.com

James C. Hodges, OBA #4254
JAMES C. HODGES, P.C.
2622 East 21st Street, Suite 4
Tulsa, Oklahoma 74114
(918) 779-7078
(918) 770-9779 (facsimile)
JHodges@HodgesLC.com

*Counsel for Defendants*

3

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of September, 2018, I caused a copy of the foregoing **REPLY IN FURTHER SUPPORT OF MOTION FOR LEAVE TO FILE BRIEFS IN EXCESS OF TWENTY-FIVE PAGES** to be served on the following counsel for Plaintiff via email:

Graydon Dean Luthey, Jr., OBA 5568
GABLE GOTWALS
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, OK 74103-4217
(918) 595-4821
(918) 595-4990 facsimile
dluthey@gablelaw.com
*Counsel for Video Gaming Technologies*

Gary M. Rubman
Peter Swanson
Michael Sawyer
Rebecca B. Dalton
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, D.C. 20001-4956
(202) 662-6000
(202) 778-5465 facsimile
grubman@cov.com
pswanson@cov.com
msawyer@cov.com
rdalton@cov.com
*Counsel for Video Gaming Technologies*

Neil K. Roman
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
(212) 841-1221
 (212) 841-1010 facsimile
nroman@cov.com
*Counsel for Video Gaming Technologies*

                    */s/ Robert C. Gill*
                    Robert C. Gill