# EXHIBIT 2

**13.1.2.3      Infringement – Elements – Likelihood Of Confusion – Factors**

As I have told you, one of the things that Plaintiff must prove is that Defendant used [*Defendant's symbol, term, or trade dress*] in a manner that is likely to cause [confusion; mistake; deception] as to the [source; origin; sponsorship; approval] of Defendant's product.

Plaintiff must prove a likelihood of confusion among a significant number of people who buy or use, or consider buying or using, the product or similar products.

In deciding this, you should consider the following:

- Whether the overall impression created by Defendant's [trademark; trade dress] is similar to that created by Plaintiff's [trademark; trade dress] in [appearance; sound; meaning];

- Whether Defendant and Plaintiff use their [trademarks; trade dress] on the same or related products;

- Whether Plaintiff's and Defendant's products are likely to be sold in the same or similar stores or outlets, or advertised in similar media;

- The degree of care that purchasers or potential purchasers are likely to exercise in buying or considering whether to buy the product. This may depend on the level of sophistication of potential buyers of the product [and; or] the cost of the product;

- The degree to which purchasers or potential purchasers recognize Plaintiff's trademark as an indication of the origin of Plaintiff's product. You may consider my previous instructions concerning distinctiveness to help you assess this factor;

- Whether Defendant's use of the [trademark; trade dress] has led to instances of actual confusion among purchasers or potential purchasers about the [source; origin; sponsorship; approval] of Defendant's product. However, actual confusion is not required for finding a likelihood of confusion;

- Whether Defendant intended to pass off his product as that of Plaintiff, or intended to confuse consumers.

The weight to be given to each of these factors is up to you to determine. No particular factor or number of factors is required to prove likelihood of confusion.

### Comments

1. **Usage.** This instruction should be used in cases involving forward confusion. If the case involves reverse confusion, the opening paragraph should contain the following language instead:

> As I have told you, one of the things that Plaintiff must prove is that Defendant used [*Defendant's symbol, term, or trade dress*] in a manner that is likely to cause [confusion; mistake; deception] as to the [source; origin; sponsorship; approval] of Plaintiff's product. Plaintiff must prove a likelihood of confusion among a significant number of people who buy or use, or consider buying or using, the product or similar products.

In cases of reverse confusion, element 5 should contain the following language:

> 5. The degree to which the consuming public recognizes [*Defendant's symbol or term*] as an indication of origin of Defendant's goods. You may consider my previous instructions concerning distinctiveness to help you assess this factor.

In addition, in a reverse confusion case, element 7 (defendant's intent) should be omitted. *See Sands, Taylor & Wood Co. v. Quaker Oats Co.*, 978 F.2d 947, 959 (7th Cir. 1992)*, remanded and affirmed*, 34 F.3d 1340 (7th Cir. 1994) ("the 'intent' factor of the likelihood of confusion analysis is essentially irrelevant in a reverse confusion case.").

2. **Substantial/Significant Confusion.** *See Peaceable Planet, Inc. v. Ty Inc.*, 362 F.3d 986, 992 (7th Cir. 2004); *Door Systems, Inc. v. Pro-Line Door Systems, Inc.*, 83 F.3d 169, 173 (7th Cir. 1996); *Libman Co. v. Vining Industries, Inc.*, 69 F.3d 1360, 1364 (7th Cir. 1995).

    **3.**    **Factors to Consider.** *See Ty Inc. v. The Jones Group, Inc.*, 237 F.3d 891, 897 (7th Cir. 2001).

    **4.**    **Similarity of the Marks.** *See Meridian Mut. Ins. Co. v. Meridian Ins. Group, Inc.*, 128 F.3d 1111, 1115 (7th Cir. 1997) ("Courts must . . . make their comparison [between the parties' marks] 'in light of what happens in the marketplace,' not merely by looking at the two marks side-by-side.") (*quoting James Burrough Ltd. v. Sign of Beefeater, Inc.*, 540 F.2d 266, 275 (7th Cir. 1976)).

    **5.**    **Similarity of the Products.** *See Jones Group*, 237 F.3d at 899.

    **6.**    **Area and Manner of Use.** *See Jones Group,* 237 F.3d at 900.

    **7.**    **Purchaser or Potential Purchaser.** The committee has used the phrase "purchaser or potential purchaser" instead of the term "relevant public" because, in the context of determining likelihood of confusion, the "relevant public" traditionally includes these types of consumers. *See Electronic Design & Sales, Inc. v. Electronic Data Systems Corp.*, 954 F.2d 713, 716 (Fed. Cir. 1992) (likelihood of confusion inquiry "generally will turn on whether actual or potential 'purchasers' are confused."). *Cf. Thomas & Betts Co. v. Panduit Corp.*, 138 F.3d 277, 301 (7th Cir. 1998) (in connection with 15 U.S.C. § 1064(3), "the term 'relevant public,' as used in the statutory test, refers to the relevant public which purchases (or may purchase) the goods in the marketplace."). However, the courts also recognize that there can be actionable likelihood of confusion among non-purchasers as well. *See Meridian Mutual Ins. Co. v. Meridian Insurance Group, Inc.*, 128 F.3d 1111, 1118 (7th Cir. 1997); *Electronic Design & Sales*, 954 F.2d at 716.

    **8.**    **Defendant's Intent.** *See Sands, Taylor & Wood Co. v. Quaker Oats Co.*, 978 F.2d 947, 961 (7th Cir. 1992); *Meridian*, 128 F.3d at 1120.