**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| VIDEO GAMING TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> CASTLE HILL STUDIOS LLC, *et al.* <br><br> Defendants. | CASE NO. 17-CV-00454-GKF-JFJ <br><br> **PUBLIC – REDACTED VERSION** |

**DEFENDANTS' MOTION IN LIMINE TO**
**EXCLUDE EVIDENCE AND ARGUMENT REGARDING**
**COMMUNICATIONS BETWEEN COUNSEL AND CHG EMPLOYEES**

Defendants, Castle Hill Studios LLC, Castle Hill Holdings LLC, and Ironworks Development LLC (collectively, "CHG" or "Defendants") move, *in limine*, for an order precluding Plaintiff Video Gaming Technologies, Inc. ("VGT") from introducing any evidence, or making any argument or reference to communications between CHG employees and defense counsel in this case, including the fact that defense counsel asserted the attorney-client privilege in response to questions about the content of such attorney-client communications.

**I.      FACTUAL BACKGROUND**

On June 8, 2018, during the deposition of current CHG (and former VGT) employee Paul Suggs, counsel for VGT inquired: [REDACTED]

[REDACTED] Deposition of Paul Suggs ("Suggs Dep.") at 64:18-20, applicable portions are attached hereto as **Exhibit A**.  After Mr. Suggs responded that [REDACTED].  *See* Suggs Dep. at 64:21-25.

After the deposition concluded, counsel for CHG and VGT remained on the record.  VGT's counsel inquired: [REDACTED]

██████████████████████████████████████████████████████████

██ *Id.* at 254:7-8, 17-18.  CHG's counsel responded ███████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████ *Id.* 255:14-19.

Based on this exchange, as well as other communications between counsel for Plaintiff and counsel for Defendants on this subject, it is anticipated that VGT will attempt to raise at trial the fact that CHG employees have spoken with defense counsel about the trade secrets and/or confidential business information alleged to be at issue in this case, which VGT counsel has repeatedly implied is a violation of agreements the individuals have with VGT.  As set forth herein, any such evidence or argument is irrelevant to the pending claims.  None of these individuals are defendants in this action.  Moreover, even if any such evidence or argument had some relevance, any probative value would be significantly outweighed by the prejudicial effect.

## II.   ARGUMENT

### A.   Evidence, Argument and References to Communications between CHG Employees and Defense Counsel Are Irrelevant and Privileged.

Relevant evidence is defined as having "any tendency to make a fact more or less probable than it would be without the evidence" when "the fact is of consequence in determining the action." *Gaige v. SAIA Motor Freight Line, LLC*, 672 Fed. Appx. 787, 790 (10th Cir. 2016).  "[A] fact is 'of consequence' when its existence would provide the fact-finder with a basis for making some inference, or chain of inferences, about an issue that is necessary to a verdict," *SFF-TIR, LLC v. Stephenson*, 250 F. Supp. 3d 856, 1006 (N.D. Okla. 2017), *reconsideration denied,* 264 F. Supp. 3d 1148 (N.D. Okla. 2017) (citing *United States v. Jordan*, 485 F.3d 1214, 1218 (10th Cir. 2007)).  "Irrelevant evidence is not admissible."  Fed. R. Evid. 402; *see also Evans v. Liberty Nat. Life Ins. Co.*, 13-CV-0390-CVE-PJC, 2014 WL 5846730, at *5 (N.D. Okla. Nov. 12, 2014) (citing Fed. R. Evid. 402).

2

VGT's claims, *inter alia*, the "misappropriat[ion] of trade secrets" and the "misappropriat[ion] of confidential business information." Doc. 103 at ¶¶ 123- 37. VGT also claims that CHG has "used VGT's Trade Secrets when developing games" and that "CHG has received revenues and profits as a result of its infringing use" of VGT's confidential business information. Doc. 103 at ¶¶ 127, 137. Throughout this litigation, VGT has not – because it cannot – claim that CHG has misappropriated its trade secrets or confidential business information because its employees discussed the defense of this action with counsel. Any communication between CHG's employees and defense counsel is unrelated to VGT's claims in this case. Such communications took place *after*, and as a result of, VGT's commencement of this litigation. Communications between CHG's employees and defense counsel is not the subject of any claim in this case, and the employees are not named as defendants in this action. Therefore, any evidence or argument relating to discussions between CHG employees and defense counsel about the trade secrets or confidential business information claims in this case is irrelevant, prejudicial and inadmissible. *See* Fed. R. Evid. 402.

**B.   Even if Relevant, the Probative Value of Such Evidence is Substantially Outweighed by the Risk of Unfair Prejudice.**

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury." Fed. R. Evid. 403. In this regard, it is clear that "a jury should not be invited or instructed to draw a negative inference from a proper invocation of the attorney-client privilege." *Datapoint Corp. v. Picturetel Corp.*, 215 F.3d 1344 (Fed. Cir. 1999) (citing *In re Tudor Assocs., Ltd., II*, 20 F.3d 115, 120 (4th Cir. 1994); *see also GSI Tech., Inc. v. United Memories, Inc.*, 5:13-CV-01081-PSG, 2016 WL 3035699, at *11 n. 134 (N.D. Cal. May 26, 2016) (compiling cases).

Even if it could be considered relevant that CHG's employees and defense counsel discussed VGT's alleged trade secrets or confidential business information in the context of the defense of this action, such evidence has little or no probative value. VGT claims that CHG misappropriated

3

VGT's trade secrets and confidential business information through the creation and distribution of CHG's electronic gaming machines. Discussions by CHG's employees of the trade secret and confidential information claims with counsel in connection with the defense of this litigation were entirely proper. Any suggestion that such communications were improper would be misleading, and would unfairly prejudice Defendants. *See* Fed. R. Evid. 403.

Forcing counsel to invoke the attorney-client privilege at trial as to communications with CHG's employees would create the false perception that CHG (or its employees) acted improperly and is looking to "hide" behind the attorney-client privilege. Such a perception would be unfair and highly prejudicial. *See* Fed. R. Evid. 403. As such, all evidence, argument and any reference to communications between defense counsel and CHG's employees about the trade secrets or confidential business information claims in this case should be excluded at trial.

### III. CONCLUSION

For the foregoing reasons, CHG respectfully requests that the Court enter an order precluding VGT from introducing any evidence, making any argument or reference to communications between CHG's employees and defense counsel about the trade secrets or confidential business information at issue in this matter.

Dated: October 12, 2018                             Respectfully submitted,

*/s/ Robert C. Gill*
Robert C. Gill (admitted *pro hac vice*)
Henry A. Platt (admitted *pro hac vice*)
Thomas S. Schaufelberger (admitted *pro hac vice*)
Matthew J. Antonelli (admitted *pro hac vice*)
Jeremy B. Darling (admitted *pro hac vice*)
SAUL EWING ARNSTEIN & LEHR, LLP
1919 Pennsylvania Avenue, NW, Suite 550
Washington, D.C. 20006
(202) 295-6605
(202) 295-6705 (facsimile)
robert.gill@saul.com
henry.platt@saul.com

tschauf@saul.com
matt.antonelli@saul.com
jeremy.darling@saul.com

Sherry H. Flax (admitted *pro hac vice*)
SAUL EWING ARNSTEIN & LEHR, LLP
500 E. Pratt Street, Suite 900
Baltimore, Maryland 21202
(410) 332-8764
(410) 332-8785 (facsimile)
sherry.flax@saul.com

James C. Hodges, OBA #4254
JAMES C. HODGES, P.C.
2622 East 21st Street, Suite 4
Tulsa, Oklahoma 74114
(918) 779-7078
(918) 770-9779 (facsimile)
JHodges@HodgesLC.com

*Counsel for Defendants*

5

## CERTIFICATE OF SERVICE

      I hereby certify that on this 12th day of October, 2018, I caused a copy of the foregoing **DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUEMNT REGARDING COMMUNICATIONS BETWEEN COUNSEL AND CHG EMPLOYEES – PUBLIC REDACTED VERSION** to be filed via the Court's ECF system, which will provide electronic notification of filing to the following counsel for Plaintiff:

Graydon Dean Luthey, Jr.  
GABLE GOTWALS  
1100 ONEOK Plaza  
100 West Fifth Street  
Tulsa, OK 74103-4217  
(918) 595-4821  
(918) 595-4990 (facsimile)  
dluthey@gablelaw.com  
*Counsel for Plaintiff*

Neil K. Roman  
COVINGTON & BURLING LLP  
The New York Times Building  
620 Eighth Avenue  
New York, NY 10018-1405  
(212) 841-1221  
(212) 841-1010 (facsimile)  
nroman@cov.com  
*Counsel for Plaintiff*

Gary M. Rubman  
Peter Swanson  
Michael Sawyer  
Rebecca B. Dalton  
COVINGTON & BURLING LLP  
One City Center  
850 Tenth Street, NW  
Washington, DC 20001-4956  
(202) 662-6000  
(202) 778-5465 (facsimile)  
grubman@cov.com  
pswanson@cov.com  
msawyer@cov.com  
rdalton@cov.com  
*Counsel for Plaintiff*

                                              */s/ Robert C. Gill*  
                                                Robert C. Gill