UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VIDEO GAMING TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> CASTLE HILL STUDIOS LLC, *et al.* <br><br> Defendants. | CASE NO. 17-CV-00454-GKF-JFJ <br><br> PUBLIC – REDACTED VERSION |

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE
OF PLAINTIFF'S LOST REVENUE, LOST PROFITS, AND LOST PROFIT DAMAGES**

Defendants, Castle Hill Studios LLC, Castle Hill Holdings LLC, and Ironworks Development LLC (collectively, "CHG" or "Defendants"), move *in limine* for an order precluding Plaintiff Video Gaming Technologies, Inc. ("VGT") from introducing any evidence, presenting any argument, or referring to any VGT's claims of lost revenue, lost profits, or lost profit damages at trial.

## I. FACTUAL BACKGROUND

During discovery in this action, in response to an interrogatory asking Plaintiff to "state with specificity the amount and category of damages you are seeking in this action, and how such damages are calculated," VGT stated, *inter alia,* that it was seeking "actual damages suffered by VGT as a result of CHG's trademark infringement, trade dress infringement, unfair competition, misappropriation of VGT's trade secrets, and misappropriation of VGT's confidential business information," and that "[c]alculation of such damages will depend on factors including … *VGT's revenue lost as a result of CHG's infringement.*" *See* Plaintiff's Sixth Supplemental Objections and Responses to Defendant Castle Hill Studio LLC's First Set of Interrogatories (Nos. 1-13), dated August 3, 2018 (the last day of discovery), Resp. to Interrogatory 13 (emphasis added) (**Exhibit A**).

In his deposition, VGT's Executive Vice President for Sales, James Starr, testified that he could not "███████████████████████████████████████████████

███████████████████████████████." Deposition of James Starr ("Starr Dep.") at 159:14-19 (**Exhibit B**).  On August 2, 2018 – the day before the discovery cutoff – in response to CHG's Rule 30(b)(6) Notice of Deposition of VGT, in which CHG sought VGT's testimony regarding Plaintiff's claims for monetary damages in this action, VGT designated its Vice President of Financial Planning and Analysis, Don Kovach to testify on this subject.

When referred to VGT's response to Interrogatory 13, and asked ████████████ ███████████████████████████ Mr. Kovach testified as follows:



FRCP 30(b)(6) Deposition of VGT ("Kovach 30(b)(6) Dep.") at 27:15-28:21 (**Exhibit C**).  A week later, on August 10, 2018, Plaintiff submitted the Report of its damages expert, Melissa Bennis ("Bennis Report").  In that report, the expert expressed no opinions regarding VGT's lost revenues or profits, whatsoever.

Under the Lanham Act, a plaintiff may seek damages consisting of a defendants' profits or the plaintiff's own lost profit damages.  *See* 15 U.S.C. 1117(a).  Although VGT asserted a claim for

2

its lost profit damages in both its original and First Amended Complaint, during a hearing in this case (after the close of discovery) VGT represented to the Court that it had elected to pursue *only* Defendants' profits as damages, and affirmatively admitted that VGT's lost revenues and profits are not relevant. Defendants accordingly move, *in limine*, to exclude any and all evidence and argument concerning Plaintiff's lost profits, lost revenues, and lost profits damages.

During the September 6, 2018, hearing on Defendants' motion to compel discovery against Plaintiff, before Judge Jayne, U.S.M.J., counsel for VGT represented that: ▮▮▮▮▮ *See* September 6, 2018 Hearing Tr. 34:22-23, a true and correct copy of which is attached hereto as **Exhibit D.** In response, the Court observed that : ▮▮▮▮▮ *Id.* at 35:4-6, and specifically asked VGT's ▮▮▮▮▮ *Id.* at 35:7-8. Counsel for VGT responded:

▮▮▮▮▮

*Id.* at 35:10-13 (emphasis added). Counsel for VGT further asserted at the hearing:

▮▮▮▮▮

*Id.* at 44:17-24 (emphasis added). No clearer admission that VGT "lost revenue" and "lost profits" is not "relevant" is possible.

3

As set forth herein, these representations by VGT's counsel constitute a judicial admission that renders all evidence, references to evidence, and argument relating to VGT's lost revenues, lost profits, or lost profits damages irrelevant, and the Court should exclude the same at trial.

## II. ARGUMENT

### A. VGT's Representation that It is Not Seeking Lost Profit Damages is a Judicial Admission

Judicial admissions are "'formal, deliberate declarations which a party or his attorney makes in a judicial proceeding for the purpose of dispensing with proof of formal matters or of facts about which there is no real dispute.'" *Asarco, LLC v. Noranda Mining, Inc.*, 844 F.3d 1201, 1212 Fn. 3 (10th Cir. 2017) (quoting *U.S. Energy Corp. v. Nukem, Inc.*, 400 F.3d 822, 833 n.4 (10th Cir. 2005)). "Although a judicial admission is not itself evidence, it has the effect of withdrawing a fact from contention. A statement made by counsel during the course of trial may be considered a judicial admission if it was made intentionally as a waiver, releasing the opponent from proof of fact." *Leon v. Fedex Ground Package System, Inc.*, 163 F. Supp. 3d 1050, 1074 fn. 9 (D.N.M. 2016) (citing *Martinez v. Bally's Louisiana, Inc.*, 244 F.3d 474, 476–77 (5th Cir. 2001)).

VGT's statements constitute a "deliberate, clear, and unequivocal" waiver and abandonment of its damages claim relating to lost profits or lost revenues. *Skyline Potato Co. v. Rogers Bros. Farms, Inc.*, 10-CV-02353-WJM-KLM, 2011 WL 2791531, at *5 (D. Colo. July 15, 2011) (citing *Matter of Corland Corp.*, 967 F.2d 1069, 1074 (5th Cir. 1992)). These admissions remove the contention that Plaintiff's lost profit damages remain at issue in this matter. Therefore, all evidence regarding VGT's claim of lost revenues, lost profits or lost profits damages should be excluded.

### B. VGT's Judicial Admission Renders All Evidence Regarding Lost Profits Irrelevant and Inadmissible

Relevant evidence is defined as having "any tendency to make a fact more or less probable than it would be without the evidence" when "the fact is of consequence in determining the action."

4

*Gaige v. SAIA Motor Freight Line, LLC*, 672 Fed. Appx. 787, 790 (10th Cir. 2016). "[A] fact is 'of consequence' when its existence would provide the fact-finder with a basis for making some inference, or chain of inferences, about an issue that is necessary to a verdict," *SFF-TIR, LLC v. Stephenson*, 250 F. Supp. 3d 856, 1006 (N.D. Okla. 2017), *reconsideration denied*, 264 F. Supp. 3d 1148 (N.D. Okla. 2017) (citing *United States v. Jordan*, 485 F.3d 1214, 1218 (10th Cir. 2007)). "Irrelevant evidence is not admissible." Fed. R. Evid. 402; *see also Evans v. Liberty Nat. Life Ins. Co.*, 13-CV-0390-CVE-PJC, 2014 WL 5846730, at *5 (N.D. Okla. Nov. 12, 2014) (citing Fed. R. Evid. 402) (same).

VGT has relinquished its claim to lost profit damages via judicial admission and specifically admitted that VGT's lost revenues or profits are not "relevant." *See* Part II.A., *supra*. As such, all evidence and argument relating to these issues is no longer relevant in this case. In addition, admission or discussion of such matters before the jury could unfairly influence the triers of fact, and be prejudicial to Defendants. As such, all evidence, argument and references concerning VGT's lost revenues, profits, and lost profit damages should be excluded.

### III.    CONCLUSION

For the foregoing reasons, CHG respectfully requests that the Court enter an order precluding VGT from introducing any evidence, presenting any argument or referring to VGT's claims of lost revenues, lost profits or lost profits damages.

Dated: October 12, 2018

Respectfully submitted,

*/s/ Robert C. Gill*
Robert C. Gill (admitted *pro hac vice*)
Henry A. Platt (admitted *pro hac vice*)
Thomas S. Schaufelberger (admitted *pro hac vice*)
Matthew J. Antonelli (admitted *pro hac vice*)
Jeremy B. Darling (admitted *pro hac vice*)
SAUL EWING ARNSTEIN & LEHR, LLP
1919 Pennsylvania Avenue, NW, Suite 550
Washington, D.C. 20006
(202) 295-6605
(202) 295-6705 (facsimile)
robert.gill@saul.com
henry.platt@saul.com
tschauf@saul.com
matt.antonelli@saul.com
jeremy.darling@saul.com

Sherry H. Flax (admitted *pro hac vice*)
SAUL EWING ARNSTEIN & LEHR, LLP
500 E. Pratt Street, Suite 900
Baltimore, Maryland 21202
(410) 332-8764
(410) 332-8785 (facsimile)
sherry.flax@saul.com

James C. Hodges, OBA #4254
JAMES C. HODGES, P.C.
2622 East 21st Street, Suite 4
Tulsa, Oklahoma 74114
(918) 779-7078
(918) 770-9779 (facsimile)
JHodges@HodgesLC.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 12th day of October, 2018, I caused a copy of the foregoing **DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PLAINTIFF'S LOST REVENUE, LOST PROFITS, AND LOST PROFIT DAMAGES - PUBLIC REDACTED VERSION** to be filed via the Court's ECF system, which will provide electronic notification of filing to the following counsel for Plaintiff:

| | |
|---|---|
| Graydon Dean Luthey, Jr.<br>GABLE GOTWALS<br>1100 ONEOK Plaza<br>100 West Fifth Street<br>Tulsa, OK 74103-4217<br>(918) 595-4821<br>(918) 595-4990 (facsimile)<br>dluthey@gablelaw.com<br>*Counsel for Plaintiff*<br><br>Neil K. Roman<br>COVINGTON & BURLING LLP<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018-1405<br>(212) 841-1221<br>(212) 841-1010 (facsimile)<br>nroman@cov.com<br>*Counsel for Plaintiff* | Gary M. Rubman<br>Peter Swanson<br>Michael Sawyer<br>Rebecca B. Dalton<br>COVINGTON & BURLING LLP<br>One City Center<br>850 Tenth Street, NW<br>Washington, DC 20001-4956<br>(202) 662-6000<br>(202) 778-5465 (facsimile)<br>grubman@cov.com<br>pswanson@cov.com<br>msawyer@cov.com<br>rdalton@cov.com<br>*Counsel for Plaintiff* |

                                              */s/ Robert C. Gill*
                                               Robert C. Gill