# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1) VIDEO GAMING TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-cv-00454-GKF-jfj |
| | ) | |
| 1) CASTLE HILL STUDIOS LLC (d/b/a CASTLE HILL GAMING); | ) | **REDACTED** |
| 2) CASTLE HILL HOLDING LLC (d/b/a CASTLE HILL GAMING); and | ) | |
| 3) IRONWORKS DEVELOPMENT, LLC (d/b/a CASTLE HILL GAMING) | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF VIDEO GAMING TECHNOLOGIES INC.'S MOTION IN LIMINE AND BRIEF IN SUPPORT REGARDING THIRD PARTY GAMES**

Plaintiff Video Gaming Technologies ("VGT") respectfully moves the Court to enter an order precluding Defendants Castle Hill Studios, LLC, Castle Hill Holdings, LLC, and Ironworks Development, LLC (collectively, "Castle Hill Gaming" or "CHG") from introducing or soliciting at trial evidence of slot machines or bingo-based games made by other manufacturers ("third party games") that CHG has *not* disclosed in discovery and from altering CHG's position on which *disclosed* third party games are most similar to the VGT games at issue.

With respect to the first aspect of the motion, VGT is not concerned with the third party games CHG has identified in discovery responses, document productions, deposition testimony, or expert reports that it claims have trademarks or trade dress elements similar to the VGT games. Rather, the motion is directed at games that CHG has not previously identified. VGT seeks to avoid the unfair surprise that would result from introduction of additional games at trial, as to which VGT would not have an opportunity to investigate whether, among other things, they are

found in the same casinos as, or otherwise compete with, games offered by VGT and CHG.

As to the second aspect of the motion, VGT seeks an order precluding CHG from altering its position that ███████████████████████████████████████████████████████

███████████████████████████████████████████████████████. CHG identified dozens of third-party games during discovery, and VGT is concerned that each time VGT successfully points out why the CHG games at issue are more similar to the VGT games at issue than a specific third party game, CHG will simply point to another and constantly keep the target moving.

The issue of third party games is likely to arise at trial because CHG has taken the position that the VGT trademarks and trade dress are non-distinctive or at least weak. To support this position, CHG argues that some third party games include trademarks or trade dress elements that are as similar to the marks or elements in the VGT trade dress as are the marks or elements in the CHG trade dress.

Because distinctiveness/strength is an important factor for VGT's trademark and trade dress claims, *see* 2 McCarthy on Trademarks and Unfair Competition § 11:73 (5th ed.) ("All courts agree that 'stronger' marks are given 'stronger' protection—protection over a wider range of related products and services and variations on visual and aural format."), VGT has attempted to pin down CHG on which third party games it views as most similar to the VGT games at issue.

Most notably, in an attempt to clarify CHG's position with regard to these third party games, VGT requested in an interrogatory that CHG "[i]dentify the five (5) third party games with features resulting in an overall look and feel that CHG contends most closely resembles the overall look and feel of the VGT 3-Reel Mechanical Games at issue in this litigation. . . ." Ex. A, Interrogatory No. 24 in Video Gaming Technologies, Inc.'s Seventh Set of Interrogatories to

2

Defendants (June 13, 2018).

In its original response to this interrogatory, CHG referred vaguely to the third party games that it identified in other discovery responses and to images of third party games that CHG had produced. *See* Ex. B, Response to Interrogatory No. 24 in Defendants' Response to Plaintiff's Seventh Set of Interrogatories (July 17, 2018); *see also* Ex. C, Response to Interrogatory No. 2 in Defendants' Second Supplemental Objections and Responses to Plaintiff's First Interrogatories to Defendants (March 16, 2018); Ex. D, CHG0134189–CHG0134206 (this is an excerpt from the 339 pages of documents relating to third party games produced by CHG)[1]; Ex. E, Response to Interrogatory No. 21 in Defendants' First Supplemental Response to Plaintiff's Fourth Set of Interrogatories (July 29, 2018).

During the parties' meet and confer on July 6, CHG agreed to supplement its response to this interrogatory with Rule 30(b)(6) testimony from Mr. Fulton.

In advance of the deposition, VGT sent a letter to CHG narrowing its request to identifying the five third party games with features resulting in an overall look and feel that CHG contends most closely resemble the overall look and feel of the below VGT game in particular:

---

[1] If the Court would like a complete set of these documents, we can provide them.



Ex. F, 7/25/18 Letter from Michael Sawyer (Attorney for VGT) to Robert Gill (Attorney for CHG), et al..

CHG did not respond to this letter, but allowed Mr. Fulton to be questioned about this topic during his 30(b)(6) deposition, which took place August 1.

When asked about this topic, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Because CHG had ample opportunity to search for third party games and to formulate its position on this issue between June 13, when VGT served its interrogatory, and August 1, when Mr. Fulton testified as CHG's company representative, CHG should not be allowed to introduce or solicit evidence at trial of games not previously identified in CHG's discovery responses, document productions, deposition testimony, or expert reports.

Allowing CHG to introduce such evidence would prejudice VGT because each time CHG identifies a new third party game, VGT must research that game, including as to whether that game

4

is (or was) in any of the same casinos as VGT or CHG games, its dates of operation, and the nature of the game, including whether it is a Class II or Class III game and whether it is a 3-reel mechanical game.

More broadly, to allow CHG to introduce previously undisclosed third party games would fly in the face of the discovery rules, which "together with pretrial procedures make a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682, 78 S. Ct. 983, 986–87, 2 L. Ed. 2d 1077 (1958).

In addition, CHG should not be allowed to alter its position that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Again, CHG had ample opportunity to search for third party games and to formulate its position on this issue, and allowing CHG to alter this position at this point would prejudice VGT in that it would enable CHG to keep the target constantly moving. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* Ex. G, Fulton 8/1/18 Dep. Tr. 21:15-60:25.

Because of these concerns, VGT requested that CHG agree to the relief sought in this motion in the parties' meet and confer on October 10, but CHG refused to agree to limit the games upon which they will rely at trial to those identified in their discovery responses.

Accordingly, VGT respectfully moves the Court to preclude CHG from introducing or soliciting evidence of *undisclosed* third party games and from altering CHG's position on which *disclosed* third party games are most similar to the VGT games at issue.

October 12, 2018                     */s/ Gary M. Rubman*
                                                    Graydon Dean Luthey, Jr., OBA No. 5568

GABLE GOTWALS
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, OK 74103-4217
Telephone: (918) 595-4821
Facsimile: (918) 595-4990
dluthey@gablelaw.com

Gary M. Rubman
Peter A. Swanson
Michael S. Sawyer
Rebecca B. Dalton
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, D.C.  20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 778-5465
grubman@cov.com
pswanson@cov.com
msawyer@cov.com
rdalton@cov.com
   (admitted pro hac vice)

Neil K. Roman
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1221
Facsimile: (212) 841-1010
nroman@cov.com
   (admitted pro hac vice)

***Counsel for Video Gaming Technologies, Inc.***

# **CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2018, I filed the foregoing Plaintiff Video Gaming Technologies Inc.'s Motion in Limine and Brief in Support Regarding Third Party Games via ECF, which caused a true and correct copy of the foregoing to be delivered to the following counsel for Defendants:

Robert C. Gill
Thomas S. Schaufelberger
Matthew J. Antonelli
Henry A. Platt
SAUL EWING ARNSTEIN & LEHR, LLP
1919 Pennsylvania Avenue, NW, Suite 550
Washington, D.C. 20006
(202) 295-6605
(202) 295-6705 (facsimile)
robert.gill@saul.com
tschauf@saul.com
matt.antonelli@saul.com
henry.platt@saul.com

Sherry H. Flax
SAUL EWING ARNSTEIN & LEHR, LLP
500 E. Pratt Street, Suite 900
Baltimore, Maryland 21202
(410) 332-8764
(410) 332-8785 (facsimile)
sherry.flax@saul.com

James C. Hodges, OBA 4254
JAMES C. HODGES, PC
2622 East 21st Street, Suite 4
Tulsa, OK 74114
Telephone: (918) 779-7078
JHodges@HodgesLC.Com

Duane H. Zobrist
Jonathan S. Jacobs
ZOBRIST LAW GROUP PLLC
1900 Arlington Blvd. Suite B
Charlottesville, VA 22903
Telephone: (434) 658-6400
dzobrist@zoblaw.com
jjacobs@zoblaw.com

*Attorneys for Defendants*

                                                  */s/ Gary Rubman*