# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1)  VIDEO GAMING TECHNOLOGIES, INC., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-cv-00454-GKF-JFJ |
| | ) | |
| 1)  CASTLE HILL STUDIOS LLC | ) | |
| (d/b/a CASTLE HILL GAMING); | ) | |
| 2)  CASTLE HILL HOLDING LLC | ) | |
| (d/b/a CASTLE HILL GAMING); and | ) | |
| 3)  IRONWORKS DEVELOPMENT, LLC | ) | |
| (d/b/a CASTLE HILL GAMING) | ) | |
| | ) | |
| Defendants. | ) | |

### VIDEO GAMING TECHNOLOGIES, INC.'S SEVENTH SET
### OF INTERROGATORIES TO DEFENDANTS

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff Video Gaming Technologies, Inc. ("VGT") serves the following interrogatories on Defendants Castle Hill Studios LLC, Castle Hill Holdings LLC, and Ironworks Development LLC.  VGT requests that Defendants provide responses to these interrogatories within the time prescribed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

### DEFINITIONS

Unless the terms of a request specifically indicate otherwise, the following definitions are applicable throughout these requests and are incorporated into each request.

1.      "Castle Hill Gaming," "CHG," "You," "Your," and "Yours" mean Defendants Castle Hill Studios LLC, Castle Hill Holdings LLC, and Ironworks Development LLC; their parents, successors, predecessors, subsidiaries, affiliates and assignees thereof; their present and former officers, directors, agents, representatives, consultants, employees, and attorneys; and any

1

other Persons subject to the direction and control of, or acting on behalf of, any of the foregoing, both past and present.

2.     "Proprietary Information" means any information of a confidential or secret nature that may be learned or developed by an employee during the employee's period of employment by VGT which (i) relates to the business of VGT or to the business of any customer or supplier of VGT, or (ii) has been created, discovered or developed by, or has otherwise become known to VGT and has commercial value in the business in which VGT is engaged.  By way of illustration, but not limitation, Proprietary Information includes trade secrets, processes, formulas, computer programs, data, know-how, inventions, improvements, techniques, marketing plans, product plans, strategies, forecasts and customer lists.

3.     "VGT" means Plaintiff Video Gaming Technologies, Inc.; its parents, successors, predecessors, subsidiaries, affiliates and assignees thereof; their present and former officers, directors, agents, representatives, consultants, employees and attorneys; and any other Persons subject to the direction and control of, or acting on behalf of, any of the foregoing, both past and present.

4.     "VGT 3-Reel Mechanical Games" refers to VGT's Class II player terminals with three mechanical reels that spin when the player places a wager and then pushes a button or pulls a handle.

5.     "VGT Trade Dress" refers to the Trade Dress that VGT uses in connection with its 3-Reel Mechanical Games. The VGT Trade Dress includes, but is not limited to, the following individual Trade Dress features: GAME CABINET Trade Dress Feature; GAME PLAY SOUND Trade Dress Feature; AWARD SOUND Trade Dress Feature; BINGO PLAY AND PAYS Trade Dress Feature; and RED SCREEN FREE SPINS Trade Dress Feature.

2

6.      As used herein, the singular includes the plural, and the plural includes the singular, except where context does not permit.  The terms "and" and "or" are to be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive. The term "including" and its variants mean "including without limitation."  The use of any verb in any tense shall be construed as the use of the verb in all other tenses.

## INSTRUCTIONS

1.      In responding to these interrogatories, CHG shall furnish all information available to CHG, including information in the possession or control of CHG's attorneys, experts, advisers, agents, or any other Person over which CHG has control.

2.      If CHG claims any privilege, whether based on statute or otherwise, as a ground for not answering an interrogatory or any part thereof, CHG shall set forth every fact on which the privilege is based, including sufficient facts to permit the Court to make a determination as to whether the claim of privilege is valid, and CHG shall respond to the parts of the interrogatory to which CHG does not object.

3.      When, after a reasonable and thorough investigation using due diligence, You are unable to answer an interrogatory or any part thereof because of a lack of information available to You, You shall specify the type of information that You claim is not available, the reason the information is not available to You, and what You have done to locate such information.  In addition, specify what knowledge or belief You have concerning the unanswered portion of the interrogatory, set forth the facts on which such knowledge or belief is based, and indicate who has or is likely to have the information that You claim is not available.

4.      If any interrogatory is answered by reference to Documents pursuant to Federal Rule of Civil Procedure 33(d), You shall identify, by document production number or similar

means, the Documents wherein the answer is located and unless apparent on the face of the Document, state where within the Document the answer can be found.  The Documents must be identified in sufficient detail to permit VGT to ascertain the answer as readily as CHG.

5.      If You object to any interrogatory, You shall state the reason for Your objection and answer all parts of the interrogatory to which Your objection does not apply.

6.      If in answering any interrogatory, You claim ambiguity in either the interrogatory or a definition or instruction applicable thereto, You shall identify in Your response the language You consider ambiguous, and state the interpretation You are using in responding.

7.      These interrogatories are continuing in nature, and to the extent that Your responses may be enlarged, diminished, or otherwise modified by information or Documents located, identified, or acquired subsequent to the production of Your initial responses hereto, You shall, to the extent set forth in Federal Rule of Civil Procedure 26(e), promptly produce supplemental responses in writing reflecting such changes.

8.      VGT reserves the right to propound additional interrogatories.

## **INTERROGATORIES**

### **INTERROGATORY NO. 24:**

Identify the five (5) third party games with features resulting in an overall look and feel that CHG contends most closely resembles the overall look and feel of the VGT 3-Reel Mechanical Games at issue in this litigation and, for each, identify the name of the game, manufacturer, time periods during which the game has been available at casinos, the locations where the game has been available at casinos (including whether and when it has been available at casinos in Oklahoma), and whether the game is a Class II or III game.

### **INTERROGATORY NO. 25:**

Identify all differences of which CHG has knowledge between the CHG Retro cabinet and the VGT LS (a/k/a C6) cabinet, including the strobe lights used on top of each companies' cabinets.

**INTERROGATORY NO. 26:**

Identify all facts supporting CHG's contention that the features of the VGT Trade Dress, individually and collectively, are not distinctive.

**INTERROGATORY NO. 27:**

Identify all facts supporting CHG's contention that the features of the VGT Trade Dress, individually and collectively, are functional.

**INTERROGATORY NO. 28:**

Identify all contracts or agreements by which CHG has received from any person or entity any rights in any term, name, mark, trade dress feature or game through a license, assignment, security interest, or other means of transfer and, for each such contract or agreement, identify the date of the contract or agreement, the identities of the persons or entities from whom the rights were obtained, and the terms, financial and otherwise, governing the transfer of rights.

**INTERROGATORY NO. 29:**

Identify all contracts or agreements by which CHG has granted to any person or entity any rights in any term, name, mark, trade dress feature or game through a license, assignment, security interest, or other means of transfer and, for each such contract or agreement, identify the date of the contract or agreement, the identities of the persons or entities to whom the rights were granted, and the terms, financial and otherwise, governing the transfer of rights.

**INTERROGATORY NO. 30:**

Identify all instances in which any former VGT employee has disclosed to or discussed with CHG or any of its attorneys (including outside counsel acting on behalf of CHG) any trade secret(s), confidential information and/or Proprietary Information of VGT and, for each such instance, identify the name(s) of the former VGT employee(s) who disclosed the trade secret(s) or confidential information, the name(s) of the CHG employee(s) or attorney(s) who received the trade secret(s) or confidential information, the date(s) on which the trade secret(s) or confidential information was disclosed, and a description of the trade secret(s) and/or confidential information that was disclosed.

Respectfully submitted,

June 13, 2018

*/s/ Gary M. Rubman*
Graydon Dean Luthey, Jr., OBA No. 5568
GABLE GOTWALS
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, OK 74103-4217
Telephone: (918) 595-4821
Facsimile: (918) 595-4990
dluthey@gablelaw.com

Gary M. Rubman
Peter A. Swanson
Michael S. Sawyer
Rebecca B. Dalton
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, D.C. 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 778-5465
grubman@cov.com
pswanson@cov.com
msawyer@cov.com
rdalton@cov.com
   (admitted pro hac vice)

Neil K. Roman

6

COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1221
Facsimile: (212) 841-1010
nroman@cov.com
  (admitted pro hac vice)

***Counsel for Video Gaming Technologies, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2018, I sent via email a true and correct copy of the

foregoing VIDEO GAMING TECHNOLOGIES, INC.'S SEVENTH SET OF

INTERROGATORIES TO DEFENDANTS to the following counsel for Defendants:

Robert C. Gill
Thomas S. Schaufelberger
Matthew J. Antonelli
Henry A. Platt
SAUL EWING ARNSTEIN & LEHR, LLP
1919 Pennsylvania Avenue, NW, Suite 550
Washington, D.C. 20006
(202) 295-6605
(202) 295-6705 (facsimile)
robert.gill@saul.com
tschauf@saul.com
matt.antonelli@saul.com
henry.platt@saul.com

Sherry H. Flax
SAUL EWING ARNSTEIN & LEHR, LLP
500 E. Pratt Street, Suite 900
Baltimore, Maryland 21202
(410) 332-8764
(410) 332-8785 (facsimile)
sherry.flax@saul.com

James C. Hodges, OBA 4254
JAMES C. HODGES, PC
2622 East 21st Street, Suite 4
Tulsa, OK 74114
Telephone: (918) 779-7078
JHodges@HodgesLC.Com

Duane H. Zobrist
Jonathan S. Jacobs
ZOBRIST LAW GROUP PLLC
1900 Arlington Blvd. Suite B
Charlottesville, VA 22903
Telephone: (434) 658-6400
dzobrist@zoblaw.com
jjacobs@zoblaw.com

*Attorneys for Defendants*

*/s/ Yiye Fu*

8