# Exhibit C

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| VIDEO GAMING TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CASTLE HILL STUDIOS LLC, *et al.* <br><br> Defendants. | **CONTAINS HIGHLY CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER** <br><br> Case No. 17-CV-00454-GKF-JFJ |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S**
**SEVENTH SET OF INTERROGATORIES**

Defendants Castle Hill Studios LLC, Castle Hill Holdings LLC, and Ironworks Development LLC (together "Castle Hill") submit these responses to Plaintiff's Seventh Set of Interrogatories.

**OBJECTIONS TO DEFINITIONS**

1.      Defendants object to the definition of Castle Hill to the extent it seeks to impose obligations on Defendants beyond those required by the Federal Rules of Civil Procedure. Defendants specifically object to the inclusion of current and former personnel in that definition, because information from former personnel is not within Castle Hill's possession, custody or control. Defendants object to the definition of Castle Hill as to include agents, representatives and consultants, because these terms are not defined and are imprecise, because they fail to sufficiently identify those persons who allegedly fall within the scope of the definition, and because information that may be in the possession of such persons is not necessarily within Castle Hill's possession, custody or control. Defendants object to the definition of Castle Hill as to include attorneys, to the extent information in the possession of its current and former attorneys is protected from disclosure by the attorney client privilege and work-product doctrine.

CONTAINS HIGHLY CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER

## OBJECTIONS TO INSTRUCTIONS

Castle Hill objects to Instruction No. 1 that Castle Hill include information from attorneys, experts, advisers, and agents. Any request for information from attorneys may include information protected from disclosure by the attorney-client privilege and work-product doctrine. Defendants object to the term "experts" to the extent the Interrogatories seek information beyond that permitted by applicable law and court rules. Defendants object to advisers and agents on the basis that these terms are not defined and are imprecise, because they fail to sufficiently identify those persons who allegedly fall within the scope of that definition, and because information that may be in the possession of such persons is not necessarily within Castle Hill's possession, custody or control.

## OBJECTIONS AND ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 24:** Identify the five (5) third party games with features resulting in an overall look and feel that CHG contends most closely resembles the overall look and feel of the VGT 3-Reel Mechanical Games at issue in this litigation and, for each, identify the name of the game, manufacturer, time periods during which the game has been available at casinos, the locations where the game has been available at casinos (including whether and when it has been available at casinos in Oklahoma), and whether the game is a Class II or III game.

**RESPONSE:** Castle Hill objects to this request as overly broad, unduly burdensome, vague and ambiguous. VGT has not defined what it means by "overall look and feel of the VGT 3-Reel Mechanical Games." Castle Hill further objects to this request to the extent it suggest that the VGT games at issue in the litigation all share a common "overall look and feel." Castle Hill also objects to this request as calling for opinion testimony.

CONTAINS HIGHLY CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER

Subject to and without waiver of these objections, Castle Hill states that it has already provided information regarding third-party games in its Second Supplemental Objections and Responses to Plaintiff's First Interrogatories to Defendants. Further information related to third-party games was produced at CHG0134189 – CHG0134526. Castle Hill has also agreed to provide additional information regarding third-party games in response to Interrogatory No. 21.

**INTERROGATORY NO. 25:** Identify all differences of which CHG has knowledge between the CHG Retro cabinet and the VGT LS (a/k/a C6) cabinet, including the strobe lights used on top of each companies' cabinets.

**RESPONSE:** Castle Hill objects to this request as overly broad and unduly burdensome to the extent it requests that Castle Hill identify "all differences of which CHG has knowledge". Castle Hill further objects to this request as vague, ambiguous, and confusing. As VGT is well-aware, VGT offers its games in multiple cabinet configurations, with various toppers and lighting set-ups. Additionally, the retro style cabinet is common in the marketplace, and is not unique or distinctive.

Subject to and without waiver of the foregoing objections, Castle Hill states that its "Retro" style cabinets were originally purchased from GT Source, who provided secondhand cabinets that originally housed games from gaming manufacturers such as NOVA Gaming and Cadillac Jack. As a unique, distinguishing feature, Castle Hill uses a rectangular "topper" on top of its cabinet to display the name of the game and artwork for that game. VGT's C6 cabinets, on the other hand, often include a "halo" of light around the outside of the cabinet, which produces a different look that has an appearance more like a jukebox. With respect to the lights on top of the cabinet, Castle Hill uses a red lens stacked on top of a white lens. The red lens signals a win or jackpot, while the white lens performs the "call attendant" function.

**CONTAINS HIGHLY CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

Dated: July 17, 2018

Respectfully submitted,

/s/ *Robert C. Gill*
Robert C. Gill (admitted *pro hac vice*)
Thomas S. Schaufelberger (admitted *pro hac vice*)
Henry A. Platt (admitted *pro hac vice*)
Matthew J. Antonelli (admitted *pro hac vice*)
SAUL EWING ARNSTEIN & LEHR, LLP
1919 Pennsylvania Avenue, NW, Suite 550
Washington, D.C. 20006
(202) 295-6605
(202) 295-6705 (facsimile)
robert.gill@saul.com
tschauf@saul.com
henry.platt@saul.com
matt.antonelli@saul.com

Sherry H. Flax (admitted *pro hac vice*)
SAUL EWING ARNSTEIN & LEHR, LLP
500 E. Pratt Street, Suite 900
Baltimore, Maryland 21202
(410) 332-8764
(410) 332-8785 (facsimile)
sherry.flax@saul.com

James C. Hodges, OBA #4254
JAMES C. HODGES, P.C.
2622 East 21st Street, Suite 4
Tulsa, Oklahoma 74114
(918) 779-7078
(918) 770-9779 (facsimile)
JHodges@HodgesLC.com

*Counsel for Defendants*

**CONTAINS HIGHLY CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

**CERTIFICATE OF SERVICE**

     I hereby certify that on this 17th day of July, 2018, I caused a copy of the foregoing **DEFENDANTS' RESPONSES TO PLAINTIFF'S SEVENTH SET OF INTERROGATORIES** be served via U.S. Mail and email on:

Graydon Dean Luthey, Jr.
Gable Gotwals
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, OK 74103-4217
(918) 595-4821
(918) 595-4990 facsimile
dluthey@gablelaw.com
*Counsel for Video Gaming Technologies*

Gary M. Rubman
Peter Swanson
Michael Sawyer
Rebecca B. Dalton
Covington & Burling LLP
One City Center
850 Tenth Street, NW
Washington, D.C. 20001-4956
(202) 662-6000
(202) 778-5465 facsimile
grubman@cov.com
pswanson@cov.com
msawyer@cov.com
rdalton@cov.com
*Counsel for Video Gaming Technologies*

Neil K. Roman
Covington & Burling LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
(212) 841-1221
(212) 841-1010 facsimile
nroman@cov.com
*Counsel for Video Gaming Technologies*

          */s/ Robert C. Gill*
          Robert C. Gill