# Exhibit F

**COVINGTON**

BEIJING   BRUSSELS   DUBAI   JOHANNESBURG   LONDON
LOS ANGELES   NEW YORK   SAN FRANCISCO   SEOUL
SHANGHAI   SILICON VALLEY   WASHINGTON

Michael Sawyer

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T +1 202 662 5257
msawyer@cov.com

**Via E-Mail**                                                                July 25, 2018

Robert C. Gill, Esq.
SAUL EWING ARNSTEIN & LEHR, LLP
1919 Pennsylvania Avenue, NW, Suite 550
Washington, D.C. 20006
robert.gill@saul.com

Re:  *Video Gaming Technologies, Inc. v. Castle Hill Studios LLC et al.*,
     Case No. 4:17-cv-00454-GKF-JFJ (N.D. Okla.)

Counsel:

We write regarding deficiencies in Defendants' Responses to Plaintiff's Seventh Set of Interrogatories, served on July 17. VGT requests that CHG provide its availability to meet and confer about these discovery deficiencies by Friday, July 27 and address each of the deficiencies identified below by no later than Wednesday, August 1.

**I.    Specific Interrogatories**

   A.    Interrogatory No. 24

Interrogatory No. 24 asks CHG to "[i]dentify the five (5) third party games with features resulting in an overall look and feel that CHG contends most closely resembles the overall look and feel of the VGT 3-Reel Mechanical Games" and provide additional details regarding each such game.

In response, CHG points to information relating to third party games that it provided in its Second Supplemental Objections and Responses to Plaintiff's First Interrogatories to Defendants as well as to documents and its forthcoming supplement to VGT's Interrogatory No. 21.

That response is inadequate. The interrogatory does not seek general information about third party games, but rather CHG's position as to the five third party games with features resulting in an overall look and feel that most closely resembles the VGT games at issue in this litigation.

**COVINGTON**

July 25, 2018
Page 2

To simplify matters, we will accept a response that identifies the five third party games with features resulting in an overall look and feel that CHG contends most closely resemble the overall look and feel of the below VGT game in particular:



Please promptly supplement your response to provide this information.

  B.  Interrogatory Nos. 26 and 27

Interrogatory No. 26 asks CHG to "[i]dentify all facts supporting CHG's contention that the features of the VGT Trade Dress, individually and collectively, are not distinctive," and Interrogatory No. 27 makes a similar request but related to CHG's contention that the VGT trade dress is functional.

CHG's responses to both these interrogatories refer only to facts that allegedly support these contentions with respect to the individual trade dress features -- not to facts that allegedly support these contentions with respect to the collective trade dress in CHG's responses. If in fact CHG is aware of any such facts, please promptly supplement your responses to identify all facts that allegedly support these contentions with respect to the collective trade dress.

**COVINGTON**

July 25, 2018
Page 3

        C.        Interrogatory No. 30

Interrogatory No. 30 asks CHG to "[i]dentify all instances in which any former VGT employee has disclosed to or discussed with CHG or any of its attorneys (including outside counsel acting on behalf of CHG) any trade secret(s), confidential information and/or Proprietary Information of VGT" and provide additional details regarding each such instance.

In its response, CHG takes the position that any communications with outside counsel are "protected by privilege and/or the work product doctrine, and is outside the scope of discovery under the rules" and does not provide any substantive response regarding the issue of such communications with outside counsel.

Even assuming that such communications are privileged, which VGT disputes, VGT is still entitled to know *whether* such conversations have occurred as well as any non-privileged facts relating to those conversations, *e.g.*, who was involved and when the conversation took place. Accordingly, please promptly supplement your response to provide this clearly non-privileged information.

Finally, there is no merit to CHG's assertion that it does not understand the terms "trade secrets," "confidential information," and "Proprietary Information," and this purported inability to understand provides no basis for refusing to respond to the interrogatory. CHG is familiar with these terms because, among other things, they are used in employment agreements that CHG officers and employees have signed. Further, VGT has provided an extensive list of trade secrets and confidential information of VGT, many of which have been subject of depositions and other discovery. *See* VGT's First Supplemental Interrogatory Response to Interrogatory No. 4 (served on Dec. 27, 2017).

        Best regards,

        */s/ Michael S. Sawyer*
        Michael S. Sawyer

cc:        All counsel of record