# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

VIDEO GAMING TECHNOLOGIES, INC.,

               Plaintiff,

v.

CASTLE HILL STUDIOS LLC, *et al.*

               Defendants.

CASE NO. 17-CV-00454-GKF-JFJ

**PUBLIC – REDACTED VERSION**

## DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO A CERTAIN ALGORITHM

Defendants, Castle Hill Studios LLC, Castle Hill Holdings LLC, and Ironworks Development LLC (collectively, "CHG" or "Defendants"), move *in limine* for an order precluding Plaintiff Video Gaming Technologies, Inc. ("VGT") from introducing or referring to evidence relating to a certain algorithm, ██████████████████████████████ ████████████████████████████████████████ in front of the jury at trial.

## I.   FACTUAL BACKGROUND

VGT argues CHG has "misappropriated" the ████████████ algorithm.  *See* Plaintiff's Motion for Leave to File Amended Complaint, Dkt. No. 73 at pp. 4-6.  However, the ████████ ████████████████████████████████████ and never deployed in the field. (*See* September 24, 2018 Deposition of Stacy Friedman ("Friedman Dep. Tr.") at 113:7-8, applicable portions attached hereto as **Exhibit A**; *see also* May 15, 2018 Deposition of Alan Roireau ("Roireau Dep. Tr.) at 353:5-354:2, applicable portions attached hereto as **Exhibit B**; *see also* Rebuttal Report of Robert Zeidman at ¶63, applicable portions attached hereto as **Exhibit C**).

CHG withdrew its request for approval of the ████████████████████████.  Roireau Dep. Tr. at 353:13-21.  Finally, ████████████████████████████ – prohibiting the disclosure of any VGT code or algorithms ████████ possesses.  August 10,

2018, Opening Expert Report of Stacy Friedman Report at ¶121, applicable portions attached hereto as **Exhibit D;** *see also* Rebuttal Report of Robert Zeidman at ¶119.

Finally, CHG has not realized any revenue from use of the ███████████████. Friedman Dep. Tr. at 113:1-8. To the extent that VGT is seeking monetary damages, counsel for VGT represented: ████████████████████████████████████████████

███████████ *See* September 6, 2018 Hearing Tr. 35:10-13, applicable portions of which are attached hereto as **Exhibit E.**

It is anticipated that VGT may offer evidence at trial regarding CHG's development of the ████████████████. However, given that CHG has never deployed the ████████████ ███████ into the field for customer use – and never realized any monetary gain from the use of the ████████████████ – VGT's remedies are limited to those in equity. Therefore, evidence relating to the ████████████ is irrelevant or, to the extent that such evidence is found relevant, such evidence would be unfairly prejudicial and misleading to the jury. As such, the introduction of evidence about, and reference to, ████████████████ should not be permitted in front of the jury.

## II.  ARGUMENT

### A.  VGT's Only Remedy for Claims regarding the ████████████ Algorithm are Equitable – a Matter for the Court.

VGT has asserted a violation of state and federal law in relation to CHG's development of the ████████████. *See* First Amended Complaint, Dkt. No. 103 ¶¶124, 138, 149; *see also* Plaintiff's Motion for Leave to File Amended Complaint, Dkt. No. 73 at 4-6. A violation of these laws can entitle a party to damages. *See* Va. Code Ann. § 59.1-338 (West); *see also* Okla. Stat. Ann. tit. 78, § 88 (West); *see also* 18 U.S.C.A. § 1836 (West). However, damages are calculated based on the "actual loss," "unjust enrichment," or through calculating a "a reasonable royalty for a

misappropriation's unauthorized disclosure or use of a trade secret." *See id.* Both the state and federal laws allow for injunctive relief. *See id.*

"[T]he right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well as other actions." *Simler v. Conner,* 372 U.S. 221, 222 (1963). Although "the substantive dimension of the claim asserted finds its source in state law" in diversity cases, "the characterization of that state-created claim as legal or equitable for purposes of whether a right to jury trial is indicated must be made by recourse to federal law." *Elm Ridge Expl. Co., LLC v. Engle*, 721 F.3d 1199, 1221–22 (10th Cir. 2013) (citing *Simler,* 372 U.S. at 222).

The Seventh Amendment provides the right to a jury only "[i]n Suits at common law." U.S. Const. amend VII. This language reflects the historical distinction between courts of law and courts of equity. *See Parsons v. Bedford, Breedlove & Robeson*, 28 U.S. 433, 446 (1830). Only the former used juries. *See id.* Thus, the Seventh Amendment gives the right to a jury only if the suit is legal in nature. *Id.* If the suit is *equitable* in nature, the Seventh Amendment does not apply. *Id.* "An award of money damages may be considered an equitable rather than legal remedy if …the damages are restitutionary, such as in action[s] for disgorgement of improper profits" *Adams v. Cyprus Amax Minerals Co.,* 149 F.3d 1156, 1161 (10th Cir. 1998) (quotations omitted) (quoting *Chauffeurs, Teamsters, & Helpers Local No. 391 v. Terry,* 494 U.S. 558, 570-71 (1990).

CHG has never deployed any game into the field utilizing the ███████████████ CHG has never realized *any* monetary gain from its development of ██████████████ ███████. Since CHG has withdrawn its submission from ███████████████████████ owes VGT a duty of confidentially, there is no risk of future damages under either the state or federal trade law claims. Therefore, there is no "actual loss," "unjust enrichment," or "reasonable royalty for a misappropriation's unauthorized disclosure or use of a trade secret" available to VGT. *See* Va. Code Ann. § 59.1-338 (West); *see also* Okla. Stat. Ann. tit. 78, § 88 (West); *see also* 18 U.S.C.A. § 1836

(West)).  Finally, VGT seeks the disgorgement of CHG's profits – monetary relief that is equitable in nature.  *See Adams*, 149 F.3d 1156, 1161.

As such,  claims regarding the ███████████ are equitable in nature, and should not be tried to a jury.  *See Parsons v. Bedford, Breedlove & Robeson*, 28 U.S. 433, 447 (1830).

**B.    Evidence relating to CHG's ███████████ Algorithm is Irrelevant.**

Relevant evidence is defined as having "any tendency to make a fact more or less probable than it would be without the evidence" when "the fact is of consequence in determining the action." *Gaige v. SAIA Motor Freight Line, LLC*, 672 Fed. Appx. 787, 790 (10th Cir. 2016).  "[A] fact is 'of consequence' when its existence would provide the fact-finder with a basis for making some inference, or chain of inferences, about an issue that is necessary to a verdict," *SFF-TIR, LLC v. Stephenson*, 250 F. Supp. 3d 856, 1006 (N.D. Okla. 2017), *reconsideration denied*, 264 F. Supp. 3d 1148 (N.D. Okla. 2017) (citing *United States v. Jordan*, 485 F.3d 1214, 1218 (10th Cir. 2007)).  "Irrelevant evidence is not admissible."  Fed. R. Evid. 402; *see also Evans v. Liberty Nat. Life Ins. Co.*, 13-CV-0390-CVE-PJC, 2014 WL 5846730, at *5 (N.D. Okla. Nov. 12, 2014) (citing Fed. R. Evid. 402).

As discussed above, VGT's claims regarding the ███████████ are equitable in nature.  These claims also are unrelated to VGT's other claims alleging trademark and trade dress infringement, or the  misappropriation of other trade secrets or confidential business information.  Evidence and argument relating to the ███████████ has no bearing on VGT's other causes of action, and is irrelevant.  All evidence, argument and any reference to the ████ ███████████ should be excluded in front of the jury. *See* Fed. R. Evid. 402.

**C.    The probative value of evidence relating to CHG's ███████████ ████████ is substantially outweighed by the risk the jury will be prejudiced and mislead by such evidence.**

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the

jury." Fed. R. Evid. 403. "Evidence may be unfairly prejudicial if it would likely provoke an emotional response from the jury or would otherwise tend to adversely affect the jury's attitude toward a particular matter." *SFF-TIR, LLC v. Stephenson*, 250 F. Supp. 3d 856, 1007 (N.D. Okla. 2017), *reconsideration denied*, 264 F. Supp. 3d 1148 (N.D. Okla. 2017).

Even if evidence and argument about the ██████████ algorithm is determined to be relevant, such evidence is unfairly prejudicial – involving highly technical issues that would only create confusion. As such, any evidence relating to the ██████████ algorithm should be excluded in front of the jury. *See* Fed. R. Evid. 403.

## III.   **CONCLUSION**

For the foregoing reasons, CHG respectfully requests that the Court enter an Order precluding VGT from introducing any evidence or presenting argument relating to the ████ ████ algorithm to the jury at trial.

Dated:  October 12, 2018            Respectfully submitted,

/s/ *Robert C. Gill*
Robert C. Gill (admitted *pro hac vice*)
Henry A. Platt (admitted *pro hac vice*)
Thomas S. Schaufelberger (admitted *pro hac vice*)
Matthew J. Antonelli (admitted *pro hac vice*)
Jeremy B. Darling (admitted *pro hac vice*)
SAUL EWING ARNSTEIN & LEHR, LLP
1919 Pennsylvania Avenue, NW, Suite 550
Washington, D.C. 20006
(202) 295-6605
(202) 295-6705 (facsimile)
robert.gill@saul.com
henry.platt@saul.com
tschauf@saul.com
matt.antonelli@saul.com
jeremy.darling@saul.com

Sherry H. Flax (admitted *pro hac vice*)
SAUL EWING ARNSTEIN & LEHR, LLP
500 E. Pratt Street, Suite 900
Baltimore, Maryland 21202

(410) 332-8764
(410) 332-8785 (facsimile)
sherry.flax@saul.com

James C. Hodges, OBA #4254
JAMES C. HODGES, P.C.
2622 East 21st Street, Suite 4
Tulsa, Oklahoma 74114
(918) 779-7078
(918) 770-9779 (facsimile)
JHodges@HodgesLC.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of October, 2018, I caused a copy of the foregoing **Defendants' Motion In Limine To Exclude Evidence Relating To A Certain Algorithm – PUBLIC REDACTED VERSION** to be filed via the Court's ECF system, which will provide electronic notification of filing to the following counsel for Plaintiff:

Graydon Dean Luthey, Jr.
GABLE GOTWALS
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, OK 74103-4217
(918) 595-4821
(918) 595-4990 (facsimile)
dluthey@gablelaw.com
*Counsel for Plaintiff*

Neil K. Roman
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
(212) 841-1221
(212) 841-1010 (facsimile)
nroman@cov.com
*Counsel for Plaintiff*

Gary M. Rubman
Peter Swanson
Michael Sawyer
Rebecca B. Dalton
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
(202) 662-6000
(202) 778-5465 (facsimile)
grubman@cov.com
pswanson@cov.com
msawyer@cov.com
rdalton@cov.com
*Counsel for Plaintiff*

*/s/ Robert C. Gill*
Robert C. Gill