# Exhibit E

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

VIDEO GAMING TECHNOLOGIES, INC.,

    Plaintiff,

vs.

1CASTLE HILL STUDIOS LLC, *et al.*

    Defendants.

CASE NO. 17-CV-00454-GKF-JFJ

**DEFENDANTS' AMENDED OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

Defendants Castle Hill Studios LLC, Castle Hill Holdings LLC, and Ironworks Development LLC (together "Castle Hill") submit these amended objections and responses to Plaintiff's First Set of Requests for Production of Documents and Things.

**Objections to Definitions**

Defendants object to the following Definitions:

    1.    "Accused Games," to the extent that it includes any CHG game not identified in the definition as the Complaint does not identify the games that allegedly infringe VGT's intellectual property rights.

    2.    "Award Sound Trade Dress Feature" to the extent that it includes any sound other than the sound of a mechanical bell as an indicator that the player has won credits made by the Accused Games.

    3.    "Bingo Play and Pays Trade Dress Feature" as VGT has failed to identify (a) all the "winning bingo patterns VGT uses with its 3-Reel Mechanical Games;" (b) what is meant by "the method for conducting the ball drop VGT uses with its 3-Reel Mechanical Games; and

privileged documents relating to any actual instances of confusion about the source of the Accused Games, and will produce any such documents.

**REQUEST NO. 37:** All Documents and Things referring or relating to any comparison between VGT and CHG, including similarities or differences in their Marks, Trade Dress, or products.

**Response**: CHG objects on the grounds that the Request is overly broad, unduly burdensome, and not relevant to the claims or defenses of the parties. Subject to and without waiving the objection, CHG will perform a reasonable search for responsive, relevant and non-privileged documents relating to any comparison of VGT games and the Accused Games, and will produce any such documents.

**REQUEST NO. 38:** All Documents and Things referring or relating to CHG's knowledge of VGT, the VGT Marks, the VGT Trade Dress, the VGT Trade Secrets, and VGT's products.

**Response**: CHG objects on the grounds that the Request is overly broad, unduly burdensome, and not relevant to the claims or defenses of the parties. As alleged in the Complaint, a number of CHG employees previously worked for VGT and were aware of VGT and its products for reasons wholly unrelated to the litigation.

**REQUEST NO. 39:** All Documents and Things sufficient to show, on a quarterly basis, the revenues of each of the Accused Games sold or leased from the date of first use to present.

**Response**: CHG will perform a reasonable search for responsive, relevant and non-privileged documents sufficient to show CHG's revenues for the Accused Games.

17

**REQUEST NO. 40:**  All Documents and Things sufficient to show, on a quarterly basis, the gross net and profits realized by CHG, directly or indirectly, for each of the Accused Games sold or leased from the date of first use to present.

> **Response**:  CHG will perform a reasonable search for responsive, relevant and non-privileged documents sufficient to show CHG's gross and net profits for the Accused Games.

**REQUEST NO. 41:**  All Documents and Things sufficient to show, on a quarterly basis, CHG's gross and net profits since CHG began operating.

> **Response**:  CHG will perform a reasonable search for responsive, relevant and non-privileged documents sufficient to show CHG's gross and net profits.

**REQUEST NO. 42:**  All Documents and Things sufficient to show a comparison of CHG's profitability between its Accused Games and its non-Accused Games.

> **Response**:  CHG objects on the grounds that the Request is overly broad and unduly burdensome, and requests information not relevant to the claims or defenses of the parties. Castle Hill also objects on the basis that responsive Documents and Things are confidential business or trade secret information.

**REQUEST NO. 43:**  All Documents and Things sufficient to show the number of units of each of the Accused Games in operation by month and year and the names and locations of the casinos where units are or were operating.

CHG also objects on the grounds that the information requested is privileged and protected from disclosure under the work-product doctrine. CHG will, however, disclose such materials in accordance with the applicable rules and procedures for pre-trial proceedings in this Court.

Dated:  January 29, 2018                    Respectfully submitted,

*s/ Robert C. Gill*
Robert C. Gill (admitted *pro hac vice*)
Thomas S. Schaufelberger (admitted *pro hac vice*)
Matthew J. Antonelli (admitted *pro hac vice*)
SAUL EWING ARNSTEIN & LEHR, LLP
1919 Pennsylvania Avenue, NW, Suite 550
Washington, D.C. 20006
(202) 295-6605
(202) 295-6705 (facsimile)
robert.gill@saul.com
tschauf@saul.com
matt.antonelli@saul.com

Sherry H. Flax (admitted *pro hac vice*)
SAUL EWING ARNSTEIN & LEHR, LLP
500 E. Pratt Street, Suite 900
Baltimore, Maryland 21202
(410) 332-8764
(410) 332-8785 (facsimile)
sherry.flax@saul.com

James C. Hodges, OBA #4254
JAMES C. HODGES, P.C.
2622 East 21st Street, Suite 4
Tulsa, Oklahoma 74114
(918) 779-7078
(918) 770-9779 (facsimile)
JHodges@HodgesLC.com

*Counsel for Defendants*