# Exhibit G

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) VIDEO GAMING TECHNOLOGIES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:17-cv-00454-GKF-JFJ |
| | ) |
| 1) CASTLE HILL STUDIOS LLC | ) |
|     (d/b/a CASTLE HILL GAMING); | ) |
| 2) CASTLE HILL HOLDING LLC | ) |
|     (d/b/a CASTLE HILL GAMING); and | ) |
| 3) IRONWORKS DEVELOPMENT, LLC | ) |
|     (d/b/a CASTLE HILL GAMING) | ) |
| | ) |
| Defendants. | ) |

## VIDEO GAMING TECHNOLOGIES, INC.'S SIXTH SET OF INTERROGATORIES TO DEFENDANTS

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff Video Gaming Technologies, Inc. ("VGT") serves the following interrogatories on Defendants Castle Hill Studios LLC, Castle Hill Holdings LLC, and Ironworks Development LLC. VGT requests that Defendants provide responses to these interrogatories within the time prescribed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

## DEFINITIONS

Unless the terms of a request specifically indicate otherwise, the following definitions are applicable throughout these requests and are incorporated into each request.

1. "Castle Hill Gaming," "CHG," "You," "Your," and "Yours" mean Defendants Castle Hill Studios LLC, Castle Hill Holdings LLC, and Ironworks Development LLC; their parents, successors, predecessors, subsidiaries, affiliates and assignees thereof; their present and former officers, directors, agents, representatives, consultants, employees, and attorneys; and any

1

other Persons subject to the direction and control of, or acting on behalf of, any of the foregoing, both past and present.

2.    "CHG Games" refers to all of CHG's Class II gaming machines, as well as Quack-Tastic! and Soapbox Sally.

3.    "VGT" means Plaintiff Video Gaming Technologies, Inc.; its parents, successors, predecessors, subsidiaries, affiliates and assignees thereof; their present and former officers, directors, agents, representatives, consultants, employees and attorneys; and any other Persons subject to the direction and control of, or acting on behalf of, any of the foregoing, both past and present.

4.    As used herein, the singular includes the plural, and the plural includes the singular, except where context does not permit. The terms "and" and "or" are to be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive. The term "including" and its variants mean "including without limitation." The use of any verb in any tense shall be construed as the use of the verb in all other tenses.

## INSTRUCTIONS

1.    In responding to these interrogatories, CHG shall furnish all information available to CHG, including information in the possession or control of CHG's attorneys, experts, advisers, agents, or any other Person over which CHG has control.

2.    If CHG claims any privilege, whether based on statute or otherwise, as a ground for not answering an interrogatory or any part thereof, CHG shall set forth every fact on which the privilege is based, including sufficient facts to permit the Court to make a determination as to whether the claim of privilege is valid, and CHG shall respond to the parts of the interrogatory to which CHG does not object.

3. When, after a reasonable and thorough investigation using due diligence, You are unable to answer an interrogatory or any part thereof because of a lack of information available to You, You shall specify the type of information that You claim is not available, the reason the information is not available to You, and what You have done to locate such information. In addition, specify what knowledge or belief You have concerning the unanswered portion of the interrogatory, set forth the facts on which such knowledge or belief is based, and indicate who has or is likely to have the information that You claim is not available.

4. If any interrogatory is answered by reference to Documents pursuant to Federal Rule of Civil Procedure 33(d), You shall identify, by document production number or similar means, the Documents wherein the answer is located and unless apparent on the face of the Document, state where within the Document the answer can be found. The Documents must be identified in sufficient detail to permit VGT to ascertain the answer as readily as CHG.

5. If You object to any interrogatory, You shall state the reason for Your objection and answer all parts of the interrogatory to which Your objection does not apply.

6. If in answering any interrogatory, You claim ambiguity in either the interrogatory or a definition or instruction applicable thereto, You shall identify in Your response the language You consider ambiguous, and state the interpretation You are using in responding.

7. These interrogatories are continuing in nature, and to the extent that Your responses may be enlarged, diminished, or otherwise modified by information or Documents located, identified, or acquired subsequent to the production of Your initial responses hereto, You shall, to the extent set forth in Federal Rule of Civil Procedure 26(e), promptly produce supplemental responses in writing reflecting such changes.

8. VGT reserves the right to propound additional interrogatories.

## INTERROGATORIES

**INTERROGATORY NO. 23:**

For each of the CHG Games, identify, separately for each cabinet type used with the CHG Game (*e.g.*, Retro 3-reel mechanical, Atlas 3-reel video) and for each quarter since CHG began operating to the present, the number of units sold, leased or licensed in the United States; the revenue received by CHG from such sales, leases, and licenses; all direct, indirect, variable, fixed, and overhead costs associated with each of the CHG Games that was incurred by CHG; and all gross, operating, pre-tax and net profits realized by CHG, directly or indirectly, for each of the CHG Games.

|  |  |
|---|---|
|  | Respectfully submitted, |
| May 25, 2018 | */s/ Gary M. Rubman*<br>Graydon Dean Luthey, Jr., OBA No. 5568<br>GABLE GOTWALS<br>1100 ONEOK Plaza<br>100 West Fifth Street<br>Tulsa, OK 74103-4217<br>Telephone: (918) 595-4821<br>Facsimile: (918) 595-4990<br>dluthey@gablelaw.com<br><br>Gary M. Rubman<br>Peter A. Swanson<br>Michael S. Sawyer<br>Rebecca B. Dalton<br>COVINGTON & BURLING LLP<br>One CityCenter<br>850 Tenth Street, NW<br>Washington, D.C.  20001-4956<br>Telephone: (202) 662-6000<br>Facsimile: (202) 778-5465<br>grubman@cov.com<br>pswanson@cov.com<br>msawyer@cov.com<br>rdalton@cov.com<br>   (admitted pro hac vice)<br><br>Neil K. Roman<br>COVINGTON & BURLING LLP<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018-1405<br>Telephone: (212) 841-1221<br>Facsimile: (212) 841-1010<br>nroman@cov.com<br>   (admitted pro hac vice)<br><br>**Counsel for Video Gaming Technologies, Inc.** |