# EXHIBIT W

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

VIDEO GAMING TECHNOLOGIES, INC.,

    Plaintiff,

vs.

CASTLE HILL STUDIOS LLC, *et al.*

    Defendants.

CASE NO. 17-CV-00454-GKF-JFJ

**DEFENDANTS' OBJECTIONS AND ANSWERS TO
PLAINTIFF'S SECOND SET OF INTERROGATORIES**

Defendants, Castle Hill Studios LLC, Castle Hill Holdings LLC, and Ironworks Development LLC (together "Castle Hill" or "CHG"), submit these objections and answers to Plaintiff's Second Set of Interrogatories.

**OBJECTIONS TO DEFINITIONS**

1.    Defendants object to the definition of Castle Hill to the extent it seeks to impose obligations on Defendants beyond those required by the Federal Rules of Civil Procedure. Defendants specifically object to the inclusion of current and former personnel in that definition, because information from former personnel is not within Castle Hill's possession, custody or control. Defendants object to the definition of Castle Hill as to include agents, representatives and consultants, because these terms are not defined and are imprecise, because they fail to sufficiently identify those persons who allegedly fall within the scope of the definition, and because information that may be in the possession of such persons is not necessarily within Castle Hill's possession, custody or control. Defendants object to the definition of Castle Hill as to include attorneys, to the extent information in the possession of its current and former attorneys is protected from disclosure by the attorney client privilege and work-product doctrine.

## OBJECTIONS TO INSTRUCTIONS

Castle Hill objects to Instruction No. 1 that Castle Hill include information from attorneys, experts, advisers, and agents. Any request for information from attorneys may include information protected from disclosure by the attorney-client privilege and work-product doctrine. Defendants object to the term "experts" to the extent the Interrogatories seek information beyond that permitted by applicable law and court rules. Defendants object to advisers and agents on the basis that these terms are not defined and are imprecise, because they fail to sufficiently identify those persons who allegedly fall within the scope of that definition, and because information that may be in the possession of such persons is not necessarily within Castle Hill's possession, custody or control.

## OBJECTIONS AND ANSWERS TO INTERROGATORIES

**Interrogatory No. 14:** Describe in detail the complete factual and legal bases for each of the affirmative defenses You assert in this case, including without limitation each of the affirmative defenses asserted in Your Answer (Dkt. 59), filed on January 17, 2018, or in any subsequent Answer that You file.

**Answer:** Castle Hill objects to this Interrogatory as compound. By seeking the "complete legal *and* factual bases" for each of the 18 affirmative defenses enumerated in Castle Hill's Answer, the Interrogatory contains 36 subparts, each of which counts as a separate interrogatory. *See* LCvR 33.1 ("Interrogatories inquiring as to the existence, location and custodian of documents or physical evidence shall each be construed as one interrogatory. *All other interrogatories, including subdivisions of one numbered interrogatory, shall be construed as separate interrogatories*.") (emphasis added). This Interrogatory therefore improperly

2

exceeds, by far, the number of interrogatories permitted under Rule 33 and agreed to by the parties in the Joint Status Report.

Castle Hill further objects to the Interrogatory in that it requires defendant to "describe in detail" the "complete legal and factual bases" for the affirmative defenses, as answering such a request would require Castle Hill to provide a detailed narrative account of *all* legal theories of its defenses to the Complaint and *all* related facts, material and otherwise; the interrogatory is, therefore, on its face, overly broad and unduly burdensome and an abuse of the discovery process.  Castle Hill further objects to the Interrogatory to the extent it seeks the legal theories of defendants' counsel for its affirmative defenses, as opposed to the application of law to facts, because such a request seeks information protected from disclosure under the work product doctrine and exceeds the permissible scope of discovery under Rules 26(b) and 33(b)(1).

This Interrogatory is also a premature contention interrogatory in that it seeks the "complete . . . factual bases" for Castle Hill's affirmative defenses.  Discovery is ongoing in this matter.  The parties have not yet completed their production of documents to one another; indeed, VGT is yet to produce *any* ESI or e-mails responsive to Castle Hill's document requests, and the parties have just begun to take depositions.  It would therefore be extraordinarily burdensome and prejudicial for Castle Hill to fully respond to the interrogatory at this time.

Subject to and without waiving the foregoing objections, Castle Hill responds as follows, and it will supplement the following response with additional material facts supporting its affirmative defenses after the parties have completed discovery, to the extent appropriate under the Rules.

**Response**:

First Affirmative Defense: Plaintiff fails to state a claim upon which relief can be granted. CHG does not believe that Plaintiff, Video Gaming Technologies, Inc. ("Plaintiff" or "VGT") has stated a claim upon which relief can be granted for the reasons more fully set forth in CHG's Motion to Dismiss Plaintiff's Complaint, Memorandum of Law in Support, and Reply Memorandum of Law in Support, incorporated herein. Further, while discovery is ongoing, CHG does not believe that VGT will produce evidence sufficient to state a claim upon which relief can be granted at the close of discovery. CHG has identified some of the anticipated bases upon which VGT's claims will fail in CHG's other Affirmative Defenses, explained herein.

Second Affirmative Defense: Plaintiff's claims are barred by the applicable statutes of limitation. Discovery is ongoing, and CHG is investigating whether VGT timely filed all of its claims within the applicable statutes of limitation.

Third Affirmative Defense: Plaintiff's claims are barred or reduced by the doctrines of estoppel, laches, unclean hands, consent, acquiescence, and/or waiver. Discovery is ongoing, and CHG is investigating whether VGT timely filed all of its claims. Based on the Complaint, CHG began advertising its first four games on its website in or around March 2015, two games of which VGT alleges "resemble[] two of VGT's games" (Complaint, ¶ 61). VGT nonetheless failed to file its Complaint until August 4, 2017. During this nearly two-and-a-half year period of time, CHG continued designing, producing, marketing, and selling games. CHG will continue investigating why VGT should not be barred from or limited in the relief it seeks under these equitable defenses based on its actions, lack of action, and/or failure to timely act.

Fourth Affirmative Defense: Plaintiff's claims are barred or reduced because Defendants have the exclusive right to use their registered marks in commerce in connection with the goods

4

and services for which the marks are registered.  These trademark registrations provide *prima facie* evidence of the validity of Defendants' registered marks, Defendants' ownership of the marks, and Defendants' exclusive right to use their registered marks in commerce in connection with the goods and services for which the marks are registered.  15 U.S.C. § 1057(b).  All of the CHG marks which VGT alleges are infringing are marks which CHG has registered, or are currently pending registration, with the United States Patent and Trademark Office ("USPTO").  During the application and registration process of all of the CHG marks, VGT declined the opportunity to file oppositions to the CHG marks.  CHG's registrations are evidence of its ownership of its marks, exclusive right to use the marks, and its good faith intent to use marks deemed not confusingly similar by the USPTO.

      Fifth Affirmative Defense: Plaintiff's claims are barred or reduced because Defendants' conduct was privileged, proper, justified, or performed in the exercise of an absolute right.  While discovery is ongoing, CHG believes that all actions it has taken to date constitute fair competition and were fully compliant with the law.

      Sixth Affirmative Defense: Plaintiff fails to state a claim upon which relief can be granted because it does not have a protectable interest in its asserted trade dress.  Plaintiff's alleged trade dress is not entitled to protection because it is not distinctive and because Plaintiff has not established that its alleged trade dress has acquired secondary meaning.  CHG does not believe that VGT has stated a claim upon which relief can be granted for the reasons more fully set forth in CHG's Motion to Dismiss Plaintiff's Complaint, Memorandum of Law in Support, and Reply Memorandum of Law in Support, incorporated herein.  More specifically, VGT's trade dress is not distinctive because its trade dress themes and features, individually and combined, are generic in the casino gaming industry.

5

Seventh Affirmative Defense: Plaintiff fails to state a claim upon which relief can be granted because it does not have a protectable interest in its asserted trade dress. Plaintiff's alleged trade dress is not entitled to protection because it is functional. CHG does not believe that VGT has stated a claim upon which relief can be granted for the reasons more fully set forth in CHG's Motion to Dismiss Plaintiff's Complaint, Memorandum of Law, and Reply Memorandum of Law, incorporated herein. More specifically, VGT's trade dress is functional because its trade dress features, individually and collectively, are essential to the use or purpose of the products, and the exclusive use by VGT of such features would put CHG at a significant non-reputation-related disadvantage.

Eighth Affirmative Defense: Plaintiff fails to state a claim upon which relief can be granted because Defendants' products are not likely to cause consumer confusion. CHG does not believe that VGT has stated a claim upon which relief can be granted for the reasons more fully set forth in CHG's Motion to Dismiss Plaintiff's Complaint, Memorandum of Law in Support, and Reply Memorandum of Law in Support, incorporated herein. More specifically, VGT's registered trademarks are obviously dis-similar to CHG's registered or pending trademarks. VGT's themes and trade dress features are generic, and its trade dress is not distinctive or protectable.

Ninth Affirmative Defense: Plaintiff's claims are barred or reduced because Plaintiff failed to give actual or constructive notice of its trademark registrations. Plaintiff failed to display the requisite markings or symbols, and Defendants did not have actual notice of Plaintiff's registrations. Accordingly, no profits and no damages can be recovered. 15 U.S.C. § 1111. Discovery is ongoing, but upon information and belief, CHG does not believe that VGT

displayed the required trademark registration symbol to mark its games. Accordingly, it cannot recover damages or profits under its trademark infringement claims.

Tenth Affirmative Defense: Plaintiff's claims are barred or reduced by the doctrine of preemption. Discovery is ongoing, and CHG is evaluating whether one or more of VGT's state law claims is preempted under applicable controlling law.

Eleventh Affirmative Defense: Plaintiff fails to state a claim upon which relief can be granted because Defendants' games were independently developed. Discovery is ongoing, but CHG will prove that it developed its games independently and on its own, and did not misappropriate or otherwise use any VGT trade secrets in the development of CHG's games.

Twelfth Affirmative Defense: Plaintiff's claims are barred or reduced because Plaintiff's alleged trade secrets and/or confidential information is part of the public domain. Discovery is ongoing, but CHG will prove that some or all of VGT's alleged but ill-defined trade secrets and/or confidential information is not secret and is in fact part of the public domain, and therefore is not entitled to protection under the law.

Thirteenth Affirmative Defense: Plaintiff's claims are barred or reduced based on the doctrine of reverse engineering. Discovery is ongoing, but CHG reserves the right to demonstrate, if/where applicable, that its games were developed using reverse engineering and through the use of information that is not protected from disclosure.

Fourteenth Affirmative Defense: Plaintiff's claims are barred or reduced because Plaintiff failed to take reasonable measures to keep its alleged trade secrets and/or confidential information secret and/or confidential. Discovery is ongoing, but CHG does not believe that VGT can meet its burden of proof to establish that all elements of its alleged trade secrets and confidential information are in fact and have been kept secret

Fifteenth Affirmative Defense: Plaintiff's claims are barred or reduced by Plaintiff's own bad faith pursuant to the Oklahoma Deceptive Trade Practices Act. CHG asserts that VGT's claims were filed in bad faith and that CHG is entitled to recover its reasonable attorneys' fees and costs under the Oklahoma Deceptive Trade Practices Act.

Sixteenth Affirmative Defense: Plaintiff's claims are barred or reduced by Plaintiff's own bad faith pursuant to the Oklahoma Uniform Trade Secrets Act. CHG asserts that VGT's claims were filed in bad faith and that CHG is entitled to recover its reasonable attorneys' fees and costs under the Oklahoma Uniform Trade Secrets Act.

Seventeenth Affirmative Defense: Plaintiff's claims are barred or reduced because Plaintiff has not suffered any damages or harm from Defendants' actions as alleged in the Complaint. Discovery is ongoing, but CHG does not believe that VGT has suffered any harm from any of CHG's actions as alleged herein.

Eighteenth Affirmative Defense: Plaintiff's claims are barred or reduced by Plaintiff's failure to mitigate its alleged damages. Discovery is ongoing, but CHG does not believe that VGT mitigated its alleged damages. To the contrary, based on the Complaint, CHG began advertising its first four games on its website in or around March 2015, two games of which VGT alleges "resemble[] two of VGT's games" (Complaint, ¶ 61). VGT nonetheless failed to file its Complaint until August 4, 2017. During this nearly two-and-a-half year period of time, both parties undisputedly continued producing games. While CHG's investigation is continuing, CHG believes VGT's recovery, if any, should be substantially reduced given VGT's failure to mitigate.

Nineteenth Affirmative Defense: Defendants expressly reserve the right to supplement their Affirmative Defenses up to and including at the time of trial. This paragraph articulates

8

CHG's reservation of its right to supplement its Affirmative Defenses up through and including at the time of trial in accordance with the Federal Rules of Civil Procedure and Local Rules.

Dated:  February 20, 2018  Respectfully submitted,

*/s/ Robert C. Gill*
Robert C. Gill (admitted *pro hac vice*)
Thomas S. Schaufelberger (admitted *pro hac vice*)
Matthew J. Antonelli (admitted *pro hac vice*)
SAUL EWING ARNSTEIN & LEHR, LLP
1919 Pennsylvania Avenue, NW, Suite 550
Washington, DC 20006
(202) 295-6605
(202) 295-6705 (facsimile)
robert.gill@saul.com
tschauf@saul.com
matt.antonelli@saul.com

Sherry H. Flax (admitted *pro hac vice*)
SAUL EWING ARNSTEIN & LEHR, LLP
500 E. Pratt Street, Suite 900
Baltimore, MD 21202
(410) 332-8764
(410) 332-8785 (facsimile)
sherry.flax@saul.com

James C. Hodges, OBA #4254
JAMES C. HODGES, P.C.
2622 East 21st Street, Suite 4
Tulsa, OK 74114
(918) 779-7078
(918) 770-9779 (facsimile)
JHodges@HodgesLC.com

*Counsel for Defendants*

9

## CERTIFICATE OF SERVICE

      I hereby certify that on this 20th day of February, 2018, a copy of the foregoing Defendants' Objections and Answers To Plaintiff's Second Set of Interrogatories was served via U.S. Mail and email on the following:

Graydon Dean Luthey, Jr.
GABLE GOTWALS
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, OK 74103-4217
(918) 595-4821
(918) 595-4990 (facsimile)
dluthey@gablelaw.com
*Counsel for Plaintiff*

Neil K. Roman
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
(212) 841-1221
(212) 841-1010 (facsimile)
nroman@cov.com
*Counsel for Plaintiff*

Gary M. Rubman
Peter Swanson
Michael Sawyer
Rebecca B. Dalton
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
(202) 662-6000
(202) 778-5465 (facsimile)
grubman@cov.com
pswanson@cov.com
msawyer@cov.com
rdalton@cov.com
*Counsel for Plaintiff*

                                                          */s/ Robert C. Gill*
                                                         Robert C. Gill