## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) VIDEO GAMING TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> 1) CASTLE HILL STUDIOS LLC <br>    (d/b/a CASTLE HILL GAMING); <br> 2) CASTLE HILL HOLDING LLC <br>    (d/b/a CASTLE HILL GAMING); and <br> 3) IRONWORKS DEVELOPMENT, LLC <br>    (d/b/a CASTLE HILL GAMING) <br><br> Defendants. | Case No. 4:17-cv-00454-GKF-jfj <br><br> **Redacted** |

**PLAINTIFF VIDEO GAMING TECHNOLOGIES INC.'S MOTION IN LIMINE REGARDING CASTLE HILL GAMING DEFENSES AND BRIEF IN SUPPORT**

Plaintiff Video Gaming Technologies ("VGT") respectfully moves the Court to enter an order precluding testimony or other evidence Defendants ("CHG") may seek to present at trial in connection with their affirmative defenses, including unclean hands and illegality, based on their Regulatory, ▮▮▮▮▮ Theories. Those theories and the reasons they are irrelevant and do not create triable issues are addressed more fully in VGT's Motion for and Brief in Support of Partial Summary Judgment ("Motion for Partial Summary Judgment"), Dkt. 179 at 12-31.

Even if evidence in support of CHG's Regulatory, ▮▮▮▮▮ Theories were relevant, it is inflammatory, and the unfair prejudice that would result from its introduction would substantially outweigh its probative value and as such would warrant exclusion under FRE 403. Specifically, as set forth in VGT's Motion for Partial Summary Judgment, through those theories CHG attempts to portray VGT as wrongdoers in a way that is both unjustified and

unrelated to any of the claims or defenses that the jury will be deciding.

For this reason, courts in analogous circumstances have "exclud[ed] evidence of illegal operation from the jury's consideration on the ground that it was more prejudicial than probative." *Dream Games of Ariz., Inc. v. PC Onsite*, 561 F.3d 983, 991-94 (9th Cir. 2009) (upholding district court exclusion of evidence of copyright holder's alleged illegal activity); *see also Full Serv. Sys. Corp. v. Innovative Hosp. Sys., LLC of La.*, No. 1:08CV103-LG-RHW, 2010 WL 2773567, at *1 (S.D. Miss. July 8, 2010) (excluding "evidence or testimony that the plaintiffs employ undocumented workers").

At a minimum, such evidence should be excluded from consideration by the jury. Equitable issues such as unclean hands and illegality are properly reserved for the Court. *See, e.g., United States v. Walters*, No. 10-CV-229-TCK-PJC, 2012 WL 6681825, at *1 (N.D. Okla. Dec. 21, 2012) (reserving "purely equitable question" for court, not jury). CHG acknowledges that its unclean hands and illegality defenses are equitable in nature, arguing that they are relevant to the determination of whether an equitable remedy is appropriate and whether VGT's recovery should be diminished based on VGT's asserted bad conduct. *See* Dkt. 126, CHG's Reply in Support of Motion to Compel Discover, at 2.

Finally, CHG should be precluded from introducing evidence in support of its unclean hands and illegality defenses for the separate and independent reason that they failed to honor their discovery obligations with respect to those defenses. *See Woods v. Nationbuilders Ins. Servs., Inc.*, No. 11-CV-02151, 2014 WL 1303504, at *2-*3 (D. Colo. Mar. 27, 2014) (refusing to allow defendant to introduce defense at trial where defendant declined to provide factual basis for defense in response to discovery requests). In response to VGT's interrogatory seeking the factual and legal bases for CHG's affirmative defenses, CHG provided only rote objections and irrelevant

2

responses. *See* Ex. A, VGT's Second Set of Interrogatories to CHG at 3-4 (Jan. 1, 2018) (requesting "factual and legal bases for each of the affirmative defenses You assert in this case"); Ex. B, CHG's Objections and Answers to VGT's Second Set of Interrogatories at 4 (Feb. 20, 2018) (discussing possible laches grounds, but no "unclean hands" grounds); Ex. C, Email from Mr. Gill to Mr. Rubman (Aug. 2, 2018) (promising to supplement CHG's Objections and Answers to VGT's Second Set of Interrogatories). Notwithstanding CHG's promise to supplement, CHG never provided a supplemental discovery response addressing its unclean hands and illegality defenses.

For these reasons and those set forth in VGT's Motion for Partial Summary Judgment, CHG should be precluded from introducing evidence or making arguments relating to its Regulatory, ███████████████ Theories, whether in the context of its affirmative defenses of unclean hands and illegality (if the Court does not grant VGT's summary judgment motion) or in the context of any of CHG's other defenses.[1]

---

[1] VGT and CHG met and conferred with respect to the issues addressed in this motion on October 10, 2018, but CHG declined to agree to the relief sought by VGT.

| | |
|---|---|
| October 12, 2018 | */s/ Gary M. Rubman*<br>Graydon Dean Luthey, Jr., OBA No. 5568<br>GABLE GOTWALS<br>1100 ONEOK Plaza<br>100 West Fifth Street<br>Tulsa, OK 74103-4217<br>Telephone: (918) 595-4821<br>Facsimile: (918) 595-4990<br>dluthey@gablelaw.com<br><br>Gary M. Rubman<br>Peter A. Swanson<br>Michael S. Sawyer<br>Rebecca B. Dalton<br>COVINGTON & BURLING LLP<br>One CityCenter<br>850 Tenth Street, NW<br>Washington, D.C. 20001-4956<br>Telephone: (202) 662-6000<br>Facsimile: (202) 778-5465<br>grubman@cov.com<br>pswanson@cov.com<br>msawyer@cov.com<br>rdalton@cov.com<br>   (admitted pro hac vice)<br><br>Neil K. Roman<br>COVINGTON & BURLING LLP<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018-1405<br>Telephone: (212) 841-1221<br>Facsimile: (212) 841-1010<br>nroman@cov.com<br>   (admitted pro hac vice)<br><br>***Counsel for Video Gaming Technologies, Inc.*** |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 12, 2018, I filed the foregoing via CM/ECF, which caused the foregoing to be served on the following counsel for Defendants:

Robert C. Gill
Thomas S. Schaufelberger
Matthew J. Antonelli
Henry A. Platt
SAUL EWING ARNSTEIN & LEHR, LLP
1919 Pennsylvania Avenue, NW, Suite 550
Washington, D.C. 20006
(202) 295-6605
(202) 295-6705 (facsimile)
robert.gill@saul.com
tschauf@saul.com
matt.antonelli@saul.com
henry.platt@saul.com

Sherry H. Flax
SAUL EWING ARNSTEIN & LEHR, LLP
500 E. Pratt Street, Suite 900
Baltimore, Maryland 21202
(410) 332-8764
(410) 332-8785 (facsimile)
sherry.flax@saul.com

James C. Hodges, OBA 4254
JAMES C. HODGES, PC
2622 East 21st Street, Suite 4
Tulsa, OK 74114
Telephone: (918) 779-7078
JHodges@HodgesLC.Com

Duane H. Zobrist
Jonathan S. Jacobs
ZOBRIST LAW GROUP PLLC
1900 Arlington Blvd. Suite B
Charlottesville, VA 22903
Telephone: (434) 658-6400
dzobrist@zoblaw.com
jjacobs@zoblaw.com

*Attorneys for Defendants*

                                                     */s/ Gary Rubman*