IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) VIDEO GAMING TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> 1) CASTLE HILL STUDIOS LLC <br> (d/b/a CASTLE HILL GAMING); <br> 2) CASTLE HILL HOLDING LLC <br> (d/b/a CASTLE HILL GAMING); and <br> 3) IRONWORKS DEVELOPMENT, LLC <br> (d/b/a CASTLE HILL GAMING) <br><br> Defendants. | Case No. 4:17-cv-00454-GKF-jfj |

**PLAINTIFF'S MOTION TO SEAL MOTION FOR AND BRIEF IN SUPPORT
OF PARTIAL SUMMARY JUDGMENT**

Pursuant to Local Rule 79.1, General Order In Re The Use of Confidential Information In Civil Cases ("GO 08-11"), and paragraph 2(f) of the Stipulated Protective Order (Dkt. 55), Plaintiff Video Gaming Technologies, Inc. ("VGT"), hereby requests that the Court enter an order to seal Plaintiff's unredacted Motion for and Brief in Support of Partial Summary Judgment ("the Motion for Partial Summary Judgment"), the Declaration of Josh Davis in Support of Plaintiff's Motion for Partial Summary Judgment (the "Davis Declaration") and Exhibits A, B, C, D, and E thereto, the Declaration of Stacy Friedman in Support of Plaintiff's Motion for Partial Summary Judgment (the "Friedman Declaration") and Exhibit F thereto, Exhibits G and H to the Declaration of Richard Williamson in Support of Plaintiff's Motion for Partial Summary Judgment ("the Williamson Declaration"), and Exhibits I, J, K, L, M, N, O, P, Q, R, S, T, U, Y, Z, BB, DD, GG, HH, II, JJ, KK, LL, MM, NN, OO, PP, QQ, and RR to the Declaration of Michael Sawyer in Support of Plaintiff's Motion for Partial Summary Judgment

1

("the Sawyer Declaration") (collectively, Dkt. 179). In support of this motion, Plaintiff states the following:

1. Portions of the Motion for Partial Summary Judgment contain both Plaintiff's and Defendants' sensitive and/or proprietary trade secret information, which, pursuant to the Stipulated Protective Order, should be treated as Highly Confidential Information.

2. Portions of the Motion for Partial Summary Judgment contain information designated by Plaintiff and Defendants as Highly Confidential Information pursuant to paragraph 2(a) of the Stipulated Protective Order.

3. Portions of the Motion for Partial Summary Judgment contain discussion of deposition testimony that has been designated as Highly Confidential Information pursuant to paragraph 2(c) of the Stipulated Protective Order.

4. Portions of the Davis Declaration contain Plaintiff's sensitive and/or proprietary trade secret information, which, pursuant to the Stipulated Protective Order, should be treated as Highly Confidential Information. Such information includes discussions of documents and information designated by Plaintiff as Highly Confidential and Highly Confidential Source Code Information pursuant to the Stipulated Protective Order.

5. Portions of the Friedman Declaration contain both Plaintiff's and Defendants' sensitive and/or proprietary trade secret information, which, pursuant to the Stipulated Protective Order, should be treated as Highly Confidential Information. Such information includes discussions of documents and information designated by Plaintiff and Defendants as Highly Confidential and Highly Confidential Source Code Information pursuant to the Stipulated Protective Order.

6. Exhibit A to the Davis Declaration consists of a document produced by VGT to Defendants ("CHG") bearing Bates stamps VGT0052992-95. Pursuant to paragraphs 2(a) and 2(c) of the Stipulated Protective Order, VGT has designated this document as Highly Confidential Information.

7. Exhibit B to the Davis Declaration consists of a document produced by VGT to CHG bearing Bates stamps VGT0064944-46. Pursuant to paragraphs 2(a) and 2(c) of the Stipulated Protective Order, VGT has designated this document as Highly Confidential Information.

8. Exhibit C to the Davis Declaration consists of a document produced by VGT to CHG bearing Bates stamps VGT0001813-45. Pursuant to paragraphs 2(a) and 2(c) of the Stipulated Protective Order, VGT has designated this document as Highly Confidential Information.

9. Exhibit D to the Davis Declaration consists of a document produced by VGT to CHG bearing Bates stamps VGT0001788-812. Pursuant to paragraphs 2(a) and 2(c) of the Stipulated Protective Order, VGT has designated this document as Highly Confidential Information.

10. Exhibit E to the Davis Declaration consists of files containing VGT's confidential and proprietary source code. Pursuant to paragraphs 2(a) and 2(c) of the Stipulated Protective Order, VGT has designated this source code as Highly Confidential Source Code.

11. Exhibit F to the Friedman Declaration consists of files containing CHG's source code. Pursuant to paragraphs 2(a) and 2(c) of the Stipulated Protective Order, CHG has designated this source code as Highly Confidential Source Code.

12. Exhibit G to the Williamson Declaration consists of a document produced by VGT to CHG bearing Bates stamps VGT0056192-56204. Pursuant to paragraphs 2(a) and 2(c) of the Stipulated Protective Order, VGT has designated this document as Highly Confidential Information.

13. Exhibit H to the Williamson Declaration consists of a document produced by VGT to CHG bearing Bates stamps VGT0056176-56180. Pursuant to paragraphs 2(a) and 2(c) of the Stipulated Protective Order, VGT has designated this document as Highly Confidential Information.

14. Exhibit I to the Sawyer Declaration consists of excerpts from the deposition testimony of Paul Suggs, dated June 8, 2018, which, pursuant to paragraph 2(c) of the Stipulated Protective Order, should be treated as Highly Confidential Information.

15. Exhibit J to the Sawyer Declaration consists of excerpts from the deposition testimony of Jon Yarbrough, dated July 11, 2018, which, pursuant to paragraph 2(c) of the Stipulated Protective Order, should be treated as Highly Confidential Information.

16. Exhibit K to the Sawyer Declaration consists of a document produced by VGT to CHG bearing Bates stamps VGT0006912-15. Pursuant to paragraphs 2(a) and 2(c) of the Stipulated Protective Order, VGT has designated this document as Confidential Information.

17. Exhibit L to the Sawyer Declaration consists of a document produced by VGT to CHG bearing Bates stamp VGT0006862. Pursuant to paragraphs 2(a) and 2(c) of the Stipulated Protective Order, VGT has designated this document as Confidential Information.

18. Exhibit M to the Sawyer Declaration consists of excerpts from the deposition testimony of Robert M. Zeidman, dated September 28, 2018, which, pursuant to paragraph 2(c) of the Stipulated Protective Order, should be treated as Highly Confidential Information.

19. Exhibit N to the Sawyer Declaration consists of excerpts from the deposition testimony of Andrew C. Scheiner, dated April 19, 2018, which, pursuant to paragraph 2(c) of the Stipulated Protective Order, should be treated as Highly Confidential Information.

20. Exhibit O to the Sawyer Declaration is a document produced by CHG to VGT bearing Bates stamps CHG0087147-49. Pursuant to paragraphs 2(a) and 2(c) of the Stipulated Protective Order, CHG has designated this document as Highly Confidential Information.

21. Exhibit P to the Sawyer Declaration is a document produced by CHG to VGT bearing Bates stamps CHG0086662. Pursuant to paragraphs 2(a) and 2(c) of the Stipulated Protective Order, CHG has designated this document as Highly Confidential Information.

22. Exhibit Q to the Sawyer Declaration is a document produced by CHG to VGT bearing Bates stamps CHG0089317-20. Pursuant to paragraphs 2(a) and 2(c) of the Stipulated Protective Order, CHG has designated this document as Highly Confidential Information.

23. Exhibit R to the Sawyer Declaration consists of excerpts from the deposition testimony of Joshua P. Larson, dated April 24, 2018, which, pursuant to paragraph 2(c) of the Stipulated Protective Order, should be treated as Highly Confidential Information.

24. Exhibit S is a document used during the 30(b)(6) deposition of Alan Roireau dated August 1, 2018, which, pursuant to paragraph 2(c) of the Stipulated Protective Order, should be treated as Highly Confidential Information.

25. Exhibit T to the Sawyer Declaration consists of an excerpt from the Rebuttal [Expert Report] of Stacy Friedman by Robert Zeidman. Pursuant to paragraphs 2(a)-(c) of the Stipulated Protective Order, CHG has designated the entirety of this report as Highly Confidential.

26. Exhibit U to the Sawyer Declaration is a document produced by CHG to VGT bearing Bates stamps CHG0089313-14. Pursuant to paragraphs 2(a) and 2(c) of the Stipulated Protective Order, CHG has designated this document as Highly Confidential Information.

27. Exhibit Y to the Sawyer Declaration consists of excerpts from the deposition testimony of Richard Williamson, dated June 14, 2018, which, pursuant to paragraph 2(c) of the Stipulated Protective Order, should be treated as Highly Confidential Information.

28. Exhibit Z to the Sawyer Declaration consists of excerpts from the 30(b)(6) deposition testimony of Richard Williamson, dated October 2, 2018, which, pursuant to paragraph 2(c) of the Stipulated Protective Order, should be treated as Highly Confidential Information.

29. Exhibit BB to the Sawyer Declaration consists of excerpts from the deposition testimony of Jay Sevigny, dated July 12, 2018, which, pursuant to paragraph 2(c) of the Stipulated Protective Order, should be treated as Highly Confidential Information.

30. Exhibit DD to the Sawyer Declaration consists of excerpts from the deposition testimony of Jason Sprinkle, dated May 18, 2018, which, pursuant to paragraph 2(c) of the Stipulated Protective Order, should be treated as Highly Confidential Information.

31. Exhibit GG to the Sawyer Declaration consists of excerpts from the deposition testimony of Zachary Schmid, dated June 20, 2018, which, pursuant to paragraph 2(c) of the Stipulated Protective Order, should be treated as Highly Confidential Information.

32. Exhibit HH to the Sawyer Declaration consists of excerpts from the 30(b)(6) deposition testimony of Alan Roireau, dated August 1, 2018, which, pursuant to paragraph 2(c) of the Stipulated Protective Order, should be treated as Highly Confidential Information.

33. Exhibit II is a document used during the deposition of Paul Suggs dated June 8, 2018, which, pursuant to paragraph 2(c) of the Stipulated Protective Order, should be treated as Highly Confidential Information.

34. Exhibit JJ to the Sawyer Declaration consists of excerpts from the deposition testimony of Alan Roireau, dated May 15, 2018, which, pursuant to paragraph 2(c) of the Stipulated Protective Order, should be treated as Highly Confidential Information.

35. Exhibit KK to the Sawyer Declaration consists of excerpts from the deposition testimony of Will Harvie, dated June 15, 2018, which, pursuant to paragraph 2(c) of the Stipulated Protective Order, should be treated as Highly Confidential Information.

36. Exhibit LL to the Sawyer Declaration consists of email correspondence between counsel for VGT and counsel for CHG dated between July 8 and July 24, 2018. This correspondence references confidential trade secret issues and deposition testimony, which, pursuant to paragraphs 2(a) and 2(c) of the Stipulated Protective Order, should be treated as Highly Confidential Information.

37. Exhibit MM to the Sawyer Declaration consists of a notice of deposition served on CHG by Plaintiff and attachments containing contain both Plaintiff's and Defendants' sensitive and/or proprietary trade secret information.

38. Exhibit NN to the Sawyer Declaration consists of an excerpt from the Opening Expert Report of Stacy Friedman. Pursuant to paragraphs 2(a)-(c) of the Stipulated Protective Order, VGT has designated the entirety of this report as Highly Confidential.

39. Exhibit OO to the Sawyer Declaration is a document produced by CHG to VGT bearing Bates stamps CHG0089197-98. Pursuant to paragraphs 2(a) and 2(c) of the Stipulated Protective Order, CHG has designated this document as Highly Confidential Information.

40. Exhibit PP is a document used during the deposition of Paul Suggs dated June 8, 2018, which, pursuant to paragraph 2(c) of the Stipulated Protective Order, should be treated as Highly Confidential Information.

41. Exhibit QQ to the Sawyer Declaration is a document produced by CHG to VGT bearing Bates stamps CHG0087214–15. Pursuant to paragraphs 2(a) and 2(c) of the Stipulated Protective Order, CHG has designated this document as Highly Confidential Information.

42. Exhibit RR to the Sawyer Declaration is a document produced by CHG to VGT bearing Bates stamps CHG0087698–709. Pursuant to paragraphs 2(a) and 2(c) of the Stipulated Protective Order, CHG has designated this document as Highly Confidential Information.

43. In accordance with Local Rule 79.1, GO 08-11, and the Stipulated Protective Order, Plaintiff has filed public, redacted versions of the Motion for Partial Summary Judgment, Davis Declaration, Friedman Declaration, Williamson Declaration, and Sawyer Declaration, (collectively, Dkt. 178), as well as sealed, unredacted versions of the Motion for Partial Summary Judgment, Davis Declaration, Friedman Declaration, Williamson Declaration, and Sawyer Declaration (collectively, Dkt. 179).

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order granting sealing the Motion for and Brief in Support of Partial Summary Judgment, the Davis Declaration and Exhibits A, B, C, D, and E thereto, the Friedman Declaration and Exhibit F thereto, Exhibits G and H to the Williamson Declaration, and Exhibits I, J, K, L, M, N, O, P, Q, R, S, T, U, Y, Z, BB, DD, GG, HH, II, JJ, KK, LL, MM, NN, OO, PP, QQ, and RR to the Sawyer Declaration (collectively, Dkt. 179).

October 12, 2018                             Respectfully submitted,

                                             */s/ Gary Rubman*

Graydon Dean Luthey, Jr., OBA No. 5568
GABLE GOTWALS
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, OK 74103-4217
Telephone: (918) 595-4821
Facsimile: (918) 595-4990
dluthey@gablelaw.com

Gary M. Rubman
Peter A. Swanson
Michael S. Sawyer
Rebecca B. Dalton
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, D.C.  20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 778-5465
grubman@cov.com
pswanson@cov.com
msawyer@cov.com
rdalton@cov.com
   (admitted pro hac vice)

Neil K. Roman
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1221
Facsimile: (212) 841-1010
nroman@cov.com
   (admitted pro hac vice)

***Counsel for Video Gaming Technologies, Inc.***

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 12, 2018, I filed the foregoing via CM/ECF, which caused the foregoing to be served on the following counsel for Defendants:

Robert C. Gill
Thomas S. Schaufelberger
Matthew J. Antonelli
Henry A. Platt
SAUL EWING ARNSTEIN & LEHR, LLP
1919 Pennsylvania Avenue, NW, Suite 550
Washington, D.C. 20006
(202) 295-6605
(202) 295-6705 (facsimile)
robert.gill@saul.com
tschauf@saul.com
matt.antonelli@saul.com
henry.platt@saul.com

Sherry H. Flax
SAUL EWING ARNSTEIN & LEHR, LLP
500 E. Pratt Street, Suite 900
Baltimore, Maryland 21202
(410) 332-8764
(410) 332-8785 (facsimile)
sherry.flax@saul.com

James C. Hodges, OBA 4254
JAMES C. HODGES, PC
2622 East 21st Street, Suite 4
Tulsa, OK 74114
Telephone: (918) 779-7078
JHodges@HodgesLC.Com

Duane H. Zobrist
Jonathan S. Jacobs
ZOBRIST LAW GROUP PLLC
1900 Arlington Blvd. Suite B
Charlottesville, VA 22903
Telephone: (434) 658-6400
dzobrist@zoblaw.com
jjacobs@zoblaw.com

*Attorneys for Defendants*

                                                    */s/ Gary Rubman*