**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

VIDEO GAMING TECHNOLOGIES, INC.,

    Plaintiff,

v.

CASTLE HILL STUDIOS LLC, *et al.*

    Defendants.

CASE NO. 17-CV-00454-GKF-JFJ

**DEFENDANTS' MOTION TO STRIKE JURY DEMAND**

Defendants, Castle Hill Studios LLC, Castle Hill Holdings LLC, and Ironworks Development LLC (collectively, "CHG" or "Defendants"), hereby move for an order striking Plaintiff's jury demand in this action. Having withdrawn all claims for legal damages in this action, Plaintiff has no right to a jury. Plaintiff's remaining claims are purely equitable – not legal – in nature. Equitable claims are tried to the Court, not to a jury. Accordingly, the Court should strike Plaintiff's jury demand.

**I.     BACKGROUND**

In its First Amended Complaint, Plaintiff Video Gaming Technologies, Inc. ("VGT") asserted claims for: (1) trademark infringement, trade dress infringement, and unfair competition in violation of Sections 32 and 43(a) of the Federal Trademark Act (the "Lanham Act"), 15 U.S.C. §§ 1114 and 1125(a) (Counts I & II), Oklahoma state law, Okla. Stat. Ann. tit. 78, § 51-56 (the "Oklahoma Deceptive Trade Practices Act") (Count III) and Oklahoma common law (Count IV); (2) misappropriation of trade secrets in violation of Oklahoma state law, Okla. Stat. Ann. tit. 78, §§ 85-94 (the "Oklahoma Uniform Trade Secrets Act") (Count V); (3) misappropriation of confidential business information in violation of Oklahoma common law (Count VI); (4) misappropriation of trade secrets in violation of the Defend Trade Secrets Act of 2016 ("DTSA"), 18 U.S.C. § 1836, *et seq*. (Count VII); and (5) misappropriation of trade secrets under the Virginia Uniform Trade Secrets

Act, Va. Code Ann. §§ 59.1-336 to 59.1-343 (Count VIII).  In its Prayer for Relief, VGT requested declaratory relief, injunctive relief, damages, punitive damages, disgorgement of CHG's profits, and attorneys' fees and costs.  VGT demanded a trial by jury on all counts.[1]  ECF No. 103.

During the September 6, 2018, hearing on Defendants' motion to compel discovery against Plaintiff before Judge Jayne, VGT *expressly* abandoned *all* claims for legal damages in this action, opting to instead limit its relief to disgorgement of CHG's profits.  VGT's counsel represented to the Court, in response to a direct question concerning the scope of relief VGT is still seeking: "Yes, **our only monetary relief we're seeking is disgorgement of profits as well as attorneys' fees**."  September 6, 2018 Hearing Tr. at 35:10-13 (emphasis added), a true and correct copy of which is attached hereto as **Exhibit A;** *see also id.* at 44:17-24.  *See generally* Defendants' Motion in Limine to Exclude Evidence of Plaintiff's Lost Revenue, Lost Profits, And Lost Profit Damages, ECF No. 151 (under seal), at 1-3.  This binding judicial admission is a deliberate, clear, and unequivocal waiver and abandonment of all of VGT's legal damages claims.  *Id.* at 4.  Accordingly, all that is left (besides litigation expenses) are Plaintiff's claims for injunctive relief and disgorgement of CHG's profits – purely equitable remedies.

## II.     THE COURT SHOULD STRIKE PLAINTIFF'S JURY DEMAND

For a civil litigant to demand a jury, it must have the right to one under either a federal statute or the Seventh Amendment.  *See* Fed. R. Civ. P. 38(a).  If neither source confers that right, the Court should strike any jury demand.  *See* Fed. R. Civ. P. 39(a)(2).  *See, e.g., U.S. v. Walters,* 2012 WL 6681825 (N.D. Okla. Dec. 21, 2012) (striking jury demand over claim for breach of trust under Oklahoma law).

---

[1] Defendants also made a jury demand, at a time before Plaintiff withdrew all claims for legal damages.  In light of Plaintiff's choice to seek only equitable relief, Defendants hereby withdraw their jury demand.

The first question under Rule 38(a) – whether a federal statute gives Plaintiff the right to a jury – requires little discussion. None of the statutes at issue either grant or deny the right to a jury under federal law.[2] The question here thus turns on the Seventh Amendment. In determining whether a party has a right to a jury trial, the Tenth Circuit has outlined the standards under the Seventh Amendment as follows:

> The Seventh Amendment preserves the right of trial by jury in Suits at common law, where the value in controversy shall exceed twenty dollars.... [T]he Seventh Amendment applies to actions brought to enforce statutory rights that are analogous to common-law causes of action ordinarily decided in English law courts in the late 18th century, as opposed to those customarily heard by courts of equity or admiralty. To determine whether a particular statutory action more closely resembles an 18th century case tried in a court of law or one tried in a court of equity, we must examine both the nature of the statutory action and the remedy sought. *The more important factor is whether the remedy sought is legal or equitable in nature.*

*Graham v. Hartford Life & Acc. Ins. Co.*, 589 F.3d 1345, 1355 (10th Cir. 2009) (emphasis added) (quoting *Adams v. Cyprus Amax Minerals Co.*, 149 F.3d 1156, 1159 (10th Cir. 1998) (citations, internal quotations, and alterations omitted)).

Plaintiff currently seeks an injunction and disgorgement of CHG's profits under the Lanham Act, the Federal DTSA the Oklahoma Deceptive Trade Practices Act, the Oklahoma Uniform Trade Secrets Act, the Virginia Uniform Trade Secrets Act, and Oklahoma common law. As for injunctive relief, as the Supreme Court has observed, it "goes without saying that an injunction is an equitable remedy." *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311 (1982). Plaintiff therefore has no right to a jury for its request for injunctive relief.

The law is equally settled in this Circuit that disgorgement of profits is an equitable remedy under the Lanham Act. In *Klein-Becker USA, LLC v. Englert*, an action for trademark infringement,

---

[2] Although not a *federal* statute, it is noteworthy that the Oklahoma Deceptive Trade Practices Act actually explicitly provides that claims under the Act are to be tried *in a court of equity*. *See* 78 Okla. Stat. tit. 78 § 54(A) (2017) ("Any person damaged or likely to be damaged by a deceptive trade practice of another may maintain an action *in any court of equitable jurisdiction* to prevent, restrain or enjoin such deceptive trade practice.") (emphasis added).

3

copyright infringement, false advertising, and unfair competition under the Lanham Act, the plaintiff, like VGT herein, elected to not seek recovery of actual damages, but, instead, sought disgorgement of profits. The Tenth Circuit expressly held "disgorgement of profits is an equitable remedy." 711 F.3d 1153, 1157 (10th Cir. 2013) (citing *Bishop v. Equinox Int'l Corp.*, 154 F.3d 1220, 1222 (10th Cir. 1998) (quoting 15 U.S.C. § 1117(a))); *id.* at 1163 ("Courts have wide discretion to fashion appropriate equitable remedies such as disgorgement of profits.").

Similarly, in *Fifty–Six Hope Road Music, Ltd. v. A.V.E.L.A., Inc.*, the Ninth Circuit examined the issue closely in finding no right to a jury over a disgorgement claim in another Lanham Act case:

> *A claim for disgorgement of profits under § 1117(a) is equitable, not legal.* Litigants filed trademark-like actions in "deceit" prior to 1791, but these suits were rare. *See* Mark A. Thurman, *Ending the Seventh Amendment Confusion: A Critical Analysis of the Right to a Jury Trial in Trademark Cases*, 11 Tex. Intell. Prop. L.J. 1, 60–63 (2002) (only three known cases prior to 1791 – two in courts of law, one in court of equity). *While this historical record illuminates little, the current law recognizes that actions for disgorgement of improper profits are equitable in nature.*

778 F.3d 1059, 1075 (9th Cir. 2015) (emphasis added) (citing *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 570 (1990); *Tull v. United States*, 481 U.S. 412, 424 (1987*); City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 710 (1999) (equitable monetary remedies focus on "what ... the [defendant] gained"); *Reebok Int'l., Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992) ("An accounting of profits under § 1117(a) is not synonymous with an award of monetary damages: [a]n accounting for profits ... is an equitable remedy subject to the principles of equity." (internal quotation marks omitted)). *See also United States v. Rapower–3, LLC*, 294 F. Supp. 3d 1238, 1240-41 (D. Utah 2018) (striking jury demand as "disgorgement is equitable and is not tried by a jury") (citing *id.*).

The Federal Circuit recently came to the same conclusion with respect to the newly enacted Federal Defend Trade Secrets Act. In *Texas Advanced Optoelectronic Solutions, Inc. v. **Renesas Electronics America, Inc.**,* 895 F.3d 1304 (Fed. Cir. 2018), the Court conducted a thorough Seventh Amendment

4

analysis of a claim for disgorgement of profits under DTSA, *id.* at 1318-25, holding that the plaintiff "has no right to a jury decision on its request for disgorgement of [defendant's] profits as a remedy for trade secret misappropriation." *Id.* at 1325. As the Court explained:

> We see no basis for drawing a different conclusion for [plaintiff's] request for disgorgement for trade secret misappropriation in this case, based on [defendant's] improper taking and use of … intellectual property … For Seventh Amendment purposes, claims for patent, copyright, or trademark infringement are appropriate analogues of the trade secret claim here. From all we have seen, no disgorgement remedy was available at law in 1791 for the former claims. *We conclude that no such remedy would have been available at law for the trade secret misappropriation here, either.*

*Id.* (emphasis added).

## CONCLUSION

As VGT has no statutory or constitutional right to a jury trial in this action after voluntarily abandoning all of its claims for legal damages, the Court should strike plaintiff's jury demand and schedule this matter for a non-jury trial.

Dated: November 9, 2018

Respectfully submitted,

*/s/ Robert C. Gill*
Robert C. Gill (admitted *pro hac vice*)
Henry A. Platt (admitted *pro hac vice*)
Thomas S. Schaufelberger (admitted *pro hac vice*)
Matthew J. Antonelli (admitted *pro hac vice*)
Jeremy B. Darling (admitted *pro hac vice*)
SAUL EWING ARNSTEIN & LEHR, LLP
1919 Pennsylvania Avenue, NW, Suite 550
Washington, D.C. 20006
(202) 295-6605
(202) 295-6705 (facsimile)
robert.gill@saul.com
henry.platt@saul.com
tschauf@saul.com
matt.antonelli@saul.com
jeremy.darling@saul.com

Sherry H. Flax (admitted *pro hac vice*)
SAUL EWING ARNSTEIN & LEHR, LLP
500 E. Pratt Street, Suite 900
Baltimore, Maryland 21202
(410) 332-8764
(410) 332-8785 (facsimile)
sherry.flax@saul.com

James C. Hodges, OBA #4254
JAMES C. HODGES, P.C.
2622 East 21st Street, Suite 4
Tulsa, Oklahoma 74114
(918) 779-7078
(918) 770-9779 (facsimile)
JHodges@HodgesLC.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of November, 2018, I caused a copy of the foregoing **DEFENDANTS' MOTION TO STRIKE JURY DEMAND** to be emailed to the following counsel for Plaintiff:

Graydon Dean Luthey, Jr.
GABLE GOTWALS
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, OK 74103-4217
(918) 595-4821
(918) 595-4990 (facsimile)
dluthey@gablelaw.com
*Counsel for Plaintiff*

Neil K. Roman
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
(212) 841-1221
(212) 841-1010 (facsimile)
nroman@cov.com
*Counsel for Plaintiff*

Gary M. Rubman
Peter Swanson
Michael Sawyer
Rebecca B. Dalton
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
(202) 662-6000
(202) 778-5465 (facsimile)
grubman@cov.com
pswanson@cov.com
msawyer@cov.com
rdalton@cov.com
*Counsel for Plaintiff*

                                          */s/ Robert C. Gill*
                                          Robert C. Gill