# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OKLAHOMA

VIDEO GAMING TECHNOLOGIES, INC.,

                    Plaintiff,

v.

CASTLE HILL STUDIOS LLC, *et al.*

                    Defendants.

CASE NO. 17-CV-00454-GKF-JFJ

**PUBLIC – REDACTED VERSION**

## DEFENDANTS' OPPOSITION TO PLAINTIFF VIDEO GAMING TECHNOLOGIES INC.'S MOTION IN LIMINE REGARDING CASTLE HILL GAMING DEFENSES

Defendants, Castle Hill Studios LLC, Castle Hill Holdings LLC, and Ironworks Development LLC (collectively, "CHG" or "Defendants"), file this opposition to Plaintiff Video Gaming Technologies, Inc.'s ("VGT") Motion In Limine Regarding Castle Hill Gaming Defenses (the "Motion") (Doc. 181 (under seal)).

VGT's Motion requests that the Court enter an Order precluding CHG from introducing evidence or making arguments relating to certain theories underlying CHG's unclean hands and illegality defenses. VGT terms those theories (1) the "Regulatory Theory," (2) ███████████ ███████ and (3) ████████████████ (collectively, the "Theories"). Although VGT does not define precisely what it deems to be the bases for these "theories," or exactly what evidence it seeks to exclude, VGT nevertheless argues (without explanation) that such evidence "is inflammatory, and the unfair prejudice that would result from its introduction would substantially outweigh its probative value and as such would warrant exclusion under FRE 403." Motion at 1. In the alternative, VGT argues that, "[a]t a minimum, such evidence should be excluded from consideration by the jury," as "[e]quitable issues such as unclean hands and illegality are properly reserved for the Court." Motion at 2 (citation omitted). These arguments are moot, however, as the Court has subsequently granted Defendants' Motion to Strike Plaintiff's Jury Demand.

In addition, the Motion must be denied as CHG plainly has the right to introduce evidence at trial regarding its affirmative defenses. As set forth in detail in CHG's Opposition to Plaintiff's Motion for Partial Summary Judgment, filed concurrently herewith, evidence relating to VGT's ███████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ███████ are plainly relevant to both CHG's equitable defenses of illegality and unclean hands, as the Court must weigh the equities in fashioning an equitable remedy, but also to directly rebut VGT's claim that its pay tables, math and other alleged trade dress features – which are commonly used throughout the gaming industry – are somehow distinctive or "indicative" that a game is "likely owned by VGT." Am. Compl. ¶ 26 (Doc. 103).[1]

Finally, VGT's throw-away argument, on pages 2-3 of its motion, that CHG should be precluded from putting on evidence of its defenses because it did not serve a formal discovery supplementation explaining its theories is wholly specious. VGT's assertion that CHG failed to honor its discovery obligations contradicts the plain language of Rule 26(e)(1)(A), Fed. R. Civ. P., which provides that a party must supplement an interrogatory response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, *and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing*." Fed. R. Civ. P. 26(e)(1)(A) (emphasis added). Thus, Rule 26(e)(1)(A) "recognize[s] that there is no need as a matter of form to submit a supplemental disclosure to include information already revealed by a witness in a deposition or otherwise through formal

---

████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████ *See* Defendants' Motion for Summary Judgment (Doc. 184 (under seal)) at SOF ¶ 35.

discovery." 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, §
2049.11993 (3d. ed.); *see also U.S. Aviation Underwriters, Inc. v. Pilatus Bus. Aircraft, Ltd.*, 582 F.3d 1131,
1145 (10th Cir. 2009) ("Fed.R.Civ.P. 26(e)(1)(A) does not require amended interrogatories in all
circumstances.").

Accordingly, courts in this Circuit have consistently found that a party had no duty to
supplement its interrogatory responses where the opposing party had knowledge of the information.
*See, e.g., U.S. Aviation Underwriters, Inc.*, 582 F.3d at 1145 (finding that the defendant was under no
duty to supplement its interrogatory response where the pretrial order contained the relevant
information ); *L-3 Comm'ns Corp. v. Jaxon Eng'g & Maint., Inc.*, 125 F. Supp. 3d 1155, 1169 (D. Colo.
2015) (finding that the plaintiff was under no duty to supplement its interrogatory response where
an expert report contained the relevant information); *N. Alabama Fabricating Co., Inc. v. Bedeschi Mid-
W. Conveyor Co.*, LLC, No. 16-CV-2740-DDC-TJJ, 2018 WL 276772, at *4 (D. Kan. Jan. 3, 2018)
(finding that the defendants were under no duty to supplement their interrogatory responses where a
report prepared by a fact witness contained the relevant information).

Numerous depositions on the issues raised by VGT in this Motion have been taken in this
action in which the factual underpinnings of these issues have been explored in detail. These include:
a Court-ordered 30(b)(6) deposition on ███████████████████ (Doc. 131); and
depositions of numerous VGT witnesses and third-party witnesses on █████████████
████████████████████████████████████████████████████
███████████████[2] Because VGT is fully aware of each of the evidentiary basis for CHG's
"Theories," as made obvious by the fact that they argue the facts and law on the subject in detail in

---

[2]  *See, e.g.*, Ex. A, Carlson Dep. 40-43, 84-88, 112-18, 150-52; Ex. B, Graham Dep. 60-62; Ex.
C, Harvie Dep. 53-54, 155-58, 184-87; Ex. D, North Dep. 32-33, 66-109, 114-121; Ex. E, Roelofs
Dep. 75-76; Ex. F, Sevigny Dep. 53-54, 158, 169-70, 182-89, 231-42; Ex. G, Starr Dep. 35-37; 75-78,
97, 168, 175-78, 199, 209-214, 228-29, 242, 270-76; Ex. H, Yarbrough Dep. 96-97, 162-64, 178-81.

their motion for partial summary judgment, CHG was under no duty to supplement its interrogatory response.

## <u>CONCLUSION</u>

For the foregoing reasons, CHG respectfully requests that the Court enter an Order denying VGT's Motion in Limine Regarding Castle Hill Gaming Defenses, in its entirety.

Dated:  November 16, 2018                    Respectfully submitted,

*/s/ Robert C. Gill*
Robert C. Gill (admitted *pro hac vice*)
Henry A. Platt (admitted *pro hac vice*)
Thomas S. Schaufelberger (admitted *pro hac vice*)
Matthew J. Antonelli (admitted *pro hac vice*)
Jeremy B. Darling (admitted *pro hac vice*)
SAUL EWING ARNSTEIN & LEHR, LLP
1919 Pennsylvania Avenue, NW, Suite 550
Washington, D.C. 20006
(202) 295-6605
robert.gill@saul.com
henry.platt@saul.com
tschauf@saul.com
matt.antonelli@saul.com
jeremy.darling@saul.com

Sherry H. Flax (admitted *pro hac vice*)
SAUL EWING ARNSTEIN & LEHR, LLP
500 E. Pratt Street, Suite 900
Baltimore, Maryland 21202
(410) 332-8764
(410) 332-8785 (facsimile)
sherry.flax@saul.com

James C. Hodges, OBA #4254
JAMES C. HODGES, P.C.
2622 East 21st Street, Suite 4
Tulsa, Oklahoma 74114
(918) 779-7078
(918) 770-9779 (facsimile)
JHodges@HodgesLC.com

*Counsel for Defendants*

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of November, 2018, I caused a copy of the foregoing **DEFENDANTS' OPPOSITION TO PLAINTIFF VIDEO GAMING TECHNOLOGIES INC.'S MOTION IN LIMINE REGARDING CASTLE HILL GAMING DEFENSES – PUBLIC REDACTED VERSION** to be filed via the Court's ECF system, which will provide electronic notification of filing to the following counsel for Plaintiff:

Graydon Dean Luthey, Jr.
GABLE GOTWALS
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, OK 74103-4217
(918) 595-4821
(918) 595-4990 (facsimile)
dluthey@gablelaw.com
*Counsel for Plaintiff*

Neil K. Roman
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
(212) 841-1221
(212) 841-1010 (facsimile)
nroman@cov.com
*Counsel for Plaintiff*

Gary M. Rubman
Peter Swanson
Michael Sawyer
Rebecca B. Dalton
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
(202) 662-6000
(202) 778-5465 (facsimile)
grubman@cov.com
pswanson@cov.com
msawyer@cov.com
rdalton@cov.com
*Counsel for Plaintiff*

*/s/ Robert C. Gill*
Robert C. Gill