## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1) VIDEO GAMING TECHNOLOGIES, INC., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-cv-00454-GKF-jfj |
| | ) | |
| 1) CASTLE HILL STUDIOS LLC | ) | |
| (d/b/a CASTLE HILL GAMING); | ) | **REDACTED** |
| 2) CASTLE HILL HOLDING LLC | ) | |
| (d/b/a CASTLE HILL GAMING); and | ) | |
| 3) IRONWORKS DEVELOPMENT, LLC | ) | |
| (d/b/a CASTLE HILL GAMING) | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION
## IN LIMINE TO EXCLUDE EVIDENCE OF PLAINTIFF'S
## LOST REVENUE, LOST PROFITS, AND LOST PROFIT DAMAGES

Defendants Castle Hill Studios LLC, Castle Hill Holding LLC, and Ironworks Development, LLC (collectively, "CHG") seek an order precluding Video Gaming Technologies, Inc. ("VGT") "from introducing any evidence, presenting any argument, or referring to any VGT claims of lost revenue, lost profits, or lost profit damages at trial." Dkt. 151 at 1 ("Motion" or "Mot."").

To the extent that the Motion is directed to the form of damages VGT seeks in the upcoming trial, the Motion is not contested. As VGT has made clear to CHG—including in its damages expert reports and during a meet and confer before CHG filed this motion—VGT is seeking only the following damages in the upcoming trial:

- **Trademark/trade dress claims:** Unjust enrichment in the form of disgorgement of profits CHG has earned from the accused games; and

- **Trade secrets/confidential business information claims:** Unjust enrichment in the form of avoided research and development costs or, in the alternative, disgorgement of profits CHG has earned from the accused games.

In addition, VGT seeks injunctive relief, enhanced and/or exemplary damages, attorney's fees, and pre- and post-judgment interest.[1]

To the extent that the Motion goes beyond the form of damages VGT seeks in the upcoming trial, it should be denied. In the Tenth Circuit, "plaintiffs must show either actual damages or willful action on the part of the defendant as a prerequisite to recover disgorgement of profits." *Klein-Becker USA, LLC v. Englert*, 711 F.3d 1153, 1161 (10th Cir. 2013). Under this standard, a showing of actual damages requires VGT to establish only that it suffered actual damages; it is not necessary to show the amount of actual damages suffered. *See id.* ("The Lanham Act does not require that an exact dollar amount of actual damages be shown, only that the plaintiff establishes that it suffered actual damages.").

Here, VGT intends to prove at trial that CHG's misconduct was willful *and* that VGT has suffered actual damages. VGT's damages expert, Melissa Bennis, addressed the latter issue in her expert report. *See* Dkt. 175, Ex. A at 32–33 (Bennis Opening Report). Although CHG has moved to exclude portions of her opinions, *see* Dkt. 175, CHG is not seeking to exclude her opinions on actual harm. Nor would CHG have a good basis for doing so: this issue was addressed during fact discovery, and CHG's own employees have acknowledged that there likely

███████████████████████████████████████████████████ *See, e.g.*, Ex. A,

---

[1] Although CHG includes an argument about unfair prejudice, its argument is unsupported and, in any event, appears to be based on the assumption of a jury trial. *See* Mot. at 5. Because this case will not be tried to a jury, *see* Dkt. 202, CHG's prejudice argument is moot.

2

Sprinkle 7/11/18 Dep. Tr. 452:11–453:2 (███████████████████████████ ██████████████████ ).[2]

Each time a CHG game replaces a VGT game on a casino floor, VGT suffers harm because VGT loses the corresponding revenue from that game. VGT also suffers harm each time a player mistakenly plays a CHG game believing it to be a VGT game because VGT loses revenue and suffers harm to its brand and goodwill—*e.g.*, to the extent that the player does not have a good experience, that player is less likely to play a VGT game in the future. *See, e.g.*, Dkt. 175, Ex. A at 32–33 (citing support).

Evidence of the actual harm CHG is causing to VGT also is relevant to the irreparable harm requirement for an injunction. *See Prairie Band Potawatomi Nation v. Wagnon*, 476 F.3d 818, 822 (10th Cir. 2007) (permanent injunctions require showing of "irreparable harm unless the injunction is issued").

CHG misconstrues statements made by VGT at a discovery hearing. *See* Mot. at 3–4. Those statements clarified that VGT was not seeking lost profits as a form of "monetary relief." *Id.* at 3. There was no discussion (let alone admission) as to whether evidence of lost revenue may be relevant to some other issue in the case. Moreover, the Court *rejected* VGT's relevance argument and ordered the requested discovery (unredacted copies of VGT's customer agreements). Dkt. 131. Now CHG seeks to turn around the argument on VGT. CHG cannot have it both ways.[3]

---

[2] "Ex. A" refers to the exhibit attached to the accompanying Declaration of Gary Rubman.

[3] These statements would be irrelevant even if the Court had denied the motion to compel, because the particular information CHG was seeking (*e.g.*, financial terms in VGT's customer agreements) does not bear on *whether* VGT has lost revenue to CHG. At most, it concerns the *amount* of lost revenue.

Accordingly, unless CHG is willing to stipulate that VGT has suffered actual harm and that the harm VGT is suffering is irreparable, VGT should be allowed to introduce evidence of actual harm at trial.  To the extent that the Motion seeks to preclude VGT from doing so, it should be denied.

November 16, 2018                           Respectfully submitted,

                                            */s/ Gary M. Rubman*
                                            Graydon Dean Luthey, Jr., OBA No. 5568
                                            GABLE GOTWALS
                                            1100 ONEOK Plaza
                                            100 West Fifth Street
                                            Tulsa, OK 74103-4217
                                            Telephone: (918) 595-4821
                                            Facsimile: (918) 595-4990
                                            dluthey@gablelaw.com

                                            Gary M. Rubman
                                            Peter A. Swanson
                                            Rebecca B. Dalton
                                            COVINGTON & BURLING LLP
                                            One CityCenter
                                            850 Tenth Street, NW
                                            Washington, D.C.  20001-4956
                                            Telephone: (202) 662-6000
                                            Facsimile: (202) 778-5465
                                            grubman@cov.com
                                            pswanson@cov.com
                                            msawyer@cov.com
                                            rdalton@cov.com
                                               (admitted pro hac vice)

                                            Neil K. Roman
                                            COVINGTON & BURLING LLP
                                            The New York Times Building
                                            620 Eighth Avenue
                                            New York, NY 10018-1405
                                            Telephone: (212) 841-1221
                                            Facsimile: (212) 841-1010
                                            nroman@cov.com
                                               (admitted pro hac vice)

                                            *Counsel for Video Gaming Technologies, Inc.*

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 16, 2018, I filed a redacted version of the foregoing via

ECF, which caused service to be effected on the following counsel for Defendants:

Robert C. Gill
Thomas S. Schaufelberger
Matthew J. Antonelli
SAUL EWING ARNSTEIN & LEHR, LLP
1919 Pennsylvania Avenue, NW, Suite 550
Washington, D.C. 20006
(202) 295-6605
(202) 295-6705 (facsimile)
robert.gill@saul.com
tschauf@saul.com
matt.antonelli@saul.com

Sherry H. Flax
SAUL EWING ARNSTEIN & LEHR, LLP
500 E. Pratt Street, Suite 900
Baltimore, Maryland 21202
(410) 332-8764
(410) 332-8785 (facsimile)
sherry.flax@saul.com

James C. Hodges, OBA 4254
JAMES C. HODGES, PC
2622 East 21st Street, Suite 4
Tulsa, OK 74114
Telephone: (918) 779-7078
JHodges@HodgesLC.Com

Duane H. Zobrist
Jonathan S. Jacobs
ZOBRIST LAW GROUP PLLC
1900 Arlington Blvd. Suite B
Charlottesville, VA 22903
Telephone: (434) 658-6400
dzobrist@zoblaw.com
jjacobs@zoblaw.com

*Attorneys for Defendants*

                                                          */s/ Gary M. Rubman*