# EXHIBIT 3

1

```
 1                 UNITED STATES DISTRICT COURT FOR THE

 2                   NORTHERN DISTRICT OF OKLAHOMA

 3

 4   VIDEO GAMING TECHNOLOGIES, INC.,   )
                                        )
 5                 Plaintiff,           )
                                        )
 6   vs.                                ) CASE NO. 17-CV-454-GKF-JFJ
                                        )
 7   CASTLE HILL STUDIOS, LLC., et al., )
                                        )
 8                 Defendants.          )

 9

10

11

12

13

14

15             TRANSCRIPT OF RECORDED PROCEEDINGS
                        DECEMBER 6, 2017
16    BEFORE THE HONORABLE JODI F. JAYNE, MAGISTRATE JUDGE PRESIDING

17                        MOTION HEARING

18

19

20

21

22

23

24

25
```

*Greg Bloxom, RMR, CRR*
United States Court Reporter
Northern District of Oklahoma

```
 1                    A P P E A R A N C E S

 2  FOR THE PLAINTIFF:              MR. GARY M. RUBMAN
                                    MR. MICHAEL SAWYER
 3                                  Covington & Burling, LLP
                                    One City Center
 4                                  850 Tenth Street, NW
                                    Washington, D.C. 20001-4956
 5
                                    MR. GRAYDON DEAN LUTHEY, JR.
 6                                  Gable Gotwals
                                    1100 ONEOK Plaza
 7                                  100 W. 5th Street
                                    Tulsa, OK 74103-4217
 8
    FOR THE DEFENDANTS:             MR. JAMES COLLIN HODGES
 9                                  James C. Hodges, PC
                                    2622 E. 21st Street
10                                  Suite 4
                                    Tulsa, OK 74114
11
                                    MR. JONATHAN SPENCER JACOBS
12                                  Zobrist Law Group PLLC
                                    1900 Arlington Blvd.
13                                  Suite B
                                    Charlottesville, VA 22905
14
                                    MR. ROBERT COURTNEY GILL
15                                  Saul Ewing Arnstein
                                    & Lehr LLP
16                                  1919 Pennsylvania Avenue NW
                                    Suite 550
17                                  Washington, D.C. 20006

18                         * * * * * * * * * *

19

20

21

22

23

24

25
```

Video Gaming v Castle Hill (12-06-2017 Motion Hearing)                              3

```
 1   PROCEEDINGS:
 2   ----------------------------------------------------------------
 3            THE DEPUTY COURT CLERK:  This is case number 17-CV-
 4   454-GKF-JFJ, Video Gaming Technologies, Inc. vs. Castle Hill
 5   Studies -- or Studios -- sorry -- LLC, et al.
 6      Counsel, please enter your appearance for the record.
 7            MR. LUTHEY:  Good morning, Your Honor.
 8            THE COURT:  Good morning.
 9            MR. LUTHEY:  Dean Luthey for the plaintiff, and I have
10   with me as my co-counsel, who have been admitted pro hac vice
11   in this case, Mr. Gary Rubman and Mr. Michael Sawyer of the
12   District of Columbia.
13            THE COURT:  Good morning.  Welcome to Tulsa.
14   Mr. Rubman; is that right?
15            MR. RUBMAN:  It's actually Rubman, but --
16            THE COURT:  Rubman.  Okay.
17            MR. RUBMAN:  -- people say either.
18            THE COURT:  Rubman and Mr. Sawyer.  Okay.
19            MR. HODGES:  James Hodges for the Castle Hill
20   defendants.  With me is Robert Gill of Washington and Jonathan
21   Jacobs of Washington.
22            THE COURT:  Okay.  Which is which?
23            MR. HODGES:  Mr. Gill (INDICATING).
24            THE COURT:  Mr. Gill?  Okay.
25            MR. GILL:  Good morning, Your Honor.
```

1   secret aspects of this case, I think that would be fine, but I

2   think these cases are unique for a number of reasons and I

3   think that's one.  I think we know, going into this, that

4   there's going to be a lot of data that's going to be designated

5   under that order and there's going to be a lot of those

6   motions.

7           **THE COURT:**  Sure.

8           **MR. GILL:**  So, I think you may be tired of seeing them

9   on your docket after a while.  So, -- in any event, but like I

10  said, I do agree with that and --

11          **THE COURT:**  Okay.

12          **MR. GILL:**  -- but obviously we'll abide by whatever

13  Your Honor says on that.

14      With regard to the content of the order, I do have some

15  objections.  You know, the form order that this district uses

16  does not prohibit client access to just plain confidential

17  information, and the red-line document that I got struck

18  through the language that provided for party access, which was

19  the basis for my comment in my brief.

20      Counsel is correct that there was other language in that,

21  and I address this my brief also, that talked about having a

22  representative have access to that.

23      But, you know, here's a position that I find myself in:

24  I've come into the case that's already pending and I'm trying

25  to get a grip on what's going on factually and procedurally and

1  legally, and I'm drinking out of a fire hose, so to speak, and

2  I'm trying to figure out what I need to do in order to be able

3  to defend the case and communicate meaningfully with the client

4  with whom I have no prior relationship before this case, and I

5  feel like my client has a right to be able to participate

6  meaningful in the defense of this action.

7      And my concern in looking at the order, first of all, in

8  all my years of practice, and you can probably tell by the

9  absence of hair on my head and the gray in my beard, that

10  that's a number that begins with a 3 at this point, I've never

11  seen a protective order that limited client access to just

12  plain confidential information.  I've seen it with respect to

13  highly confidential information but just not plain confidential

14  information, and I think that is an unworkable restriction.

15      I would like to have the opportunity to discuss this with

16  the client, particularly in a trade secret case because, you

17  know, one of the defenses in these types of cases is this is

18  the particular claim that's been made for which trade secret

19  protection is sought, and I need to be able to discuss with the

20  client what that specific claim is.  I would like for the

21  client to be able to see whatever the evidentiary material is

22  that underlies that complaint because the client may be able to

23  say, in response to that, "No, we didn't use this or anything

24  like this.  This is how we did it and I need that in order to

25  be able to defend the claim."  And if I can't have that

1   communication with the client, that significantly hampers my

2   ability to be able to defend the case, and that's my concern.

3   I'm looking at this for a logistical, you know, not trying to

4   be hypertechnical about it.  This is a very basic thing for me.

5   I'm concerned about being able to meaningfully communicate with

6   my client and have the client be able to meaningful assist me

7   in the defense of the case.

8          **THE COURT:**  Why haven't you met and conferred with

9   them about this protective order?  It sounds like there's a

10  whole lot you agree on.

11         **MR. GILL:**  Well, there is, but, you know, to be

12  candid, what happened was, you know, I felt like no good deed

13  was going unpunished with respect to my communications with

14  counsel.  I told them candidly that what my view was on trade

15  secret discovery about how I needed to know more of the

16  substance of their claims to be able to respond, and it was

17  obvious from the request for the meet-and-confer they were

18  trying to game the system and file the motion to compel

19  discovery against me before our responses are even due.  And

20  once it was obvious to me that was what was happening, frankly,

21  I didn't feel there was enough good faith involved to make it

22  worthwhile, and I thought, "You want to run to court and file a

23  motion before my discovery is due?  I'm perfectly happy to

24  discuss this with the judge and have the judge resolve the

25  issue in a way that, like it or not, it'll be done, that's what

Video Gaming v Castle Hill (12-06-2017 Motion Hearing)                51

1  If there's anything we can do to minimize the risk to the court

2  from that, because as I understood Your Honor's comment

3  earlier, one of the reasons that you like to have these

4  sequential motions to seal is because you do sometimes get

5  inquiries from outside parties like --

6         **THE COURT:**  No.  I'm sorry I wasn't clear on that.

7  I've never seen an inquiry from an outside party on a motion to

8  seal.  What I was saying was that the underlying principle of

9  those is that most of the time we expect documents and filings

10 to be public, --

11        **MR. GILL:**  Right.

12        **THE COURT:**  -- and unless you tell us a good reason

13 why they should be sealed, we like to have things public, if

14 possible.

15        **MR. GILL:**  Right.

16        **THE COURT:**  And particularly what I think -- I wasn't

17 here when they enacted that local rule, but part of the problem

18 is people would have one exhibit that needed to be sealed, or

19 maybe even four lines in an exhibit that needed to be sealed

20 and they filed the whole motion under seal and nobody can see

21 it and nobody has public access to it, and there's just no

22 reason for that.

23    So, no, to answer your question, I've never seen an outside

24 inquiry.  That's not my concern.  My concern is the court's

25 ability to deny your motion to seal if it does not believe the

Video Gaming v Castle Hill (12-06-2017 Motion Hearing)                           52

```
 1   entire thing needs sealed.

 2           MR. GILL:  Okay.  Fair enough.

 3           THE COURT:  So, yes.

 4      Okay.  Is there anything else that we need to take up here

 5   today, Mr. Rubman?

 6           MR. RUBMAN:  No, Your Honor.

 7           THE COURT:  Mr. Gill?

 8           MR. GILL:  No, ma'am.  Thank you.

 9           THE COURT:  Thank you both.

10           THE DEPUTY COURT CLERK:  All rise.

11           THE COURT:  Court's adjourned.

12      (PROCEEDINGS CLOSED)

13                     REPORTER'S CERTIFICATION

14      WHILE NOT PRESENT TO STENOGRAPHICALLY REPORT THE FOREGOING

15   PROCEEDINGS, I CERTIFY THAT IT WAS TRANSCRIBED TO THE BEST OF

16   MY ABILITY FROM A DIGITAL AUDIO RECORDING.

17                    CERTIFIED:  s/Greg Bloxom
                                   Greg Bloxom, RMR, CRR
18                                 United States Court Reporter
                                   333 W. 4th Street, RM 411
19                                 Tulsa, OK 74103
                                   (918)699-4878
20                                 greg_bloxom@oknd.uscourts.gov

21

22

23

24

25
```

**Greg Bloxom, RMR, CRR**
United States Court Reporter
Northern District of Oklahoma