# EXHIBIT I

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) VIDEO GAMING TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> 1) CASTLE HILL STUDIOS LLC <br>  (d/b/a CASTLE HILL GAMING); <br> 2) CASTLE HILL HOLDING LLC <br>  (d/b/a CASTLE HILL GAMING); and <br> 3) IRONWORKS DEVELOPMENT, LLC <br>  (d/b/a CASTLE HILL GAMING) <br><br> Defendants. | Case No. 4:17-cv-00454-GKF-JFJ |

## VIDEO GAMING TECHNOLOGIES, INC.'S
## SUPPLEMENTAL PRELIMINARY WITNESS LIST

Plaintiff Video Gaming Technologies, Inc. ("VGT") serves these supplemental preliminary lists of witnesses and exhibits on Defendants Castle Hill Studios LLC, Castle Hill Holding LLC, and Ironworks Development, LLC (collectively, "CHG").

These lists are based on information reasonably available to VGT, and VGT reserves the right to add or remove individuals and documents as additional information becomes available through additional fact investigation and discovery.

## Preliminary Witness List

Based on VGT's understanding of the issues to date, VGT anticipates that the following individuals may be called to testify at trial in this matter:

| | Individual | Address | Subject |
|---|---|---|---|
| 1. | Josh Akins | c/o Covington & Burling LLP | Actual confusion between VGT products and CHG products |

| | | | |
|---|---|---|---|
| 2. | Jon Cossin | c/o Covington & Burling LLP | Design and development of VGT products, including software and game play |
| 3. | Josh Davis | c/o Covington & Burling LLP | Design and development of VGT products, including software and game play; departure of VGT employees to CHG |
| 4. | Betsy Dickinson | c/o Covington & Burling LLP | Marketing and advertising of VGT products |
| 5. | Craig Eubanks | c/o Covington & Burling LLP | Actual confusion between VGT products and CHG products |
| 6. | Will Harvie | c/o Covington & Burling LLP | Design and development of VGT products, including software and game play; VGT products in comparison to other products in the marketplace, including CHG products; departure of VGT employees to CHG |
| 7. | Constance Hollingsworth | 9585 Celia Berryhill Road Okmulgee, OK 74447 | Actual confusion between VGT products and CHG products |
| 8. | Rob Lamb | c/o Covington & Burling LLP | Design and development of VGT products, including the game artwork |
| 9. | Jim Marcum | c/o Covington & Burling LLP | Actual confusion between VGT products and CHG products; sales, placement, and performance of VGT products; VGT products in comparison to other products in the marketplace, including CHG products |
| 10. | David Marsh | c/o Covington & Burling LLP | Design and development of VGT products, including the game themes, sounds and artwork; departure of VGT employees to CHG; history of VGT and CHG |
| 11. | Butch McGill | c/o Covington & Burling LLP | Design and development of VGT products, including VGT's cabinet, sounds, red screens, and other trade dress features; departure of VGT employees to CHG |
| 12. | Ryan North | c/o Covington & Burling LLP | VGT products in comparison to other products in the marketplace, including CHG products; design and development of VGT products; performance of VGT products; |

| | | | |
|---|---|---|---|
| | | | departure of VGT employees to CHG |
| 13. | Rich Schneider | c/o Covington & Burling LLP | Actual confusion between VGT products and CHG products; VGT product strategy and performance; VGT products in comparison to other products in the marketplace, including CHG products |
| 14. | Rob Schramer | c/o Covington & Burling LLP | VGT's financial performance, including sales figures and projections; sales, placement, and performance of VGT products |
| 15. | Jay Sevigny | c/o Covington & Burling LLP | VGT product strategy and performance; VGT products in comparison to other products in the marketplace, including CHG products; history of VGT; departure of VGT employees to CHG |
| 16. | Gregg Shipman | 5045 S. 79th E Ave Tulsa, OK 74145 | Authentication of photographs of gaming machines; proximity of VGT and CHG gaming machines |
| 17. | Barry Smitherman | c/o Covington & Burling LLP | Source and history of VGT products, including VGT's cabinet, sounds, and other trade dress features |
| 18. | James Starr | c/o Covington & Burling LLP | Sales, placement, and performance of VGT products; VGT products in comparison to other products in the marketplace, including CHG products; departure of VGT employees to CHG |
| 19. | Sheldon Watkins | c/o Covington & Burling LLP | Actual confusion between VGT products and CHG products |
| 20. | Daniel Wenzell | c/o Covington & Burling LLP | Actual confusion between VGT products and CHG products |
| 21. | Jason Sprinkle | c/o Saul Ewing Arnstein & Lehr LLP | Design and development of CHG products; CHG's knowledge and copying of VGT's products; source and history of CHG products; sales, placement, and performance of CHG products; business strategy and marketing of CHG products; CHG products in comparison to other products in the |

|     |     |     | marketplace; departure of VGT employees to CHG |
| --- | --- | --- | --- |
| 22. | Alan Roireau | c/o Saul Ewing Arnstein & Lehr LLP | Design and development of CHG products; CHG's knowledge and copying of VGT's products; departure of VGT employees to CHG |
| 23. | Aaron Milligan | c/o Saul Ewing Arnstein & Lehr LLP | Design and development of CHG products; CHG's knowledge and copying of VGT's products; departure of VGT employees to CHG |
| 24. | Rich Sisson | c/o Saul Ewing Arnstein & Lehr LLP | Design and development of CHG products; CHG's knowledge and copying of VGT's products; departure of VGT employees to CHG |
| 25. | Zach Trover | c/o Saul Ewing Arnstein & Lehr LLP | Design and development of CHG products |
| 26. | Dan Fulton | c/o Saul Ewing Arnstein & Lehr LLP | Design and development of CHG products; CHG's knowledge and copying of VGT's products; departure of VGT employees to CHG |
| 27. | Arthur Watson | c/o Saul Ewing Arnstein & Lehr LLP | CHG's financial performance, including sales figures and projections; sales, placement, and performance of CHG products; design and development of CHG products; CHG's knowledge and copying of VGT's products; business strategy and marketing of CHG products; departure of VGT employees to CHG |
| 28. | Andrew Scheiner | c/o Saul Ewing Arnstein & Lehr LLP | Design and development of CHG products; CHG's knowledge and copying of VGT's products; departure of VGT employees to CHG |
| 29. | Josh Larson | c/o Saul Ewing Arnstein & Lehr LLP | Design and development of CHG products; CHG's knowledge and copying of VGT's products; departure of VGT employees to CHG |
| 30. | George Weilacher | c/o Saul Ewing Arnstein & Lehr LLP | Design and development of CHG products |

| | | | |
|---|---|---|---|
| 31. | John R. Taylor III | c/o Saul Ewing Arnstein & Lehr LLP | Design and development of CHG products; CHG's knowledge and copying of VGT's products; source and history of CHG products; business strategy and marketing of CHG products; CHG products in comparison to other products in the marketplace; departure of VGT employees to CHG |
| 32. | Paul Suggs | c/o Saul Ewing Arnstein & Lehr LLP | Design and development of CHG products; CHG's knowledge and copying of VGT's products; departure of VGT employees to CHG |
| 33. | Chris Barranco | c/o Saul Ewing Arnstein & Lehr LLP | Design and development of CHG products; CHG's financial performance, including sales figures and projections; sales, placement, and performance of CHG products; business strategy and marketing of CHG products; CHG's knowledge and copying of VGT's products |
| 34. | Brandon Booker | c/o Saul Ewing Arnstein & Lehr LLP | Design and development of CHG products; CHG's knowledge and copying of VGT's products; taking VGT information when leaving VGT; departure of VGT employees to CHG. |
| 35. | Seth Morgan | c/o Saul Ewing Arnstein & Lehr LLP | Design and development of CHG products; CHG's knowledge and copying of VGT's products; taking VGT information when leaving VGT; departure of VGT employees to CHG. |
| 36. | Any witnesses necessary for impeachment or rebuttal | N/A | N/A |
| 37. | Any witness necessary or qualified to lay the foundation for the admissibility of a document or other exhibit | N/A | N/A |

| | | | |
|---|---|---|---|
| 38. | Any witness listed on CHG's witness lists | N/A | N/A |
| 39. | Expert witnesses disclosed pursuant to the parties' Protective Order | N/A | N/A |
| 40. | Expert witnesses who submit expert reports | N/A | N/A |
| 41. | Any person identified in any party's initial disclosures, pleadings, interrogatory responses, other discovery responses, or in any amendments to those documents | N/A | N/A |
| 42. | Any person deposed in this matter | N/A | N/A |

VGT may supplement or otherwise amend this list based on information obtained in its ongoing investigation and future discovery as well as the continuing evaluation of the parties' respective claims and defenses in this matter.

## Preliminary Exhibit List

VGT may use the following documents or categories of documents as trial exhibits:

1. Documents relating to the ownership, creation, selection, adoption, clearance, and use of VGT's and CHG's marks and trade dress, including but not limited to communications regarding the marks and trade dress, images of the games' artwork, photos and audiovisual recordings of the games, and trademark registration records;

2. Documents relating to the design, development, and operation of VGT's and CHG's games, including but not limited to documents showing that CHG purposefully copied VGT's games, marks, and/or trade dress;

3. Documents relating to the advertising, marketing, promotion, and sale or leasing of VGT's and CHG's games, including but not limited to advertisements, promotional materials, and documents reflecting the number of units and placements of games;

4. Documents relating to the actual and potential customers and consumers of VGT's and CHG's games, including but not limited to documents reflecting the pricing arrangements under which VGT and CHG have sold or leased games and CHG's communications with customers regarding the placement of its games within casinos;

5. Documents relating to consumer or customer perception or recognition of VGT and CHG, or their games, marks, or trade dress, including but not limited to documents reflecting unsolicited publicity or customer feedback, and market research studies;

6. Documents relating to VGT's and CHG's business or marketing strategies, including but not limited to marketing and business plans, documents relating to the ways in which CHG decides where to seek placement of its games, and documents relating to CHG's focus on offering Class II games;

7. Documents relating to VGT's and CHG's efforts to comply with regulatory requirements, including but not limited to regulatory, compliance, or testing lab submissions;

8. Documents relating to the structure, architecture, functionality, and authorship of VGT's and CHG's games, including but not limited to source code for both clients and servers, documents relating to the generation and assignment of bingo cards, the ball draw, latecomers and no latecomers bingo, the design and selection of bingo patterns, the determination of game-ending events, the presentation of results on the reels, and the games' bonus features;

9. Documents relating to the math, probability, statistics, payouts, return to player, or other mathematical calculations used by VGT and CHG, including but not limited to paytables, PAR sheets, and any spreadsheets used to calculate the math;

10. Documents relating to the random number generator or seeding technique used by VGT and CHG;

11. Documents relating to any alternatives considered with respect to the marks, trade dress, functionality, and/or math of or used in connection with CHG's games;

12. Documents relating to the employment or confidentiality relationships in place at VGT and CHG, including but not limited to employee agreements, intellectual property policies, and communications regarding the use of intellectual property;

13. Documents relating to the actual and potential investors in CHG, including but not limited to presentations made to and communications with actual and potential investors and documents reflecting the amounts of actual investments or percent ownership of actual investors;

14. Communications between or among VGT and CHG, or their employees, including but not limited to the letter that VGT sent to CHG on August 10, 2016, and any documents relating to actions taken as a result of such communications;

15. Documents showing the dates of employment, job titles, and job responsibilities for VGT's and CHG's employees, including but not limited to screenshots of LinkedIn profile pages;

16. Documents relating to CHG's efforts to recruit former VGT employees, including but not limited to communications with those former VGT employees;

17. Documents belonging or relating to VGT that are or have been in CHG's possession;

18. Documents relating to the cabinets used by VGT and CHG, including but not limited to photos and audiovisual recordings of the cabinets, communications with the cabinets' manufacturers, and documents concerning CHG's selection of the Retro cabinet;

19. Documents relating to the sounds made by VGT's and CHG's games, including but not limited to audiovisual recordings of the sounds, communications with the sounds' manufacturers and/or creators, and documents concerning CHG's selection of the sounds used in its games;

20. Documents relating to the bingo patterns and pay tables used by VGT and CHG, including but not limited to photos and audiovisual recordings of the bingo patterns and pay tables, and documents concerning CHG's selection of its bingo patterns and pay tables;

21. Documents relating to the bonus features used by VGT and CHG, in particular any bonus features in which a portion of the game turns the color red, including but not limited to photos and audiovisual recordings of the bonus features and documents concerning CHG's selection of the bonus features in its games;

22. Documents relating to instances of confusion, mistake, uncertainty, deception, or dissatisfaction relating to CHG, or its games, marks, or trade dress, including but not limited to communications reflecting such instances and declarations describing such instances;

23. Documents relating to any comparison between VGT and CHG, including similarities or differences in their marks, trade dress, or products;

24. Documents relating to Defendants' incorporation, organization, internal governance, rules, protocols, policies, and procedures, including each Defendant's relationship to the other Defendants;

25. Documents relating to damages incurred by VGT, including but not limited to documents reflecting VGT's and CHG's revenues, costs, and profits associated with the games at issue;

26. Pleadings and other papers filed with the Court in this matter and any documents referenced therein or attached to those documents;

27. All discovery responses and all documents produced in response to discovery requests or subpoenas, including any and all documents produced by any third party in response to a subpoena issued by any party in this matter;

28. Any and all deposition transcripts and deposition exhibits in this case;

29. Any documents or things identified in any party's witness and exhibit lists and discovery responses, or in any amendments to those documents;

30. Any and all exhibits necessary for impeachment and/or rebuttal;

31. Any and all affidavits or declarations authenticating documents;

32. Any documents relied upon or reports prepared by any expert witnesses in this case;

33. The curriculum vitae of any expert witness in this case;

34. Any exhibit that may be used for demonstrative purposes.

VGT may supplement or otherwise amend this list based on information obtained in its ongoing investigation and future discovery as well as the continuing evaluation of the parties' respective claims and defenses in this matter.

July 8, 2018

Respectfully submitted,

*/s/ Gary Rubman*
Graydon Dean Luthey, Jr., OBA No. 5568
GABLE GOTWALS
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, OK 74103-4217
Telephone: (918) 595-4821
Facsimile: (918) 595-4990
dluthey@gablelaw.com


Gary M. Rubman
Peter A. Swanson
Michael S. Sawyer
Rebecca B. Dalton
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, D.C.  20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 778-5465
grubman@cov.com
pswanson@cov.com
msawyer@cov.com
rdalton@cov.com
   (admitted pro hac vice)

Neil K. Roman
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1221
Facsimile: (212) 841-1010
nroman@cov.com
   (admitted pro hac vice)

***Counsel for Video Gaming Technologies, Inc.***

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2018, I caused the foregoing to be served via email on the following counsel for Defendants:

Robert C. Gill
Thomas S. Schaufelberger
Matthew J. Antonelli
SAUL EWING ARNSTEIN & LEHR, LLP
1919 Pennsylvania Avenue, NW, Suite 550
Washington, D.C. 20006
(202) 295-6605
(202) 295-6705 (facsimile)
robert.gill@saul.com
tschauf@saul.com
matt.antonelli@saul.com

Sherry H. Flax
SAUL EWING ARNSTEIN & LEHR, LLP
500 E. Pratt Street, Suite 900
Baltimore, Maryland 21202
(410) 332-8764
(410) 332-8785 (facsimile)
sherry.flax@saul.com

James C. Hodges, OBA 4254
JAMES C. HODGES, PC
2622 East 21st Street, Suite 4
Tulsa, OK 74114
Telephone: (918) 779-7078
JHodges@HodgesLC.Com

Duane H. Zobrist
Jonathan S. Jacobs
ZOBRIST LAW GROUP PLLC
1900 Arlington Blvd. Suite B
Charlottesville, VA 22903
Telephone: (434) 658-6400
dzobrist@zoblaw.com
jjacobs@zoblaw.com

*Attorneys for Defendants*

                                                          */s/ Gary Rubman*