# EXHIBIT K

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| VIDEO GAMING TECHNOLOGIES, INC., *Plaintiff*, vs. CASTLE HILL STUDIOS LLC, *et al. Defendants*. | CASE NO. 17-CV-00454-GKF-MJX |

**DEFENDANT CASTLE HILL STUDIOS LLC'S**
**FIRST SET OF INTERROGATORIES**

**PROPOUNDING PARTY**: Defendants Castle Hill Studios LLC

**RESPONDING PARTY**: Plaintiff Video Gaming Technologies, Inc.

**SET NO.**: One

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Castle Hill Studios LLC ("CHG"), by its counsel, Zobrist Law Group PLLC, hereby requests that plaintiff Video Gaming Technologies, Inc. ("VGT") answer the following interrogatories separately and fully in writing under oath.

**INSTRUCTIONS AND DEFINITIONS**

1. These interrogatories are to be answered by you to the extent of all information which is, or may be, available to you, or to any person, employee, agent, or attorney who has acted, or is now acting on your behalf, and not merely on information which is within your personal knowledge.

2. If, after a reasonable and thorough investigation, using due diligence, you are unable to answer any interrogatory or any part thereof, on the grounds of lack of information available to you, please state what has been done to locate such information. In addition, specify what knowledge or belief you do have concerning the unanswered portion of any interrogatory and set forth the facts upon which such knowledge or belief is based.

1

3. Where an interrogatory does not specifically request a particular fact or facts, but where such fact(s) is necessary to make the answer to said interrogatory either comprehensible, complete or not misleading, you should include such fact(s) as part of such answer and said interrogatory shall be deemed specifically to request such fact(s).

4. "Identify" when used in conjunction with an individual means to state the individual's full name, last known home address, last known home and business telephone numbers, present or last known business affiliation or employer, business address and job title, exact or approximate date and place of death if deceased. When used in conjunction with a document, "Identify" means to state the title of the document, identify all individuals who helped create the document, state the date the document was created, identify all persons who received the document, and, if you are not producing the document, state why you are not producing the document, and describe the contents of the document.

5. The words "communicate" or "communication(s)" are used in the broadest sense, and include but are not limited to any transmission or exchange of information between two or more persons, orally or in writing, and includes any conversation or discussion, whether face-to-face or means of a telephone, telegraph, telex, telecopier, facsimile transmission, e-mail, electronic, or other medium.

6. The words "document" or "documents" shall be construed in the broadest sense possible and shall include, but not be limited to, each and every form in which information is kept, however produced, reproduced or stored, in your actual or constructive possession, custody or control (including any of your employees, agents, representatives, attorneys or accountants), and whether prepared, published or released by you or by any other person or entity, including but not limited to, letters, reports, agreements, correspondence, telegrams, e-mails, minutes or records of meetings, text messages, voicemail messages, reports or summaries of investigations, expressions or statements or policy, opinions or reports of consultants, lists, drafts, revisions, invoices, receipts, original and preliminary notes, preliminary sketches, records, ledgers, contracts, bills of lading, bills, inventories, financial data, maps, memoranda, accounting and

financial records, diaries, journals, calendars, statements, workpapers, videotapes, audiotapes, photographs, pamphlets, brochures, advertisements, trade letters, press releases, drawings, recaps, tables, articles, summaries of conversations, computer cards, tapes, disks and any other such electronic storage devices, and any other means of electronically or magnetically maintained information, and printouts.  The terms "Document" and "Documents" include, without limitation, all originals and non-identical copies.

7. The phrases "relate to," "related to," or "relating to," shall mean and refer to evidencing, alluding, responding, concerning, memorializing, referring, constituting, containing, discussing, describing, depicting, embodying, reflecting, regarding, identifying, mentioning, stating, in respect of, commenting on, showing, or analyzing, in whole or in part, the subject matter referred to in these document requests.

8. The words "you" and "your," and the acronym "VGT" shall mean and refer to plaintiff Video Gaming Technologies, Inc as well as its present and former agents, and all other such persons acting on its behalf, including attorneys and investigators.

9. The "Complaint" means the complaint filed herein on August 4, 2017 by VGT, and any successor or amended pleading thereto.

10. "VGT Mark" means any VGT-owned trademark that VGT alleges CHG has infringed.

11. "CHG Mark" means any trademark of CH or any other defendant herein (collectively, "CHG") which VGT alleges infringes a VGT Mark.

12. "CHG Game" means any gaming machine sold or leased by CHG with features or characteristics you claim infringe trademarks or trade dress in a VGT Game.

13. "VGT Game" means any gaming machine sold or leased by VGT.

14. "TDF" means each feature and characteristic of any CHG Game or VGT Game that comprises the trade dress of the game, and is at issue in this case.

## INTERROGATORIES

**INTERROGATORY 1**:

State all facts upon which you base the claims of trademark infringement alleged in the Complaint. (As part of your answer, state each CHG Mark and the corresponding VGT Mark with which you contend such CHG Mark is likely to be confused.)

**INTERROGATORY 2**:

State all facts upon which you base the claims of trade dress infringement alleged in the Complaint. (As part of your answer, state the name of each CHG Game and the corresponding VGT Game with which each CHG Game is likely to be confused and describe with particularity the TDF present in each CHG Game.)

**INTERROGATORY 3:**

State all facts supporting the claims of unfair competition claims alleged in the Complaint.

**INTERROGATORY 4:**

State all facts supporting your misappropriation of trade secrets claim. (As part of your answer, describe with specificity each trade secret you claim CHG misappropriated, and for each such trade secret (hereafter in this interrogatory, "it") state when it was taken, how it was taken, who took it, how CHG obtained it, how CHG has used it (including, if applicable, in which CHG Games it has been used), why it has independent economic value, the approximate value of it, VGT's efforts to keep it secret, when such efforts to keep it secret began and finished, and why it could not be derived independently with publicly-available information.)

**INTERROGATORY 5:**

State all facts supporting your claim for misappropriation of confidential business information asserted in the Complaint. (As part of your answer, describe with specificity each piece of confidential business information you claim CHG misappropriated, and for each such piece of information (hereafter in this interrogatory, "it") state when it was taken, how it was taken, the name(s) of each person who took it, how CHG obtained it, how CHG has used it

(including, if applicable, in which CHG Games it has been used), why it has independent economic value, the approximate value of it, all VGT's efforts to keep it secret, when such efforts to maintain secrecy began and finished, and why it could not be derived independently with publicly-available information.)

**INTERROGATORY 6:**

State the background and history of each trade secret and each piece of confidential business information listed in your responses to Interrogatories 4 and 5.  (Include as part of your answer when the trade secret or confidential information (hereafter in this interrogatory, "it") was created; the name, address, and telephone number of each person who helped create it; why it was created; how it has been used (including, if applicable, the name of each VGT Game in which it has been used); the name, address, and phone number of each person who has had access to it; when such persons had access; which of the persons who had access actually accessed it and when; and where and how it has been stored since it came into existence.)

**INTERROGATORY 7:**

For each VGT Mark and for each TDF of a VGT Game (including but not limited to the TDF described in paragraphs 22-40 of the Complaint), state when it was created, the name address and telephone number of each person who helped create it, each VGT Game that uses it, the dates it was in use, and the locations it was in use.)

**INTERROGATORY 8:**

State the name, address, and telephone number of each person who provided information or documents that was reviewed in responding to these interrogatories, and for each person, the topics of information or documents provided, organized by interrogatory number.

**INTERROGATORY 9**:

Identify the date when each VGT Mark that is not uncontested acquired secondary meaning in connection with its products, the territorial areas of acquired meaning, and the sales volume and advertising expenses up to the time of the acquired meaning.

5

**INTERROGATORY 10**:

Identify each person or entity who purchased or leased products from Plaintiff bearing any VGT Mark or TDF of a VGT Game prior to September 1, 2017, and list the dates during which each product was provided, annual placements for each year each product was provided, the amount spent annually on advertising each product, and the geographic area in which each product was advertised, provided, and/or sold.

**INTERROGATORY 11**:

For each VGT Game that has trademarks or trade dress you allege CHG has infringed, identify each advertisement promoting such game.  (As part of your answer, include the date of each advertisement; the medium of each advertisement [e.g. television, radio, newspaper, internet]; the name of the publication, station or website on which it was advertised; in which geographic area the advertisement was distributed; and approximately how many persons received or viewed the advertisement.)

**INTERROGATORY 12**:

As to each incident known to you of a person having been confused, mistaken, or deceived as to the source of Plaintiff's or Defendant's products, identify each person involved, the dates and reasons for the confusion, the goods or services confused, and any notice received or record made of the confusion.

**INTERROGATORY 13**:

Please state with specificity the amount and category of damages you are seeking in this action, and how such damages are calculated.

DATED:  September 25, 2017          By:      /s/ James C. Hodges
                                                           James C. Hodges, OBA 4254
JAMES C. HODGES, PC
2622 East 21st Street, Suite 4
Tulsa, Oklahoma 74114
(918) 779-7078
(918) 770-9779 fax
JHodges@HodgesLC.Com

6

                Duane H. Zobrist
                Jonathan S. Jacobs
                ZOBRIST LAW GROUP PLLC
                1900 Arlington Blvd. Suite B
                Charlottesville, VA 22903
                434-658-6400( Direct)
                dzobrist@zoblaw.com
                jjacobs@zoblaw.com
                    (admitted *pro hac vice*)

**CERTIFICATE OF SERVICE**

I hereby certify that I am over the age of 18, and on this 25th day of September, 2017, I caused a copy of the foregoing, to be served via email and U.S. mail on:

Graydon Dean Luthey, Jr., OBA 5568
GABLE GOTWALS
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, OK 74103-4217
Telephone: (918) 595-4821
Facsimile: (918) 595-4990
dluthey@gablelaw.com
*Counsel for Video Gaming Technologies*

Gary M. Rubman
Peter Swanson
Michael Sawyer
Rebecca B. Dalton
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, D.C. 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 778-5465
grubman@cov.com
pswanson@cov.com
msawyer@cov.com
rdalton@cov.com
*Counsel for Video Gaming Technologies*

Neil K. Roman
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1221
Facsimile: (212) 841-1010
nroman@cov.com
*Counsel for Video Gaming Technologies*

                                      /s/ Jonathan S. Jacobs
                                      Jonathan S. Jacobs