IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) VIDEO GAMING TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> 1) CASTLE HILL STUDIOS LLC <br>    (d/b/a CASTLE HILL GAMING); <br> 2) CASTLE HILL HOLDING LLC <br>    (d/b/a CASTLE HILL GAMING); and <br> 3) IRONWORKS DEVELOPMENT, LLC <br>    (d/b/a CASTLE HILL GAMING) <br><br> Defendants. | Case No. 4:17-cv-00454-GKF-jfj |

**PLAINTIFF'S IDENTIFICATION OF MOTIONS
THAT MAY REQUIRE DECISION OR ARE MOOT**

Plaintiff Video Gaming Technologies, Inc. ("VGT") submits this response to the Court's request at the November 13 status conference that the parties identify (i) which pending motions they believe require decision before rulings on summary judgment motions and (ii) which motions they believe are moot in light of the parties' agreement to try the case to the Court rather than to a jury.

Defendants Castle Hill Studios LLC, Castle Hill Holding LLC, and Ironworks Development, LLC (collectively, "CHG") have ten pending motions: a summary judgment motion directed at all of VGT's claims, three *Daubert* motions that seek to strike all or most of the opinions of all three VGT experts, five motions *in limine*, and a recently-filed motion to strike two declarations that VGT submitted in support of its summary judgment motion.

VGT has five pending motions: a motion for partial summary judgment directed at one aspect of VGT's trade secret claims and certain of CHG's affirmative defenses, two *Daubert* motion directed at certain opinions being offered by two of CHG's four experts, and two motions *in limine*.

VGT is sensitive to the burden being imposed on the Court and submits that several pending motions do not require the Court's attention before it rules on the summary judgment motions and/or are moot. Below we address each pending motion other than those for summary judgment.[1]

## I. Motions That Are Moot

VGT submits that the following two motions are moot:

- *CHG's Motion in Limine to Exclude Evidence Relating to a Certain Algorithm* (Dkt. 157): As explained in VGT's opposition (Dkt. 204), because this motion seeks to preclude evidence of trade secret misappropriation from being presented to a jury instead of the Court, the motion is moot.

- *CHG's Motion in Limine to Exclude Evidence of Plaintiff's Lost Revenue, Lost Profits, and Lost Profit Damages* (Dkt. 152): As explained in VGT's opposition (Dkt. 226), to the extent that CHG's motion is limited to the measure of damages (as opposed to evidence of actual harm), this motion is moot. To the extent that the motion goes beyond the measure of damages, it does not need to be decided before the summary judgment motions because neither summary judgment motion is directed to issues implicated by this motion.

---

[1] In an effort to streamline this case further, VGT proposed to CHG on November 20 that the parties withdraw four motions in their entirety and two arguments in two other motions, but CHG rejected VGT's proposal.

2

## II. Motions That Are Not Moot, But Can Await Rulings On Summary Judgment

VGT submits that the Court need not address the following five motions before it rules on the summary judgment motions:

- *CHG's Motion to Limit the Testimony of Plaintiff's Damages Expert Melisa A. Bennis* (Dkt. 176)

- *VGT's Motion to Exclude Testimony of W. Todd Schoettelkotte* (Dkt. 159)

- *CHG's Motion in Limine to Exclude Evidence and Argument Regarding Communications Between Counsel and CHG Employees* (Dkt. 149)

- *VGT's Motion in Limine Regarding Third Party Games* (Dkt. 154)

- *VGT's Motion in Limine Regarding Castle Hill Gaming Defenses* (Dkt. 180)

## III. Motions That Are Not Moot And May Require Rulings Before The Summary Judgment Motions

VGT submits that it may be helpful for the Court to rule on the following six motions before (or in conjunction with) the summary judgment motions:

- *CHG's Motion to Exclude Plaintiff's Expert Yoram Wind* (Dkt. 170) and *CHG's Motion to Exclude Plaintiff's Expert Stacy Friedman* (Dkt. 173): Because the evidence at issue in both *Daubert* motions supports denial of CHG's summary judgment motion, and VGT submitted declarations from both experts in opposition to the dispositive motion, this evidence may be relevant to the Court's consideration of the motion. Even if the Court were to exclude the evidence, however, CHG's summary judgment motion should be denied.

- *VGT's Motion to Exclude The Testimony of Robert Zeidman In Part* (Dkt. 165): As explained in VGT's motion for summary judgment, Mr. Zeidman's opinions are insufficient to create a genuine dispute of material fact with respect to the trade secret misappropriation that is the subject of the dispositive motion. To the extent that the Court disagrees, however, the

motion to exclude his testimony should be addressed before or in conjunction with the summary judgment motion.

- *CHG's Motion in Limine to Exclude Evidence of Alleged "Actual Confusion"* (Dkt. 147) and *CHG's Motion in Limine to Exclude Evidence of Documents and Materials Allegedly Taken By Former VGT Employees* (Dkt. 161):  The evidence at issue in both motions supports denial of CHG's summary judgment motion and, therefore, may be relevant to the Court's consideration of that motion.  Even if the Court were to exclude the evidence, however, CHG's summary judgment motion should be denied.

- *CHG's Motion to Strike Declarations of Stacy Friedman and Josh Davis Submitted in Support of Plaintiff's Motion For Partial Summary Judgment* (Dkt. 237):  This motion seeks to strike evidence that VGT submitted in support of its summary judgment motion and, therefore, should be decided before or in conjunction with the summary judgment motion.

November 23, 2018

Respectfully submitted,

*/s/ Gary M. Rubman*
Graydon Dean Luthey, Jr., OBA No. 5568
GABLE GOTWALS
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, OK 74103-4217
Telephone: (918) 595-4821
Facsimile: (918) 595-4990
dluthey@gablelaw.com

Gary M. Rubman
Peter A. Swanson
Rebecca B. Dalton
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, D.C.  20001-4956
Telephone: (202) 662-6000

Facsimile: (202) 778-5465
grubman@cov.com
pswanson@cov.com
msawyer@cov.com
rdalton@cov.com
   (admitted pro hac vice)

Neil K. Roman
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1221
Facsimile: (212) 841-1010
nroman@cov.com
   (admitted pro hac vice)

*Counsel for Video Gaming Technologies, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2018, I filed the foregoing via ECF, which caused service to be effected on the following counsel for Defendants:

Robert C. Gill
Thomas S. Schaufelberger
Matthew J. Antonelli
SAUL EWING ARNSTEIN & LEHR, LLP
1919 Pennsylvania Avenue, NW, Suite 550
Washington, D.C. 20006
(202) 295-6605
(202) 295-6705 (facsimile)
robert.gill@saul.com
tschauf@saul.com
matt.antonelli@saul.com

Sherry H. Flax
SAUL EWING ARNSTEIN & LEHR, LLP
500 E. Pratt Street, Suite 900
Baltimore, Maryland 21202
(410) 332-8764
(410) 332-8785 (facsimile)
sherry.flax@saul.com

James C. Hodges, OBA 4254
JAMES C. HODGES, PC
2622 East 21st Street, Suite 4
Tulsa, OK 74114
Telephone: (918) 779-7078
JHodges@HodgesLC.Com

Duane H. Zobrist
Jonathan S. Jacobs
ZOBRIST LAW GROUP PLLC
1900 Arlington Blvd. Suite B
Charlottesville, VA 22903
Telephone: (434) 658-6400
dzobrist@zoblaw.com
jjacobs@zoblaw.com

*Attorneys for Defendants*

/s/ Gary Rubman