**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

VIDEO GAMING TECHNOLOGIES,
INC.,

                    Plaintiff,                          CASE NO. 17-CV-00454-GKF-JFJ

v.

CASTLE HILL STUDIOS LLC, *et al.*

                    Defendants.

**DEFENDANTS' STATEMENT REGARDING PENDING MOTIONS**

Defendants, Castle Hill Studios LLC, Castle Hill Holdings LLC, and Ironworks

Development LLC (collectively, "Castle Hill" or "CHG")), submit the following statement regarding

pending motions pursuant to the Court's request at the parties' November 13, 2018 status

conference (Dkt. 202).  The Court requested that the parties advise which of the pending motions

need to be ruled on prior to the Court's ruling on the motions for summary judgment.  The Court

further requested that the parties advise the Court whether any of the pending motions are now

moot in light of the Court's order granting  Castle Hill's unopposed Motion to Strike Jury Demand.

## I.      MOTIONS FOR SUMMARY JUDGMENT

Castle Hill identifies the following pending motions which need to be ruled on prior to or in

connection with the Court's ruling on Castle Hill's motion for summary judgment (Dkt. 184) and

VGT's motion for partial summary judgment:

### 1.      Defendants' Motion to Exclude Plaintiff's Expert Yoram Wind (Dkt. 169)

VGT hired Dr. Yoram Wind to conduct an internet survey purportedly designed to test the

likelihood of consumer confusion between VGT's and Castle Hill's electronic gaming machines.

Castle Hill has moved to exclude Dr. Wind's survey and testimony as unreliable, irrelevant, and

biased.  Castle Hill's motion further notes that the survey's utility – if any – is minimal because the

survey only addresses VGT's Mr. Money Bags game and Castle Hill's New Money game, and tested each title in only one particular cabinet configuration. Without the survey, VGT has no evidence supporting its allegations of consumer confusion (beyond the alleged de minimis "actual confusion," addressed below). The arguments set forth in Castle Hill's motion to exclude Dr. Wind's survey and testimony were incorporated by reference into Castle Hill's motion for summary judgment. Because a central issue for the Court to consider in connection with Castle Hill's motion for summary judgment is the likelihood of confusion between VGT and Castle Hill games, Castle Hill respectfully submits that the Court needs to consider its Daubert motion with respect to Dr. Wind prior to ruling on Castle Hill's motion for summary judgment.

2. **Defendants' Motion to Limine to Exclude Evidence of Alleged "Actual Confusion" (Dkt. 147)**

In addition to moving to exclude Dr. Wind's flawed and biased survey and corresponding testimony about likelihood of confusion, Castle Hill has also moved in limine to exclude VGT's evidence of alleged "actual confusion" between VGT and Castle Hill games. Not only are the alleged instances de minimis and legally insufficient evidence of confusion, they are also unreliable because they consist of anonymous internet postings, or alleged confusion by VGT employees or individuals related to VGT employees. Castle Hill incorporated its arguments regarding the inadmissibility and unreliability of VGT's "actual confusion evidence" from its motion in limine into its motion for summary judgment. Accordingly, Castle Hill respectfully submits that a consideration of the issues raised in the motion *in limine* will be helpful and necessary for the Court as it considers Castle Hill's motion for summary judgment.

3. **Defendants' Motion to Strike Declarations of Stacy Friedman and Josh Davis Submitted in Support of Plaintiff's Motion for Partial Summary Judgment (Dkt. 236)**

In support of its motion for partial summary judgment and in its opposition to Castle Hill's motion for summary judgment, VGT relied heavily on the declarations of VGT employee Josh

Davis and VGT expert witness Stacy Friedman. Castle Hill has moved to strike those declarations as undisclosed and untimely expert opinion and/or inappropriate "fact" witness testimony, and because the declarations addressed information requested in discovery which VGT failed to provide. Without the declarations, VGT cannot meet its burden on its motion for partial summary judgment. Accordingly, Castle Hill requests that the Court consider its motion to strike in connection with Castle Hill's opposition to VGT's motion for partial summary judgment.

**4.  Defendants' Motion to Exclude Plaintiff's Expert Stacy Friedman (Dkt. 172)**

VGT intends to offer Stacy Friedman as a technical expert in support of its trade secrets claims, and also to offer opinions regarding the alleged strength and distinctiveness of VGT's trademarks and trade dress. Because Mr. Friedman is not qualified to offer his proffered opinions, and adopted an unreliable methodology to reach those opinions, Castle Hill moved to exclude his testimony and reports. In its motion for partial summary judgment, VGT relies extensively on Mr. Friedman's opinions regarding one of VGT's algorithms in support of its trade secret claim. If those opinions are excluded, VGT will lack the necessary evidence to meet its burden on summary judgment. VGT further relies on Mr. Friedman's opinions in its opposition to Castle Hill's motion for summary judgment. Therefore, the Court should rule on Castle Hill's motion to exclude Mr. Friedman prior to ruling on either VGT's motion for partial summary judgment or Castle Hill's motion for summary judgment.

## II.  MOTIONS MOOTED BY COURT STRIKING JURY DEMAND

Castle Hill identifies the following pending motions as moot in light of the Court's ruling on Castle Hill's Motion to Strike Jury Demand:

**1.  Defendants' Motion in Limine to Exclude Evidence Relating to a Certain Algorithm (Dkt. 156)**

This motion sought to preclude VGT from introducing evidence regarding a specific algorithm related to its trade secret claim to the jury, because of the nature of the relief sought

(wholly equitable).  The motion has been mooted entirely by the Court's ruling striking the jury demand.

### III.   ADDITIONAL PENDING MOTIONS

Castle Hill respectfully submits that its other pending motions in limine and *Daubert* motions (Dkts. 148, 151, 160, and 175) are unaffected by the Court's striking of the jury demand, but need not be considered prior to the Court's ruling on Castle Hill's motion for summary judgment.

Docket No. 148 is Defendants' motion in limine to exclude evidence and argument regarding communications between defense counsel and CHG employees.  As addressed in Defendants' motion, these communications are privileged and are irrelevant to Plaintiff's claims. The issues raised in this motion by Defendants also are implicated by Plaintiff's Motion to Exclude the Testimony of W. Todd Schoettelkotte in Part, at 10-13.  Accordingly, both parties seek a ruling on these evidentiary issues in advance of trial.  These issues are unaffected by the absence of a jury.

Docket No. 151 is Defendants' motion in limine to exclude evidence of Plaintiff's lost revenue and lost profit damages.  While there was a prejudice component to this motion when filed, the substantive issues addressed in this motion are unaffected by the absence of a jury.

Docket No. 160 is Defendants' motion in limine to exclude evidence of documents and materials allegedly taken or retained by former VGT employees after the termination of their employment with VGT.  While this motion similarly had a prejudice component to it when filed, it presents issues about the admissibility of evidence which has no causal nexus to Plaintiff's claims in this case.  The motion is unaffected by the absence of a jury.

Docket No. 175 is Defendants' Daubert motion to limit the testimony of Plaintiff's damages expert, Melissa A. Bennis.  The issues presented in Defendants' motion are that the opinions Ms. Bennis offered on two subjects, depreciation and alleged avoided research and development costs,

were based on flawed methodology and are unreliable.  These issues are not affected by the absence

of a jury.


Dated:  November 23, 2018                    Respectfully submitted,

                                             /s/ Robert C. Gill
                                             Robert C. Gill (admitted *pro hac vice*)
                                             Henry A. Platt (admitted *pro hac vice*)
                                             Thomas S. Schaufelberger (admitted *pro hac vice*)
                                             Matthew J. Antonelli (admitted *pro hac vice*)
                                             Jeremy B. Darling (admitted *pro hac vice*)
                                             SAUL EWING ARNSTEIN & LEHR, LLP
                                             1919 Pennsylvania Avenue, NW, Suite 550
                                             Washington, D.C. 20006
                                             (202) 295-6605
                                             (202) 295-6705 (facsimile)
                                             robert.gill@saul.com
                                             henry.platt@saul.com
                                             tschauf@saul.com
                                             matt.antonelli@saul.com
                                             jeremy.darling@saul.com

                                             Sherry H. Flax (admitted *pro hac vice*)
                                             SAUL EWING ARNSTEIN & LEHR, LLP
                                             500 E. Pratt Street, Suite 900
                                             Baltimore, Maryland 21202
                                             (410) 332-8764
                                             (410) 332-8785 (facsimile)
                                             sherry.flax@saul.com

                                             James C. Hodges, OBA #4254
                                             JAMES C. HODGES, P.C.
                                             2622 East 21st Street, Suite 4
                                             Tulsa, Oklahoma 74114
                                             (918) 779-7078
                                             (918) 770-9779 (facsimile)
                                             JHodges@HodgesLC.com

                                             *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of November, 2018, I caused a copy of the foregoing **DEFENDANTS' STATEMENT REGARDING PENDING MOTIONS** to be filed via the Court's ECF system, which will provide electronic notification of filing to the following counsel for Plaintiff:

Graydon Dean Luthey, Jr.
GABLE GOTWALS
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, OK 74103-4217
(918) 595-4821
(918) 595-4990 (facsimile)
dluthey@gablelaw.com
*Counsel for Plaintiff*

Neil K. Roman
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
(212) 841-1221
(212) 841-1010 (facsimile)
nroman@cov.com
*Counsel for Plaintiff*

Gary M. Rubman
Peter Swanson
Michael Sawyer
Rebecca B. Dalton
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
(202) 662-6000
(202) 778-5465 (facsimile)
grubman@cov.com
pswanson@cov.com
msawyer@cov.com
rdalton@cov.com
*Counsel for Plaintiff*

*/s/ Robert C. Gill*
Robert C. Gill