# EXHIBIT 1

## FILED UNDER SEAL

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

VIDEO GAMING TECHNOLOGIES, INC.,

Plaintiff,

vs.

CASTLE HILL STUDIOS LLC, *et al.*

Defendants.

**CONTAINS HIGHLY CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER**

Case No. 17-CV-00454-GKF-JFJ

**DEFENDANTS' SUPPLEMENTAL RESPONSE TO PLAINTIFF'S SEVENTH SET OF INTERROGATORIES**

Defendants Castle Hill Studios LLC, Castle Hill Holdings LLC, and Ironworks Development LLC (together "Castle Hill") submit these supplemental responses to Plaintiff's Seventh Set of Interrogatories.

**OBJECTIONS TO DEFINITIONS**

1. Defendants object to the definition of Castle Hill to the extent it seeks to impose obligations on Defendants beyond those required by the Federal Rules of Civil Procedure. Defendants specifically object to the inclusion of current and former personnel in that definition, because information from former personnel is not within Castle Hill's possession, custody or control. Defendants object to the definition of Castle Hill as to include agents, representatives and consultants, because these terms are not defined and are imprecise, because they fail to sufficiently identify those persons who allegedly fall within the scope of the definition, and because information that may be in the possession of such persons is not necessarily within Castle Hill's possession, custody or control. Defendants object to the definition of Castle Hill as to include attorneys, to the extent information in the possession of its current and former attorneys is protected from disclosure by the attorney client privilege and work-product doctrine.

the cabinet, Castle Hill uses a red lens stacked on top of a white lens. The red lens signals a win or jackpot, while the white lens performs the "call attendant" function.

Further, the "Retro" cabinets that Castle Hill is now utilizing were designed for Castle Hill by GT Source. The new Retro-style cabinets are wider and shorter than VGT's LS cabinet. The new Castle Hill Retro-style cabinet is 22" wide, 15.23" deep (without the base), and 80" tall. The round-top portion of the cabinet is 17.13" tall, which causes the appearance of the arched portion of the cabinet to appear different than VGT's cabinet. Castle Hill's round-top, further, incorporates its player tracking features and functions. Castle Hill's cabinet uses a 21.5" monitor. Castle Hill's cabinet also incorporates a separate denomination bar above the reels with its own artwork and lighting. Castle Hill's reel glass is also not as tall as that found on VGT's LS cabinet, and the door on Castle Hill's cabinet is shorter.

**INTERROGATORY NO. 26:** Identify all facts supporting CHG's contention that the features of the VGT Trade Dress, individually and collectively, are not distinctive.

**RESPONSE:** Castle Hill objects to this request as overly broad and unduly burdensome to the extent it requests that Castle Hill identify "all facts." Castle Hill further objects to the term "VGT Trade Dress" as vague, confusing, and ambiguous. In the "Definitions" section of the Interrogatories, VGT states that the "VGT Trade Dress" "includes, but is not limited to," five enumerated items, which themselves are not defined. Castle Hill objects to the request to the extent it seeks information related to other alleged "VGT Trade Dress" that VGT has not specifically identified in the request. Castle Hill further objects to this request to the extent it would require Castle Hill to provide a detailed narrative account of its legal theories with respect to the testimony and documentary evidence in the case. Nearly every witness has offered testimony potentially relevant to the lack of distinctiveness of VGT's alleged trade dress.

**CONTAINS HIGHLY CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER**

**BEGIN HIGHLY CONFIDENTIAL**

5

**CONTAINS HIGHLY CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

[redacted]

[redacted]

[redacted]

**INTERROGATORY NO. 27:** Identify all facts supporting CHG's contention that the features of the VGT Trade Dress, individually and collectively, are functional.

6

request expressly seeks communications with "outside counsel acting on behalf of CHG." Any such communications are protected by privilege and/or the work product doctrine, and is outside the scope of discovery under the rules.

Subject to and without waiver of the foregoing objections, and without admission that any communications involve "confidential information" of VGT, Castle Hill states that it has already produced to VGT internal communications referring or relating to VGT. Likewise, VGT has deposed Castle Hill's employees at length regarding communications referring or relating to VGT.

Dated: August 1, 2018

Respectfully submitted,

*/s/ Robert C. Gill*
Robert C. Gill (admitted *pro hac vice*)
Thomas S. Schaufelberger (admitted *pro hac vice*)
Henry A. Platt (admitted *pro hac vice*)
Matthew J. Antonelli (admitted *pro hac vice*)
SAUL EWING ARNSTEIN & LEHR, LLP
1919 Pennsylvania Avenue, NW, Suite 550
Washington, D.C. 20006
(202) 295-6605
(202) 295-6705 (facsimile)
robert.gill@saul.com
tschauf@saul.com
henry.platt@saul.com
matt.antonelli@saul.com

Sherry H. Flax (admitted *pro hac vice*)
SAUL EWING ARNSTEIN & LEHR, LLP
500 E. Pratt Street, Suite 900
Baltimore, Maryland 21202
(410) 332-8764
(410) 332-8785 (facsimile)
sherry.flax@saul.com

James C. Hodges, OBA #4254
JAMES C. HODGES, P.C.
2622 East 21st Street, Suite 4
Tulsa, Oklahoma 74114
(918) 779-7078
(918) 770-9779 (facsimile)
JHodges@HodgesLC.com

*Counsel for Defendants*