# EXHIBIT 2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VIDEO GAMING TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CASTLE HILL STUDIOS LLC, *et al.* <br><br> Defendants. | CASE NO. 17-CV-00454-GKF-JFJ |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
NINTH SET OF REQUESTS FOR PRODUCTION**

Defendants Castle Hill Studios LLC, Castle Hill Holdings LLC, and Ironworks Development LLC (together "Castle Hill") submit these responses to Plaintiff's Ninth Set of Requests for Production of Documents and Things.

**OBJECTIONS TO DEFINITIONS**

1.	Defendants object to the definition of Castle Hill to the extent it seeks to impose obligations on Defendants beyond those required by the Federal Rules of Civil Procedure. Defendants specifically object to the inclusion of current and former personnel in that definition, because information from former personnel is not within Castle Hill's possession, custody or control. Defendants object to the definition of Castle Hill as to include agents, representatives and consultants, because these terms are not defined and are imprecise, because they fail to sufficiently identify those persons who allegedly fall within the scope of the definition, and because information that may be in the possession of such persons is not necessarily within Castle Hill's possession, custody or control. Defendants object to the definition of Castle Hill as to include attorneys, to the extent information in the possession of its current and former attorneys is protected from disclosure by the attorney client privilege and work-product doctrine.

1

**RESPONSE:** Castle Hill will perform a reasonable search of the files within Castle Hill's possession, custody or control for responsive, relevant, non-privileged documents and will produce responsive, relevant, non-privileged documents, if any.

**REQUEST NO. 83:** All internal CHG Communications relating to the selection and adoption of the mechanical bell that CHG uses in its games.

**RESPONSE:** Castle Hill objects to this request as overly broad, unduly burdensome, and as requesting documents protected from disclosure by the attorney-client privilege or work product doctrine. Subject to and without waiving the preceding objections, Castle Hill will perform a reasonable search of the files within Castle Hill's possession, custody or control for responsive, relevant, non-privileged documents and will produce responsive, relevant, non-privileged documents, if any.

**REQUEST NO. 84:** All Documents and Things relating to third party games that CHG alleges support the defenses raised in CHG's answer to the Complaint.

**RESPONSE:** Castle Hill objects to this request as overly broad, unduly burdensome, and as requesting documents protected from disclosure by the attorney-client privilege or work product doctrine. Subject to and without waiving the preceding objections, Castle Hill will perform a reasonable search of the files within Castle Hill's possession, custody, or control for responsive, relevant, non-privileged documents and will produce responsive, relevant, non-privileged documents, if any.

**REQUEST NO. 85:** All Documents and Things relating to contracts or agreements by which CHG has received from any person or entity any rights in any term, name, mark, trade dress feature or game through a license, assignment, security interest, or other means of transfer.

**RESPONSE:** Castle Hill objects to this request as overly broad and unduly burdensome in that it is not limited in scope to documents related to the games at issue in the litigation, and as requesting documents protected from disclosure by the attorney-client privilege or work product doctrine. Subject to and without waiving the preceding objections, Castle Hill will perform a reasonable search of the files within Castle Hill's possession, custody, or control for responsive, relevant, non-privileged documents and will produce responsive, relevant, non-privileged documents, if any.

**REQUEST NO. 86:** All Documents and Things relating to contracts or agreements by which CHG has granted to any person or entity any rights in any term, name, mark, trade dress feature or game through a license, assignment, security interest, or other means of transfer.

**RESPONSE:** Castle Hill objects to this request as overly broad and unduly burdensome in that it is not limited in scope to documents related to the games at issue in the litigation, and as requesting documents protected from disclosure by the attorney-client privilege or work product doctrine. Subject to and without waiving the preceding objections, Castle Hill will perform a reasonable search of the files within Castle Hill's possession, custody, or control for responsive, relevant, non-privileged documents and will produce responsive, relevant, non-privileged documents, if any.

Dated: July 17, 2018                    Respectfully submitted,

/s/ Robert C. Gill
Robert C. Gill (admitted *pro hac vice*)
Thomas S. Schaufelberger (admitted *pro hac vice*)
Henry A. Platt (admitted *pro hac vice*)
Matthew J. Antonelli (admitted *pro hac vice*)
SAUL EWING ARNSTEIN & LEHR, LLP
1919 Pennsylvania Avenue, NW, Suite 550
Washington, D.C. 20006
(202) 295-6605
(202) 295-6705 (facsimile)