# EXHIBIT P

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) VIDEO GAMING TECHNOLOGIES, INC., | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Case No. 4:17-cv-00454-GKF-mjx ) |
| 1) CASTLE HILL STUDIOS LLC (d/b/a CASTLE HILL GAMING); 2) CASTLE HILL HOLDING LLC (d/b/a CASTLE HILL GAMING); and 3) IRONWORKS DEVELOPMENT, LLC (d/b/a CASTLE HILL GAMING) | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**VIDEO GAMING TECHNOLOGIES, INC.'S RULE 26(A)(1) INITIAL DISCLOSURES**

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Plaintiff Video Gaming Technologies, Inc. ("VGT") submits the following Initial Disclosures to Defendants Castle Hill Studios LLC, Castle Hill Holding LLC, and Ironworks Development, LLC (collectively, "CHG").

These disclosures are based on information reasonably available to VGT, and VGT reserves the right to supplement as additional information becomes available through additional fact investigation and discovery.

**I.     Identification of Individuals**

The persons listed below may have discoverable information that VGT may use to support its claims. VGT reserves the right to remove from this list any person should it learn that the information known by such person is not discoverable and to object to discovery of information from these persons on any ground. All persons listed below, and all employees of VGT regardless of whether listed below, should be contacted only through counsel of record for

VGT; VGT does not consent to or authorize communication with any of its current or former employees prohibited by applicable rules of professional conduct.

|    | Individual | Address | Subject |
|----|------------|---------|---------|
| 1. | Jon Cossin | c/o Covington & Burling LLP | Design and development of VGT products, including software and game play |
| 2. | Josh Davis | c/o Covington & Burling LLP | Design and development of VGT products, including software and game play; departure of VGT employees to CHG |
| 3. | Betsy Dickinson | c/o Covington & Burling LLP | Marketing and advertising of VGT products |
| 4. | Craig Eubanks | c/o Covington & Burling LLP | Instances of actual confusion between VGT products and CHG products |
| 5. | Will Harvie | c/o Covington & Burling LLP | Design and development of VGT products, including software and game play; VGT products in comparison to other products in the marketplace, including CHG products; departure of VGT employees to CHG |
| 6. | David Marsh | c/o Covington & Burling LLP | Design and development of VGT products, including the game themes, sounds and artwork; departure of VGT employees to CHG |
| 7. | Butch McGill | c/o Covington & Burling LLP | Design and development of VGT products, including VGT's cabinet, sounds, and red screens; departure of VGT employees to CHG |
| 8. | Ryan North | c/o Covington & Burling LLP | VGT products in comparison to other products in the marketplace, including CHG products; design and development of VGT products; performance of VGT products; departure of VGT employees to CHG |
| 9. | James Starr | c/o Covington & Burling LLP | Sales, placement, and performance of VGT products; VGT products in comparison to other products in the marketplace, including CHG products; departure of VGT employees to CHG |

2

| 10. | Person(s) with knowledge of VGT financial information | c/o Covington & Burling LLP | VGT's financial performance, including sales figures and projections |

In addition to the foregoing, VGT reserves the right to rely on all persons and entities listed in CHG's initial disclosures, noticed for deposition, or identified in pleadings, interrogatory responses, or other discovery responses. In particular, VGT expects to identify current and former CHG employees knowledgeable about (a) design, development, marketing, and sales of CHG's infringing games, (b) misappropriation of VGT trade secrets, and (c) design, development, marketing, and sales of VGT's games.

## II.     Identification of Documents

The documents, ESI, and other tangible things that VGT may use to support its defenses are at the offices of VGT or its counsel, are believed to be in the possession or control of CHG or third parties, or are available from public sources such as the records of the U.S. Patent and Trademark Office. VGT identifies the following categories of documents solely to comply with Federal Rule of Civil Procedure 26(a)(1)(A)(ii) and does not waive its right to object to production or use of any document, item of ESI, or tangible thing disclosed herein on the basis of privilege, work product immunity, relevance, materiality, undue burden, hearsay, or any other valid objection, or to identify and use documents from additional categories should VGT learn that such categories encompass relevant documents.

1. Documents relating to VGT's trademarks and trade dress.
2. Documents relating to the advertising, marketing, promotion, and sale of VGT products.
3. Documents relating to the goodwill and public recognition associated with VGT's trademarks and trade dress.

3

4. Documents relating to the design, development and operation of VGT products.

5. Documents concerning employment or confidentiality relationships between VGT and its former employees.

6. Documents concerning damages incurred by VGT.

**III.   Computation of Damages**

VGT intends to seek at least (a) actual damages suffered by VGT as a result of CHG's trademark infringement, trade dress infringement, misappropriation of VGT's trade secrets, and misappropriation of VGT's confidential business information; (b) disgorgement of CHG's profits derived from its trademark infringement, trade dress infringement, misappropriation of VGT's trade secrets, and misappropriation of VGT's confidential business information; and (c) increased damages or profits and/or punitive damages.  VGT's computation of damages will depend on factors including CHG's revenue from the accused games, VGT's revenue lost as a result of CHG's infringement, and other harm caused by CHG's unlawful actions.  VGT also intends to seek an award of its reasonable attorney fees and costs of suit.

**IV.   Insurance Agreements**

VGT is unaware of any insurance agreement relevant to this action.

October 6, 2017                                                   Respectfully submitted,

*/s/ Gary Rubman*
Graydon Dean Luthey, Jr., OBA No. 5568
GABLE GOTWALS
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, OK 74103-4217
Telephone: (918) 595-4821
Facsimile: (918) 595-4990
dluthey@gablelaw.com

Gary M. Rubman
Peter A. Swanson
Michael S. Sawyer
Rebecca B. Dalton
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, D.C. 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 778-5465
grubman@cov.com
pswanson@cov.com
msawyer@cov.com
rdalton@cov.com
   (admitted pro hac vice)

Neil K. Roman
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1221
Facsimile: (212) 841-1010
nroman@cov.com
   (admitted pro hac vice)

***Counsel for Video Gaming Technologies, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2017, I sent via email, a true and correct copy of the foregoing Video Gaming Technologies, Inc.'s Rule 26(A)(1) Initial Disclosures to Castle Hill Studios LLC, Castle Hill Holdings LLC, and Ironworks Development LLC, addressed to the following:

James C. Hodges, OBA 4254
JAMES C. HODGES, PC
2622 East 21st Street, Suite 4
Tulsa, OK 74114
Telephone: (918) 779-7078
JHodges@HodgesLC.Com

Duane H. Zobrist
Jonathan S. Jacobs
ZOBRIST LAW GROUP PLLC
1900 Arlington Blvd. Suite B
Charlottesville, VA 22903
Telephone: (434) 658-6400
dzobrist@zoblaw.com
jjacobs@zoblaw.com

*Attorneys for Defendants Castle Hill
Studios LLC, Castle Hill Holdings LLC,
and Ironworks Development LLC*

/s/ Gary Rubman