**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| VIDEO GAMING TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> CASTLE HILL STUDIOS LLC, *et al.* <br><br> Defendants. | CASE NO. 17-CV-00454-GKF-JFJ <br><br> **PUBLIC – REDACTED VERSION** |

**DEFENDANTS' MOTION TO STRIKE DECLARATIONS**
**SUBMITTED IN SUPPORT OF PLAINTIFF'S OPPOSITION**
**TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants, Castle Hill Studios LLC, Castle Hill Holdings LLC, and Ironworks Development LLC (collectively, "Castle Hill"), move for an order striking the Declarations of Stacy Friedman, Josh Davis, Chris Shults, and Ryan North submitted in Support of Plaintiff's Opposition to Castle Hill's Motion for Summary Judgment.

**I.  INTRODUCTION**

Just as it did with respect to its Motion for Partial Summary Judgment (Dkt. 179), VGT has once again submitted and relied upon improper declarations to oppose Castle Hill's motion for summary judgment. With its opposition, VGT includes declarations of three of its employees, Josh Davis, Chris Shults, and Ryan North, and a declaration from its technical expert, Stacy Friedman. Similar to the declarations submitted with its own dispositive motion, VGT's opposition declarations consist of further undisclosed expert opinion from Mr. Friedman and expert opinion couched as "fact testimony" from Mr. Davis and Mr. Shults.[1] Mr. North's declaration, meanwhile,

---

[1] Castle Hill filed a Motion to Strike Declarations Submitted in Support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment (Dkt. 236). That Motion sets forth the appropriate legal standards and includes argument regarding the impropriety of VGT's declarations. All of the arguments set forth in that prior Motion apply with equal force to the declarations submitted with VGT's opposition. For the sake of brevity, Castle Hill incorporates by reference the arguments set forth therein.

1

is pure speculation. Just as those prior declarations should be stricken, so too should the Court strike the declarations of Mr. Friedman, Mr. Davis, Mr. Shults, and Mr. North submitted in connection with VGT's opposition brief.

## II.  THE COURT SHOULD STRIKE THE FRIEDMAN DECLARATION

The new Friedman Declaration represents VGT's fourth or fifth bite at the "technical expert apple." Mr. Friedman has previously submitted a 55-page initial report, a 64-page reply report, a 21-page declaration (which, as set forth in Castle Hill's original Motion to Strike, was itself tantamount to an additional report), and testified at deposition. Apparently still changing and refining his expert opinions, Mr. Friedman now submits an *additional* 22-page declaration ("Second Friedman Declaration"), a copy of which is attached hereto as **Exhibit A**, in which he "incorporates" his prior declaration in its entirety. *See* Second Friedman Decl. ¶ 11. For all of the reasons his prior declaration should be stricken, so too should this one.

Furthermore, similar to an approach he took with respect to his prior declaration, Mr. Friedman's new declaration expressly relies on the declarations of Mr. Davis and Mr. Shults as the basis of his purported "expert opinions." For example, in support of his "███████████ ███████████████████████████████████████████████████████████████████████████ █████████," Mr. Friedman cites the "Second Davis Decl." as the basis of his opinion. *See* Second Friedman Declaration ¶ 27. Likewise, Mr. Friedman cites Mr. Shults' November 14, 2018 declaration as providing the "████████████████████████████████████████████" But neither the Second Davis Declaration, attached hereto as **Exhibit B**, nor the Shults Declaration, attached hereto as **Exhibit C**, formed the basis of Mr. Friedman's previously disclosed expert opinions set forth in his August 10, 2018 expert report or his September 14, 2018 reply report. Indeed, the Second Davis Declaration and the Shults Declaration were not even executed until November 14, 2018. It goes without saying, therefore, that Castle Hill did not have the ability to

2

have its own experts respond to the information set forth in those declarations or to depose Mr. Friedman regarding how those declarations "provide the factual basis" for his opinions.

Additionally, the Second Friedman Declaration offers new and expanded opinions beyond those previously disclosed. This is especially the case with respect to Mr. Friedman's new assertion, that what he has coined ████████████████████████████████████████ ████████████████████████████. While Mr. Friedman's original report referenced Castle Hill's ████████████████████████████████████████ ████████████████████████████████████████████t. But, based on the Second Friedman Declaration, VGT's opposition to Castle Hill's motion for summary judgment does just this. VGT should not be permitted to continue to shift and morph its trade secrets claims by submitting additional expert opinions under the guise of a "declaration." The Second Friedman Declaration should be stricken.

### III. THE COURT SHOULD STRIKE THE SECOND DAVIS DECLARATION AND SHULTS DECLARATION

As an initial matter, the Second Davis Declaration incorporates by reference his prior declaration (which Castle Hill already moved to strike). *See* Second Davis Declaration ¶ 4. But just like his first declaration, the Second Davis Declaration contains improper expert opinions, opinions not based on his personal knowledge, and information that VGT failed to provide in discovery. The Shults Declaration suffers from the same defects.

Neither Mr. Davis nor Mr. Shults has been designated as an expert under Rule 26(a)(2). Yet both of them attempt to offer opinions about the practices of other Class II manufacturers, and/or what information they opine would be "helpful" to a competitor in the marketplace. *See, e.g.*, Second Davis Declaration ¶ 15 (opining about how other Class II companies approach ████████); Shults Declaration ¶ 6 (opining that knowledge of ████████████ would be helpful to a competitor); ¶ 9 (similar opinion with respect to VGT math); ¶ 12 (similar opinion with respect to

3

▊). Mr. Davis' and Mr. Shults' opinions are based on their own subjective beliefs and speculation, and represent impermissible lay opinion.

Further, neither the Second Davis nor the Shults Declaration are based solely on the personal knowledge of the respective declarants. Rather, both Mr. Davis and Mr. Shults offer generalized statements about what VGT has allegedly done, and how VGT has approached various issues, without establishing the basis for their own personal knowledge of such issue, as is required by Federal Rule of Evidence 602 to show witness competency.

For example, in paragraphs 7-8 of his declaration, Mr. Shults describes ▊. According to Mr. Shults, through ▊. Shults Declaration ¶¶ 7-8. Despite offering this description, Mr. Shults does not establish that he himself was involved with ▊ to establish his competency as a fact witness. To the contrary, the only individual he identifies as having been involved (and thus the only person who would have personal knowledge) is current Castle Hill employee Dan Fulton. *Id.* ¶ 7. This testimony is the very sort of information that is routinely stricken due to a declarant's lack of personal knowledge. *See* Mot. to Strike (Dkt. 236) at 15-16 (citing authorities).

**IV.   THE COURT SHOULD STRIKE THE NORTH DECLARATION**

To rebut a motion for summary judgment, a non-movant must submit evidence that is "based on more than mere speculation, conjecture, or surmise." *McMiller v. Corrections Corp. of Am.*, 695 Fed. App'x 344, 346 (10th Cir. 2017) (quoting *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006)). A declaration submitted to oppose a motion for summary judgment must be made on personal knowledge. *Id.*



4

Here, VGT has offered the declaration of Mr. North, attached hereto as **Exhibit D**, as part of its opposition to Castle Hill's motion for summary judgment. In its motion, Castle Hill argued that VGT has an inconsistent trade dress because, among other reasons, its EGMs are offered with "jukebox lighting" which gives those games a different overall appearance. To rebut this argument, VGT offers Mr. North, who states: "I estimate that the majority of VGT's mechanical reel games in the standard-sized LS cabinet in casinos today do not have edge lighting." North Declaration ¶ 2. Mr. North's "estimate" is plainly nothing more than speculative guesswork, which is neither appropriate nor sufficient for a declaration in opposition to a summary judgment motion.

Moreover, Castle Hill repeatedly asked VGT for information regarding its EGMs and various cabinet configurations, including but not limited to "jukebox lighting" throughout discovery. When it came time for VGT to provide 30(b)(6) testimony on this very issue, its designee on the topic of "the number and location of the games and the various cabinet configurations," testified that VGT has no way of tracking the number of games in the field that use edge lighting:

- ■ ███████████████████████████████████████████
  ███████████████████████████████████
- ■ ████
- ■ ███████████████████████████████████████████
- ■ ████
- ■ ████████████████████████████
- ■ ████████
- ■ █████████████
- ■ ███████
- ■ ███████████████████████████████████████████

5



Kovach 30(b)(6) Dep. Tr. at 45:1 – 46:14, attached hereto as **Exhibit E**.

VGT should not be able to avoid answering questions regarding its various lighting packages during discovery because it allegedly does not track such information ("it's a system issue"), only to later offer the speculation of Mr. North regarding the lighting packages on the "majority" of VGT's games. Mr. North's guesswork regarding VGT lighting is pure speculation, and should be stricken. Because this information was requested in discovery, and was not produced, it also would be prejudicial to permit VGT to produce this information at this time.

## V.   CONCLUSION

VGT should not be permitted to continue to provide new expert opinions through Mr. Friedman's declarations and the undisclosed "opinions" of fact witnesses. And Mr. Friedman clearly should not be permitted to change his own opinions based on declarations that were submitted more than 3 months after his opening report. The prejudice to Castle Hill in allowing such conduct

is obvious. Likewise, Castle Hill is harmed by Mr. Davis and Mr. Shults introducing new facts that are not based on those declarants' personal knowledge, as Castle Hill has no opportunity to question the declarants regarding the basis for their alleged knowledge, or to seek additional fact discovery relating to the issues raised in the declarations. Finally, VGT cannot rely on the purely speculative statements of Mr. North to overcome Castle Hill's motion for summary judgment. For all of these reasons, Castle Hill requests that the Court strike the Second Friedman Declaration, Second Davis Declaration, Shults Declaration and North Declaration.

Dated:  December 14, 2018          Respectfully submitted,

*/s/ Robert C. Gill*
Robert C. Gill (admitted *pro hac vice*)
Henry A. Platt (admitted *pro hac vice*)
Thomas S. Schaufelberger (admitted *pro hac vice*)
Sherry H. Flax (admitted *pro hac vice*)
Matthew J. Antonelli (admitted *pro hac vice*)
Jeremy B. Darling (admitted *pro hac vice*)
SAUL EWING ARNSTEIN & LEHR, LLP
1919 Pennsylvania Avenue, NW, Suite 550
Washington, D.C. 20006
(202) 295-6605
(202) 295-6705 (facsimile)
robert.gill@saul.com
henry.platt@saul.com
tschauf@saul.com
sherry.flax@saul.com
matt.antonelli@saul.com
jeremy.darling@saul.com

James C. Hodges, OBA #4254
JAMES C. HODGES, P.C.
2622 East 21st Street, Suite 4
Tulsa, Oklahoma 74114
(918) 779-7078
(918) 770-9779 (facsimile)
JHodges@HodgesLC.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

      I hereby certify that on this 14th day of December, 2018, I caused a copy of the foregoing **DEFENDANTS' MOTION TO STRIKE DECLARATIONS SUBMITTED IN SUPPORT OF PLAINTIFF'S OPPOSITION TO SUMMARY JUDGMENT – PUBLIC REDACTED VERSION** to be filed via the Court's ECF system, which will provide electronic notification of filing to the following counsel for Plaintiff:

Graydon Dean Luthey, Jr.
GABLE GOTWALS
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, OK 74103-4217
(918) 595-4821
(918) 595-4990 (facsimile)
dluthey@gablelaw.com
*Counsel for Plaintiff*

Neil K. Roman
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
(212) 841-1221
(212) 841-1010 (facsimile)
nroman@cov.com
*Counsel for Plaintiff*

Gary M. Rubman
Peter Swanson
Michael Sawyer
Rebecca B. Dalton
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
(202) 662-6000
(202) 778-5465 (facsimile)
grubman@cov.com
pswanson@cov.com
msawyer@cov.com
rdalton@cov.com
*Counsel for Plaintiff*

                                              */s/ Robert C. Gill*
                                                Robert C. Gill