IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) VIDEO GAMING TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> 1) CASTLE HILL STUDIOS LLC <br> (d/b/a CASTLE HILL GAMING); <br> 2) CASTLE HILL HOLDING LLC <br> (d/b/a CASTLE HILL GAMING); and <br> 3) IRONWORKS DEVELOPMENT, LLC <br> (d/b/a CASTLE HILL GAMING) <br><br> Defendants. | Case No. 4:17-cv-00454-GKF-jfj <br><br> **REDACTED** |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION *IN LIMINE*
REGARDING CASTLE HILL GAMING DEFENSES**

Although CHG attempts to characterize VGT's Motion *in Limine* Regarding Castle Hill Gaming Defenses (Dkt. 181, the "Motion") as moot given that the case is not to be tried to a jury, *see* Dkt. 224 (the "Opposition"), CHG does not and cannot explain why evidence relating to VGT's alleged regulatory violation or ▇▇▇▇▇▇▇ is relevant to any issue other than its defenses of unclean hands and illegality.[1]  Thus, if CHG's affirmative defenses fail as a matter of law, as they do, Dkts. 179 and 277, evidence relating to CHG's Regulatory, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ as well as CHG's Change Theory first

---

[1] Although CHG suggests that VGT's alleged misconduct bears on the distinctiveness of VGT's trade dress, Dkt. 224 at 2, it fails to explain this misguided theory.  Nor can it—the test for distinctiveness is whether the trade dress identifies the source of a product rather than the product itself.  *See Forney Indus., Inc. v. Daco of Mo., Inc.*, 835 F.3d 1238, 1244-51 (10th Cir. 2016).  Therefore, a third party's use of similar trade dress may be relevant to the distinctiveness analysis, but any alleged misconduct in the development of the plaintiff's trade dress is not.

raised in its Opposition to VGT's Motion for Partial Summary Judgment, are irrelevant, and CHG should be precluded from offering such evidence. Even in the context of a bench trial, any attempt to offer such evidence would distract from the issues to be decided and serve no purpose beyond dragging VGT's reputation through the mud.

Even if such evidence were relevant, CHG should nonetheless be precluded from pursuing its unclean hands and illegality defenses because it failed to honor its discovery obligations to disclose its support for these defenses in response to interrogatories. *See Woods v. Nationbuilders Ins. Servs., Inc.*, No. 11-CV-02151, 2014 WL 1303504, at *2-*3 (D. Colo. Mar. 27, 2014) (precluding defendant from introducing defense at trial pursuant to Rule 37(c)(1) after failure to provide factual basis in response to discovery requests). Although CHG calls this position a "throw-away" and "wholly specious" argument, Opp. at 2, CHG tacitly concedes that it never followed through on its promise to supplement its interrogatory responses,[2] arguing only that it had no obligation to provide responsive written discovery because the factual bases for their defenses were "made known" to VGT through deposition testimony. Opp. at 3.

This deposition testimony, however, is not a substitute for interrogatory responses explaining each of CHG's theories and the factual basis therefor (*e.g.*, how VGT allegedly failed to comply with the NIGC regulations). *See L-3 Comm. Corp. v. Jaxon Eng'g & Maint., Inc.*, 125 F. Supp. 3d 1155, 1168–69 (D. Colo. 2015) ("To satisfy the 'made known' requirement, a party's collateral disclosure of the information that would normally be contained in a supplemental discovery response must [be] in such a form and of such specificity as to be the

---

[2] As VGT pointed out in its Motion, CHG's counsel expressly told VGT that CHG would be supplementing its interrogatory responses. *See* Ex. C("The one caveat is we did intend to supplement the interrogatory asking about affirmative defenses based on the answer filed last night.").

2

functional equivalent of a supplemental discovery response; *merely pointing to places in the discovery where the information was mentioned in passing is not sufficient*." (emphasis added)); *Faure v. Las Cruces Med. Ctr., LLC*, No. 14CV559 KG/KBM, 2017 WL 4119162, at *2 (D.N.M. Sept. 15, 2017) (same).[3] Indeed, this is precisely why VGT sought CHG's agreement to provide the factual bases for CHG's affirmative defenses, even after the depositions took place. *See* Dkt. 181, Ex. C.

For the foregoing reasons and those set forth in VGT's Motion (Dkt. 181), Motion for Partial Summary Judgment (Dkt. 179), and Reply in Support of Motion for Partial Summary Judgment (Dkt. 277), VGT's Motion should be granted.

December 14, 2018                    Respectfully submitted,

*/s/ Gary M. Rubman*
Graydon Dean Luthey, Jr., OBA No. 5568
GABLE GOTWALS
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, OK 74103-4217
Telephone: (918) 595-4821
Facsimile: (918) 595-4990
dluthey@gablelaw.com

Gary M. Rubman
Peter A. Swanson

---

[3] Each of the cases cited by CHG involved what the court considered to be a functional equivalent of a written discovery response. *See U.S. Aviation Underwriters, Inc. v. Pilatus Bus. Aircraft, Ltd.*, 582 F.3d 1131, 1145 (10th Cir. 2009) (finding that "[t]he pretrial order was written notice to all parties"); *L-3 Commc'ns Corp.*, 125 F. Supp. 3d at 1169 (finding that the expert report "was sufficient to put the Defendants on notice"); *N. Ala. Fabricating Co., Inc. v. Bedeschi Mid-W. Conveyor Co., LLC*, No. 16-CV-2740-DDC-TJJ, 2018 WL 276772, at *4 (D. Kan. Jan. 3, 2018) (declining to award sanctions for failure to comply with discovery obligations because defendants produced a report that "corrected their earlier inaccurate answers a month before the discovery deadline."). None of these cases relied solely on deposition testimony/questioning to substitute for written discovery, as CHG does in its Opposition.

3

Michael S. Sawyer
Rebecca B. Dalton
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, D.C. 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 778-5465
grubman@cov.com
pswanson@cov.com
msawyer@cov.com
rdalton@cov.com
  (admitted pro hac vice)

Neil K. Roman
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1221
Facsimile: (212) 841-1010
nroman@cov.com
  (admitted pro hac vice)

*Counsel for Video Gaming Technologies, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2018, I filed a redacted copy of the foregoing via ECF, which caused a true and correct copy of the foregoing to be delivered to the following counsel for Defendants:

Robert C. Gill
Thomas S. Schaufelberger
Matthew J. Antonelli
Henry A. Platt
SAUL EWING ARNSTEIN & LEHR, LLP
1919 Pennsylvania Avenue, NW, Suite 550
Washington, D.C. 20006
(202) 295-6605
(202) 295-6705 (facsimile)
robert.gill@saul.com
tschauf@saul.com
matt.antonelli@saul.com
henry.platt@saul.com

Sherry H. Flax
SAUL EWING ARNSTEIN & LEHR, LLP
500 E. Pratt Street, Suite 900
Baltimore, Maryland 21202
(410) 332-8764
(410) 332-8785 (facsimile)
sherry.flax@saul.com

James C. Hodges, OBA 4254
JAMES C. HODGES, PC
2622 East 21st Street, Suite 4
Tulsa, OK 74114
Telephone: (918) 779-7078
JHodges@HodgesLC.Com

Duane H. Zobrist
Jonathan S. Jacobs
ZOBRIST LAW GROUP PLLC
1900 Arlington Blvd. Suite B
Charlottesville, VA 22903
Telephone: (434) 658-6400
dzobrist@zoblaw.com
jjacobs@zoblaw.com

*Attorneys for Defendants*

                                                                              */s/ Gary M. Rubman*