**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OKLAHOMA**

VIDEO GAMING TECHNOLOGIES,
INC.,

                        Plaintiff,

v.

CASTLE HILL STUDIOS LLC, *et al.*

                    Defendants.

CASE NO. 17-CV-00454-GKF-JFJ

**PUBLIC - REDACTED VERSION**

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO STRIKE
DECLARATIONS OF STACY FRIEDMAN AND JOSH DAVIS SUBMITTED IN
SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendants, Castle Hill Studios LLC, Castle Hill Holdings LLC, and Ironworks Development LLC (collectively, "CHG" or "Defendants"), submit this reply to Plaintiff Video Gaming Technologies, Inc.'s ("VGT") opposition ("Opposition" or "Opp.") to Defendants' Motion to Strike the Declarations of Stacy Friedman and Josh Davis Submitted in Support of Plaintiff's Motion for Partial Summary Judgment ("Motion").

## I.    INTRODUCTION

In its Motion, Doc. 236, Castle Hill moved to strike the declaration of VGT's technical expert, Stacy Friedman, because the declaration contains undisclosed expert opinions not authorized by the Court's expert disclosure schedule or the Rules, and such untimely and unauthorized disclosures are prejudicial to Defendants. Castle Hill also moved to strike the declaration of VGT software engineer Josh Davis, because the declaration contains undisclosed expert opinions not within the witness's personal knowledge, and which were requested, but not provided, in discovery.

Despite VGT's efforts to distract in its Opposition, Doc. 267, VGT effectively concedes that Mr. Friedman's declaration was submitted in direct violation of the Court's expert disclosure schedule. VGT's arguments that Mr. Friedman's bolstered opinions that do not substantially vary from his original reports, that Mr. Davis' opinions are admissible, were timely disclosed, and are non-expert lay opinion within the witness' personal knowledge, and that Castle Hill suffered no prejudice, lack merit. Castle Hill's Motion should be granted.

## II.    THE COURT SHOULD STRIKE THE FRIEDMAN DECLARATION

### A.    VGT Concedes that the Friedman Declaration Contains New Rebuttal as to the Deposition Testimony of Castle Hill's Expert Robert Zeidman

In its Motion CHG argued that VGT improperly used Friedman's declaration as a "sur-reply" to insert commentary on the deposition testimony of Castle Hill's expert, Robert Zeidman, who was deposed after Mr. Friedman was deposed and issued his two reports. *See* Motion at 5 (citing Ex. C, Friedman Declaration ¶¶ 38-39). In its Opposition, VGT admits this. *See* Opp. at 4

("Mr. Friedman also refers to some of Mr. Zeidman's deposition testimony, which was not available at the time of Mr. Friedman's reports."); *id.* at 11 ("To the extent there is any additional analysis in Mr. Friedman's declaration, it is responsive to new opinions or concessions offered by Mr. Zeidman at his deposition."). VGT desperately tries to tie Mr. Friedman's new rebuttal opinions about Mr. Zeidman's testimony to opinions in Mr. Friedman's initial reports, Opp. at 11, but Mr. Friedman already had an *entire reply report* to respond to Mr. Zeidman's expert report, and Mr. Friedman's opinions in the declaration are expressed in terms directly rebutting Mr. Zeidman's deposition testimony. *See, e.g.,* Motion Ex. C, ¶ 39 ("In my opinion, Mr. Zeidman's claim about VGT's code is incorrect...").

The Court established an expert discovery and disclosure schedule. *See* Doc. 101. Castle Hill's expert, Mr. Zeidman, was deposed on September 28, 2018. The Court's schedule did not contemplate any expert reports, including any expert reports opining on the other parties' expert's depositions, submitted after September 14, 2018, absent leave of Court.

VGT failed to seek leave of Court before filing its declaration of Stacy Friedman. The declaration plainly contains rebuttal opinions regarding the deposition testimony of Mr. Zeidman, an opportunity which Castle Hill was not afforded under the scheduling order for any of VGT's experts. VGT cites no authority which would permit it to blatantly ignore this Court's scheduling order. Instead, VGT blames *Castle Hill* for VGT's violation. Opp. at 11 n.10 ("CHG offers no explanation for how else Mr. Friedman could have responded to such new testimony from Mr. Zeidman…"). Apparently, VGT envisions an endless cycle of replies and sur-replies following the expert depositions; whereas the Court did not.[1] VGT's failure to seek leave before filing its

---

[1] Indeed, following the filing of this Motion, VGT submitted a second declaration from Mr. Friedman, constituting his fourth expert report, this time in opposition to CHG's Motion for Summary Judgment.  Castle Hill has filed a separate Motion to Strike this new declaration. See Doc. 272.

supplemental expert report couched as a declaration is a problem of its own making. Mr. Friedman's declaration should be stricken.

### B.    The Freidman Declaration Contains Substantially New Opinions

Despite VGT's efforts to twist the facts, Mr. Friedman's declaration contains new opinions and bolsters the opinions set forth in his expert reports. VGT concedes, as it must, that in setting forth his opinions in his declaration, Mr. Friedman relies on a new declaration of Josh Davis executed *after* Mr. Friedman's expert reports were submitted. VGT claims, however, that Mr. Friedman's reliance on Mr. Davis' declaration is "support" but not "opinion." This is pure semantics – Mr. Friedman relied on Mr. Davis' declaration as *support* for his *new opinions*. VGT also argues that Mr. Friedman can rely on Mr. Davis' declaration because he had already relied upon *conversations* with Mr. Davis when creating his expert report. This is not the same thing – the Davis Declaration is new, Mr. Freidman's opinions generated based on the Davis Declaration are new, and VGT cannot tie a *new* declaration containing *new* statements made on October 10, 2018 with a past conversation in order to have the declaration relate back to the original reports. Moreover, nowhere in the Friedman Declaration does it indicate that the declaration is consistent with the prior conversations between Mr. Friedman and Mr. Davis.

In *Rodgers v. Beechcraft Corporation*, – Fed. App'x –, 2018 WL 6615315, *12 (10th Cir., Dec. 14, 2018), the district court struck a supplemental expert affidavit on similar grounds, and the Tenth Circuit affirmed.[2] The district court had held that, "[i]f the supplemental affidavit simply restated previous information from the original report, it was not needed. If it went into further depth than the original report or discussed new testing, the Plaintiffs showed no reason why that information could not have been included in the original report." *Id.* at *17. The Tenth Circuit agreed, as

---

[2] In its Motion CHG substantially relied on the district court's opinions in *Rodgers*, found at 2016 WL 7888048 (N.D. Okla. Sept. 20, 2016) and 2017 WL 465474 (N.D. Okla. Feb. 3, 2017). The Tenth Circuit affirmed both of these rulings in all respects in its December 14, 2018 Opinion, after a detailed analysis.

"Appellants did not explain why any of the information could not have been included in Mr. Sommer's original report." *Id.* at *18.

In its Motion, Castle Hill also objected to Mr. Friedman's substantially more detailed opinions in his Declaration ████████████████████████, which now contain a step-by-step analysis of the functionality of the algorithm not previously disclosed. *Compare* Motion Ex. C, Friedman Declaration ¶¶ 19(a)-(f), 20-21 *with* Motion Ex. A, Report, ¶¶ 65-66. VGT asserts that the report also contained a step-by-step analysis, citing Motion Ex. A, ¶¶ 70, 116, but this is simply untrue. Those paragraphs discuss certain individual aspects of VGT's algorithm, Motion Ex. A, ¶ 70, or discuss Castle Hill's algorithm and compare it to VGT's algorithm. Motion Ex. A, ¶ 116. And while VGT argues that "CHG does not dispute, or seek more time to dispute" Mr. Friedman's updated ██████████ analysis in Castle Hill's opposition to VGT's motion for partial summary judgment, Castle Hill expressly stated in its opposition to VGT's summary judgment motion that the "declarations of Messrs. Davis and Friedman are improper and should not be considered in connection with VGT's motion." Doc. 240 at 2.

Castle Hill also took issue with Mr. Friedman's substantially new and updated opinions regarding alleged misappropriation of the ██████████████████. In his Declaration, Mr. Friedman included a new computer source code analysis and comparison. VGT spends the majority of its argument attempting to distinguish Mr. Friedman's admission that he has not offered an opinion that Castle Hill *copied* any source code. *See* Motion Ex. B, ¶ 73. VGT ignores that Mr. Friedman's Declaration contains more detailed, new opinions regarding Castle Hill's alleged misappropriation, with more detailed comparisons between the Castle Hill and VGT source code, than his reports. *Compare* Motion Ex. B. ¶¶ 111-19 *with* Motion Ex. C, ¶ 36-40. As the Tenth Circuit has recently observed, "[p]reviously proposed opinions should stand on their own and do not need further emphasis." Rodgers, – Fed. App'x – , 2018 WL 6615315 at *12.

### C.    The Friedman Declaration is an Improper Supplemental Expert Report

VGT fails to address Castle Hill's argument that the Friedman declaration is an improper supplemental expert report. Although the Friedman declaration admittedly contains new rebuttal as to Mr. Zeidman, and additional new opinions as discussed above, VGT attempts to explain away its improper new report on the basis that Mr. Friedman's declaration was necessary because "unsworn expert reports are not competent evidence on summary judgment." Opp. at 12 (citing *Peak ex. rel Peak v. Cent. Tank Coatings, Inc.*, 606 F. App'x 891, 895 (10th Cir. 2015)).[3] But VGT ignores that "Rule 26(a)(2)(B)(i) imposes a requirement that the expert disclose in a written report 'a complete statement of *all* opinions the witness will express and the basis and reasons for them'" and "[t]hus, any prior undisclosed opinions set forth in a declaration submitted to support or oppose a summary judgment is inadmissible, absent a showing the nondisclosure was justified or harmless under Rule 37(c)(1)." *Oklahoma v. Tyson Foods, Inc.*, 2009 WL 2252129 at *5 (N.D. Okla. July 24, 2009) (Frizzell, J.). Any declaration must, therefore, only contain previously disclosed opinions. The only case VGT cites to support its argument that Mr. Friedman's new opinions relate back to his prior ones is an unpublished district court case, *Emcore Corp. v. Optium Corp.*, 2008 WL 3271553 at *3-6 (W.D. Pa. Aug. 5, 2008), which is inapposite. The expert in that case does not appear to have added any entirely new opinions like Mr. Friedman has done here, such as opinions responding to an opposing expert's deposition testimony or source code analysis.

Castle Hill also argued that the Friedman declaration is an improper supplemental report because it relies substantially on the Davis Declaration. The Davis Declaration, in addition to being separately challenged in the Motion, cannot be adopted by Mr. Freidman because it is not information within Mr. Friedman's personal knowledge. Motion at 8 n.4 (citing Fed. R. Civ. P.

---

[3] VGT's argument that "unsworn expert reports are not competent evidence on summary judgment" is confusing and inconsistent because VGT failed to provide a declaration for Dr. Wind, whose survey results VGT seeks to use as evidence of likelihood of confusion on summary judgment.

56(c)(4) and *Bryant v. Farmers Ins. Exchange*, 432 F.3d 1114, 1122 (10th Cir. 2005)). VGT fails to establish that the testimony in the Davis Declaration is admissible, and that Mr. Friedman's reliance on it is proper, or to distinguish *Bryant*, instead citing Fed. R. Evid. 703. But as VGT has already pointed out, the Rules governing summary judgment declarations and evidence at trial differ. As a last resort, VGT tries to tie Mr. Friedman's new opinions to a more appropriate source, Opp. at 13, but even a cursory review makes it evident that Mr. Friedman relied upon and copied the Davis Declaration. *See, e.g.,* Motion Ex. C, ¶¶ 19, 21, 22, 31 (citing Davis declaration); Motion Ex. C, ¶¶ 19, 20 (duplicative of Davis Declaration, Motion Ex. G, ¶¶ 12, 13).

### D.    The Friedman Declaration is Neither Justified nor Harmless

VGT accuses Castle Hill's prejudice argument of being "entirely conclusory" in a mere three-paragraph "argument" without a single citation to any legal authority. VGT declines to conduct an analysis under *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985 (10th Cir. 1999), which weighs in favor of exclusion. Mot. at 8-11. Instead, VGT repeats its tired argument that Mr. Friedman offered no new opinions, and that Castle Hill had an opportunity to depose Mr. Friedman about those opinions. It is unclear how VGT can make these arguments and in the same breath *concede* that the declaration contains new opinions "for a few instances where Mr. Friedman responds to new opinions or concessions offered by Mr. Zeidman at his deposition…" Opp. at 13. Even for those "few instances" alone, Castle Hill had *no opportunity* to take further discovery or otherwise respond. In addition, the declaration *on its face* demonstrates that Mr. Friedman relied upon declarations not executed until *after* the close of expert discovery, *i.e.* the declarations of Mr. Davis and Mr. Williamson, so any argument that there are no new opinions is all smoke and mirrors. Mr. Friedman has improperly provided new expert deposition rebuttal, and has bolstered his source code comparison and misappropriation opinions. As set forth in the Motion, under *Woodworker's*

*Supply, Inc.*, the Friedman declaration is an improper supplemental expert report which is not justified and is harmful to Castle Hill.

## III.    THE COURT SHOULD STRIKE THE DAVIS DECLARATION

### A.    The Davis Declaration Contains Improper Expert Opinions, Opinions Not Based on Personal Knowledge, and Information Beyond VGT's Supplemental Discovery Responses

VGT does nothing to dispel Castle Hill's arguments regarding the inadmissible contents of the Davis Declaration other than to make conclusory responses. Mr. Davis' was not designated as an expert, but he offers numerous expert opinions – opinions which VGT wants its technical "expert" Mr. Friedman to also adopt and testify about – including the purported challenges of ████ ████ ████████████████████████ regulatory requirements for Class II systems, whether VGT's documents containing its algorithm have remained confidential, and whether VGT's ████████████████████ is common or unique. Motion Ex. G, ¶¶ 6, 10, 14-18. Aside from VGT's conclusory argument that "[t]hese are facts – not opinions," Opp. at 14-15, VGT fails to explain how the information in Mr. Davis' declaration and Mr. Friedman's declaration on the same issues can be both "facts" as to Mr. Davis and expert opinion as to Mr. Friedman, as it best suits VGT.  If the Davis Declaration merely contains "facts," there is no point to Mr. Friedman's declaration.

VGT seeks to subvert the expert disclosure process by arguing that Mr. Davis' untimely technical opinions should be excused as non-expert, lay opinion testimony based on his experience as a VGT engineer. Both cases VGT cites involve the inventor of the technology at issue providing lay opinion testimony regarding that technology. *See Sitrick v. Dreamworks, LLC*, 2006 WL 6116641 at *22 (C.D. Cal. July 20, 2006) (inventor of WordFit technology); *Supernus Pharm., Inc. v. Twi Pharm., Inc.*, 265 F. Supp. 3d 490, 517 n.12 (D.N.J. 2017) (inventor of patents-in-suit). Mr. Davis does not describe himself as an inventor of any of the alleged trade secrets at issue, much less having any

"intimate" or "thorough" understanding of the ███████████████ or any other issues about which he opines. *See Donlin v. Philips Lighting North America Corp.*, 581 F.3d 73, 81 (3d Cir. 2009) (requiring "intimate and thorough knowledge" from a "lengthy tenure or a position of authority" for lay opinion projections of business). Instead, VGT merely seeks to backdoor an additional expert witness to buttress its summary judgment shortcomings, which the Court should not permit. [4]

Additionally, the Davis declaration fails to establish that it is made on personal knowledge as required by Rule 56(c)(4). To the contrary, Mr. Davis admits that his opinions are speculative, saying that he is "not aware of another Class II company that ████████████████████████ █████," and simultaneously *admitting* in the same paragraph of his declaration that he has *no knowledge* on the subject: "Indeed, I am not aware of how other Class II manufacturers ████████████ █████ because, in my experience, such algorithms are usually kept confidential." Motion Ex. G ¶ 18. VGT also fails to establish that Mr. Davis, an engineer, has personal knowledge of VGT's confidentiality policies with third parties, or that he is qualified to offer testimony regarding VGT's purported lack of disclosure of its allegedly confidential algorithm or documents to third parties. Mr. Davis' declaration does not establish a basis for these opinions. "[VGT] introduces no evidence to establish [Mr. Davis'] personal knowledge of [VGT or industry] practices" and his declaration should not be considered by the Court. *See Freeman v. Glanz*, 2018 WL 4134669 at *9 (N.D. Okla. Aug. 29, 2018). His opinions are not based on personal knowledge, are speculative, and should be stricken. *See Argo v. Blue Cross & Blue Shield of Kansas, Inc.*, 452 F.3d 1193, 1200 (10th Cir. 2006).

---

[4] In this respect, the Tenth Circuit has held that "non-expert testimony in the form of opinions or inferences must be '(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness's testimony or the determination of the fact in issue, and (c) not based on scientific, technical, or other specialized knowledge.'" *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1123 (10th Cir. 2005) (quoting Fed. R. Evid. 701) (emphasis added). Plainly, Mr. Davis' opinions in his declaration are "based on … technical, or other specialized knowledge."

Finally, Castle Hill argued in the Motion that the Davis Declaration includes information which was requested during discovery, but never provided by VGT. Despite its multi-page diatribe, VGT does nothing more than attempt to shift blame to Castle Hill for VGT's own discovery failures. Although Castle Hill requested source code citations in an April 9, 2018 letter, and VGT was in any event obligated to provide such information in response to Castle Hill's First Set of Interrogatories served over a year ago, Motion Ex. K, VGT misleadingly claims that "CHG never asked for more specificity regarding these source code citations." Opp. at 21 (emphasis removed). But VGT has the argument backward: Castle Hill *did* specifically ask *and* had a formal interrogatory on the issue, VGT had an obligation to supplement its interrogatory responses with the requested information, and VGT never did so. If VGT intended to rely on source code citations, it should have provided that information without the need for further discovery requests or motions practice. It failed to provide the information as required, and hid the ball from Defendants.

VGT's excuses for its additional discovery failures with respect to the ███████████ ████████████ also lack merit. A simple comparison of VGT's record citations, Opp. at 20-21, and Castle Hill's citations to the Davis Declaration, Motion at 17-18, demonstrate that VGT provided new, undisclosed details in the Davis Declaration which it failed to provide in its discovery responses. These include the ████████████████████████████████████ for the same as part of the alleged trade secret algorithm, as well as details regarding VGT's source code repository security features in full, even though that information was requested over a year ago. VGT should be precluded from using declarations to provide sworn supplemental information on these issues now, long after the close of fact and expert discovery.

### B.    The Davis Declaration is Neither Justified nor Harmless

VGT again declines to conduct a *Woodworker's Supply* analysis, choosing instead to assert the conclusion that the undisclosed expert opinions of Mr. Davis have caused no harm to Castle Hill.

VGT's argument is that issues relative to VGT's ▮▮▮▮▮▮▮▮▮▮ have been litigated, so Castle Hill "understand[s] the issue." Opp. at 22. VGT also apparently seeks to hold itself blameless for its own discovery misconduct merely because Castle Hill allegedly "declined VGT's" ridiculous demands and "vigorously fought" VGT's baseless lawsuit. Opp. at 22. Neither argument reflects the proper standard. Rule 26(e)(1) requires a party to supplement disclosures made in discovery, as well as responses to interrogatories and requests for production. *See* Fed. R. Civ. P. 26(e)(1). VGT's failure to supplement its discovery responses prohibits VGT from using the information to support its motion for summary judgment, unless it can establish that the failure was substantially justified or is harmless. *See* Fed. R. Civ. P. 37(c)(1). VGT declined to conduct this analysis, and as a consequence has now conceded this point. As set forth in the Motion, the Davis Declaration is not substantially justified, and is prejudicial to Castle Hill. It should be stricken.

## IV. <u>CONCLUSION</u>

Defendants, Castle Hill Studios LLC, Castle Hill Holdings LLC, and Ironworks Development LLC respectfully request that their motion be granted.

Dated:  December 28, 2018                    Respectfully submitted,

*/s/ Robert C. Gill*
Robert C. Gill (admitted *pro hac vice*)
Henry A. Platt (admitted *pro hac vice*)
Thomas S. Schaufelberger (admitted *pro hac vice*)
Matthew J. Antonelli (admitted *pro hac vice*)
Jeremy B. Darling (admitted *pro hac vice*)
SAUL EWING ARNSTEIN & LEHR, LLP
1919 Pennsylvania Avenue, NW, Suite 550
Washington, D.C. 20006
(202) 295-6605
(202) 295-6705 (facsimile)
robert.gill@saul.com
henry.platt@saul.com
tschauf@saul.com
matt.antonelli@saul.com
jeremy.darling@saul.com

Sherry H. Flax (admitted *pro hac vice*)
SAUL EWING ARNSTEIN & LEHR, LLP
500 E. Pratt Street, Suite 900
Baltimore, Maryland 21202
(410) 332-8764
(410) 332-8785 (facsimile)
sherry.flax@saul.com

James C. Hodges, OBA #4254
JAMES C. HODGES, P.C.
2622 East 21st Street, Suite 4
Tulsa, Oklahoma 74114
(918) 779-7078
(918) 770-9779 (facsimile)
JHodges@HodgesLC.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of December, 2018, I caused a copy of the foregoing **DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO STRIKE DECLARATIONS OF STACY FRIEDMAN AND JOSH DAVIS SUBMITTED IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT – FILED UNDER SEAL** to be emailed to the following counsel for Plaintiff:

Graydon Dean Luthey, Jr.
GABLE GOTWALS
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, OK 74103-4217
(918) 595-4821
(918) 595-4990 (facsimile)
dluthey@gablelaw.com
*Counsel for Plaintiff*

Neil K. Roman
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
(212) 841-1221
(212) 841-1010 (facsimile)
nroman@cov.com
*Counsel for Plaintiff*

Gary M. Rubman
Peter Swanson
Michael Sawyer
Rebecca B. Dalton
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
(202) 662-6000
(202) 778-5465 (facsimile)
grubman@cov.com
pswanson@cov.com
msawyer@cov.com
rdalton@cov.com
*Counsel for Plaintiff*

*/s/ Robert C. Gill*
Robert C. Gill