# EXHIBIT G

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1) VIDEO GAMING TECHNOLOGIES, INC., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:17-cv-00454-GKF-JFJ |
| | ) | |
| 1) CASTLE HILL STUDIOS LLC | ) | |
| (d/b/a CASTLE HILL GAMING); | ) | |
| 2) CASTLE HILL HOLDING LLC | ) | |
| (d/b/a CASTLE HILL GAMING); and | ) | |
| 3) IRONWORKS DEVELOPMENT, LLC | ) | |
| (d/b/a CASTLE HILL GAMING) | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO
DEFENDANT CASTLE HILL STUDIO LLC'S
FIRST SET OF INTERROGATORIES  (NOS. 1-13)**

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff Video Gaming Technologies, Inc. ("VGT") provides these objections and responses to the First Set of Interrogatories of Defendant Castle Hill Studio LLC (collectively with the other defendants, "CHG") (the "Interrogatories").

**PRELIMINARY STATEMENT**

In responding to these Interrogatories, VGT does not concede the relevance, materiality, or admissibility of any Interrogatory.  VGT's response to each Interrogatory is made subject to and without waiver of any objections as to privilege or as to the relevance, materiality, or admissibility, for any purpose, of any of the responses given herein.

VGT's responses to these Interrogatories are given without prejudice to VGT's right to provide or introduce at trial subsequently discovered evidence.  VGT has not completed its fact

1

it seeks Privileged Information.  VGT further objects to this interrogatory to the extent that it purports to be a single interrogatory under Civil Local Rule 33.1, and to the extent it seeks information that is in CHG's possession or otherwise not in the possession, custody or control of VGT.  VGT further objects to this interrogatory to the extent its seeks premature expert discovery by, *inter alia*, asking VGT to place an "approximate value" on each piece of confidential business information.  Subject to and without waiving the preceding general and specific objections, VGT responds as follows:

VGT incorporates by reference its Response to Interrogatory No. 4.  Additionally, VGT reserves the right to identify additional confidential business information, after the entry of suitable protective order.  Discovery is ongoing, and VGT expects that it will update this response with information obtained from CHG.

**INTERROGATORY NO. 6:**

State the background and history of each trade secret and each piece of confidential business information listed in your responses to Interrogatories 4 and 5. (Include as part of your answer when the trade secret or confidential information (hereafter in this interrogatory, "it") was created; the name, address, and telephone number of each person who helped create it; why it was created; how it has been used (including, if applicable, the name of each VGT Game in which it has been used); the name, address, and phone number of each person who has had access to it; when such persons had access; which of the persons who had access actually accessed it and when; and where and how it has been stored since it came into existence.)

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 6:**

VGT incorporates the General Objections stated above as if set forth fully herein and in particular objects to this interrogatory as overbroad and unduly burdensome to the extent it seeks a precise accounting of every individual involved in the development of each trade secret, each

34

person with access to each trade secret, and each time such an individual actually accessed the trade secret.  VGT further objects to the extent that it purports to be a single interrogatory under Civil Local Rule 33.1.  VGT further objects to this interrogatory to the extent it purports to place requirements on VGT inconsistent Federal Rule of Civil Procedure 33(d). Subject to and without waiving the preceding general and specific objections, VGT responds as follows:

VGT incorporates by reference its responses to Interrogatories Nos. 4 and 5.  VGT began developing its bingo-based games in the late 1990's and/or early 2000's.  VGT personnel contributing to this early work included Jon Yarbrough and David Wright.  VGT redesigned its platform in or around 2003.  VGT employees have developed, refined, and improved these systems since that time, including Josh Davis, Chris Shults, and Kelton Flynn.  The source code and documents that VGT intends to produce in this action contain additional responsive information, including development dates and the individuals who have contributed to the development of VGT's trade secrets.

VGT employees and agents have had access to its trade secrets, under an obligation of confidentiality.  These employees and agents include individuals who later worked for CHG, including John Taylor, Jason Sprinkle, Alan Roireau, Andy Scheiner, Bryan Cody, Dan Fulton, George Weilacher, Josh Larson, Kelly Davis, Paul Suggs, and Seth Morgan.  Testing labs have also had access to some of VGT's trade secrets as part of certifying games, also under an obligation of confidentiality.

VGT has also developed its commercial, business, and financial trade secrets through more than two decades of hard work.  Many officials and employees at VGT have been involved in developing these trade secrets.

VGT will produce documents in accordance with Fed. R. Civ. P. 33(d), from which CHG may determine additional information responsive to this interrogatory, and VGT will supplement its response to this interrogatory to specify documents by Bates number or source code directory after the documents have been produced.

**INTERROGATORY NO. 7:**

For each VGT Mark and for each TDF of a VGT Game (including but not limited to the TDF described in paragraphs 22-40 of the Complaint), state when it was created, the name address and telephone number of each person who helped create it, each VGT Game that uses it, the dates it was in use, and the locations it was in use.)

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 7:**

VGT incorporates the General Objections stated above as if set forth fully herein and in particular objects to this interrogatory as overbroad, unduly burdensome, vague, and ambiguous, including to the extent that it uses the term "create" with respect to the VGT Trade Dress and requests VGT to identify "each VGT Game that uses it" and "the locations it was in use" and to the extent that it purports to be a single interrogatory under Civil Local Rule 33.1 and to the extent that it seeks information already in the possession, custody, or control of CHG employees and to the extent that it seeks irrelevant personal information.  Subject to and without waiving the preceding general and specific objections, VGT responds as follows:

As a preliminary matter, VGT notes that some elements of trade dress identified below have been modified over time as VGT seeks to improve and update its products.  Accordingly, in responding to this interrogatory, VGT has attempted to identify the earliest date when the trade dress element was created or adopted.

To the best of VGT's knowledge, the concept for the Crazy Bill Theme was conceived by Jon Yarbrough (founder of VGT) and/or Jason Sprinkle (Director of Operations/General

36

To the best of VGT's knowledge, VGT first adopted the AWARD SOUND in or around 1998 or 1999.  Mr. Yarbrough selected a mechanical bell made by a particular third party from an assortment of sample bells purchased by Mr. McGill and VGT installed the bell in all of its 3-reel mechanical games.

To the best of VGT's knowledge, VGT first adopted the BINGO PLAY AND PAYS in or around the late 1990s or early 2000s.

To the best of VGT's knowledge, VGT first adopted the RED SCREEN FREE SPINS for all of its 3-reel mechanical games in or around 1998 or 1999 after Mr. Yarbrough and/or Mr. Wright conceived of the concept.

VGT will produce documents in accordance with Fed. R. Civ. P. 33(d), from which CHG may determine additional information responsive to this interrogatory, and VGT will supplement its response to this interrogatory to specify documents by Bates number after the documents have been produced.

**INTERROGATORY NO. 8:**

State the name, address, and telephone number of each person who provided information or documents that was reviewed in responding to these interrogatories, and for each person, the topics of information or documents provided, organized by interrogatory number.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 8:**

VGT incorporates the General Objections stated above as if set forth fully herein and in particular objects to this interrogatory as overbroad, unduly burdensome, vague, and ambiguous, including to the extent that it uses the term "reviewed" and to the extent that it seeks Privileged Information or irrelevant personal information.  Subject to and without waiving the preceding general and specific objections, VGT responds as follows:

40

VGT provides the following table sufficient to identify persons knowledgeable about the topics of Defendant Castle Hill Studio LLC's First Set of Interrogatories:

|     | Individual | Address | Subject |
| --- | --- | --- | --- |
| 1. | Jon Cossin | c/o Covington & Burling LLP | Design and development of VGT products, including software and game play |
| 2. | Josh Davis | c/o Covington & Burling LLP | Design and development of VGT products, including software and game play; departure of VGT employees to CHG |
| 3. | Betsy Dickinson | c/o Covington & Burling LLP | Marketing and advertising of VGT products |
| 4. | Will Harvie | c/o Covington & Burling LLP | Design and development of VGT products, including software and game play; VGT products in comparison to other products in the marketplace, including CHG products; departure of VGT employees to CHG |
| 5. | Rob Lamb | c/o Covington & Burling LLP | Design and development of VGT products, including the game artwork |
| 6. | Jim Marcum | c/o Covington & Burling LLP | Instance of actual confusion between VGT products and CHG products |
| 7. | David Marsh | c/o Covington & Burling LLP | Design and development of VGT products, including the game themes, sounds and artwork; departure of VGT employees to CHG |
| 8. | Butch McGill | c/o Covington & Burling LLP | Design and development of VGT products, including VGT's cabinet, sounds, red screens, and other trade dress features; departure of VGT employees to CHG |
| 9. | Ryan North | c/o Covington & Burling LLP | VGT products in comparison to other products in the marketplace, including CHG products; design and development of VGT products; performance of VGT products; departure of VGT employees to CHG |
| 10. | Barry Smitherman | c/o Covington & Burling LLP | Source and history of VGT products, including VGT's cabinet, |

| | | | sounds, and other trade dress features |
|---|---|---|---|
| 11. | James Starr | c/o Covington & Burling LLP | Sales, placement, and performance of VGT products; VGT products in comparison to other products in the marketplace, including CHG products; departure of VGT employees to CHG |
| 12. | Kelton Flynn | c/o Covington & Burling LLP | Design and development of VGT products, including software and game play |
| 13. | Chris Shults | c/o Covington & Burling LLP | Design and development of VGT products, including software and game play |

**INTERROGATORY NO. 9:**

Identify the date when each VGT Mark that is not uncontested acquired secondary meaning in connection with its products, the territorial areas of acquired meaning, and the sales volume and advertising expenses up to the time of the acquired meaning.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 9:**

VGT incorporates the General Objections stated above as if set forth fully herein and in particular objects to this interrogatory as overly broad, unduly burdensome, vague, and ambiguous, including to the extent that it uses the term "uncontested" and requests VGT to identify "the date when each VGT Mark that is not uncontested acquired secondary meaning" and the "territorial areas of acquired meaning." VGT further objects to this interrogatory to the extent that it seeks legal conclusions and requests information that is not maintained in the ordinary course of business. Subject to and without waiving the preceding general and specific objections, VGT responds as follows:

In accordance with Fed. R. Civ. P. 33(d), VGT will produce documents maintained in the ordinary course of business, from which CHG may determine the sales volume of the VGT Games and the territorial areas in which the VGT Games have been offered as well as VGT's

Respectfully submitted,

November 22, 2017

*/s/ Michael S. Sawyer*
Graydon Dean Luthey, Jr., OBA No. 5568
GABLE GOTWALS
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, OK 74103-4217
Telephone: (918) 595-4821
Facsimile: (918) 595-4990
dluthey@gablelaw.com

Gary M. Rubman
Peter A. Swanson
Michael S. Sawyer
Rebecca B. Dalton
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, D.C. 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 778-5465
grubman@cov.com
pswanson@cov.com
msawyer@cov.com
rdalton@cov.com
   (admitted pro hac vice)

Neil K. Roman
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1221
Facsimile: (212) 841-1010
nroman@cov.com
   (admitted pro hac vice)

*Counsel for Video Gaming Technologies, Inc.*

50

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 22, 2017, I sent via email, a true and correct copy of

the foregoing PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT CASTLE

HILL STUDIO LLC'S FIRST SET OF INTERROGATORIES  (NOS. 1-13) to counsel of record

for Defendants Castle Hill Studios LLC, Castle Hill Holdings LLC, and Ironworks Development

LLC:

Robert C. Gill
Thomas S. Schaufelberger
Matthew J. Antonelli
SAUL EWING ARNSTEIN & LEHR, LLP
1919 Pennsylvania Avenue, NW, Suite 550
Washington, D.C. 20006
(202) 295-6605
(202) 295-6705 (facsimile)
robert.gill@saul.com
tschauf@saul.com
matt.antonelli@saul.com

Sherry H. Flax
SAUL EWING ARNSTEIN & LEHR, LLP
500 E. Pratt Street, Suite 900
Baltimore, Maryland 21202
(410) 332-8764
(410) 332-8785 (facsimile)
sherry.flax@saul.com

James C. Hodges, OBA 4254
JAMES C. HODGES, PC
2622 East 21st Street, Suite 4
Tulsa, OK 74114
Telephone: (918) 779-7078
JHodges@HodgesLC.Com

Duane H. Zobrist
Jonathan S. Jacobs
ZOBRIST LAW GROUP PLLC
1900 Arlington Blvd. Suite B
Charlottesville, VA 22903
Telephone: (434) 658-6400
dzobrist@zoblaw.com
jjacobs@zoblaw.com

*/s/ Michael S. Sawyer*