IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) VIDEO GAMING TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> 1) CASTLE HILL STUDIOS LLC <br>    (d/b/a CASTLE HILL GAMING); <br> 2) CASTLE HILL HOLDING LLC <br>    (d/b/a CASTLE HILL GAMING); and <br> 3) IRONWORKS DEVELOPMENT, LLC <br>    (d/b/a CASTLE HILL GAMING) <br><br> Defendants. | Case No. 4:17-cv-00454-GKF-jfj |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Civil Rule 7.2(h), Plaintiff Video Gaming Technologies, Inc. ("VGT") respectfully moves for leave to file a supplemental brief in support of its motion for summary judgment (Dkt. 179).[1] The reason for the supplemental brief is to apprise the Court of recently discovered evidence that raises questions about arguments CHG made in opposing VGT's motion with respect to CHG's affirmative defenses of unclean hands and illegality, including CHG's defenses based on the "Minimum Technical Standards" promulgated by the National Indian Gaming Commission ("NIGC"). Dkt. 179 at Section IV(A).

Specifically, in its opposition, CHG sought to establish a nexus between the minimal technical standards and VGT's claims of trademark and trade dress infringement:

> Even assuming that the Tenth Circuit would impose a nexus requirement, VGT's regulatory non-compliance is directly related to its use of its trademarks and

---

[1] CHG has indicated that it does not consent to VGT's request for permission to file a supplemental brief.

1

> alleged trade dress. As discussed, VGT's trade dress claims brought under the Lanham Act and similar trademark statutes seeks protection of VGT's Game Cabinet, VGT Themes, VGT Game Play Sound, Award Sound, Bingo Play and Pays, and VGT's Red Screen Free Spins features. See Doc. 103 ¶¶ 22-31. ***The NIGC minimum technical standards, with which VGT has failed to comply, regulate the appearance, use, and functionality of all of these features.***

Dkt. 240 at 48 (emphasis added).

This statement to the Court is contradicted by an earlier statement made by CHG to the NIGC. Specifically, in preparing its response to CHG's recent motion challenging confidentiality designations VGT used with respect to testimony by a VGT witness on issues relating to the NIGC minimum technical standards, *see* Dkt. 284, VGT discovered the following statement that CHG made (through an organization called the "Coalition for Fair Gaming")[2] in the course of lobbying the NIGC on these issues:

> <u>The Minimum Technical Standards do not touch games, themes, or the "look and feel" of a machine.</u> They mostly regulate internal security features. Again, we reiterate, ***patrons at a casino will not be able to distinguish between a Grandfathered machine and a newer, safer, and fully compliant machine***.

Dkt. 290, Ex. 1 at 4 (Dec. 11, 2017 letter to NIGC) (underlining added, other emphasis in original).

Accordingly, Plaintiff moves to file a two-page supplemental brief, which is already drafted, to ensure that there is a complete record before the Court.

February 12, 2019                    Respectfully submitted,

                                                        */s/ Gary M. Rubman*
                                                        Graydon Dean Luthey, Jr., OBA No. 5568
                                                        GABLE GOTWALS
                                                        1100 ONEOK Plaza
                                                         100 West Fifth Street
                                                         Tulsa, OK 74103-4217
                                                         Telephone: (918) 595-4821

---

[2] *See* Dkt. 290 at 6-7 (discussing evidence supporting conclusion that CHG has been lobbying the NIGC through the "Coalition for Fair Gaming").

Facsimile: (918) 595-4990
dluthey@gablelaw.com

Gary M. Rubman
Peter A. Swanson
Rebecca B. Dalton
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, D.C.  20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 778-5465
grubman@cov.com
pswanson@cov.com
rdalton@cov.com
   (admitted pro hac vice)

Neil K. Roman
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1221
Facsimile: (212) 841-1010
nroman@cov.com
   (admitted pro hac vice)

***Counsel for Video Gaming Technologies, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2019, I caused the foregoing to be served on following counsel for Defendants via ECF:

Robert C. Gill
Thomas S. Schaufelberger
Matthew J. Antonelli
SAUL EWING ARNSTEIN & LEHR, LLP
1919 Pennsylvania Avenue, NW, Suite 550
Washington, D.C. 20006
(202) 295-6605
(202) 295-6705 (facsimile)
robert.gill@saul.com
tschauf@saul.com
matt.antonelli@saul.com

Sherry H. Flax
SAUL EWING ARNSTEIN & LEHR, LLP
500 E. Pratt Street, Suite 900
Baltimore, Maryland 21202
(410) 332-8764
(410) 332-8785 (facsimile)
sherry.flax@saul.com

James C. Hodges, OBA 4254
JAMES C. HODGES, PC
2622 East 21st Street, Suite 4
Tulsa, OK 74114
Telephone: (918) 779-7078
JHodges@HodgesLC.Com

Duane H. Zobrist
Jonathan S. Jacobs
ZOBRIST LAW GROUP PLLC
1900 Arlington Blvd. Suite B
Charlottesville, VA 22903
Telephone: (434) 658-6400
dzobrist@zoblaw.com
jjacobs@zoblaw.com

*Attorneys for Defendants*

*/s/ Gary Rubman*