UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

VIDEO GAMING TECHNOLOGIES, INC.,

    Plaintiff,

v.

CASTLE HILL STUDIOS LLC, *et al.*

    Defendants.

CASE NO. 17-CV-00454-GKF-JFJ

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendants Castle Hill Studios LLC, Castle Hill Holdings LLC, and Ironworks Development LLC (collectively, "Castle Hill") hereby oppose VGT's Motion for Leave to File Supplemental Brief In Support Of Its Motion For Summary Judgment (Doc. 292) ("Motion"). VGT's Motion is a cynical attempt to reopen the summary judgment record based on an alleged "statement made by CHG" which it "recently discovered." VGT's Motion at 1-2. In reality, this "evidence" is neither "recently" discovered nor a statement made by Castle Hill. It is inadmissible hearsay, upon which VGT may not rely as support for its motion for summary judgment. *See* Fed. R. Civ. P. 56(c)(2); *Argo v. Blue Cross and Blue Shield of Kansas, Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006).

VGT attached the letter it places at issue as Exhibit 1 to the Declaration of Gary Rubman in Support of its Opposition to Defendants' Motion Challenging Plaintiff's Designations under the Protective Order ("Rubman Decl."). *See* Doc. 289-1 & 289-2.[1] According to VGT, this letter was "sent from the Coalition for Fair Gaming to the National Indian Gaming Commission ('NIGC'), dated December 11, 2017," and "currently is available via the website of the Coalition for Fair Gaming at http://www.fairnessfight.com." Rubman Decl. ¶ 2.

The letter – formal public comments to a regulatory body concerning proposed regulations

---

[1] For the Court's convenience, a copy of the letter is attached hereto as **Exhibit A**.

1

from an advocacy group – has been in the public domain since 2017, appears on the letterhead of the Coalition for Fair Gaming, and is signed by Richard Dreitzer, *on behalf of* "The Coalition for Fair Gaming." Castle Hill is not a signatory, and it is not even mentioned anywhere in the letter. In its Motion, VGT makes no attempt to explain why this third party comment letter to regulators concerning proposed regulations is attributable to Castle Hill, and instead merely refers the Court – in a footnote – to its prior brief in opposition to Castle Hill's motion challenging certain designations under the Protective Order. *See* Motion at 2 n.2 (citing Dkt. 290 at 6-7 ("discussing evidence supporting conclusion that CHG has been lobbying the NIGC through the 'Coalition for Fair Gaming')."

The sum total of this "evidence" supporting Castle Hill's role in the Coalition is the fact that an "early draft" of a *different* letter from the Coalition to the NIGC, which VGT found on the Coalition's website, references someone named "Jason," which VGT wildly speculates must necessarily be Jason Sprinkle, a Castle Hill employee,[2] and the fact that Castle Hill produced a draft of yet *another* letter to the NIGC that it had in its files in discovery.[3] *See* Dkt. 290 at 6-7. VGT does not claim that the actual letter at issue was ever produced in discovery by Castle Hill, it does not claim that Castle Hill has ever adopted the letter as its own statement, and it never once questioned a single Castle Hill witness about the letter during discovery.

"Supplemental briefs are not encouraged," LCvR 7.2(h), and the Court should not permit one here, particularly after extensive motions practice and briefing for which the Court already

---

[2] Despite deposing Mr. Sprinkle for two full days, VGT failed to ask him a single questions about this document.

[3] This unrelated letter was produced early on during fact discovery – well before the summary judgment deadline. Nevertheless, VGT failed to take discovery on this issue or raise these arguments in its summary judgment motion. If VGT believed that Castle Hill's statements in its opposition were somehow "contradicted" by the Coalition for Fair Gaming letter, then VGT should have raised the issue in its reply.

extended the page limits and deadlines of all summary judgment briefs.[4] VGT had 75 pages to set forth its summary judgment argument, including a 25 page reply *after* Castle Hill raised its allegedly "contradictory" statements in its opposition. The letter was not used as an exhibit by either party at any of the 40-plus fact depositions in the case. VGT did not take any third-party discovery from the Coalition for Fair Gaming or the NIGC regarding this letter. Nonetheless, armed with no discovery and no facts whatsoever, VGT claims the letter is a "statement made by CHG."

Even assuming Castle Hill was somehow involved with the Coalition for Fair Gaming letter, it is a far cry to attribute the statements of a third party to Castle Hill. VGT cites no cases for the proposition that a lobbying or political group's statements are properly imposed on its members or affiliates. And even if the statements were somehow attributable to Castle Hill, there is nothing to VGT's argument that the Court need accept the purported evidence. VGT raises this argument in an effort to prove that there is no nexus between VGT's non-compliance and its trademark use. But as Castle Hill pointed out in its summary judgment opposition, no Circuit Court has ever actually adopted this requirement, so the Court need not consider the "evidence". *See* Doc. 240 at 47.

There is no reasonable basis for VGT's delay. VGT's failure to investigate documents which VGT concedes are publicly available, Castle Hill produced in discovery, and/or itemized on its privilege log well in advance of summary judgment, are problems of VGT's own making. VGT could have timely raised all of these issues in its reply brief without any need to reopen the summary judgment record. VGT simply failed to consider or pursue this line of inquiry during discovery, or to raise this argument during summary judgment briefing. VGT should not now be permitted to delay and supplement the record with its unsubstantiated and undeveloped theories. Plaintiff's Motion for Leave should be denied.

---

[4] Notably, VGT opposed Castle Hill's request for even larger page limits, *see* Doc. 137 at 1-2, and has recently complained about the number of pending motions in the case. *See* Doc. 290 at 4 n.4.

Dated:  February 19, 2019        Respectfully submitted,

*/s/ Robert C. Gill*
Robert C. Gill (admitted *pro hac vice*)
Henry A. Platt (admitted *pro hac vice*)
Thomas S. Schaufelberger (admitted *pro hac vice*)
Sherry H. Flax (admitted *pro hac vice*)
Matthew J. Antonelli (admitted *pro hac vice*)
Jeremy B. Darling (admitted *pro hac vice*)
SAUL EWING ARNSTEIN & LEHR, LLP
1919 Pennsylvania Avenue, NW, Suite 550
Washington, D.C. 20006
(202) 295-6605
(202) 295-6705 (facsimile)
robert.gill@saul.com
henry.platt@saul.com
tschauf@saul.com
sherry.flax@saul.com
matt.antonelli@saul.com
jeremy.darling@saul.com

James C. Hodges, OBA #4254
JAMES C. HODGES, P.C.
2622 East 21st Street, Suite 4
Tulsa, Oklahoma 74114
(918) 779-7078
(918) 770-9779 (facsimile)
JHodges@HodgesLC.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of February, 2019, I caused a copy of the foregoing **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** to be filed using the Court's electronic filing system, which will provide notice of filing to the following counsel for Plaintiff:

Graydon Dean Luthey, Jr.
GABLE GOTWALS
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, OK 74103-4217
(918) 595-4821
(918) 595-4990 (facsimile)
dluthey@gablelaw.com
*Counsel for Plaintiff*

Neil K. Roman
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
(212) 841-1221
(212) 841-1010 (facsimile)
nroman@cov.com
*Counsel for Plaintiff*

Gary M. Rubman
Peter Swanson
Michael Sawyer
Rebecca B. Dalton
COVINGTON & BURLING LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
(202) 662-6000
(202) 778-5465 (facsimile)
grubman@cov.com
pswanson@cov.com
msawyer@cov.com
rdalton@cov.com
*Counsel for Plaintiff*

/s/ Robert C. Gill
Robert C. Gill