# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VIDEO GAMING TECHNOLOGIES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CASTLE HILL STUDIOS LLC ) <br> (d/b/a CASTLE HILL GAMING); ) <br> CASTLE HILL HOLDING LLC ) <br> (d/b/a CASTLE HILL GAMING); and ) <br> IRONWORKS DEVELOPMENT, LLC ) <br> (d/b/a CASTLE HILL GAMING), ) <br> ) <br> Defendants. ) | Case No. 17-CV-454-GKF-JFJ |

## ORDER

This matter comes before the court on the Motion for Leave to File Supplemental Brief in Support of its Motion for Summary Judgment [Doc. 292] of plaintiff Video Gaming Technologies, Inc.

Plaintiff seeks leave to supplement its motion for summary judgment to include as evidence a December 11, 2017 letter by the Coalition for Fair Gaming, an advocacy group. *See* [Doc. 292, p. 2]; *see also* [Doc. 290-2]. Plaintiff contends the Coalition for Fair Gaming's statements are attributable to defendants (collectively, "Castle Hill") due to Castle Hill's "behind the scenes" activities in connection with the Coalition for Fair Gaming's lobbying efforts. *See* [Doc. 292, p. 2 (citing Doc. 290, pp. 6-7)]. However, plaintiff offers little more than speculation regarding Castle Hill's role in the Coalition for Fair Gaming. Further, even assuming Castle Hill's involvement in the Coalition for Fair Gaming, plaintiff cites no case law, statute, or evidentiary rule for the proposition that statements made by third-party advocacy organizations are attributable to their membership, or to a specific member thereof. Thus, plaintiff fails to establish that the

December 11, 2017 letter constitutes a non-hearsay statement by a party opponent, and the December 11, 2017 letter is inadmissible hearsay.

"To determine whether genuine issues of material fact make a jury trial necessary, a court necessarily may consider only the evidence that would be available to the jury." *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006). The hearsay statements included in the December 11, 2017 letter may not be considered by the court in its summary judgment determination and therefore plaintiff's request to supplement is futile.

WHEREFORE, Plaintiff's Motion for Leave to File Supplemental Brief in Support of its Motion for Summary Judgment [Doc. 292] is denied.

DATED this 25t[h] day of February, 2019.

GREGORY K. FRIZZELL, CHIEF JUDGE