IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VIDEO GAMING TECHNOLOGIES, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 17-CV-00454-GKF-JFJ |
| CASTLE HILL STUDIOS LLC (d/b/a CASTLE HILL GAMING); CASTLE HILL HOLDING LLC (d/b/a CASTLE HILL GAMING); and IRONWORKS DEVELOPMENT, LLC (d/b/a CASTLE HILL GAMING), | ) ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER**

This matter comes before the court on the Motion *in Limine* to Exclude Evidence of Alleged "Actual Confusion" [Doc. 147] of defendants Castle Hill Studios, LLC, Castle Hill Holding, LLC, and Ironworks Development, LLC (collectively, "Castle Hill"). For the reasons discussed below, the motion is denied.

**I.    Background**

The parties are familiar with the facts and allegations underlying the claims of plaintiff Video Gaming Technologies, Inc. ("VGT"), and the court does not endeavor to summarize same. Suffice it to say, VGT develops, manufactures, and distributes class II bingo-based player terminals. Castle Hill competes with VGT in the class II market and is operated by former VGT employees. Although Castle Hill originally manufactured class III games, VGT alleges Castle Hill began developing and offering class II games that closely resembled VGT's class II games, incorporated marks and themes confusingly similar to VGT's marks and themes, and utilized VGT's trade secrets. VGT now asserts eight (8) claims against Castle Hill, including federal

trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114.  It is well-established "[l]ikelihood of confusion forms the gravamen for a trademark infringement action." *King of the Mountain Sports, Inc. v. Chrysler Corp.*, 185 F.3d 1084, 1089 (10th Cir. 1999) (citing 15 U.S.C. §§ 1114(1), 1125(a)).

> The Tenth Circuit has identified six factors, derived from the Restatement of Torts § 729 (1938), that aid in determining whether a likelihood of confusion exists between two marks:
>
> (a)  the degree of similarity between the marks;
>
> (b)  the intent of the alleged infringer in adopting its mark;
>
> *(c)  evidence of actual confusion;*
>
> (d)  the relation in use and the manner of marketing between the goods or services marketed by the competing parties;
>
> (e)  the degree of care likely to be exercised by purchasers; and
>
> (f)  the strength or weakness of the marks.

*Id.* at 1089-90 (emphasis added).  In its motion *in limine*, Castle Hill asks the court to preclude VGT from offering evidence of fourteen (14) alleged separate instances of actual confusion between VGT and Castle Hill products.

## II.   Analysis

Castle Hill first seeks to exclude evidence of a May 2016 online message board post on the "Jokers Wild Forum" and a July 2017 Facebook post on the Naskila Gaming page as improperly authenticated under Fed. R. Evid. 901.  Pursuant to Rule 901, "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a).  A proponent may demonstrate a document's authenticity through, among other things, testimony of a witness with knowledge or evidence of "[t]he appearance, contents, substance, internal patterns,

or other distinctive characteristics of the item, taken together with all the circumstances." *Id.* 901(b)(1), (4); *see also Foreword Magazine, Inc. v. OverDrive, Inc.*, No. 10-CV-1144, 2011 WL 5169384, at *3 (W.D. Mich. Oct. 31, 2011) ("The Federal Rules of Evidence, including Rule 901, apply to computer-based evidence in the same way as they do to other evidence.") (quoting 5 WEINSTEIN'S FEDERAL EVIDENCE § 900.05(1)(b) at 900-50 (2d ed. 2004)). "Authentication is not a high threshold[.]" *Lopez v. Delta Int'l Mach. Corp.*, 312 F. Supp. 3d 1115, 1154 (D.N.M. 2018).

VGT implicitly concedes that it did not submit an affidavit of authentication with the Joker Wild Forum and Facebook printouts, but states it "intends to present testimony from a VGT employee authenticating the Internet postings." [Doc. 206, p. 4]. Castle Hill contends that VGT cannot belatedly remedy its failure to offer authentication evidence with its summary judgment briefing and, further, that an affidavit by a VGT employee cannot satisfy Rule 901's authentication requirement because the affidavit would not demonstrate that the comments arose from a specific author.

Before considering authentication under Rule 901, the court first notes that, by offering the webpages as evidence of actual confusion, VGT does not offer the evidence for the truth of the matter asserted. Rather, the consumers' statements of confusion regarding VGT and Castle Hill products are admissible as statements of the consumers' then-existing state of mind. FED. R. EVID. 803(3) ("A statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health)[.]"). *See Merisant Co. v. McNeil Nutritionals, LLC*, 242 F.R.D. 303, 309 n. 4 (E.D. Pa. 2007); *You Fit, Inc. v. Pleasanton Fitness, LLC*, No. 12-CV-1917-T-EAJ, 2013 WL 521784, at *5 n. 13 (M.D. Fla. Feb. 11, 2013). Where the relevancy of a web posting does not depend on its accuracy or author, other federal courts have held that "an affidavit of a witness, when viewed in combination

with circumstantial indicia of authenticity (such as the existence of the URL, date of printing, or other identifying information) would support a reasonable [fact-finder] in the belief that the documents are what the proponent says they are." *Foreword Magazine, Inc.*, 2011 WL 5169384, at *3; *SMS Audio, LLC v. Belson*, No. 16-81308-CIV, 2017 WL 1533971, at **3-4 (S.D. Fla. Mar. 20, 2017) ("Multiple courts have permitted authentication of a web posting's source and accuracy by testimony of the witness who printed it, combined with circumstantial indicia of authenticity, such as the posting's web address.").

The printout of the Joker's Wild Forum submitted by VGT includes the website's URL, as well as the date and time the page was viewed. *See* [Doc. 206-1]. As of the date of this writing, the webpage and postings still existed on the internet. Further, the Facebook evidence also includes indicia of reliability. The Facebook printout includes the URL, the date and time of viewing, the Facebook logo at the top of printout, and other characteristics of Facebook's interface such as "like" and "comment" options. *See* [Doc. 206-2]. The page identifies the account holder as Naskila Gaming and accurately reflects the casino's address, telephone number, and website. As of the date of this writing, the page was updated to reflect upcoming events and winners at the Livingston-based Texas casino. Thus, circumstantial evidence of authenticity exists as to the webpage evidence. If VGT submits an affidavit of the employee who viewed the posts explaining when and how the employee viewed the webpages and averring that the printouts accurately reflect the contents of the websites, this affidavit, coupled with these circumstantial indicia of reliability, may satisfy Rule 901's authentication requirement.

Pursuant to Federal Rule of Civil Procedure 56, "[a] party may object that the material cited to support or dispute a fact *cannot be presented* in a form that would be admissible in evidence." FED. R. CIV. P. 56(c)(2) (emphasis added). Although VGT has yet to present the

evidence in a form that would be admissible at trial, it may be able to authenticate the evidence through a properly sworn affidavit. Accordingly, Castle Hill has not shown that the Joker's Wild Forum and Facebook evidence cannot be presented in a form that would be admissible in evidence, and the court will consider the evidence on summary judgment. Castle Hill's objection to the Joker's Wild Forum and Facebook evidence is denied without prejudice to its reassertion at trial.

Castle Hill next contends that eight (8) of the instances of alleged confusion are irrelevant because the instances involve non-consumers—specifically, instances nos. 1, 2, 3, 5, 6, 8, 12, and 13. It is axiomatic in the Tenth Circuit that, to be relevant, evidence of actual confusion "should demonstrate actual confusion among consumers within the marketplace." *Heartsprings, Inc. v. Heartspring, Inc.,* 143 F.3d 550, 557 (10th Cir. 1998). Thus, evidence of confusion among persons who do not encounter the marks "in their ordinary commercial context" is of *de minimis* consequence to the trademark analysis. *See Online Tools for Parents, LLC v. Vilsack*, 65 F. Supp. 3d 1130, 1135 n. 4 (D. Colo. 2014); *Jordache Enters., Inc. v. Hogg Wyld, Ltd*., 828 F.2d 1482, 1487 (10th Cir. 1987) (affording evidence of confusion among industry professionals little weight); *Klein-Becker USA, LLC v. Prod. Quest Mfg., Inc*., 429 F. Supp. 2d 1248, 1253-54 (D. Utah 2005) (affording little weight to instances of employee confusion). However, in *Heartsprings* the Tenth Circuit did not require *exclusion* of the evidence but instead found no error in the district court's decision to give the evidence "little weight" in its summary judgment determination. *Heartsprings Inc.,* 143 F.3d at 557-58. Thus, the court denies Castle Hill's motion *in limine* with respect to instance nos. 1, 2, 3, 5, 6, 8, 12, and 13 at this time. The court will give the evidence appropriate consideration in its summary judgment determination, and Castle Hill may reassert its objection at trial.

For the same reasons, the court declines to exclude the remaining instances of alleged actual consumer confusion—instance nos. 4, 5, 6, 7, 9, 10, 11, and 14.[1] Although Castle Hill argues the probative value of the evidence is *de minimis* and therefore substantially outweighed by the risk of unfair prejudice and confusion among the trier of fact, none of cases cited by Castle Hill were determined in the context of a motion *in limine*. See *Medi-Flex, Inc. v. Nice-Pak Prods, Inc.*, 422 F. Supp. 2d 1242 (D. Kan. 2006) (motion for preliminary injunction); *Water Pik, Inc. v. Med-Systems, Inc.,* 726 F.3d 1136 (10th Cir. 2013) (motion for summary judgment); *King of the Mountain Sports, Inc. v. Chrysler Corp.*, 185 F.3d 1084 (10th Cir. 1999) (motion for summary judgment); *Universal Money Ctrs., Inc. v. Am. Tel. & Tel. Co.*, 22 F.3d 1527 (10th Cir. 1994) (motion for summary judgment). Further, in an unpublished decision, a Tenth Circuit panel has agreed that "excluding evidence in a bench trial under 'Rule 403's weighing of probative value against prejudice [is] improper.'" *United States v. Kienlen*, 349 F. App'x 349, 351 (10th Cir. 2009) (quoting *Gulf Sts. Utils. Co. v. Ecodyne Corp.*, 635 F.2d 517, 519 (5th Cir. 1981)). Thus, at this stage of the pretrial proceedings, the court declines to exclude evidence related to VGT's instances of alleged actual confusion nos. 4, 5, 6, 7, 9, 10, 11, and 14. Castle Hill's objections may be revisited at trial.

---

[1] Additionally, in its reply brief, Castle Hill contends alleged instances of actual confusion nos. 11 and 12 should be excluded because the instances relate to Castle Hill games "Crazy Cherry," "Dublin Your Luck," and "Amazing Hot" games, the trademarks for which are no longer at issue in this litigation. *See* [Doc. 261, pp. 9-10]. However, the court does not consider arguments first raised in a reply brief because VGT has not had the opportunity to respond to the argument.

**III.     Conclusion**

WHEREFORE, Defendants' Motion *in Limine* to Exclude Evidence of Alleged "Actual Confusion" [Doc. 147] is denied.

DATED this 6th day of June, 2019.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE