# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VIDEO GAMING TECHNOLOGIES, INC., | ) |
| Plaintiff, | ) ) ) ) |
| v. | )  Case No. 17-CV-00454-GKF-JFJ ) |
| CASTLE HILL STUDIOS LLC (d/b/a CASTLE HILL GAMING); CASTLE HILL HOLDING LLC (d/b/a CASTLE HILL GAMING); and IRONWORKS DEVELOPMENT, LLC (d/b/a CASTLE HILL GAMING), | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER

This matter comes before the court on the Motion *in Limine* to Exclude Evidence of Documents and Materials Allegedly Taken by Former VGT Employees [Doc. 161] of defendants Castle Hill Studios, LLC, Castle Hill Holding, LLC, and Ironworks Development, LLC (collectively, "Castle Hill").[1]  For the reasons discussed below, the motion is denied.

Castle Hill asks the court to exclude evidence of seven separate instances in which former VGT employees allegedly took or retained documents or materials upon leaving VGT as irrelevant or of minimal probative value.  However, this matter is scheduled for a non-jury trial.  *See* [Doc. 312].  It is well-established that, in a non-jury case,

> questions raised relative to the admission or exclusion of evidence . . . become relatively unimportant, the rules of evidence relating to admission and exclusion being intended primarily for the purpose of withdrawing from the jury matter which might improperly sway the verdict, and not for the trial judge, who is presumed to act only upon proper evidence.  There is indeed a presumption on appeal in non-

---

[1] Castle Hill also filed a sealed, unredacted version of the motion as [Doc. 160].

> jury cases that the trial court disregarded incompetent evidence and considered only competent evidence.

*Stevens v. Vowell*, 343 F.2d 374, 380 (10th Cir. 1965) (internal citations omitted). Thus, "a judge conducting a bench trial maintains greater leeway in admitting questionable evidence, weighing its persuasive value upon presentation." *Oklahoma v. Tyson Foods, Inc.*, 565 F.3d 769, 780 (10th Cir. 2009). Further, the court notes that "[t]he bar for admission under Rule 401 is 'very low'" and "the degree of materiality and probativity necessary for evidence to be relevant is 'minimal' and must only provide a 'fact-finder with a basis for making some inference, or chain of inferences.'" *United States v. Jordan*, 485 F.3d 1214, 1218 (10th Cir. 2007) (quoting *United States v. McVeigh*, 153 F.3d 1166, 1188 (10th Cir. 1998)).

Based on the foregoing, the court declines to exclude the evidence as irrelevant during pre-trial proceedings. Defendants may re-urge their objections during the bench trial of this matter. *See Moss v. Outlook Nebraska, Inc.*, No. 11-CV-19, 2013 WL 1352042, at *2 (D. Neb. Apr. 2, 2013) (in case scheduled for non-jury trial, "'better course' is to 'hear the testimony, and continue to sustain objections when appropriate'") (quoting *Easley v. Anheauser-Busch, Inc.*, 758 F.2d 251, 258 (8th Cir. 1985)).

WHEREFORE, Defendants' Motion *in Limine* to Exclude Evidence of Documents and Materials Allegedly Taken by Former VGT Employees [Doc. 161] is denied.

DATED this 11th day of June, 2019.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE