IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VIDEO GAMING TECHNOLOGIES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17-CV-00454-GKF-JFJ |
| | ) |
| CASTLE HILL STUDIOS LLC | ) |
| (d/b/a CASTLE HILL GAMING); | ) |
| CASTLE HILL HOLDING LLC | ) |
| (d/b/a CASTLE HILL GAMING); and | ) |
| IRONWORKS DEVELOPMENT, LLC | ) |
| (d/b/a CASTLE HILL GAMING), | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the court on defendants' Submission Concerning the Public Filing of this Court's Opinion and Order dated May 29, 2019 [Doc. 325] and plaintiff's Statement of Non-Objection to Public Filing of Docket No. 315 [Doc. 327].

"Whether judicial records and other case-related information should be sealed or otherwise withheld from the public is a matter left to the sound discretion of the district court." *Mann v. Boatright,* 477 F.3d 1140, 1149 (10th Cir. 2007) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978)). "[W]here documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006)). The presumption may be overcome "by demonstrating the pages contain 'sources of business information that might harm a litigant's competitive standing.'" *Deherrera v. Decker Truck Line, Inc.,* 820 F.3d 1147, 1162 n. 8 (10th Cir. 2016) (quoting *Nixon*, 435 U.S. at 598). However, "[t]he fact that the parties have designated documents as 'Confidential' or 'Highly Confidential' under

the protective order does not in itself provide sufficient reason to seal." *LaCrosse Furniture Co. v. Future Foam, Inc.*, No. 12-2748-KHV, 2017 WL 1332220, at *2 (D. Kan. Apr. 11, 2017). Additionally, potential damage to reputation or embarrassment "generally do[es] not outweigh the strong presumption of public access attaching to judicial documents"—*i.e.,* a document "relevant to the performance of the judicial function and useful in the judicial process." *Parson v. Farley,* 352 F. Supp. 3d 1141, 1155 (N.D. Okla. 2018) (quoting *Lugosch*, 435 F.3d at 119).

The court declines to adopted defendants' proposed redactions, particularly in light of the non-objection to public filing of VGT—the owner of the asserted trade secrets and confidential business information that are the basis of the claims in the matter. Nor do the requested redactions include information rising to the level of confidential or proprietary information of defendants.

WHEREFORE, the court declines to adopt defendants' requested redactions and the court orders that docket entry no. 315 be unsealed.

IT IS SO ORDERED this 17th day of June, 2019.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE