# EXHIBIT B

1

```
 1              UNITED STATES DISTRICT COURT FOR THE
 2                  NORTHERN DISTRICT OF OKLAHOMA
 3
 4  VIDEO GAMING TECHNOLOGIES, INC.,   )
                                       )
 5                Plaintiff,           )
                                       )
 6  vs.                                ) CASE NO. 17-CV-454-GKF-JFJ
                                       )
 7  CASTLE HILL STUDIOS, LLC., et al., )
                                       )
 8                Defendants.          )
 9
10
11
12
13
14
15          TRANSCRIPT OF RECORDED PROCEEDINGS
                   DECEMBER 6, 2017
16  BEFORE THE HONORABLE JODI F. JAYNE, MAGISTRATE JUDGE PRESIDING
17                      **MOTION HEARING**
18
19
20
21
22
23
24
25
```

*Greg Bloxom, RMR, CRR*
United States Court Reporter
Northern District of Oklahoma

```
 1                    A P P E A R A N C E S

 2   FOR THE PLAINTIFF:          MR. GARY M. RUBMAN
                                 MR. MICHAEL SAWYER
 3                               Covington & Burling, LLP
                                 One City Center
 4                               850 Tenth Street, NW
                                 Washington, D.C. 20001-4956
 5
                                 MR. GRAYDON DEAN LUTHEY, JR.
 6                               Gable Gotwals
                                 1100 ONEOK Plaza
 7                               100 W. 5th Street
                                 Tulsa, OK 74103-4217
 8
     FOR THE DEFENDANTS:         MR. JAMES COLLIN HODGES
 9                               James C. Hodges, PC
                                 2622 E. 21st Street
10                               Suite 4
                                 Tulsa, OK 74114
11
                                 MR. JONATHAN SPENCER JACOBS
12                               Zobrist Law Group PLLC
                                 1900 Arlington Blvd.
13                               Suite B
                                 Charlottesville, VA 22905
14
                                 MR. ROBERT COURTNEY GILL
15                               Saul Ewing Arnstein
                                 & Lehr LLP
16                               1919 Pennsylvania Avenue NW
                                 Suite 550
17                               Washington, D.C. 20006

18                     **********

19

20

21

22

23

24

25
```

1  legally, and I'm drinking out of a fire hose, so to speak, and
2  I'm trying to figure out what I need to do in order to be able
3  to defend the case and communicate meaningfully with the client
4  with whom I have no prior relationship before this case, and I
5  feel like my client has a right to be able to participate
6  meaningful in the defense of this action.
7      And my concern in looking at the order, first of all, in
8  all my years of practice, and you can probably tell by the
9  absence of hair on my head and the gray in my beard, that
10 that's a number that begins with a 3 at this point, I've never
11 seen a protective order that limited client access to just
12 plain confidential information.  I've seen it with respect to
13 highly confidential information but just not plain confidential
14 information, and I think that is an unworkable restriction.
15     I would like to have the opportunity to discuss this with
16 the client, particularly in a trade secret case because, you
17 know, one of the defenses in these types of cases is this is
18 the particular claim that's been made for which trade secret
19 protection is sought, and I need to be able to discuss with the
20 client what that specific claim is.  I would like for the
21 client to be able to see whatever the evidentiary material is
22 that underlies that complaint because the client may be able to
23 say, in response to that, "No, we didn't use this or anything
24 like this.  This is how we did it and I need that in order to
25 be able to defend the claim."  And if I can't have that

1  communication with the client, that significantly hampers my
2  ability to be able to defend the case, and that's my concern.
3  I'm looking at this for a logistical, you know, not trying to
4  be hypertechnical about it.  This is a very basic thing for me.
5  I'm concerned about being able to meaningfully communicate with
6  my client and have the client be able to meaningful assist me
7  in the defense of the case.
8         **THE COURT:**  Why haven't you met and conferred with
9  them about this protective order?  It sounds like there's a
10 whole lot you agree on.
11        **MR. GILL:**  Well, there is, but, you know, to be
12 candid, what happened was, you know, I felt like no good deed
13 was going unpunished with respect to my communications with
14 counsel.  I told them candidly that what my view was on trade
15 secret discovery about how I needed to know more of the
16 substance of their claims to be able to respond, and it was
17 obvious from the request for the meet-and-confer they were
18 trying to game the system and file the motion to compel
19 discovery against me before our responses are even due.  And
20 once it was obvious to me that was what was happening, frankly,
21 I didn't feel there was enough good faith involved to make it
22 worthwhile, and I thought, "You want to run to court and file a
23 motion before my discovery is due?  I'm perfectly happy to
24 discuss this with the judge and have the judge resolve the
25 issue in a way that, like it or not, it'll be done, that's what

1  I do."  So, that's how that happened.  I felt like I was candid
2  and honest with counsel in my e-mail that's part of the record
3  where I said, "Look, I need to know this stuff," and I felt
4  like I was punished for it.  So, that's why.  Okay?
5     With respect to highly confidential information, that
6  obviously presents a thornier issue, and I will be candid with
7  the court on that, that because it's thornier, I think there
8  are balancing interests involved and the answer to that issue
9  is a little bit less clear to me about how to do it.
10    I do obviously -- you know, I have the same concern that I
11 expressed to Your Honor with respect to confidential
12 information.  I need -- I desperately need to be able to
13 discuss this meaningfully with my client and have my client
14 assist me in the defense of this action, and I'm concerned
15 about any procedure that interferes with my ability to do that.
16    And while we're at it, let's just go ahead, if you're okay
17 with this, let's just go ahead and put all our cards on the
18 table on this too, just so you know where I'm coming from.
19    We took over the case from Mr. Jacob's firm, Mr. Jacobs is
20 in the courtroom this morning, and Mr. Jacobs and his firm
21 basically serve as outside in-house counsel for this client.
22 This is a small start-up company.  So, at a minimum, I would
23 like to be able to include Mr. Jacobs and Mr. Zobrist in the
24 scope of any order that's entered.  They -- you know, that
25 gives me a level -- because they understand the client and the

```
 1  entire thing needs sealed.
 2          MR. GILL:  Okay.  Fair enough.
 3          THE COURT:  So, yes.
 4      Okay.  Is there anything else that we need to take up here
 5  today, Mr. Rubman?
 6          MR. RUBMAN:  No, Your Honor.
 7          THE COURT:  Mr. Gill?
 8          MR. GILL:  No, ma'am.  Thank you.
 9          THE COURT:  Thank you both.
10          THE DEPUTY COURT CLERK:  All rise.
11          THE COURT:  Court's adjourned.
12      (PROCEEDINGS CLOSED)
13                    REPORTER'S CERTIFICATION
14      WHILE NOT PRESENT TO STENOGRAPHICALLY REPORT THE FOREGOING
15  PROCEEDINGS, I CERTIFY THAT IT WAS TRANSCRIBED TO THE BEST OF
16  MY ABILITY FROM A DIGITAL AUDIO RECORDING.
17                      CERTIFIED:  s/Greg Bloxom
                                    Greg Bloxom, RMR, CRR
18                                  United States Court Reporter
                                    333 W. 4th Street, RM 411
19                                  Tulsa, OK 74103
                                    (918)699-4878
20                                  greg_bloxom@oknd.uscourts.gov
21
22
23
24
25
```