# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) VIDEO GAMING TECHNOLOGIES, INC.,<br><br>         Plaintiff,<br><br>v.<br><br>1) CASTLE HILL STUDIOS LLC<br>    (d/b/a CASTLE HILL GAMING);<br>2) CASTLE HILL HOLDING LLC<br>    (d/b/a CASTLE HILL GAMING); and<br>3) IRONWORKS DEVELOPMENT, LLC<br>    (d/b/a CASTLE HILL GAMING)<br><br>         Defendants. | Case No. 4:17-cv-00454-GKF-jfj<br><br>**REDACTED** |

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S DESIGNATIONS AND COUNTER-DESIGNATIONS OF DEPOSITION TESTIMONY AND BRIEF ON UNUSUAL OBJECTIONS TO DEFENDANT'S COUNTER-DESIGNATIONS**

Pursuant to the Court's Fifth Amended Scheduling Order, Plaintiff Video Gaming Technologies, Inc. ("VGT") hereby files, contemporaneously with its submission of annotated transcripts of deposition designations and counter-designations, its objections to Defendants' ("CHG") deposition designations and counter-designations and brief on two "unusual" objections VGT is asserting. VGT's objections are set forth in Appendix A hereto. VGT's objections include the following issues that merit briefing in advance of trial: (1) CHG's failure to comply with Federal Rule of Civil Procedure 32(a)(6) by not specifying to which of VGT's deposition designations its counter-designations relate and (2) CHG's designation of testimony on topics that the Court's Order granting in part VGT's Partial Motion for Summary Judgment, Dkt. 344, has removed from the case.

1

**I.    Failure to Comply with Rule 32(a)(6)**

   **A.    Background**

On August 1, 2019, CHG filed Defendants' Deposition and Interrogatory Counter-Designations that, for all 24 identified depositions, specified counter-designations in the following format:

> **C.    Sarah Carlson – June 21, 2018**
>
> Pg: 38 Ln: 25 - Pg: 39 Ln: 2
>
> Pg: 60 Ln: 11 - 20
>
> Pg: 61 Ln: 3 - 10
>
> Pg: 61 Ln: 12 - 14
>
> Pg: 61 Ln: 16 - 18
>
> Pg: 171 Ln: 13 - 14
>
> Pg: 178 Ln: 20 – 23

> **X.    Jon Yarbrough – July 11, 2018**
>
> | | | |
> |---|---|---|
> | Pg: 7 Ln: 11 - 24 | Pg: 77 Ln: 13 - 24 | Pg: 81 Ln: 20 - Pg: 82 Ln: 24 |
> | Pg: 23 Ln: 24 - Pg: 24 Ln: 3 | Pg: 78 Ln: 1 - 11 | Pg: 83 Ln: 1 - 14 |
> | Pg: 32 Ln: 19 - Pg: 39 Ln: 24 | Pg: 79 Ln: 3 - Pg: 80 Ln: 9 | Pg: 83 Ln: 24 - Pg: 84 Ln: 12 |
> | Pg: 45 Ln: 9 - 20 | Pg: 80 Ln: 12 - 16 | Pg: 84 Ln: 15 - Pg: 86 Ln: 9 |
> | Pg: 46 Ln: 22 - Pg: 47 Ln: 6 | Pg: 81 Ln: 20 - Pg: 82 Ln: 24 | Pg: 93 Ln: 8 - Pg: 94 Ln: 6 |
> | Pg: 60 Ln: 19 - Pg: 63 Ln: 12 | Pg: 83 Ln: 1 - 14 | Pg: 94 Ln: 13 - 17 |
> | Pg: 63 Ln: 15 - Pg: 65 Ln: 16 | Pg: 83 Ln: 24 - Pg: 84 Ln: 12 | Pg: 94 Ln: 20 - 21 |
> | Pg: 65 Ln: 20 - Pg: 72 Ln: 15 | Pg: 84 Ln: 15 - Pg: 86 Ln: 9 | Pg: 96 Ln: 12 - Pg: 97 Ln: 23 |
> | Pg: 72 Ln: 19 | Pg: 93 Ln: 8 - Pg: 94 Ln: 6 | Pg: 102 Ln: 10 - 18 |
> | Pg: 72 Ln: 22 | Pg: 94 Ln: 13 - 17 | Pg: 102 Ln: 20 - Pg: 104 Ln: 12 |
> | Pg: 72 Ln: 24 - Pg: 74 Ln: 15 | Pg: 94 Ln: 20 - 21 | Pg: 104 Ln: 14 - Pg: 106 Ln: 13 |
> | Pg: 74 Ln: 17 - Pg: 76 Ln: 15 | Pg: 96 Ln: 12 - Pg: 97 Ln: 23 | Pg: 106 Ln: 15 - Pg: 108 Ln: 13 |
> | Pg: 76 Ln: 18 - Pg: 77 Ln: 7 | Pg: 102 Ln: 10 - 18 | Pg: 108 Ln: 15 - Pg: 110 Ln: 1 |
> | | Pg: 102 Ln: 20 - Pg: 104 Ln: 12 | Pg: 110 Ln: 16 - Pg: 111 Ln: 11 |

Dkt. 347.[1]  Even though VGT provided its designations to CHG in a chart format that includes a column CHG could use to identify its counter-designations (*see* Dkt. 342), CHG inexplicably did not use these charts.  An excerpt of one of the charts VGT provided[2] to CHG is below:

| Daniel Fulton August 1, 2018 | | | |
|---|---|---|---|
| Plaintiff's Designations | Defendants' Objections | Plaintiff's Counter-Designations | Defendants' Objections to Counter-Designations |
| 6:1 - 6:3 | | | |
| 6:23 - 7:1 | | | |
| 8:11 - 8:25 | | | |
| 12:2 - 13:22 | | | |
| 17:6 - 18:11 | | | |
| 18:19 - 19:1 | | | |
| 20:25 - 21:2 | | | |
| 21:4 - 21:11 | | | |
| 21:13 - 21:13 | | | |
| 22:21 - 23:2 | | | |

Rather than using these charts for its "counter" designations, CHG simply provided lengthy lists of designations without specifying the VGT designation to which each "counter" designation relates and without otherwise indicating the basis for introducing those counter-designations.

In contrast to CHG, VGT identified with specificity the CHG designations to which each of VGT's counter-designations relate.  Below is an example:

| Don Kovach August 2, 2018 | |
|---|---|
| Defendants' Designations | Plaintiff's Counter-Designations |
| 6:24 - 7:8 | |
| 8:8 - 11:4 | |
| 29:21 - 33:18 | 28:18 - 29:10 |
| | 33:19 - 33:23 |
| 33:24 - 34:21 | 33:19 - 33:23 |
| 35:13 - 41:4 | 41:5 - 42:17 |
| 42:18 - 44:15 | 28:18 - 29:4 |
| 45:3 - 46:14 | 41:5 - 42:17 |

---

[1] VGT has included here only the first 41 of CHG's "counter" designations for Mr. Yarbrough's transcript.  The remaining 61 are included in Dkt. 347 (at 33-35).

[2] The chart contains a typo transposing "Plaintiff's" and "Defendants'" in two rightmost columns.

3

*See generally* Dkt. 346.

At the Parties' meeting on August 12, 2019 to discuss objections to the designations and counter-designations, CHG asserted that because any party may *designate* any portion of a transcript pursuant to Federal Rule of Civil Procedure 32(a), CHG may equally *counter-designate* any portion of a transcript.

Applying this unlimited approach to the scope of its counter-designations, CHG has "counter" designated for some witnesses substantially more testimony than VGT originally designated and in doing so has gone beyond the scope of the original declarations. For example, in the case of Jon Yarbrough, VGT's designations amount to 37 minutes of testimony whereas CHG's "counter" designations add two hours of testimony.

As discussed below, this approach finds no support in the rules or the principles underlying the rules.

**B.    Analysis**

Federal Rule of Civil Procedure 32(a)(6) provides: "If a party offers in evidence only part of a deposition, an adverse party may require the offeror to introduce other parts that in fairness should be considered with the part introduced, and any party may itself introduce any other parts."

This "rule of completeness" is intended "to prevent the misleading impression from taking a statement out of context, by placing the statement back in its context." Fed. R. Evid. 106 Advisory Committee Notes; *see id.* ("[Federal Rule of Evidence 106] is an expression of the rule of completeness. . . . It is manifested as to depositions in Rule 32(a)([6]) of the Federal Rules of Civil Procedure, of which the proposed rule is substantially a restatement."); *Rogers v. Roth*, 477 F.2d 1154, 1159 (10th Cir. 1973) ("Rule 32(a) ([6]), Fed. R. Civ. P., requires the use of other portions when only part is used to present a fair picture.").

4

Rule 32(a)(6) does not, however, give a party *carte blanche* to counter-designate deposition testimony. Rather, "a court must admit only those other parts offered by the opposing party that 'in fairness should be considered with the part introduced.'" *Betker v. City of Milwaukee*, 22 F. Supp. 3d 915, 927 (E.D. Wis. 2014); *Great Am. Ins. Co. v. Moye*, No. 8:10-CV-00330, 2010 WL 2889665, at *2 (M.D. Fla., July 19, 2010) ("The rules do not allow filing of the remainder of a document solely because an opponent so demands; the 'in fairness' requirement limits opposing parties opportunity to do so."); *accord Gracia v. Lee*, 976 F.2d 1344, 1345 (10th Cir. 1992) ("admission of the discovery deposition excerpts was not legally mandated by Rule 32(a)").

Proper counter-designations may therefore "introduce enough of the deposition to put the originally admitted statement into context," *Trepel v. Roadway Exp., Inc.*, 194 F.3d 708, 719 (6th Cir. 1999), but may not introduce "portions of a statement that are neither explanatory nor relevant to the admitted passages," *United States v. Kopp*, 562 F.3d 141, 144 (2d Cir. 2009) (internal punctuation omitted); *United States v. Walker*, 652 F.2d 708, 710 (7th Cir. 1981) ("The rule of completeness has two limitations. First, the portions to be admitted must be relevant to the issues. Secondly, only those parts that qualify or explain the subject matter of the portion offered by the opponent must be admitted.").

Here, because CHG has declined to indicate how any of its counter-designations relate to VGT's designations, it has deprived VGT—and the Court—of a basis to evaluate whether those counter-designations ought to be, "in fairness," considered to provide context for VGT's designations. *See* Fed. R. Civ. P. 32(a)(6); Fed. R. Evid. 106. Rather than allow VGT the opportunity to evaluate CHG's counter-designations on the merits, CHG has instead imposed on VGT the burden of first sifting through more than 780 designations spread across 24 depositions,

5

*see* Dkt. 347, then speculating as to which of VGT's designations they might correspond, and only then to determine whether CHG's counter-designations properly relate to and explain VGT's designations. But these burdens do not fall on VGT: "The proponent of the deposition bears the burden of proving that it is admissible under Rule 32(a)." *Garcia-Martinez v. City & Cnty. Of Denver*, 392 F.3d 1187, 1191 (10th Cir. 2004).

It is no answer for CHG to claim—vaguely—that each counter-designation is necessary for "completeness." The purpose of the rule of completeness "'is not to insist on completeness as an end in itself, but to allow others to insist on admitting enough to put a statement in context.'" *Anchor Sav. Bank, FSB v. United States*, No. 95-39 C, 2005 WL 6112617, at *7 (Fed. Cl. May 17, 2005) (quoting Christopher B. Mueller & Laird C. Kirkpatrick, Evidence, § 1.17 at 61). Moreover, CHG cannot credibly claim "completeness" as a justification for its "counter" designations of witnesses such as Mr. Yarbrough, for whom CHG has "counter" designated nearly four times the volume of testimony that VGT originally designated.

Instead, because CHG has provided no reason for the Court to conclude that its counter-designations should be considered with VGT's designations, the appropriate remedy is exclusion. *See Betker v. City of Milwaukee*, 22 F. Supp. 3d 915, 927 (E.D. Wis. 2014); *accord Gracia v. Lee*, 976 F.2d 1344, 1345 (10th Cir. 1992) ("admission of the discovery deposition excerpts was not legally mandated by Rule 32(a)").

Accordingly, VGT respectfully requests that the Court strike CHG's counter-designations in their entirety and not permit CHG to introduce such testimony at trial under Federal Rule of Civil Procedure 32(a)(6).

## II. Designation of Testimony on Excluded Topics

### A. Background

On July 22, 2019, the Court granted in part VGT's motion for partial summary judgment with respect to CHG's affirmative defenses of unclean hands and illegality and to certain of VGT's trade secret claims (the "Summary Judgment Order"). Dkt. 344.

The Summary Judgment Order granted VGT summary judgment with respect to CHG's affirmative defense of illegality and its unclean hands defense to the extent that it is premised on VGT's purported non-compliance with the NIGC's minimum technical standards. Dkt. 344 at 7, 12. Recognizing that this issue is no longer in the case, the Parties have withdrawn their corresponding designations and counter-designations on that issue.

The Parties disagree, however, on the extent to which the Summary Judgment Order precludes evidence of VGT's purported competitive research or ▇▇▇▇▇▇▇▇ Although the Summary Judgment Order does not exclude from the case CHG's theory "that VGT misappropriated its trade dress from industry competitors," Dkt. 344 at 8,[3] the Court held that such a theory may not be based on "generalized market or competitive research," *id.* at 9. Rather, it must be tied to the VGT trade dress at issue. *Id.* at 8–9. The Summary Judgment Order specified two relevant aspects of VGT's trade dress: (1) "specific bingo patterns" and (2) "bingo pattern-payout combinations utilized in each pseudo-paytable." *Id.*

CHG, however, has designated and counter-designated deposition testimony having no bearing on VGT's trade dress. Instead, CHG seeks to admit precisely the kind of "generalized market or competitive research" disapproved by the Court. Dkt. 344 at 9. Further, most, if not

---

[3] The Summary Judgment Order rejected this defense as to VGT's trademark and trade secret claims. Dkt. 344 at 9–10.

7

all, of the evidence CHG cites pertains to recent activities, in many cases years *after* VGT developed its trade dress. The following examples are illustrative of CHG's designated testimony with no further bearing on the case:

- Zachary Schmid Deposition at 91–92:



- Will Harvie Deposition at 33:



- Will Harvie Deposition at 102:



- David Marsh Deposition at 143–144:



- James Starr Deposition at 93–97:

[redacted]

**B.     Analysis**

To be admissible at trial, evidence must be both relevant and sufficiently probative to outweigh the danger of unfair prejudice or confusing the issues. *See* Fed. R. Evid 401–403. Evidence of claims or defenses resolved at summary judgment is irrelevant. *See Van v. Language Line Servs., Inc.*, No. 14-CV-03791-LHK, 2016 WL 3566980, at *5 (N.D. Cal. June 30, 2016); *see also, e.g., Raborn v. Johnston*, No. 16-CV-0653-CVE-JFJ, 2017 WL 4681792, at *3 (N.D. Okla. Oct. 17, 2017); *Bennion & Deville Fine Homes Inc. v. Windermere Real Estate Servs. Co.*, No. ED CV 15-01921-DFM, 2018 WL 4810743, at *3 (C.D. Cal. June 21, 2018); *Lion Oil Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 1:13-CV-01071, 2015 WL 11112547, at *1 (W.D. Ark. Oct. 21, 2015).

The market research testimony that CHG has designated is irrelevant and inadmissible. As seen from the excerpts cited above, this testimony concerns the type of "generalized market or competitive research" or [redacted] that the Court held not to constitute unclean hands. Dkt. 344 at 9. As explained in the Summary Judgment Order, there is "no authority for the proposition that generalized market research or competitive research amounts to 'unclean hands.'" *Id.*

CHG cannot establish that the testimony at issue relates to the development of the VGT trade dress at issue in this case. Much of the testimony discusses activities from recent years,

long after the VGT trade dress was introduced to the market. *See, e.g.*, Harvie Deposition at 100-103 (2016), 137-140 (2017), Starr Deposition at 228 (2016-2017). Nor does this testimony pertain to "competitive research *against Castle Hill*." *Id.* As this Court has held, "[i]nequitable conduct toward third parties does not justify submission of an unclean hands defense to the trier of fact." *Id.* Accordingly, CHG's attempt to present evidence of "generalized market research or competitive research," Dkt. 344 at 9, should be disallowed.[4]

August 15, 2019

Respectfully submitted,

*/s/ Gary M. Rubman*
Graydon Dean Luthey, Jr., OBA No. 5568
GABLE GOTWALS
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, OK 74103-4217
Telephone: (918) 595-4821
Facsimile: (918) 595-4990
dluthey@gablelaw.com

Gary M. Rubman
Peter A. Swanson
Rebecca B. Dalton
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 778-5465
grubman@cov.com
pswanson@cov.com
rdalton@cov.com

---

[4] VGT specifically requests exclusion of at least the following designations: Will Harvie at 29:24-34:14, 100:23-103:3, 103:9-103:15, 137:15-140:11, 141:19-142:17, 151:4-153:8, 184:7-186:24; David Marsh at 143:19-144:15; Zachary Schmid at 91:20-92:23, 94:18-95:17; Jay Sevigny at 53:9-54:14, 176:11-177:22; James Starr at 93:19-97:17, 100:13-101:24, 175:2-177:19, 178:6-178:14, 195:15-199:24, 201:7-203:4, 203:15-203:19, 204:1-204:24, 208:8-208:18, 208:23-211:10, 228:1-229:6, 231:6-232:14, 271:5-271:9, 271:13-271:18; Jon Yarbrough at 79:3-80:9, 156:18-157:6.

  (admitted pro hac vice)

Neil K. Roman
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone:  (212) 841-1221
Facsimile:  (212) 841-1010
nroman@cov.com
  (admitted pro hac vice)

***Counsel for Video Gaming Technologies, Inc.***

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 15, 2019, I caused the foregoing to be served on following counsel for Defendants via ECF:

Robert C. Gill
Thomas S. Schaufelberger
Matthew J. Antonelli
SAUL EWING ARNSTEIN & LEHR, LLP
1919 Pennsylvania Avenue, NW, Suite 550
Washington, DC 20006
(202) 295-6605
(202) 295-6705 (facsimile)
robert.gill@saul.com
tschauf@saul.com
matt.antonelli@saul.com

Sherry H. Flax
SAUL EWING ARNSTEIN & LEHR, LLP
500 E. Pratt Street, Suite 900
Baltimore, Maryland 21202
(410) 332-8764
(410) 332-8785 (facsimile)
sherry.flax@saul.com

James C. Hodges, OBA 4254
JAMES C. HODGES, PC
2622 East 21st Street, Suite 4
Tulsa, OK 74114
Telephone: (918) 779-7078
JHodges@HodgesLC.Com

Duane H. Zobrist
Jonathan S. Jacobs
ZOBRIST LAW GROUP PLLC
1900 Arlington Blvd. Suite B
Charlottesville, VA 22903
Telephone: (434) 658-6400
dzobrist@zoblaw.com
jjacobs@zoblaw.com

*Attorneys for Defendants*

*/s/ Gary Rubman*