IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VIDEO GAMING TECHNOLOGIES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CASTLE HILL STUDIOS LLC ) <br> (d/b/a CASTLE HILL GAMING); ) <br> CASTLE HILL HOLDING LLC ) <br> (d/b/a CASTLE HILL GAMING); and ) <br> IRONWORKS DEVELOPMENT, LLC ) <br> (d/b/a CASTLE HILL GAMING), ) <br> ) <br> Defendants. ) | Case No. 17-CV-00454-GKF-JFJ <br> **FILED UNDER SEAL** |

## ORDER

This matter comes before the court on the Motion to Exclude the Testimony of W. Todd Schoettelkotte in Part [Doc. 159] of plaintiff Video Gaming Technologies, Inc. ("VGT").[1] For the reasons discussed below, the motion is denied.

**I.   Background and Procedural History**

This is a dispute between two class II bingo-based player terminal developers. Plaintiff VGT alleges that Castle Hill[2], a competitor of VGT operated by former VGT employees and officers, intentionally developed class II games that closely resembled VGT's class II games and incorporated marks and themes confusingly similar to VGT's marks and themes. VGT further

---

[1] VGT also filed a sealed, unredacted version of the motion as [Doc. 163]. The references contained in this order are to the unredacted version. Accordingly, the court files this order under seal, attorneys' eyes only. As set forth below, the court will enter an unsealed order after consideration of the parties' proposed redactions, if any.

[2] The court refers to defendants Castle Hill Studios LLC, Castle Hill Holding LLC, and Ironworks Development, LLC, collectively, as "Castle Hill."

c/all counsel

alleges that Castle Hill misappropriated VGT's trade secrets and confidential business information to develop its class II games.

VGT retained financial consultant Melissa A. Bennis to opine as to damages recoverable by VGT in the event Castle Hill is found liable to it on at least one claim. [Doc. 175-2, p. 6]. Bennis offers no opinions with respect to liability. [*Id.*]. Castle Hill retained W. Todd Schoettelkotte to offer rebuttal opinions to Bennis's opinions. Schoettelkotte provided a rebuttal report on August 31, 2018, and was deposed by VGT on September 22, 2018. [Doc. 163-2 and Doc. 163-3]. VGT now seeks to exclude portions of Schoettelkotte's opinions.

## II. Analysis

VGT requests that the court exclude portions of Schoettelkotte's opinions on four separate bases: (1) reliance on "improperly withheld" data relating to Castle Hill's financial information; (2) reliance on VGT confidential information improperly obtained from Castle Hill employees; (3) violation of the protective order; and (4) failure to satisfy the *Daubert* standard. The court separately considers each objection.

### A. "Improperly Withheld" Data Relating to Castle Hill's Finances

VGT asserts that some of Schoettelkotte's opinions are premised on a document designated "Schedule 11A, CHG Payroll and Related Expenses by Department: 2013 through July 2018," but that VGT failed to produce Schedule 11A during fact discovery. [Doc. 163-12]. VGT contends Schedule 11A was responsive to Interrogatory No. 23, which requested information regarding Castle Hill's costs and profits for the allegedly infringing games. [Doc. 163-8, p. 5]. Fact discovery closed on August 3, 2018 [Doc. 101], but Schedule 11A was not provided to VGT until VGT received the Schoettelkotte report on August 31, 2018. Further, although VGT filed a motion to compel further response to Interrogatory No. 23 before the close of discovery, VGT agreed that

the motion to compel was "moot" based on Castle Hill's representations that it produced its financial spreadsheets and other documents on July 31, 2018. Thus, VGT contends Castle Hill improperly withheld fact discovery and is subject to sanction.

Pursuant to Federal Rule of Civil Procedure 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). "[T]he determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Neiberger v. Fed Ex Ground Package Sys., Inc.*, 566 F.3d 1184, 1191-92 (10th Cir. 2009) (quoting *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.,* 170 F.3d 985, 993 (10th Cir. 1999)). To make the determination, the court should be guided by the following factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Woodworker's Supply, Inc.*, 170 F.3d at 993.

As to the first factor, VGT asserts it was prejudiced because it was unable to conduct discovery related to the information included in Schedule 11A. [Doc. 163, p. 13; Doc. 259, p. 3]. Significantly, VGT questioned Schoettelkotte regarding the source of the information included in Schedule 11A during his deposition, and Schoettelkotte testified to his belief that Castle Hill Chief Financial Officer Arthur Watson provided the information. [Doc. 163-3, p. 250:16-24]. VGT objects because it was unable to question Watson regarding the source of the information, as he was deposed prior to receipt of the Schoettelkotte report and after the close of fact discovery. However, VGT was permitted to question Schoettelkotte regarding the Schedule, and Bennis was

given the opportunity to address Schedule 11A in her reply report. Thus, the prejudice to VGT, if any, is minimal.

With respect to the other factors, any prejudice may be cured by Castle Hill's production of the documents underlying Schedule 11A. Castle Hill is therefore ordered to produce the underlying documents no later than August 28, 2019. Further, permitting the introduction of Schedule 11A will not disrupt trial, because VGT received the document prior to the dispositive motion deadline—well in advance of trial—and with sufficient time for Bennis to address the Schedule in her reply report. Finally, the court sees no evidence of willfulness or bad faith, particularly in light of the voluminous document production previously provided by Castle Hill. Thus, based on the *Woodworker* factors, Castle Hill's nondisclosure was harmless and does not justify exclusion of Schedule 11A.[3]

    B.    *Reliance on "Improperly Obtained" VGT Confidential Information*

VGT next objects to portions of Schoettelkotte's "avoided research and development" opinions—specifically paragraphs 54 and 55—that rely on what it characterizes as "confidential VGT information that he and [Castle Hill's] counsel improperly obtained from a former VGT employee." [Doc. 163, p. 14]. In those paragraphs, Schoettelkotte relies on discussions he had with Castle Hill's Chief Technology Officer Alan Roireau (who was formerly VGT's Director of Software Development) regarding VGT's development of its class II gaming system. VGT contends that it was improper for Schoettelkotte, as well as Castle Hill's lawyers, to obtain VGT's

---

[3] For the same reasons, Castle Hill's failure to disclose Schedule 11A does not justify exclusion of the schedules that rely on Schedule 11A—specifically, Schedules 3C, 3D, 4C, 4D, 5C, 5D, 7C, 7D, and 9. *See* [Doc. 163, p. 12].

confidential information outside of the discovery process, and that the disclosure constitutes a violation of Roireau's duty of confidentiality to VGT.

In support of its position, VGT relies on Oklahoma case law recognizing a claim for intentional interference with a business relationship and Oklahoma Rule of Professional Conduct 4.4, which prohibits an attorney, in representing a client, from "us[ing] methods of obtaining evidence that violate the legal rights of . . . a [third] person." OKLA. RULES OF PROF'L CONDUCT 4.4(a). In response, Castle Hill cites cases from other federal district courts standing for the "unremarkable proposition" "that confidentiality agreements will not stand as a barrier to discovery between two parties in litigation." *Diamond Resorts Int'l, Inc. v. Phillips*, No. 17-CV-01124, 2018 WL 3326814, at *2 (M.D. Tenn. Apr. 17, 2018) (quoting *Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 922 (D. Nev. 2006)); *see also Chambers v. Capital Cities/ABC,* 159 F.R.D. 441, 444 (S.D.N.Y. 1995) (internal footnote omitted) ("Absent possible extraordinary circumstances not involved here, it is against public policy for parties to agree not to reveal, at least in the limited contexts of depositions or pre-deposition interviews concerning litigation arising under federal law, facts relating to alleged or potential violations of such law."); *Otter Prods., LLC v. Seal Shield, LLC*, No. 13-CV-01734-MSK-MJW, 2014 WL 1213475, at *6 (D. Colo. Mar. 24, 2014) (declining to interpret a confidentiality agreement to restrict a party from using factual information in litigation).

In a case that is persuasive to this court, the federal District Court of Colorado declined to enter an injunction in favor of Otter Products, LLC prohibiting Seal Shield, LLC from violating a nondisclosure/confidentiality agreement by using the confidential information in filings in lawsuits between Otter and Seal. *Otter Prods., LLC*, 2014 WL 1213475, at *6. The judge reasoned that the injunction would not serve the public interest, as Otter's proposed interpretation of the

confidentiality agreement would permit parties via contract to prevent the presentation of relevant evidence to the court. *Id.*

Based on the foregoing, the court does not interpret the duty of confidentiality so broadly to require a conclusion that current Castle Hill employees/former VGT employees breached a duty of confidentiality to VGT by discussing their recollection of VGT's confidential information with Castle Hill's attorneys within the context of, and for the purpose of defending, this case.[4] The position urged by VGT would have a chilling effect on the ability of defendants in trade secret litigation to put on a defense to the claims. Further, such a rule would be contrary to the public interest as it would impede a party's ability to present to the court all relevant information. Thus, VGT's motion to exclude paragraphs 54 and 55 of Schoettelkotte's report on the basis of VGT confidential information is denied.

C. *Violation of the Protective Order*

VGT also asks the court to strike paragraphs 54 through 56 and 61 through 68 of Schoettelkotte's report based on Castle Hill's failure to comply with the protective order before disclosing VGT confidential information to Schoettelkotte.

Pursuant to the protective order, prior to disclosing a supplying party's confidential or highly confidential information, the receiving party "shall provide written notice" to the supplying party. [Doc. 55, p. 18]. Castle Hill concedes that it did not provide written notice to VGT prior to

---

[4] VGT does not explicitly assert that Castle Hill's counsel disclosed VGT confidential information to the former VGT employees or any other person. Rather, the point of contention appears to be the former employees recounting their recollection of confidential information to defense counsel, as well as Schoettelkotte. *See also* [Doc. 220]. However, it should be noted that VGT asserts the *ex parte* communications are "particularly problematic because VGT has no way to find out who else—including Castle Hill employees not formerly at VGT—participated in these discussions." [*Id.* at p. 8]. VGT's argument in this regard is entirely speculative.

supplying VGT's highly confidential information to Schoettelkotte. Castle Hill characterizes the failure as an "inadvertent error." [Doc. 234-6, p. 2].[5]

As an initial matter, the parties disagree as to whether the *Woodworkers* factors apply to the court's determination of whether to exclude Schoettelkotte's opinions based on Castle Hill's violation of the protective order. "A protective order, even if stipulated to by the parties, is entered by the Court pursuant to Fed.R.Civ.P. 26(c). Failure to comply with an order of this Court subjects any party or person to the sanctions available under Fed.R.Civ.P. 37(b)." *Garcia v. Dillon Cos., Inc.*, No. 05-CV-02339-MSK-MEH, 2006 WL 3512049, at *2 (D. Colo. Dec. 6, 2006); *see also Carroll v. Allstate Fire & Cas. Ins. Co.,* No. 12-CV-00007-WJM-KLM, 2014 WL 859238, at *10 (D. Colo. Mar. 4, 2014) ("Imposition of sanctions for Plaintiffs' violation of Rule 26 is governed by Rule 37."). Thus, the *Woodworkers* factors apply. *Kaufman v. Am. Family Mut. Ins. Co.*, 601 F.3d 1088, 1092 (10th Cir. 2010).

As previously stated, to determine the propriety of sanctions, the court should consider the following factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Woodworker's Supply, Inc.*, 170 F.3d at 993.

As to the first element, prejudice, VGT asserts that it was prejudiced because (1) it should be permitted to rely on protective orders to safeguard its information, and (2) VGT was deprived of time to research Schoettelkotte's qualifications and prior opinions. Protection of a party's

---

[5] There appears to be no dispute, however, that Schoettelkotte received the protective order and signed the protective order certification.

confidential information and the integrity of prohibitive procedures proscribed through the courts are valid concerns. However, VGT does not dispute that Schoettelkotte received the protective order and signed the protective order certification. Thus, it appears that VGT's confidential information was protected. Further, with respect to deprivation of time to research Schoettelkotte's qualifications and prior opinions, any prejudice is *de minimus*. Castle Hill disclosed Schoettelkotte to VGT over thirty days prior to the *Daubert* deadline and, although VGT filed the instant motion to exclude, VGT does not challenge Schoettelkotte's qualifications therein. Additionally, VGT deposed Schoettelkotte within the discovery period. Finally, VGT's damages expert, Bennis, prepared a reply report to Schoettelkotte's opinions.

The second element requires consideration of the ability of Castle Hill to cure the prejudice. As discussed above, the court concludes that the prejudice is sufficiently cured through discovery directed to, and briefing related to, Schoettelkotte's opinions. Thus, this factor weighs against exclusion of the opinions.

With respect to the third factor, the extent to which introducing the opinions would disrupt trial, Castle Hill timely provided Schoettelkotte's report, VGT deposed Schoettelkotte within the discovery period, and VGT's damages expert, Bennis, provided a reply report in response to Schoettelkotte's opinions. Thus, minimal disruption would result. For this reason, the decision of the U.S. District Court for the Eastern District of Texas relied upon by VGT is distinguishable. *See Allergan, Inc. v. Sandoz Inc.*, No. 09-CV-97, 2011 WL 2563238, at *2 (E.D. Tex. June 28, 2011). In that case, the court noted the "severe[] prejudice" that would result to the supplying party because trial was less than two months away and, permitting the non-disclosed expert to testify would require the supplying party to obtain a rebuttal expert in an "extremely short time frame." *Id.* The court also noted the time restraints imposed by virtue of the patent infringement

claims asserted, and that the expert's testimony was not "absolutely critical" to defendant's case due to two other disclosed experts on the topic. *Id.* Here, VGT has failed to show "severe prejudice" and exclusion of Schoettelkotte's opinions is not warranted. Thus, the third factor weighs against exclusion.

Finally, as to the last factor, the court sees no evidence that Castle Hill acted in bad faith or willfully in failing to disclose Schoettelkotte pursuant to the protective order prior to providing him with VGT's confidential information. Thus, the final factor weighs against exclusion.

Because the four *Woodworkers* factors weigh against exclusion of Schoettelkotte's opinions in paragraphs 54 through 56 and 61 through 68, VGT's objections based on violation of the protective order are overruled.

    D.    <u>*Daubert* Standard</u>

Finally, VGT seeks to exclude Schoettelkotte's opinions with respect to apportionment (paragraphs 59 through 70 of his report), arguing the opinions are unreliable and do not satisfy the *Daubert* standard. VGT specifically criticizes Schoettelkotte for (1) basing his opinion entirely on an excerpt of the 2015 annual report from Aristocrat Leisure Limited reflecting assets and liabilities assumed by Aristocrat as a result of its acquisition of VGT; (2) failing to consider evidence purportedly reflecting the value to Castle Hill from using VGT's intellectual property, including evidence Castle Hill pressured its engineers to design products similar to VGT's three-reel mechanical games; and (3) inadequately explaining his reliance on two categories of intangible assets included in the 2015 Aristocrat report.

"[A] judge conducting a bench trial maintains greater leeway in admitting questionable evidence, weighing its persuasive value upon presentation." *Tyson Foods, Inc.*, 565 F.3d at 780. After hearing the testimony, the court will exclude any opinions by Schoettelkotte based on an

unsound methodology.  *Valley View Dev., Inc. v. United States*, 721 F. Supp. 2d 1024, 149 (N.D. Okla. 2010).  Further, VGT's objections generally bear on the weight, rather than the admissibility, of the opinions.  *Ortega*, 2013 WL 438579, at **4-5.  Thus, based on the foregoing, VGT's motion to exclude the opinions contained in paragraphs 59 through 70 of the Schoettelkotte report is denied.

### III. Conclusion

WHEREFORE, Plaintiff's Motion to Exclude the Testimony of W. Todd Schoettelkotte in Part [Doc. 159] is denied.  However, Castle Hill is ordered to produce the documents underlying Schedule 11A to VGT no later than August 28, 2019.  The parties may file proposed redactions, or state their non-objection to public filing of this order, no later than September 4, 2019.

DATED this 21st day of August, 2019.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE