IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VIDEO GAMING TECHNOLOGIES, INC., <br><br>Plaintiff,<br><br>v.<br><br>CASTLE HILL STUDIOS LLC<br>(d/b/a CASTLE HILL GAMING);<br>CASTLE HILL HOLDING LLC<br>(d/b/a CASTLE HILL GAMING); and<br>IRONWORKS DEVELOPMENT, LLC<br>(d/b/a CASTLE HILL GAMING),<br><br>Defendants. | Case No. 17-CV-00454-GKF-JFJ<br>**FILED UNDER SEAL** |

## ORDER

This matter comes before the court on the Motion *in Limine* to Exclude Evidence and Argument Regarding Communications Between Counsel and Castle Hill Gaming Employees [Doc. 149] of defendants Castle Hill Studios LLC, Castle Hill Holding LLC, and Ironworks Development, LLC (collectively, "Castle Hill").[1]  For the reasons set forth below, the motion is granted.

Castle Hill requests an order precluding plaintiff Video Gaming Technologies, Inc. ("VGT") from introducing any evidence or making any argument or reference to communications between Castle Hill's employees and defense counsel about the trade secrets or confidential business information at issue in this matter.  Castle Hill contends the evidence is irrelevant, privileged, and prejudicial.

---

[1] Castle Hill also filed a sealed, unredacted version of the motion as [Doc. 148].  The references contained in this order are to the unredacted version.  Accordingly, the court files this order under seal, attorneys' eyes only.  As set forth below, the court will enter an unsealed order after consideration of the parties' proposed redactions, if any.

c/all counsel

In response, VGT asserts that the *ex parte* communications are improper and prejudicial to VGT. Further, VGT asserts the communications are relevant to impeach former VGT employees who may testify that they complied with their confidentiality obligations, as well as to VGT's request for enhanced damages and attorney's fees.

As more fully set forth by the court in its August 21, 2019 Order ruling on VGT's Motion to Exclude the Testimony of W. Todd Schoettelkotte in Part [Doc. 376], the court does not interpret the duty of confidentiality owed by former VGT employees so broadly to require a conclusion that former VGT employees breached their duty of confidentiality by discussing their recollection of VGT confidential information with Castle Hill's counsel within the context of, and for the purpose of defending, this case. Thus, because the discussions cannot constitute a breach of the duty of confidentiality as a matter of law, such discussions are irrelevant to VGT's claims. For this reason, Castle Hill's motion *in limine* is granted.[2]

WHEREFORE, Defendants' Motion *in Limine* to Exclude Evidence and Argument Regarding Communications Between Counsel and Castle Hill Gaming Employees [Doc. 149] is granted. The parties may file proposed redactions, or state their non-objection to public filing of this order, no later than September 4, 2019.

DATED this 21st day of August, 2019.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE

---

[2] It should be noted that VGT also asserts "[t]o the extent that [Castle Hill] intends to assert privilege to prevent former VGT employees from testifying about their communications with [Castle Hill] lawyers regarding VGT confidential information, [Castle Hill] should be required to promptly produce a privilege log." [Doc. 220, pp. 10-11]. However, because the communications are excluded as irrelevant, this request is moot.