IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) VIDEO GAMING TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> 1) CASTLE HILL STUDIOS LLC <br>   (d/b/a CASTLE HILL GAMING); <br> 2) CASTLE HILL HOLDING LLC <br>   (d/b/a CASTLE HILL GAMING); and <br> 3) IRONWORKS DEVELOPMENT, LLC <br>   (d/b/a CASTLE HILL GAMING) <br><br> Defendants. | Case No. 4:17-cv-00454-GKF-jfj <br><br> **REDACTED** |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
UNUSUAL OBJECTIONS TO DEPOSITION DESIGNATIONS**

Plaintiff Video Gaming Technologies, Inc. ("VGT") hereby responds to Defendants' ("CHG") "Unusual Objections" to Deposition Designations (Dkt. 366) ("CHG Objections") and specifically CHG's objections to VGT's designation of the deposition testimony of CHG's expert witnesses (James Berger and Joseph Valandra).

**I.    Background**

Not yet knowing which of CHG's expert witnesses CHG would make available at trial, VGT designated deposition testimony from several in the event that these witnesses would be unavailable at trial. *See* Dkt. 342 at 2, 30 (VGT's July 11, 2019 deposition designations).

CHG categorically objected to VGT's designation of the deposition testimony of two of these witnesses, its survey expert James Berger and its gaming industry expert Joseph Valandra, arguing that "VGT should not be permitted to use Castle Hill's rebuttal experts' deposition testimony in VGT's affirmative case." CHG Objections at 1.

1

CHG has been unwilling to commit to call either of these experts to testify live at trial.[1] In its Pretrial Disclosures and in the Joint Proposed Pretrial Order, CHG identified Mr. Berger and Mr. Valandra only as "Witnesses Castle Hill May Call."

## II. Analysis

Federal Rule of Civil Procedure 32(a) permits use of deposition testimony of an unavailable witness at trial against a party present or represented at the taking of the deposition. Rule 32(a) applies equally to fact and expert witnesses. *See SolidFX, LLC v. Jeppesen Sanderson, Inc.*, No. 11-CV-01468-WJM-BNB, 2014 WL 1319361, at *6 (D. Colo. Apr. 2, 2014) ("The Tenth Circuit does not appear to have drawn a distinction between fact and expert witnesses under Rule 32(a)."); *Alfonso v. Lund*, 783 F.2d 958, 961 (10th Cir. 1986) (affirming admission of expert testimony by deposition under Rule 32(a)).

Not only is there no legal basis for CHG's position that admission of expert testimony by deposition is improper, there is no merit to its argument that admission of this deposition testimony "will be a waste of time, needlessly cumulative, and not helpful at all to the Court's consideration of any fact in dispute in this case." CHG Objections at 2.

To the contrary, the deposition testimony of Messrs. Berger and Valandra designated by VGT goes to the heart of the dispute, including the validity of the likelihood of confusion survey conducted by VGT's expert Professor Wind, the similarity of the machines at issue to others in the market, and the functionality (or not) of the asserted trade dress. Although CHG characterizes such testimony as "cumulative or duplicative of testimony that VGT can offer

---

[1] Mr. Valandra, who lives in McLean, Virginia, and Mr. Berger, who lives in Northbrook, Illinois, both live more than one hundred miles from the courthouse and, therefore, are unavailable under Federal Rule of Civil Procedure 32(a)(4)(B).

2

through its own expert witnesses," *see* CHG Objections at 3, that CHG now views testimony given by its own experts as harmful to its case is obviously not a basis for exclusion.

CHG's concern is understandable. For example, Mr. Berger directly contradicts CHG's criticisms of Dr. Wind's survey—both as a general matter, *see, e.g.*, Berger Tr. 121:8–10 ("▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮"); 129:13–22 ("▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮"); 115:8–18 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮); 104:13–16 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮), and specifically, *see, e.g., id.* at 235:16–236:25 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮).

Likewise, CHG's gaming industry expert, Mr. Valandra, made important concessions with respect to the trade dress elements at issue. *See, e.g.*, Valandra Tr. 203:20–204:9 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮); 151:2–153:15, 195:9–22 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮); 227:14–20 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮); 234:5–22 (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮). He also admitted to personally having difficulty distinguishing VGT and CHG games during his casino visits, noting he would "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" about whether a game was made by VGT or CHG. *Id.* at 23:20-22.[2]

---

[2] Mr. Berger's testimony criticizing Dr. Wind's use in the survey of VGT's Mr. Money Bags and CHG's New Money was to like effect. *See* Berger Tr. 193:14–25 ("▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮"); 207:7-18 (the "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮").

Because CHG should not be allowed to strike testimony from its own experts that it now finds unhelpful, VGT respectfully requests that the Court overrule CHG's objection.[3]

August 28, 2019

Respectfully submitted,

*/s/ Gary M. Rubman*
Graydon Dean Luthey, Jr., OBA No. 5568
GABLE GOTWALS
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, OK 74103-4217
Telephone: (918) 595-4821
Facsimile: (918) 595-4990
dluthey@gablelaw.com

Gary M. Rubman
Peter A. Swanson
Rebecca B. Dalton
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 778-5465
grubman@cov.com
pswanson@cov.com
rdalton@cov.com
   (admitted pro hac vice)

Neil K. Roman
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
Telephone: (212) 841-1221
Facsimile: (212) 841-1010
nroman@cov.com

---

[3] CHG also included in its brief a section addressing VGT objections to CHG designations on the basis that the topics of the designated testimony were excluded by the Court's ruling on VGT's motion for partial summary judgment. *See* CHG Objections at Section II. As VGT already has addressed this issue in a prior submission, *see* Dkt. 369, it is not repeating its arguments in this brief.

(admitted pro hac vice)

*Counsel for Video Gaming Technologies, Inc.*

2

# **CERTIFICATE OF SERVICE**

I hereby certify that on August 28, 2019, I caused the foregoing to be served on following counsel for Defendants via ECF:

Robert C. Gill
Thomas S. Schaufelberger
Matthew J. Antonelli
SAUL EWING ARNSTEIN & LEHR, LLP
1919 Pennsylvania Avenue, NW, Suite 550
Washington, DC 20006
(202) 295-6605
(202) 295-6705 (facsimile)
robert.gill@saul.com
tschauf@saul.com
matt.antonelli@saul.com

Sherry H. Flax
SAUL EWING ARNSTEIN & LEHR, LLP
500 E. Pratt Street, Suite 900
Baltimore, Maryland 21202
(410) 332-8764
(410) 332-8785 (facsimile)
sherry.flax@saul.com

James C. Hodges, OBA 4254
JAMES C. HODGES, PC
2622 East 21st Street, Suite 4
Tulsa, OK 74114
Telephone:  (918) 779-7078
JHodges@HodgesLC.Com

Duane H. Zobrist
Jonathan S. Jacobs
ZOBRIST LAW GROUP PLLC
1900 Arlington Blvd. Suite B
Charlottesville, VA 22903
Telephone:  (434) 658-6400
dzobrist@zoblaw.com
jjacobs@zoblaw.com

Thomas G. Connolly
HARRIS WILSHIRE & GRANNIS LLC
1919 M Street, NW, Floor 8
Washington, DC 20036
(202) 730-1339
tconnolly@hwglaw.com
*Attorneys for Defendants*                                                                                          */s/ Gary Rubman*