IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VIDEO GAMING TECHNOLOGIES, INC., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 17-CV-00454-GKF-JFJ |
| CASTLE HILL STUDIOS LLC (d/b/a CASTLE HILL GAMING); CASTLE HILL HOLDING LLC (d/b/a CASTLE HILL GAMING); and IRONWORKS DEVELOPMENT, LLC (d/b/a CASTLE HILL GAMING), | ) |
| Defendants. | ) |

**ORDER**

This matter comes before the court on defendants' Submission Concerning the Public Filing of this Court's Opinion and Order dated June 7, 2019 (Doc. 320) [Doc. 338] and plaintiff's Notice of Proposed Redactions to Docket No. 320 [Doc. 336].

"Whether judicial records and other case-related information should be sealed or otherwise withheld from the public is a matter left to the sound discretion of the district court." *Mann v. Boatright,* 477 F.3d 1140, 1149 (10th Cir. 2007) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978)). "[W]here documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006)). However, the presumption may be overcome "by demonstrating the pages contain 'sources of business information that might harm a litigant's competitive standing.'" *Deherrera v. Decker Truck Line, Inc.,* 820 F.3d 1147, 1162 n. 8 (10th Cir. 2016) (quoting *Nixon*, 435 U.S. at 598). Upon review, the court concludes that portions of VGT's proposed redactions contain confidential business

information that, if disclosed, would be detrimental to VGT's competitive standing. Accordingly, the court adopts portions of VGT's requested redactions.

However, the court declines to adopt the remainder of VGT's requested redactions—specifically, Shults's statements that: "In Class II game development, an important metric is how long it takes for the reels to start spinning after the player presses the play button" and that paragraphs 7 and 8 of the Shults Declaration relate to "VGT's investigation of customer reactions to jackpot frequency." With respect to the "important metric" statement, the court notes that essentially the same statement appears immediately before the requested redaction, but VGT does not request redaction of the earlier statement. Thus, the court is not persuaded that the requested redaction is necessary to protect VGT's competitive standing. As for the statement identifying the subject matter of paragraphs 7 and 8 of the Shults Declaration, the statement does not disclose the reason for initiation of the investigation, the method or manner of the investigation, or the results of that investigation. Thus, the presumption of public access outweighs VGT's business interest.

The court directs that a redacted version of docket entry no. 320 be filed, consistent with this order.

IT IS SO ORDERED this 1st day of November, 2019.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE