# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VIDEO GAMING TECHNOLOGIES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CASTLE HILL STUDIOS LLC ) <br> (d/b/a CASTLE HILL GAMING); ) <br> CASTLE HILL HOLDING LLC ) <br> (d/b/a CASTLE HILL GAMING); and ) <br> IRONWORKS DEVELOPMENT, LLC ) <br> (d/b/a CASTLE HILL GAMING), ) <br> ) <br> Defendants. ) | Case No. 17-CV-00454-GKF-JFJ |

## ORDER

This matter comes before the court on defendants' Submission Concerning the Public Filing of this Court's Opinion and Order dated July 22, 2019 (Doc. 344) [Doc. 352] and plaintiff's Notice of Proposed Redactions to Docket No. 344 [Doc. 354].

"Whether judicial records and other case-related information should be sealed or otherwise withheld from the public is a matter left to the sound discretion of the district court." *Mann v. Boatright,* 477 F.3d 1140, 1149 (10th Cir. 2007) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978)). "[W]here documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006)). However, the presumption may be overcome "by demonstrating the pages contain 'sources of business information that might harm a litigant's competitive standing.'" *Deherrera v. Decker Truck Line, Inc.,* 820 F.3d 1147, 1162 n. 8 (10th Cir. 2016) (quoting *Nixon*, 435 U.S. at 598). Upon review, the court concludes that portions of VGT's proposed redactions contain confidential business

information that, if disclosed, would be detrimental to VGT's competitive standing. Accordingly, the court adopts portions of VGT's requested redactions.

However, the court declines to adopt the remainder of VGT's requested redactions. The court previously declined to redact the phrase "uniqueness testing algorithm," reasoning that the term did not rise to the level of confidential or proprietary information. *See* [Doc. 328]. Thus, VGT's request for redaction of the phrases "bingo card uniqueness testing" or "uniqueness testing" is denied.

Further, VGT asks the court to redact certain deposition testimony of Richard Williamson, VGT's Vice President of Gaming Compliance, attached by Castle Hill to its response to VGT's motion for partial summary judgment and relied on by this court to determine the dispositive motion. Because the court relied on the testimony, the deposition testimony is "highly relevant to the adjudicative process" and therefore constitutes a "judicial document" to which a presumption of public access attaches. *See Parson v. Farley*, 352 F. Supp. 3d 1141, 1153 (N.D. Okla. 2018).

Finally, VGT asks the court to redact the court's own characterization of the evidence presented by Castle Hill in response to VGT's motion for partial summary judgment. Specifically, VGT contends that the statements constitute "paraphrasing" of confidential deposition testimony and VGT documents. However, the court relied on this "paraphrasing" in its determination of the dispositive motion and therefore a presumption of access attaches. Although VGT notes that Magistrate Judge Jayne determined that some of the underlying evidence was properly designated "confidential" or "highly confidential" under the protective order entered in this matter, the mere designation of certain documents as confidential or highly confidential does not provide sufficient justification to seal a judicial document. Finally, VGT appears to only object to those statements that cast it in a negative light. It is well-established that "injury to one's reputation and potential

embarrassment generally do not outweigh the strong presumption of public access attaching to judicial documents." *Parson,* 352 F. Supp. 3d at 1155.

The court directs that a redacted version of docket entry no. 344 be filed, consistent with this order.

IT IS SO ORDERED this 1st day of November, 2019.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE