# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VIDEO GAMING TECHNOLOGIES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CASTLE HILL STUDIOS LLC ) <br> (d/b/a CASTLE HILL GAMING); ) <br> CASTLE HILL HOLDING LLC ) <br> (d/b/a CASTLE HILL GAMING); and ) <br> IRONWORKS DEVELOPMENT, LLC ) <br> (d/b/a CASTLE HILL GAMING), ) <br> ) <br> Defendants. ) | Case No. 17-CV-00454-GKF-JFJ |

## ORDER

This matter comes before the court on defendants' Submission Concerning the Public Filing of this Court's Opinion and Order dated August 20, 2019 (Doc. 373) [Doc. 390] and plaintiff's Notice of Proposed Redactions to Docket No. 373 [Doc. 391].[1] Both plaintiff and defendants request redactions.

"Whether judicial records and other case-related information should be sealed or otherwise withheld from the public is a matter left to the sound discretion of the district court." *Mann v. Boatright,* 477 F.3d 1140, 1149 (10th Cir. 2007) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589 (1978)). "[W]here documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1242 (10th Cir. 2012) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006)). However, the presumption may be overcome "by demonstrating the pages contain 'sources of business

---

[1] Plaintiff submitted its proposed redactions to Doc. 373 in conjunction with its proposed redactions to Doc. 379. [Doc. 391].

information that might harm a litigant's competitive standing.'" *Deherrera v. Decker Truck Line, Inc.,* 820 F.3d 1147, 1162 n. 8 (10th Cir. 2016) (quoting *Nixon*, 435 U.S. at 598).

With respect to defendants' requested redactions, the court declines to redact the description of the mechanical bell utilized by defendants. Defendants offer no explanation as to how disclosure of the type of bell used in the Castle Hill electronic gaming machines might harm defendants' competitive standing. Further, the court notes that plaintiff, a competitor in the same market, does not request redaction of the court's description of VGT's mechanical bell. The court concludes that Castle Hill's business interest does not outweigh the public's right of access.

Defendants next request redaction of excerpted portions of Castle Hill documents and deposition testimony by Castle Hill employees submitted as exhibits to the parties' respective dispositive motion briefing. The court relied on these exhibits with respect to its inquiry into defendants' intent to copy and, therefore, the excerpted exhibits were necessary to the court's determination of the dispositive motion. *Cf. Deherrera.,* 820 F.3d at 1162 n. 8. As such, the excerpted exhibits constitute "judicial documents" to which a strong presumption of public access attaches. *See Parson v. Farley*, 352 F. Supp. 3d 1141, 1153 (N.D. Okla. 2018).

Additionally, although the excerpted exhibits may cast defendants in an unfavorable light, "injury to one's reputation and potential embarrassment generally do not outweigh the strong presumption of public access attaching to judicial documents." *Parson,* 352 F. Supp. 3d at 1155.

Finally, the court notes that the excerpted exhibits generally relate to a product strategy developed and adopted in 2015—nearly five years ago. Defendants offer no evidence that they still utilize the product strategy such that disclosure of the information would harm their competitive standing. Thus, the court declines to adopt defendants' requested redactions.

As for plaintiff's requested redactions, the court adopts the requests with respect to VGT's financial information. *See Suture Express, Inc. v. Owens & Minor Distrib., Inc.*, 851 F.3d 1029, 1047 (10th Cir. 2017). Likewise, the court adopts VGT's requested redactions with respect to the contents of VGT's bingo card generation algorithm, the court's description of the third element of VGT's "know how" claim, and VGT's current strategy as to the "Mr. Money Bags" mark. Disclosure of the information would harm plaintiff's competitive standing.

The court declines to adopt the remainder of VGT's requested redactions. The phrase "uniqueness testing algorithm," standing alone, does not rise to the level of confidential or proprietary information. The court declines to redact the phrase.

VGT requests that the court redact the court's description of other elements of it "know how" claim, in addition to the third element discussed above. However, the court's general description, which was necessary to the court's disposition of the motion, neither discloses the information underlying the "know how" claim nor permits a competitor to ascertain the implications of the "know how" so as to use the information in a competitive manner. By way of example, VGT requests redaction of the phrase "autospin or autoplay" from the court's description of VGT's "know how" of "issues with respect to the development of an autospin or autoplay feature." The phrase "autospin or autoplay" does not disclose the issues encountered by VGT with respect to the feature, nor VGT's ultimate resolution of the issues. Thus, the court declines to adopt the requested redactions with respect to the remainder of the "know how" claims.

The court directs that a redacted version of docket entry no. 373 be filed, consistent with this order.

IT IS SO ORDERED this 1st day of November, 2019.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE